IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

ALEX HEADLEY and
THE ESTATE OF JAMES HEADLEY,

      Plaintiffs,

v.

CHRYSLER CAPITAL TRADEMARKED
THROUGH FCA, LLC
And LICENSED UNDER SANTANDER
CONSUMER USA INC.,

      Defendant.

---

## NOTICE OF REMOVAL

---

Defendant Santander Consumer USA Inc. d/b/a Chrysler Capital ("Chrysler Capital") removes this action from the District Court of the City and County of Denver to the United States District Court for the District of Colorado pursuant to 28 U.S.C. §§ 1331, 1332, 1343, 1367, 1441, and 1446.

### *Background*

1.      On July 17, 2025, Plaintiffs Alex Headley ("Plaintiff Alex") and The Estate of James Headley ("Plaintiff Trust")[1] (collectively, Plaintiffs) filed a Verified Complaint in Replevin

---

[1]    Plaintiff Trust names itself as "The Estate of James Headley." In their Amended Complaint, however, Plaintiffs attach a Certificate of Trust indicating that James Headley's assets are held in "The James Headley Family Living Trust, dated June 12, 2025." Chrysler Capital will thus identify "The Estate of James Headley" as Plaintiff Trust.

1

and Civil Action for Damages (the "Complaint") against Chrysler Capital in the District Court of the City and County of Denver, Colorado, Case No. 2025CV000534.

2.     In the Complaint, Plaintiffs asserted a state law replevin claim and requested the return of a 2018 Dodge Ram 1500 ("Vehicle") that had been repossessed by Chrysler Capital and estimated at a value of $40,000, along with damages of $2,500 for "personal property inside [the] Vehicle."

3.     On October 31, 2025, Plaintiffs filed a "Third Amended Verified Complaint for Judgment and for Replevin" (the "Amended Complaint"), which added claims for common law conversion and violations of 42 U.S.C. § 1983, and sought the return of the Vehicle, estimated value of $35,000, and damages of $110,000.

4.     A copy of the state court record is attached hereto as **Exhibit A**, as set forth below. *See* 28 U.S.C. Section 1446(a) and D.C.COLO.LCIVR 81.1(b).

| Exhibit A - Document Title | Page # |
| --- | --- |
| State Court Action Docket Sheet | 1 |
| Verified Complaint in Replevin | 5 |
| Exhibit to Verified Complaint in Replevin | 8 |
| District Court Civil Case Cover Sheet | 18 |
| District Court Civil Summons | 20 |
| Request for Hearing for a Motion to Affix a Bond for Replevin Action | 21 |
| Civil Action Damages to the Decedent Estate of James Headley Replevin Action | 22 |
| Delay Reduction Order | 27 |
| Pre-Trial Order and Discovery Protocol | 30 |
| Order to Show Cause | 53 |
| Minute Order | 55 |
| Amended Order to Show Cause | 56 |
| Return of Service on Chrysler Capital | 58 |
| Minute Order | 60 |
| Minute Order | 61 |
| Second Amended Order to Show Cause Pursuant to C.R.C.P. 104 | 62 |
| Declaration of Service – Chrysler Capital | 64 |
| Entry of Appearance – Matthew Michael Petersen | 65 |
| Entry of Appearance – Kristen Marie Kennedy | 67 |

2

| | |
|---|---|
| Defendant's Response to Second Amended Order to Show Cause | 69 |
| Exhibit 1 to Defendant's Response | 86 |
| Exhibit 2 to Defendant's Response | 95 |
| Exhibit 3 to Defendant's Response | 98 |
| Exhibit 4 to Defendant's Response | 101 |
| Exhibit 5 to Defendant's Response | 107 |
| Exhibit 6 to Defendant's Response | 109 |
| Exhibit 7 to Defendant's Response | 111 |
| Minute Order | 113 |
| Civil Action in Replevin Rebuttal to Counsel Motion | 114 |
| Chrysler Capital's Waiver of Service | 116 |
| Chrysler Capital's Unopposed Motion for an Extension of Time to Answer or Otherwise Response to the Complaint | 119 |
| Proposed Order Granting Chrysler Capital's Unopposed Motion for an Extension of Time | 123 |
| Order Granting Chrysler Capital's Unopposed Motion for an Extension of Time | 125 |
| Chrysler Capital's Second Unopposed Motion for an Extension of Time | 126 |
| Proposed Order Granting Chrysler Capital's Second Unopposed Motion for an Extension of Time | 130 |
| Order Granting Chrysler Capital's Second Unopposed Motion for an Extension of Time | 132 |
| Third Amended Verified Complaint for Judgment and for Replevin | 133 |
| Common Law Affidavit of Truth | 148 |

5.      This Notice of Removal is filed timely because this case first became removable upon the filing of the Amended Complaint on October 31, 2025, which is the first time that Plaintiffs asserted a claim under federal law and damages in excess of $75,000.  *See* Amended Complaint, ¶¶ 11-15,  28 U.S.C. § 1446(b)(3) ("[I]f the case stated by the initial pleading is not removable, a Notice of removal may be filed within thirty days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.").

6.      Removal to this Court is proper under 28 U.S.C. §§ 1441 and 1446 because jurisdiction is conferred by 28 U.S.C. §§ 1331, 1332, 1343 and 1367, Chrysler Capital meets the

requirements to remove this action, and the District of Colorado embraces the county in which the state court action is now pending.

7. As an initial matter, this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiffs now assert a claim under 42 U.S.C. § 1983, which is a "law of the United States." Specifically, Plaintiffs allege that Chrysler Capital "violated Plaintiff's [sic] Fourth Amendment rights under the U.S. Constitution." *See* Amended Complaint, ¶¶ 13-15.

8. Additionally, the Court has original jurisdiction pursuant to 28 U.S.C. § 1343 because Plaintiffs assert the claim under Section 1983, which is an "Act of Congress providing for the protection of civil rights." *See* Amended Complaint, ¶¶ 13-15; *see also Hagans v. Lavine*, 415 U.S. 528, 536 (1974) (when the plaintiff asserts a Section 1983 claim, then Section 1343 "confer[s] jurisdiction upon the district court to entertain the constitutional claim if it [is] of sufficient substance to support federal jurisdiction."); *Adams v. City of Colorado Springs*, 308 F. Supp. 1397, 1401 (D. Colo. 1970) ("Jurisdiction in civil rights cases is conferred on the federal district courts by 28 U.S.C. § 1343.").

9. This Court has supplemental jurisdiction over Plaintiffs' state law claims for replevin and conversion pursuant to 28 U.S.C. § 1367 because those claims are "so related to the [Section 1983 claim] . . . that they form part of the same case or controversy under Article III of the United States Constitution." Plaintiffs' replevin and conversion claims form the same "case or controversy" as the Section 1983 claim because all three claims are based on the exact same conduct, i.e., Chrysler Capital's alleged wrongful repossession of the Vehicle. *See* Amended Complaint ¶¶ 5-15.

10. Regardless of Plaintiffs' federal claim, the Court also has original jurisdiction pursuant to 28 U.S.C. § 1332(a) because there is diversity of citizenship between Plaintiffs and Chrysler Capital, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

11. Plaintiffs are citizens of Colorado. *See* Amended Complaint, ¶¶ 3 (Plaintiff Alex is a "special trustee/representative of the Trust" and "rests his head at 383 Hummingbird Circle, Silverthorn, CO"); *see also Conagra Foods, Inc. v. Americold Logistics, LLC*, 776 F.3d 1175, 1181 (10th Cir. 2015) ("When a trustee is a party to litigation, it is the trustee's [and member's] citizenship that controls for purposes of diversity jurisdiction.").

12. Chrysler Capital is incorporated in Illinois with its principal place of business in Texas. *See* Amended Complaint, ¶ 4; *see also* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . .").

13. The amount in controversy exceeds $75,000 because Plaintiffs seek to recover the Vehicle, estimated at a value of $35,000, as well as additional damages in the amount of $110,000. *See* Amended Complaint, ¶¶ 11, 12, 15; *see also Viking Ins. Co. of Wisconsin v. Morris*, No. CIVA 09CV02547CMAMEH, 2010 WL 1644578, at *4 (D. Colo. Apr. 22, 2010) (claims may be "aggregated for amount in controversy purposes" when "they share a common and undivided interest").

14. This matter therefore satisfies all requirements for removal under 28 U.S.C. §§ 1331, 1332, 1343, 1367, 1441(a), and 1446(b).

15. This action is properly removed to this Court. Chrysler Capital may remove this action "to the district court of the United States for the district and division embracing the place

5

where such action is pending." *See* 28 U.S.C. § 1441(a).  The District of Colorado embraces the county in which the state court action is now pending.  *See* 28 U.S.C. § 85.

16.    Pursuant to 28 U.S.C. § 1446(d) and D.C.COLO.LCIVR 81.1(a), a written notice of the removal and a copy of this Notice of Removal with the District Court for the City and County of Denver, Colorado, and will serve a copy of this notice on all parties to the removed action.

17.    Pursuant to D.C.COLO.LCIVR 81.1(c), Chrysler Capital certifies that as of the date of this notice, no hearings or other proceedings have been set in the State Court Action.

WHEREFORE, Defendant Santander Consumer USA Inc. d/b/a Chrysler Capital respectfully removes this action from the District Court of the City and County of Denver, Case No. 2025CV000534, to this Court pursuant to 28 U.S.C. §§ 1331, 1332, 1343, 1367, 1441(a), and 1446(b).

Respectfully submitted this 14th day of November, 2025.

BRYAN CAVE LEIGHTON PAISNER LLP

*/s/ Matthew M. Petersen*
Matthew M. Petersen, #48562
Kristen M. Kennedy, #60969
1700 Lincoln Street, Suite 4100
Denver, CO 80203
Telephone: (303) 861-7000
Email: Matt.petersen@bclplaw.com
          Kristen.kennedy@bclplaw.com

*Attorneys for Defendant Santander Consumer USA Inc. d/b/a Chrysler Capital*

6

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of November, 2025, I electronically filed a true and correct copy of the foregoing **NOTICE OF REMOVAL** with the Clerk of Court using the Court's NexGen CM/ECF system and also served notice and copies of all such filings via U.S. Mail and electronic mail to the following:

Alex Headley
383 Hummingbird Circle
Silverthorne, CO 80498
Phone: 970-390-7785
Ajinvestments.alex@gmail.com
*Pro Se Plaintiff*

Estate of James Headley
383 Hummingbird Circle
Silverthorne, CO 80498
Phone: 970-390-7785
Ajinvestments.alex@gmail.com
*Pro Se Plaintiff*

*/s/ Matthew M. Petersen*

7