# Register of Actions

Filed by Plaintiff/Petitioner
Filed by Defendant/Respondent
Filed by Court

**Case Number:** 2025CV000534
**Case Type:** Replevin
**Case Caption:** Headley, Alex et al v. Chrysler Capital Trademarked Through Fca et al

**Division:** 203
**Judicial Officer:** Jill Deborah Dorancy
**Court Location:** Denver County - District

| Filing ID | Date Filed | Authorizer | Organization | Filing Party | Document | Document Title | Document Security |
|---|---|---|---|---|---|---|---|
| N/A (Details) | 11/03/2025 | N/A | N/A | Alex Headley | Affidavit | Common Law Affidavit of Truth | Public |
| N/A (Details) | 10/31/2025 12:00 AM | N/A | N/A | Alex Headley | Complaint - Amended | Third Amended Verified Complaint for Judgment and for Replevin | Public |
| N/A (Details) | 10/27/2025 1:52 PM | Jill Deborah Dorancy | Denver County - District | N/A | Order 🔗 | ORDER GRANTING CHRYSLER CAPITAL'S SECOND UNOPPOSED MOTION FOR AN EXTENSION OF TIME | Public |
| 3D56BC9CF33AE | 10/24/2025 6:03 PM | Matthew Michael Petersen | Bryan Cave Leighton Paisner LLP | Chrysler Capital Trademarked Through Fca | Motion 🔗 | Defendant Chrysler Capital's Second Unopposed Motion for an Extension of Time | Public |
| | | | | | Proposed Order | Proposed Order Granting Chrysler Capital's Second Unopposed Motion for an Extension of Time | Public |
| N/A (Details) | 10/14/2025 2:13 PM | Jill Deborah Dorancy | Denver County - District | N/A | Order 🔗 | ORDER GRANTING CHRYSLER CAPITAL'S UNOPPOSED MOTION FOR AN EXTENSION OF TIME | Public |
| 374215D779038 | 10/13/2025 3:45 PM | Kristen Marie Kennedy, Matthew Michael Petersen | Bryan Cave Leighton Paisner LLP | Chrysler Capital Trademarked Through Fca | Motion 🔗 | Defendant Chrysler Capital's Unopposed Motion for an Extension of Time to Answer or Otherwise Respond to the Complaint | Public |
| | | | | | Proposed Order | Proposed Order Granting Chrysler Capital's Unopposed Motion for an Extension of Time | Public |
| 23C0EC48DE6C7 | 09/22/2025 3:16 PM | Kristen Marie Kennedy, Matthew Michael Petersen | Bryan Cave Leighton Paisner LLP | Chrysler Capital Trademarked Through Fca | Waiver of Service | Waiver and Acceptance of Service - signed by Matthew Peterson on behalf of defendant Santander Consumer USA Inc | Public |
| N/A (Details) | 09/17/2025 12:00 AM | N/A | N/A | Alex Headley | Filing Other | Civil Action in Replevin Rebuttal to Counsel Motion | Public |
| N/A | 09/12/2025 12:00 AM | N/A | N/A | N/A | Minute Order - Print | N/A | |

1

| Filing ID | Date Filed | Authorizer | Organization | Filing Party | Document | Document Title | Document Security |
|---|---|---|---|---|---|---|---|
| 94F093BFE0F6C | 09/10/2025 3:08 PM | Matthew Michael Petersen | Bryan Cave Leighton Paisner LLP | Chrysler Capital Trademarked Through Fca | Response | Defendant's Response to Second Amended Order to Show Cause Pursuant to C.R.C.P. 104 (w/attach) | Public |
| | | | | | Exhibit – Attach to Pleading/Doc | Ex. 1 to Defendant's Response to Second Amended Order to Show Cause Pursuant to C.R.C.P. 104 – Chrysler Capital Declaration | Protected |
| | | | | | Exhibit – Attach to Pleading/Doc | Ex. 2 to Defendant's Response to Second Amended Order to Show Cause Pursuant to C.R.C.P. 104 – Lease | Protected |
| | | | | | Exhibit – Attach to Pleading/Doc | Ex. 3 to Defendant's Response to Second Amended Order to Show Cause Pursuant to C.R.C.P. 104 – CCAP Auto Lease Ltd Certificate of Title | Protected |
| | | | | | Exhibit – Attach to Pleading/Doc | Ex. 4 to Defendant's Response to Second Amended Order to Show Cause Pursuant to C.R.C.P. 104 – Chrysler Capital Payment History for J. Headley Lease | Protected |
| | | | | | Exhibit – Attach to Pleading/Doc | Ex. 5 to Defendant's Response to Second Amended Order to Show Cause Pursuant to C.R.C.P. 104 – Chrysler Capital Ltr dated 5.5.2021 | Protected |
| | | | | | Exhibit – Attach to Pleading/Doc | Ex. 6 to Defendant's Response to Second Amended Order to Show Cause Pursuant to C.R.C.P. 104 – Chrysler Capital Purchase Price Quote 5.5.2021 | Protected |
| | | | | | Exhibit – Attach to Pleading/Doc | Ex. 7 to Defendant's Response to Second Amended Order to Show Cause Pursuant to C.R.C.P. 104 – Chrysler Capital Ltr dated 2.6.2025 | Protected |
| FABBA2D7E94F1 | 09/10/2025 2:42 PM | Kristen Marie Kennedy | Bryan Cave Leighton Paisner LLP | Chrysler Capital Trademarked Through Fca | Entry of Appearance | Entry of Appearance | Public |

2

| Filing ID | Date Filed | Authorizer | Organization | Filing Party | Document | Document Title | Document Security |
|---|---|---|---|---|---|---|---|
| 84E765878E7A4 | 09/10/2025 2:39 PM | Matthew Michael Petersen | Bryan Cave Leighton Paisner LLP | Chrysler Capital Trademarked Through Fca | Entry of Appearance | Entry of Appearance | Public |
| N/A (Details) | 09/10/2025 12:00 AM | N/A | N/A | Alex Headley | Return of Service | Declaration of Service - Chrysler Capital | Public |
| N/A (Details) | 08/27/2025 2:31 PM | Jill Deborah Dorancy | Denver County - District | N/A | Order | SECOND AMENDED ORDER TO SHOW CAUSE PURSUANT TO C.R.C.P. 104 | Public |
| N/A | 08/27/2025 12:00 AM | N/A | N/A | N/A | Minute Order - Print | N/A | |
| N/A | 08/27/2025 12:00 AM | N/A | N/A | N/A | Minute Order - Print | N/A | |
| N/A (Details) | 08/19/2025 12:00 AM | N/A | N/A | Est of James Headley | Return of Service | Return of Service - served to Cristal Faucett on behalf of Chrysler Capital Trademarked | Public |
| N/A (Details) | 08/04/2025 2:41 PM | Jill Deborah Dorancy | Denver County - District | N/A | Order | Amended Order to Show Cause | Public |
| N/A | 08/04/2025 12:00 AM | N/A | N/A | N/A | Minute Order - Print | N/A | |
| N/A (Details) | 07/24/2025 3:43 PM | Jill Deborah Dorancy | Denver County - District | N/A | Order | Order to Show Cause | Public |
| N/A (Details) | 07/18/2025 3:16 PM | Jill Deborah Dorancy | Denver County - District | N/A | Order | Pre-Trial Order and Discovery Protocol | Public |
| N/A (Details) | 07/18/2025 3:15 PM | Jill Deborah Dorancy | Denver County - District | N/A | Order | Delay Reduction Order | Public |
| N/A (Details) | 07/17/2025 12:00 AM | N/A | N/A | Alex Headley | Filing Other | Civil Action Damages to the Decedent Estate of James Headley Replevin Action | Public |
| N/A (Details) | 07/17/2025 12:00 AM | N/A | N/A | Alex Headley | Request | Request for Hearing for a Motion to Affix a Bond for Replevin Action | Public |
| N/A (Details) | 07/17/2025 12:00 AM | Nikolaus Von Zender | Denver County - District | N/A | Summons - Issued | District Court Civil Summons | Public |
| N/A (Details) | 07/17/2025 12:00 AM | N/A | N/A | Alex Headley | Civil Case Cover Sheet | District Court Civil Case Cover Sheet | Public |
| N/A (Details) | 07/17/2025 12:00 AM | N/A | N/A | Alex Headley | Exhibit - Attach to Pleading/Doc | Exhibit to Verified Complaint in Replevin | Protected |
| N/A (Details) | 07/17/2025 12:00 AM | N/A | N/A | Alex Headley | Complaint | Verified Complaint in Replevin with attach | Public |

3

## Party Information

| Party Name | Party Type | Party Status | Attorney/Paraprofessional Name |
|---|---|---|---|
| Alex Headley | Plaintiff | Active | N/A |
| Chrysler Capital Trademarked Through Fca | Defendant | Active | KRISTEN MARIE KENNEDY (Bryan Cave Leighton Paisner LLP) MATTHEW MICHAEL PETERSEN (Bryan Cave Leighton Paisner LLP) |
| Est of James Headley | Plaintiff | Active | N/A |
| Licensed Under Santander Consumer Usa In | Defendant | Active | N/A |

4

| ☐ County Court ☐ District Court ~~District Court~~ 1437 Bannock, Room 256 County, Colorado Court Address: Denver CO 80202 | FILED IN DENVER DISTRICT COURT |
|---|---|
| Plaintiff(s)/Petitioner(s): Alex Headly / Estate of James Headly  v.  Chrysler Capital trademarked through FCA, LLC and Licensed Under Santander Consumer USA INC.  Defendant(s)/Respondent(s): | DATE FILED July 17, 2025    JUL 17 2025 CASE NUMBER: 2025CV534 DENVER, COLORADO COUNTER CLERK ▲ COURT USE ONLY ▲ |
| Attorney or Party Without Attorney (Name and Address): Alex Headly 383 Hummingbird Little Silverthorne Co 80498 PO B 1141 Phone Number: 970-390-7785    E-mail: Aheadley17@gmail.com FAX Number:    Atty. Reg. #: | Case Number: **25 C V 5 3 4** Division    Courtroom 203 |
| **VERIFIED COMPLAINT IN REPLEVIN** | |

The Plaintiff(s) brings this action to recover the possession of personal property pursuant to Rule of Civil Procedure 104 or Rule of County Court Civil Procedure 404. In support of this Complaint, the Plaintiff(s) states:

1. This ☐County Court ☑District Court has jurisdiction over this matter pursuant to §13-6-104(1), C.R.S. based on the value of the personal property claimed being $ _under 50,000.00_ .

2. Venue is proper as the Defendant(s) resides in this county, and all acts pertaining to the claims identified in this complaint took place in this county.

3. A complete list and valuation of the personal property claimed is attached to this Complaint and marked as "Exhibit A".

4. Plaintiff is the owner of the property claimed or is entitled to possession of the property because:
   _Has valid Bill of sale & COT in possession._
   _____
   _____
   _____

   ☑The Plaintiff's interest in such property is based upon a written instrument.
   ☑Copies are attached and marked as "Exhibit B".

5. Plaintiff's property is wrongfully being detained by the Defendant(s) against the Plaintiff(s)' claim of right to possession.

JDF 116    R8-18    VERIFIED COMPLAINT IN REPLEVIN                                    Page 1 of 4

6. The means by which the Defendant(s) came into possession of the property and the specific facts constituting detention against the right of the Plaintiff(s) to possession are as follows: (State the source of your right to the property, how the Defendant(s) took possession, and why you believe the Defendant(s) is/are wrongfully detaining the property from you.)

Property was stolen from a hotel parking lot June 8th between midnight & 9 am - We had no Idea it was Repossed by Chrysler until ie I had called Glendale P.D. & Was told them it was Repossed - My Dad had paid it off in May of 2021 - Recived Title & Billofsale then - never heard from Chrysler again.

7. To the best of the Plaintiff(s)' knowledge, information and belief, the Defendant(s) residence and business address are as follows:

Residence Address

Business Address

8. To the best of Plaintiff(s) knowledge, information and belief, the property at issue presently is located at the following address:

Top Dawg Asset Recovery  - 720-301-3320 Phone
720-306-2497   FAX

9. Plaintiff(s) has made demand upon the Defendant(s) for return of the property. Plaintiff(s) has not received the property from the Defendant(s) despite such demand and continues to be deprived of the use and enjoyment of the property.

10. The property at issue has not been taken for a tax assessment or a fine pursuant to statute; or seized under an execution against the property of the Plaintiff(s); or if so seized, it is by statute exempt from seizure.

11. Pursuant to CRCP 104 or CRCCP 404, the Plaintiff(s) is entitled to an order of this Court directing the Defendant(s) to restore the Plaintiff(s) possession of the property listed in "Exhibit A", or for judgment for the value thereof, if delivery cannot be made, and for damages for detention of the property.

JDF 116   R8-18   VERIFIED COMPLAINT IN REPLEVIN                                    Page 2 of 4

6

**WHEREFORE, Plaintiff(s) respectfully requests the following relief:**

❑That the Court issue an Order to Show Cause directed to the Defendant(s) to show cause why the property listed in the Complaint should not be taken from the Defendant(s) and delivered to the Plaintiff(s);

☑That the Court set a Show Cause Hearing within 14 days as required by CRCP Rule 104(c) or CRCCP 404(c), to make a preliminary determination concerning the right to possession of all property described in the Complaint;

☑That the Court enter judgment for the Plaintiff(s) for the possession of the property listed in the Complaint or for the value thereof, in case delivery cannot be made, plus damages for detention and for any property not returned or returned in damaged condition; and

☑That the Court award the Plaintiff(s) court costs, attorney fees (if any), plus such other relief as is just and proper.

❑Other: _____

❑ By checking this box, I am acknowledging I am filling in the blanks and not changing anything else on the form.

❑ By checking this box, I am acknowledging that I have made a change to the original content of this form.

---

**VERIFICATION**

I declare under penalty of perjury under the law of Colorado that the foregoing is true and correct.
Executed on the ___16th___ day of ___July___ , ___2025___ , at ___Denver County___
       (date)      (month)      (year)      (city or other location, and state OR country

___Alex Headley___                    ___(signature)___
(printed name of Plaintiff/Petitioner)                    Signature of Plaintiff/Petitioner

___383 Hummingbird Circle  Silverthorne Co [80498]___
Address

___970 - 390-7785___                    ___970·575·0210___
Phone Number (Home)                    (Work)

**VERIFICATION**

I declare under penalty of perjury under the law of Colorado that the foregoing is true and correct.
Executed on the _____ day of _____ , _____ , at _____
       (date)      (month)      (year)      (city or other location, and state OR country

_____                    _____
(printed name of Plaintiff/Petitioner)                    Signature of Plaintiff/Petitioner

_____
Address

_____
Phone Number (Home)                    (Work)

JDF 116   R8-18   VERIFIED COMPLAINT IN REPLEVIN                    Page 3 of 4

## EXHIBIT A

| Property Seized | DATE FILED | Value |
|---|---|---|
| 2018 RAM 1500 BLK UIN# 1C6RR7LTXJS135527 | July 17, 2025 CASE NUMBER: 2025CV534 | 40,000.00 |
| | | |
| Personal property inside Vehicul- Binder with personal private property multiple Personal Goods including Baseball equipment - Gloves/Bats/shoes multiple Tools & equipments floorMATS | | 2,500.00 |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| TOTAL | | |

JDF 116    R8-18    VERIFIED COMPLAINT IN REPLEVIN                Page 4 of 4

8

Chrysler Capital
P.O. Box 961272
Ft. Worth TX 76161



**CHRYSLER**
C A P I T A L

Exhibit "B"
Bill of Sale for
2018 Ram 1500

05/28/2021

JAMES HEADLEY
PO BOX 1141
SILVERTHORNE CO 80498-1411

## BILL OF SALE

Chrysler Capital hereby sells and conveys unto all of its right, title and interest in and to the following described property:

2018  RAM  1500 CREW C
1C6RR7LTXJS135527

| | |
|---|---|
| Contract Obligation: | $25,381.35 |
| Sales Tax:* | $0.00 |
| Property Tax: | $0.00 |
| Luxury Tax: | $0.00 |
| TOTAL: | $25,381.35 |

*Any taxes levied by state or local tax authorities in excess of the taxes shown above are the responsibility of the new owner.

**For all buyers other than in Arizona, Hawaii and West Virginia, please review the notice below which applies to you:**

**In Connecticut, District of Columbia, Kansas, Maine, Maryland, Massachusetts and Mississippi, the following applies: No written or verbal representation, promise or warranty has been made regarding the vehicle's condition.**

**In all other jurisdictions, the following applies: The vehicle is being sold "AS IS".  No representation, promise or warranty, expressed or implied, has been made regarding the vehicle's condition, merchantability, suitability or fitness for a particular purpose.**

You may receive a subsequent billing(s) for amounts owed under your lease which become due and payable after the termination of your lease and payment of this amount. Some possible charges, where applicable, may include personal property taxes, parking tickets, official State fees and taxes, etc.

**Chrysler Capital**

By: _____          Date: 05/28/2021

Printed Name: _____Melissa Watts - Agent_____

©2013 Chrysler Capital. Chrysler Capital is a trademark of Chrysler Group LLC and licensed to Santander Consumer USA Inc. Lease agreements are owned by CCAP Auto Lease Ltd. and serviced by Chrysler Capital.

1C6RR7LTXJS135527 (CO)                    CY-BS-SL                    RD-19221
CCAP AUTO LEASE LTD



**TRANSFER OF OWNERSHIP/BUYER(S) REQUIREMENT-** Upon the sale or transfer of a motor vehicle the owner in whose name the certificate of title is issued shall execute a formal transfer of the vehicle. Within **60 days** the buyer shall present the certificate of title together with an application for title to an authorized agent pursuant to C.R.S. 42-6-110.

**TRANSFER OF OWNERSHIP/SELLER(S) REQUIREMENT-** When the owner of a motor vehicle transfers or assigns the certificate of title to a buyer, the registration of such vehicle shall expire and the seller shall remove the license plates pursuant to C.R.S. 42-3-115.

**ODOMETER CERTIFICATION** - Federal and state law requires the seller to declare the mileage of the motor vehicle and requires the buyer to acknowledge the mileage of the motor vehicle upon transfer of ownership. The seller and buyer are required to print and sign their name to acknowledge the mileage pursuant to 49 USC 327.

**THE SELLER(S) CERTIFIES, UNDER PENALTY OF PERJURY IN THE SECOND DEGREE, THAT THE SELLER(S) SIGNATURE(S) RELEASES AND TRANSFERS INTEREST IN THE VEHICLE AND THE ODOMETER READING AND DECLARATION ARE TRUE AND CORRECT TO THE BEST OF THEIR KNOWLEDGE.**

## NOTICE: ANY ALTERATION OR ERASURE MAY VOID THE ASSIGNMENT AND ALL ASSIGNMENTS THAT FOLLOW

**ASSIGNMENT BY OWNER(S)**

Odometer Reading: 37,150. 00  No Tenths
☑ Actual Mileage
☐ Mileage in excess of Mechanical Limits
☐ Not Actual - Warning: Odometer Discrepancy

Buyer's Hand Printed Name: JAMES HEADLEY

Sellers Hand Printed Name(s) (must be the same as it appears on the face of the title): *Eva Newman Colley* 

Seller's Signature: CCAP AUTO LEASE LTD

Buyer's Signature Acknowledges Odometer Reading: *[signature]*

Sellers Hand Printed Name(s) (must be the same as it appears on the face of the title):
Seller's Signature:
Buyer's Hand Printed Name:

Sellers Hand Printed Name(s) (must be the same as it appears on the face of the title):
Seller's Signature:
Buyer's Hand Printed Name:

Sellers Hand Printed Name(s) (must be the same as it appears on the face of the title):
Date of Sale:
Buyer's Physical Address:

Seller's Signature:
Purchase Price:
Buyer's City, State, ZIP:

## THE FOLLOWING REASSIGNMENT MAY ONLY BE USED BY LICENSED DEALERS.

**1ST DEALER REASSIGNMENT**

Odometer Reading:  No Tenths
☐ Actual Mileage
☐ Mileage in excess of Mechanical Limits
☐ Not Actual - Warning: Odometer Discrepancy
Buyer's Hand Printed Name(s):

Selling Dealer Name | License Number | Buyer's Signature Acknowledges Odometer Reading
Agent's Hand Printed Name | Date of Sale | Buyer's Hand Printed Name(s)
Agent's Signature | Purchase Price | Buyer's Hand Printed Name
Auction Name (When Applicable) | Auction Number | Buyer's Physical Address, City, State, ZIP

**2ND DEALER REASSIGNMENT**

Odometer Reading:  No Tenths
☐ Actual Mileage
☐ Mileage in excess of Mechanical Limits
☐ Not Actual - Warning: Odometer Discrepancy
Buyer's Hand Printed Name(s):

Selling Dealer Name | License Number | Buyer's Signature Acknowledges Odometer Reading
Agent's Hand Printed Name | Date of Sale | Buyer's Hand Printed Name(s)
Agent's Signature | Purchase Price | Buyer's Hand Printed Name
Auction Name (When Applicable) | Auction Number | Buyer's Physical Address, City, State, ZIP

**3RD DEALER REASSIGNMENT**

Odometer Reading:  No Tenths
☐ Actual Mileage
☐ Mileage in excess of Mechanical Limits
☐ Not Actual - Warning: Odometer Discrepancy
Buyer's Hand Printed Name(s):

Selling Dealer Name | License Number | Buyer's Signature Acknowledges Odometer Reading
Agent's Hand Printed Name | Date of Sale | Buyer's Hand Printed Name(s)
Agent's Signature | Purchase Price | Buyer's Hand Printed Name
Auction Name (When Applicable) | Auction Number | Buyer's Physical Address, City, State, ZIP

**• NO ADDITIONAL REASSIGNMENTS PERMITTED - Last Assignee must obtain title in their name(s)**

11

LIMITED POWER OF ATTORNEY

*Exhibit "D" Power of Attorney for 2018 RAM 1500* **RAM** *Certified original cell phone 6/30/25*

STATE OF COLORADO

KNOW ALL PERSONS BY THESE PRESENTS:

I, James G. Headley, residing at 383 Hummingbird Circle, Silverthorne, Colorado 80498, hereinafter referred to as the "Principal," do hereby appoint Alexander A. Headley, residing at PO Box 305, Kiowa, Oklahoma, 74553, as my true and lawful Attorney-in-Fact, with limited authority to act on my behalf solely with respect to the following vehicles and accounts, as described below:

1. **Vehicles and Associated Accounts**:
   - ~~2010 ... VIN: 4FT... ...F, with an associated account at Ally Financial, Account Number 00...~~
   - ~~2009 Mini ... Volunteer? VIN: 2... VIN: ZLMM14569... 00 1786, with an associated account at Ally Credit Union, Account Number 00...1786.~~
   - 2018 RAM 1500, VIN: 1C6RR7LTXJS135527, paid in full, with a former lease at Chrysler Capital, Lease Number 21383442. ~~...~~

**Powers Granted**: The Attorney-in-Fact is authorized to perform the following acts on my behalf, limited to the vehicles and accounts listed above:

1. To register, transfer, sell, or otherwise manage the title and registration of the specified vehicles with the Colorado Department of Motor Vehicles or other relevant authorities.
2. To execute documents, forms, or agreements necessary for the maintenance, sale, or transfer of the specified vehicles.
3. To ~~access, manage, withdraw funds from, deposit funds into, or close the specified accounts at Ally Financial ... institution~~, as applicable.
4. To resolve any matters related to the former lease with Chrysler Capital for the 2018 RAM 1500, including obtaining documentation or clearing title.
5. To communicate with financial institutions, government agencies, or other entities as necessary to carry out transactions related to the specified vehicles and accounts.
6. To sign and execute any documents required to effectuate the above powers.

**Limitations**: This Power of Attorney is strictly limited to the vehicles and accounts listed above. The Attorney-in-Fact has no authority to act on my behalf in any other matters, including but not limited to real property, healthcare decisions, or other financial accounts not specified herein.

**Duration and Durability**: This Power of Attorney shall become effective upon execution and shall remain in effect until revoked in writing by the Principal or until December 31, 2025, whichever occurs first, unless otherwise terminated by operation of law. Pursuant to C.R.S. § 15-14-704, this Power of Attorney is durable and shall not be affected by the Principal's subsequent disability or incapacity.

12

**Third Party Reliance**: Third parties may rely upon the authority granted herein until they receive written notice of revocation or termination of this Power of Attorney.

**Governing Law**: This Power of Attorney shall be governed by the laws of the State of Colorado, including but not limited to the Colorado Uniform Power of Attorney Act (C.R.S. § 15-14-701 et seq.).

IN WITNESS WHEREOF, I have executed this Limited Power of Attorney on this 13th day of June, 2025.

_James G. Headley_                          _Emily J Headley_
                                            AS POA for
James G. Headley (Principal)                JAMES G. HEADLEY
SIGNATURE AFFIXED BY EMILY J HEADLEY
AT THE DIRECTION OF JAMES G HEADLEY

**NOTARY ACKNOWLEDGMENT**

STATE OF COLORADO COUNTY OF SUMMIT

On this 13th day of June, 2025, before me, a Notary Public, personally appeared James G. Headley, known to me (or satisfactorily proven) to be the person whose name is subscribed to the foregoing instrument, and acknowledged that he executed the same for the purposes therein contained. _Signed by Emily Headly who claims Power of attorney over James G Headly_

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

_Dale Salmih_

---

Notary Public My Commission Expires: 05/25/2027 [Notary Seal]

DALE LOCKARD
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20234019797
MY COMMISSION EXPIRES 05/25/2027

13

**ACCEPTANCE OF APPOINTMENT**:

I, Alexander A. Headley, accept the appointment as Attorney-in-Fact under this Limited Power of Attorney and agree to act in accordance with its terms and the laws of the State of Colorado.

_____ as Attorney in fact

Alexander A. Headley (Attorney-in-Fact)

**NOTARY ACKNOWLEDGMENT**

STATE OF COLORADO COUNTY OF SUMMIT

On this 13th day of June, 2025, before me, a Notary Public, personally appeared James G. Headley, known to me (or satisfactorily proven) to be the person whose name is subscribed to the foregoing instrument, and acknowledged that he executed the same for the purposes therein contained.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

Notary Public My Commission Expires: 05/25/2027 [Notary Seal]

DALE LOCKARD
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20234019797
MY COMMISSION EXPIRES 05/25/2027

14

TRANSMISSION VERIFICATION REPORT

```
                                    TIME  : 06/12/2025 11:05AM
                                    NAME  :
                                    FAX   :
                                    TEL   :
                                    SER.# : U65180G1N528271
```

```
DATE,TIME              06/12  11:04AM
FAX NO./NAME           17203062497
DURATION               00:01:06
PAGE(S)                03
RESULT                 OK
MODE                   STANDARD
```

Exhibit "E"
Fax Sent to Tow Company

ATTN: Tow Company
TOD Dawg Asset Recovery

From: Jim & Alex Headley
Via - Fax - 720-306-2497

RE: 2018 Ram 1500 Black

towed from Staybridge Suites
6/8/25. Chrysler had an
unlawful Repo Order on our
Truck Vin # xxx 135527.

My Dad has been batting Cancer for
4 years   we were in hotel to stay while
    in  hospital. —

Attn: tow Company
TOP Dawg Asset Recovery

From: Jim & Alex Headley
VIA - Fax - 720-306-2497

RE: 2018 Ram 1500 Black

towed from Staybridge Suites
6/8/25 - Chrysler had an
Unlawful Repo Order on our
Truck   Vin # xxx 135527.

My Dad has been batting Cancer for
4 years   we were in hotel to Stay While
he was   in   hospital. -

You can see   my bill of Sale
fully executed & Stamped by Chrysler
That We own the truck you have
~~they~~. Unlawfully Reposessed - Stolen:

I will expect the truck to be delivered
unharmed with "all" Personal belongings
intact to   383 Hummingbird Circle
Silverthorne Co 80498 -

1.

I have Attempted to Call & follow your website to no availabity - you need to Return our truck - within 48 hrs from today

Please email me back or Call

Ajinvestments.alex@gmail.com

970-390-7785 -cell-

This is my final Request before I initinte lawfull Process.

Attached bill of Sale. Dated 5/28/21 Chrysler has Zero Ownership or Lawful Claim to our truck.

Alex Hedy svidunis
6/12/25        12:03 pm.

17

☐FORM 1.2. DISTRICT COURT CIVIL (CV) CASE COVER SHEET FOR INITIAL
PLEADING OF COMPLAINT, COUNTERCLAIM, CROSS-CLAIM OR THIRD PARTY
COMPLAINT AND JURY DEMAND

DATE FILED
July 17, 2025
CASE NUMBER: 2025CV534

| District Court _Denver District Court_ County, Colorado<br>Court Address: 1437 Bannock, Room 256<br>Denver, CO 80202 | DISTRICT COURT<br><br>JUL 17 2025<br><br>DENVER, COLORADO<br>COUNTER CLERK SP |
|---|---|
| Plaintiff(s): Alex Headley Estate of Decedent James Headley<br>v.<br>Defendant(s): Chrysler Capital trademarked through FCA,llc and licensed under Santander Consumer USA, Inc | ▲ COURT USE ONLY ▲ |
| Attorney or Party Without Attorney (Name and Address):<br>Alex Headley<br>PO B 1141 Silverthorne Co [80498]<br>Phone Number: 9703907785 E-mail: AHeadley M@growil.com<br>FAX Number: Atty. Reg. #: | Case Number:<br><br>**25 C V 5 3 4**<br><br>203 |
| DISTRICT COURT CIVIL (CV) CASE COVER SHEET FOR INITIAL PLEADING OF COMPLAINT,<br>COUNTERCLAIM, CROSS-CLAIM OR THIRD PARTY COMPLAINT<br>AND JURY DEMAND | |

1. This cover sheet shall be filed with the initial pleading of a complaint, counterclaim, cross-claim or third party complaint in every district court civil (CV) case. It shall not be filed in Domestic Relations (DR), Probate (PR),, Juvenile (JA, JR, JD, JV), or Mental Health (MH) cases or in Water (CW) proceedings subject to sections 37-92-302 to 37-92-305, C.R.S. Failure to file this cover sheet is not a jurisdictional defect in the pleading but may result in a clerk's show cause order requiring its filing.

2. Simplified Procedure under C.R.C.P. 16.1 **applies** to this case **unless** (check one box below if this party asserts that C.R.C.P. 16.1 **does not** apply):

   ☐ This is a class action, forcible entry and detainer, Rule 106, Rule 120, or other similar expedited proceeding, **or**

   ☐ This party is seeking a monetary judgment against another party of more than $100,000.00, exclusive of interest and costs, as supported by the following certification:

   By my signature below and in compliance with C.R.C.P. 11, based upon information reasonably available to me at this time, I certify that the value of this party's claims against one of the other parties is reasonably believed to exceed $100,000.

   **Or**

JDF 601SC  R3-22   DISTRICT COURT CIVIL (CV) CASE COVER SHEET              Page 1 of 2

☐ Another party has previously filed a cover sheet stating that C.R.C.P. 16.1 does not apply to this case.

3.  ☐ This party makes a **Jury Demand** at this time and pays the requisite fee. *See* C.R.C.P. 38. (Checking this box is optional.)

Date: 7/17/25

_____
Signature of Party

Date: _____

_____
**Signature of Attorney for Party (if any)**_____

**NOTICE**
This cover sheet must be served on all other parties along with the initial pleading of a complaint, counterclaim, cross-claim, or third party complaint.

| Denver District Court<br>Denver County, Colorado<br>1437 Bannock St, Room 256<br>Denver, CO 80202 | FILED IN DENVER<br>DISTRICT COURT<br><br>JUL 1 7 2025<br>DENVER, COLORADO<br>COUNTER CLERK SP |
| --- | --- |
| Plaintiff  Alex Headley, Estate of Decedent JAMES HEADLEY | ▲  **COURT USE ONLY**  ▲ |
| v.<br><br>Defendant  Chrysler Capital Trademarked through FCA, LLC and licensed under Santander Consumer USA, INC. | Case Number:  **2 5 C V 5 3 4** |
| | Division:          Courtroom: 203 |
| **DISTRICT COURT CIVIL SUMMONS** | |

DATE FILED
July 17, 2025
CASE NUMBER: 2025CV534

## TO THE ABOVE NAMED DEFENDANT: _____

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court an answer or other response to the attached Complaint. If service of the Summons and Complaint was made upon you within the State of Colorado, you are required to file your answer or other response within 21 days after such service upon you. If service of the Summons and Complaint was made upon you outside of the State of Colorado, you are required to file your answer or other response within 35 days after such service upon you. Your answer or counterclaim must be accompanied with the applicable filing fee.

If you fail to file your answer or other response to the Complaint in writing within the applicable time period, the Court may enter judgment by default against you for the relief demanded in the Complaint without further notice.

Dated: _____  CLERK OF THE DISTRICT COURT
DEPUTY CLERK

JUL 1 7 2025

Saphia Prater
Clerk of Court/Clerk



Signature of Plaintiff

Po Box 1141 Silverthorne Co 80498
Address of Plaintiff

970-390-7785
Plaintiff's Phone Number

**This Summons is issued pursuant to Rule 4, C.R.C.P., as amended. A copy of the Complaint must be served with this Summons. This form should not be used where service by publication is desired.**

**WARNING:** A valid summons may be issued by a lawyer and it need not contain a court case number, the signature of a court officer, or a court seal. The plaintiff has 14 days from the date this summons was served on you to file the case with the court. You are responsible for contacting the court to find out whether the case has been filed and obtain the case number. If the plaintiff files the case within this time, then you must respond as explained in this summons. If the plaintiff files more than 14 days after the date the summons was served on you, the case may be dismissed upon motion and you may be entitled to seek attorney's fees from the plaintiff.

**TO THE CLERK:** If the summons is issued by the clerk of the court, the signature block for the clerk or deputy should be provided by stamp, or typewriter, in the space to the left of the attorney's name.

JDF 600  R10-13  DISTRICT COURT CIVIL SUMMONS
©2013 Colorado Judicial Department for use in the Courts of Colorado

Denver District Court
1437 Bannock, Room 256
Denver CO 80202

FILED IN DENVER
DISTRICT COURT

JUL 17 2025

DENVER, COLORADO
COUNTER CLERK____

Alex Headley
383 Hummingbird Circle, POB 1141
Silverthorne, CO 80498
ajinvestments.alex@gmail.com

DATE FILED
July 17 2025
CASE NUMBER: 2025CV534

IN THE DISTRICT COURT OF THE SECOND JUDICIAL DISTRICT OF THE STATE OF
COLORADO, IN AND FOR THE COUNTY OF DENVER

| Alex Headley, Estate of the Decedent James Headley<br>Plaintiff<br>V | CASE No.  **2 5 C V 5 3 4** – 203 |
|---|---|
| Chrysler Capital trademarked Through FCA LLC and Licensed under Santander Consumer USA Inc<br>DEFENDANTS/RESPONDENTS | REQUEST FOR HEARING FOR A MOTION TO AFFIX A BOND FOR REPLEVIN ACTION |

COMES NOW, Alex Headley, the Plaintiff, whom reached the age majority, competent to state the following facts, do claim the following statements are true and correct and affirm they are under the penalties of perjury,

The Plaintiff motions the court for a hearing of a Motion To Affix Bond Amount in the matters of a replevin action to cover the undertaking in which remedies the Defendant in this case.

By _____, date 7/15/25
Alex Headley

Title:_

REQUEST FOR HEARING FOR A MOTION TO AFFIX A BOND FOR REPLEVIN ACTION

**CERTIFICATE OF ACKNOWLEDGMENT OF NOTARY PUBLIC**

}SS: Denver County

State of Colorado)

On this 15th Day of July 2025 _____, the Plaintiff named above, personally appeared before me and acknowledged to me on the basis of satisfactory evidence that he or she executed the same in his or hers stated capacity, and that by his or hers signature on this trust is the person or entity upon behalf of which the person signed is a free and voluntary act and deed for the purposes and upon the terms and conditions hereinafter set forth.

Date: 15 July 2025
By_____
_____, Notary

**Public**
**My Commission** Expires: Oct 08, 2028

LYNN TIBBETTS
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20244037442
MY COMMISSION EXPIRES OCTOBER 08, 2028

21

Denver District Court
1437 Bannock, Room 256
Denver CO 80202

FILED IN DENVER
DISTRICT COURT

JUL 17 2025

Alex Headley
383 Hummingbird Circle, POB 1141
Silverthorne, CO 80498
ajinvestments.alex@gmail.com

DENVER, COLORADO
COUNTER CLERK_____

DATE FILED
July 17, 2025
CASE NUMBER: 2025CV534

IN THE DISTRICT COURT OF THE SECOND JUDICIAL DISTRICT OF THE STATE OF
COLORADO, IN AND FOR THE COUNTY OF DENVER

| | |
|---|---|
| Alex Headley, Estate of the Decedent James Headley<br>Plaintiff<br>V | CASE No.  **2 5 C V 5 3 4** - 203 |
| Chrysler Capital trademarked Through FCA LLC and Licensed under Santander Consumer USA Inc<br>DEFENDANTS/RESPONDENTS | Civil Action<br>Damages to the Decedent Estate of James Headley<br>Replevin Action |

COMES NOW, Alex Headley ( hereinafter "Plaintiff" ), whom reached the age of majority, competent to state the following facts, stating a claim wherein liability is created and relief shall be granted, does make this claim under the penalties of perjury.

Table of Contents:

Table of Contents...................................................................................I
Express Powers.....................................................................................II
Introduction.........................................................................................II
Statement of Jurisdiction......................................................................II
Statutory Claims..................................................................................II
Colorado Case Law..............................................................................III
Liability.............................................................................................. III
Charging Instrument............................................................................III
Redress of Grievance...........................................................................IV
Claim Where Relief Shall be Granted.....................................................IV
Summary in Conclusion........................................................................IV
Jurat..................................................................................................V

Alex Headley
383 Hummingbird Circle, POB 1141
Silverthorne, CO 80498
ajinvestments.alex@gmail.com

## Express Powers

The express powers herein secured are by and through the Colorado Revised Statutes, in succession with the State of Colorado Constitution, annexed with the Colorado Civil Rules of Procedure and the Uniform Commercial Code.

Colorado Constitution Section 3- Inalienable rights. All persons have certain natural, essential and inalienable rights, among which may be reckoned the right of enjoying and defending their lives and liberties; of acquiring, possessing and protecting property, and of seeing and obtaining safety and happiness.

Section 25- Due Process of Law. No person shall be deprived of life, liberty or property without due process of law.

## Introduction

Chrysler Capital trademarked through FCA LLC and Licensed under **Santander Consumer USA Inc,** has repossessed a 2018 Dodge Ram 1500 from the Decedent estate of James Headley, whom Alex Headley is the authorized representative, that the Defendant's no longer had the intangible rights to the aforementioned vehicle because the title and Bill of Sale was produced to James Headley while still alive, paid in full four years ago. The Defendant's claim that the check bounced but then cannot prove that it has done so. The Plaintiff's father, James Headley, did not bounce checks. If the check did bounce, four years later the Defendant has failed to make any claim about it bouncing, passing the statute of limitations.

## Statement of Jurisdiction

The violations occurred within the geographical metes and bounds of the State of Colorado, under the Uniform Commercial Code § 9-301(1) local law of that jurisdiction governs perfection. Colorado Revised Statutes § 4-9-301 gives the superior court jurisdiction of any commencement of action of the commission of a replevin act within the State of Colorado and remedy damages, sufficing territorial, personal and subject matter jurisdiction.

## Statutory Claims

Colorado Revised Statutes Title 13. Courts and Court Procedures § 13-80-103.5- General Limitation of actions- six years.

Colorado Revised Statutes Title 13. Courts and Court Procedures § 13-16-106 Costs of Replevin

Colorado Rules of Civil Procedure- Rule 404- Replevin

Alex Headley
383 Hummingbird Circle, POB 1141
Silverthorne, CO 80498
ajinvestments.alex@gmail.com

## Colorado Case Law

Denver V. Desert Truck Sales, Inc. 837 P.2d 759 (1992)

White V. Jackson 586 P.2d 243 (1978)

Wimmershoff V. Finger (2003) No. 02CA1392.

## Liability

A security agreement by Chrysler Capital and James Headley no longer existed for 4 years due to a comprehensive payoff from James Headley, Chrysler Capital cannot perfect an interest and cannot be a secured party when the security agreement no longer exists being that the debt was discharged by legal tender of payment made in the total value of the debt owed.

Without a security agreement, the Plaintiff having title in hand and a Bill of Sale proving in evidence that the vehicle has been paid off, thus the taking of the Plaintiff's 2018 Dodge Ram 1500 is violating the intangible rights of the vehicle to the Plaintiff and the Plaintiff not having the tangible vehicle being that it was taken without a security agreement where Chrysler Capital licensed under Santander Consumer USA Inc is intending in selling which creates damages to the Plaintiff.

## Charging Instrument

On June 8th, 2025, in between the time of midnight and nine in the morning, the Plaintiff's Dodge Ram 1500 as to which the Plaintiff acquired as inheritance from the Decedent estate of James Headley, the Plaintiff's biological father, was taken and claimed to be repossessed by Chrysler Capital licensed under Santander Consumer USA Inc.

 Chrysler Capital licensed under  Santander Consumer USA Inc. no longer held the note to the vehicle, the vehicle was paid of in full with legal tender of payment for the full amount own on the vehicle.

The Plaintiff's father being of age has never went and titled the 2018 Dodge Ram 1500 into the Plaintiff's father's name or a trust and Chrysler Capital is using the means of the lack of title transfer to steal the intangible and tangible rights of the Plaintiff's private property. Chrysler licensed under Santander Consumer USA Inc. claims that the Plaintiff's check has bounced four years ago, by also claiming that they cannot find the bounced check nor cannot find the accounting for said transaction on the security agreement. Thus acted without any clean hands and trying to perform on an equity that does not exist.

24

Alex Headley
383 Hummingbird Circle, POB 1141
Silverthorne, CO 80498
ajinvestments.alex@gmail.com

## Redress of Grievance

The Plaintiff has right of replevin action to recover the private property of the 2018 Dodge Ram 1500 plus recourse for damages under Title 38 § 38-1-101-38-53-110.

## Claim Where Relief Shall Be Granted

The plaintiff is entitled to both legal remedy and equitable remedy. Legal remedy for damages spending time, energy and labor in claim to receive the Plaintiff's private property returned to the Plaintiff. That shall value with reasoning and equivalent to the performance the Plaintiff offers in service in regular work.

Equitable remedy for an injunction in replevin in returning said property, as well as equitable remedy for payment to the Plaintiff in renting the vehicle from the Plaintiff for the possession of the 2018 Dodge Ram 1500 for the duration that is in possession of said aforementioned vehicle as ruled in the case Denver V. Desert Truck Sales, Inc. 837 P.2d 759 (1992). By what is reasoning in common rental agreements.

The Defendant have had four years to make claim and prove that payment of said security in a form of check from Plaintiff's father, James Headley, has bounced and failed to make such claim surpassing the statute of limitations as ruled in White V. Jackson 586 P.2d 243 (1978).

The Plaintiff also seek remedies for all court costs and fees and everything associating in the costs of the case for performance as was ruled in Wimmershoff V. Finger (2003) No. 02CA1392.

## Summary in Conclusion

The Defendant took a vehicle of a 2018 Dodge Ram 1500 belonging to the Plaintiff in an inheritance from the Plaintiff's deceased father James Headley. The Defendant did not have any intangible rights to the car being that the title was signed over and a Bill of Sales was given to the Plaintiff's father. The Plaintiff's father was responsible and paid all bills of the Plaintiff's father. The Plaintiff's father did not bounce checks. No complaint was made in the entire four years after the Plaintiff's father made comprehensive payment on the aforementioned vehicle. The Defendant has taken the vehicle without clean hands, without any legal notice, creating a legal impossibility entrapping the Plaintiff from possessing and use of the property, thereby causing damages to the Plaintiff.

Alex Headley
383 Hummingbird Circle, POB 1141
Silverthorne, CO 80498
ajinvestments.alex@gmail.com

**_Jurat_**

By _____, date 7/15/25
Alex Headley

Title:___

| |
|---|
| Civl Action |
| Damages to the Decedent Estate of James Headley |
| Replevin Action |

**CERTIFICATE OF ACKNOWLEDGMENT OF NOTARY PUBLIC**

}SS: Denver County

State of Colorado)

On this _15 th Day of July 2025_____, the Plaintiff named above, personally appeared before me and acknowledged to me on the basis of satisfactory evidence that he or she executed the same in his or hers stated capacity, and that by his or hers signature on this trust is the person or entity upon behalf of which the person signed is a free and voluntary act and deed for the purposes and upon the terms and conditions hereinafter set forth.

Date: _15 July 2025_
By_____
_____, Notary

**Public**
**My Commission** Expires: Oct 08, 2028

LYNN TIBBETTS
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20244037442
MY COMMISSION EXPIRES OCTOBER 08, 2028

| | |
|---|---|
| DISTRICT COURT, CITY & COUNTY OF DENVER, STATE OF COLORADO<br>1437 Bannock Street, Room 203<br>Denver, Colorado 80202 | DATE FILED<br>July 10 **COURT USE** ONLY▲<br>CASE NUMBER: 2025CV534 |
| Plaintiff: **Alex Headley et al.**<br><br>v.<br><br>Defendant(s): **Chrysler Capital Trademarked Through FCA** | Case No.: 25CV534<br>Courtroom:  203 |
| **DELAY REDUCTION ORDER** | |

All civil courtrooms are on a delay reduction docket.

**IF AN ATTORNEY OR PRO-SE PARTY FAILS TO COMPLY WITH THIS ORDER, THE COURT MAY DISMISS THE CASE WITHOUT PREJUDICE.  THIS ORDER IS THE INITIAL NOTICE REQUIRED BY C.R.C.P 121 § 1-10, AND C.R.C.P. 41(B)(2).**

A.  In all civil actions, the following deadlines must be met:

1.  **Service of Process:** Proof of service of process under C.R.C.P. 4 for all defendants must be filed within **63 days** after the date of filing of the complaint. After **63 days**, the action may be dismissed by the Court against any defendant for whom proof of service has not been filed.

2.  **Default:** The Clerk of Court shall enter a Clerk's Default against defaulting defendants under C.R.C.P. 55(a) within fourteen (14) days after default has occurred absent an application for entry of Clerk's Default by Plaintiff.

    Motions for entry of default judgment, or a short statement that describes why an entry of default judgment under C.R.C.P. 55(b) is inappropriate at this time, must be filed within **14 days** after default has occurred and must comply with C.R.C.P. 121 § 1-14. Motions must also include a Certificate of Mailing to all parties against whom default judgment is sought.

    Reasonable inquiry regarding a person's military status requires confirmation through the Department of Defense's Servicemembers Civil Relief Act website (https://scra.dmdc.osd.mil) or equivalent confirmation.

3.  **Trial Setting:** The Responsible Attorney as defined in C.R.C.P. 16(b)(2) must file and serve a Notice to Set the case for trial and must complete

1

27

the setting of the trial no later than **14 days** from the date the case is at issue. <u>You must include in your notice how many days for trial and whether jury trial or court trial.</u> (Note: this is a shorter timeframe than would otherwise be required by C.R.C.P. 16.1(g).) A case is "at issue" when: (a) all parties have been served and have filed all pleadings permitted by C.R.C.P. 7; or (b) defaults or dismissal have been entered against all non-appearing parties; or (c) at such other time as the Court directs. **Setting days and hours are Tuesday, Wednesday, and Thursday from 10:00 a.m. to 12:00 p.m.**

4. <u>Cases filed under **C.R.C.P. 16:**</u>

    a) **Case Management Conference:** The notice to set trial must also include a notice to set a Case Management Conference as required by C.R.C.P. 16(d)(1), to be held no later than **49 days** after the case is at issue.

    b) **Proposed Case Management Order:** At least **7 days** before the Case Management Conference, the parties must file, in editable format, a proposed Case Management Order consisting of the matters set forth in C.R.C.P. 16(b)(1)-(17) and take all necessary actions to comply with those subsections.

    c) **Waiver of Case Management Conference:** If all parties are represented by counsel, a joint request to waive the case management conference may be included in the proposed Case Management Order, but unless such a request has been granted, counsel and any unrepresented parties should plan on appearing for the case management conference.

5. <u>Cases filed under **C.R.C.P. 16.1:**</u>

    a) **Certificate of Compliance:** Not later than **49 days** after the case is at issue, the Plaintiff (or the Responsible Attorney) must file a Certificate of Compliance as required under C.R.C.P. 16.1(h). No Case Management Order or Case Management Conference is required.

B: Additionally, in all civil actions, the following provisions apply:

**Service of this Order:** The Plaintiff or Responsible Attorney must send a copy of this order to all other parties who enter an appearance.

**Related Cases:** An attorney entering an appearance in this case who is aware of a related case is ordered to complete and file in this case an Information Regarding Related Case(s) form, available in Room 256 of the City and County Building or online at:
https://www.courts.state.co.us/userfiles/file/Information_Regarding_Related_Cases_Form(1).doc

2

C:    If any party or witness will require an interpreter, please notify the Courtroom Clerk as soon as possible and in no event later **ninety-one (91) days before the trial date**.

Done: July 18, 2025.                **BY THE COURT:**

_____
Jill D. Dorancy
District Court Judge

3

| DISTRICT COURT, CITY & COUNTY OF DENVER, STATE OF COLORADO<br>1437 Bannock Street<br>Denver, CO 80202 | |
|---|---|
| **Plaintiff**: Alex Headley et al.<br><br>v.<br><br>**Defendants**: Chrysler Capital Trademarked Through FCA | DATE FILED<br>July 18, 2025 3:16 PM<br>CASE NUMBER: 2025CV534 ▲ **COURT USE ONLY** ▲<br><br>Case No.: 25CV534<br><br>Courtroom: 203 |
| **PRE-TRIAL ORDER AND DISCOVERY PROTOCOL** | |

**THIS PRE-TRIAL ORDER AND DISCOVERY PROTOCOL APPLIES TO ALL CASES ASSIGNED TO THIS COURTROOM**.

**Plaintiff's counsel or *pro se* Plaintiff shall serve copies of this Pre-trial Order and Discovery Protocol upon Defendant(s) and all future counsel/parties in this case.** A certificate of compliance with this requirement of the Order shall be filed within 7 days of providing notice.

## PRE-TRIAL ORDER

### I.    *PRO SE* PARTIES

1. Parties appearing without counsel are directed to contact **Colorado Legal Services / Metro Volunteer Lawyers, 1905 Sherman Street, Suite 400, Denver, Colorado, 80203, Phone (303) 837-1313** to determine whether they qualify for free or reduced-cost legal representation.

2. On *pro se* cases, the Court orders the Responsible Attorney, as defined in C.R.C.P. 16(b)(2), to notice the case for a Case Management Conference. *See also* C.R.C.P. 16.1(j).

3. This Division requires Case Management Conferences in all cases in which one or more parties are proceeding *pro se,* whether the case is governed by C.R.C.P. 16 or C.R.C.P. 16.1.

### II.    CASE MANAGEMENT ORDER

1. All parties shall participate, in good faith, in preparing the Proposed Case Management Order pursuant to C.R.C.P. 16(b). To the extent that any party does not so participate, those circumstances shall be explained in the Proposed Case Management Docent Order.

1

### III.    CASE MANAGEMENT CONFERENCE

1.   Pursuant to the Delay Reduction Order, the Responsible Attorney's notice to set the case for trial shall also include a notice to set a case management conference, to be held no later than 49 days after the case is at issue. The clerk is available to set trials and case management conferences on Tuesdays, Wednesdays, and Thursdays between 10:00 a.m. and 12:00 noon. The Responsible Attorney shall call the Court on the day and time designated in the notice to set, receive potential dates from the Court for both trial and the case management conference, confer with all parties regarding the dates, and promptly notify the Court of which dates the parties have selected.

2.   Unless otherwise ordered, lead  counsel and unrepresented  parties, if any, shall attend the case management conference. If all parties are represented by counsel, counsel may timely submit a proposed order and jointly request the Court to dispense with a case management conference pursuant to C.R.C.P. 16(d)(3). However, unless and until such a request has been granted, counsel and any unrepresented parties should plan on appearing for the case management conference.

3.   At the conference, parties and counsel shall be prepared to discuss the proposed order, issues requiring resolution, and any special circumstances of the case.

### IV.    TRIAL SETTINGS

1.   No case will be set to commence trial more than **a year from the filing of the complaint or other initiating pleading or for longer than 15 days** without the Court's permission. Before permission is granted, there may be a conference between counsel and the Court as to why a later trial date or longer  trial is necessary.

2.   Motions to continue trial dates, even if stipulated, will not be granted as a matter of course, and will only be granted for good cause shown. Unless and until any such motion is granted, counsel shall continue to prepare for trial.

### V.    DUTY TO CONFER

1.   The Court expects complete and good faith compliance with C.R.C.P. 121, § 1-12(1) and (5), and § 1-15(8). C.R.C.P. 121 § 1-15(8) states that "moving counsel and any self-represented party shall confer with opposing counsel and any self-represented parties before filing a motion." The Rule requires the parties to identify and attempt to resolve emerging issues before

2

engaging in motions practice.

2. The word "shall" in Rule 121 § 1-15(8) is a mandatory requirement. Before filing a motion, the moving party must confer with any potentially opposing party, as detailed above.

3. Counsel are expected to initiate efforts to confer long enough before the anticipated filing date to enable two-way communication. Certification that a telephone call, e-mail or other form of written communication was directed to opposing counsel fewer than 24 hours before the pleading was filed and that "no response" was received is not a good faith effort.

4. It is the expectation of the Court that counsel confer either face-to-face or on the telephone; the Court regards a letter or e-mail message to constitute "notice," but not a sufficient attempt to confer.

5. If attempts to confer are unsuccessful, the certification must describe the attempts in detail.

6. The Court expects that counsel will conduct themselves in a civilized professional manner and will treat jurors, parties, witnesses, Court staff and one another with courtesy and respect at all times.

## VI.    **WRITTEN MOTIONS AND FILINGS**

1. It is the expectation that all motions, briefs, and other written submissions filed with the Court are the original work of the attorney or attorneys who sign the pleading. If Chat GPT or other AI is used to generate any written product filed with the Court, a notice shall appear on the first page of the filing indicating that AI was used to generate all or part of the filing, as well as the specific portions of the filing (e.g., page number and paragraphs or lines) which contain the AI-generated content.

## VII.    **DISCOVERY AND DISCOVERY MOTIONS**

1. Discovery shall be conducted in accordance with the attached Order for Discovery Protocol.

2. If there is a discovery dispute, counsel is expected to confer in a meaningful way to try to resolve it, in whole or in part. *See* § V, supra.

3. If the parties need immediate resolution of a discovery issue, and if the issue is relatively discrete, including one that arises during a deposition, they are encouraged to call the Court at (303) 606-2389, and every effort

3

will be made to hear the matter orally and immediately via telephone or Webex, or on as expedited a basis as possible.

**VIII.    MOTIONS PURSUANT TO C.R.C.P. 56**

1. **Summary Judgment only: All** motions for summary judgment must be filed no later than **91 days (13 weeks) before trial and there shall be no separate deadline for the filing of cross-motions notwithstanding C.R.C.P. 56.** The Court will generally not grant extensions of time to file summary judgment motions. This is because the late filing of motions for summary judgment or repeated granting of extensions of time to file such motions or opposing briefs, does not permit the Court sufficient time to rule in advance of trial. Failure to comply with the motions deadlines stated in this order may result in a delayed ruling or no ruling from the Court before trial.

2. **Motions, Page Limits, and Exhibits:** These procedures contemplate the filing of a single motion for summary judgment by a party. The sections of a motion/response/reply discussed below that address facts will not count toward the page limit outlined in C.R.C.P. 121 § 1-15(1)(a). Additionally, the case caption, signature block, certificate of service, and attachments will not count toward the page limit.

3. **Exhibits**: Exhibits attached to a motion for summary judgment, a response in opposition, or a reply must follow the following format. Defendant must label his/her/their/its exhibits by letters: A, B, C…Z, AA, BB, etc. Plaintiff must designate his/her/their/its exhibits by numbers: 1, 2, 3, 4, etc.

   When filing any exhibits in support of, or opposition to, a motion, the party must label the exhibit and include its title so that the description appears in the register of actions. For example: "Ex. A, John Smith Decl." "Ex. 3, Sales Contract." "Ex. F, Plaintiff Depo."

   **The parties are hereby ordered to deliver to the courtroom a courtesy copy of all exhibits in a 3-ring binder(s) with labels, tabs and indexed, within 3 business days of a submission relative to the dispositive motion(s), response and/or reply. The parties are independently required to upload all exhibits in ICCES. If a party is unclear as to whether a binder is necessary, they can contact courtroom staff for confirmation.**

4. **Motions Format:**

   ***Facts Section.*** The moving party must use the following format: the movant must create a section of the motion titled "Statement of

4

Undisputed Material Facts" and must set forth in simple, declarative sentences, separately numbered and paragraphed, each material fact which the movant believes is not in dispute and which supports movant's claim that movant is entitled to judgment as a matter of law. The movant must avoid adding unnecessary adjectives or adverbs to his or her material facts. In general, the Court finds such descriptors vague and unhelpful to adjudicate summary judgment motions.

Each separately numbered and paragraphed fact must be accompanied by a specific reference to material in the record which establishes that fact. General references to pleadings, depositions, or documents are insufficient if the document is over one page in length. A "specific reference" means the title of the document (e.g., "Exhibit A, Pl. Depo.") and a specific paragraph or page and line number; or, if the document is attached to the motion, the paragraph or page and line number.

***Legal Argument Section.*** For each claim for relief or defense as to which judgment is requested, the motion must: (a) identify which party has the burden of proof; (b) identify each element that must be proved; (c) for each identified element, identify the material undisputed facts that prove that element and the pinpoint location in the filed record; or (d) if the respondent has the burden of proof, identify the elements which the movant contends the respondent cannot prove (with reference to the record).

5. **Response Format**:

***Facts Section.*** Any party opposing the motion for summary judgment must create a section of the response titled "Response to Statement of Undisputed Material Facts," and must respond by deeming the facts "undisputed," "disputed," or "undisputed for purposes of summary judgment." Each response must be made in separate paragraphs numbered to correspond to movant's paragraph numbering. A "disputed" response must address the fact as tendered by the movant, not a fact that the non-movant wishes had been tendered. Proper responses to a "disputed" fact should be limited to an argument that (1) the particular parts of materials in the record don't establish the absence or presence of a genuine dispute; or (2) the movant cannot produce admissible evidence to support the fact. The response must be accompanied by a brief factual explanation to support the dispute.

**If the non-movant fails to properly address the other party's assertion of fact as required here, the Court generally will consider the fact undisputed for purposes of the motion.**

5

If the party opposing the motion believes that there are additional disputed (or undisputed) facts which it has not adequately addressed in the submissions made in the facts section, the party must create a separate section of the response titled "Statement of Additional Disputed (or Undisputed) Facts," and must set forth in simple, declarative sentences, separately numbered and paragraphed, each additional material undisputed/disputed fact which undercuts movant's claim that it is entitled to judgment as a matter of law. Each separately numbered and paragraphed fact must be accompanied by a specific reference to material in the record which establishes the fact or at least demonstrates that it is disputed/undisputed.

***Legal Argument Section.*** The response must utilize the same format for each claim/defense as set forth above: (a) if the respondent disputes the statement of the burden of proof on necessary elements, it must identify such as disputed and must provide supporting legal authority. (b) If the movant has the burden of proof, the respondent must identify all elements for which there are disputed material facts, as well as provide a brief explanation of the reason(s) for the dispute and specific references to supportive evidence in the record appendix. Stipulation to facts not reasonably in dispute is highly encouraged. (c) If the respondent has the burden of proof, for each element identified by the movant as lacking proof, the respondent should identify the facts and their location in the record that establish that element.

6. **Reply Format:**

***Facts Section.*** At the beginning of the reply, the movant must list the facts that are undisputed and disputed by their respective paragraph number.

The movant must create a section titled "Reply Concerning Undisputed Facts" and must include any **factual** reply regarding the facts asserted in its motion to be undisputed, supported by specific references to material in the record. The reply will be made in separate paragraphs numbered according to the motion and the opposing party's response.

The movant must create a section titled "Response Concerning Disputed Facts" to respond to those facts claimed to be in dispute, and either admit that the fact is disputed or supply a brief factual explanation for its position that the fact is undisputed, accompanied by a specific reference to material in the record which establishes that the fact is undisputed. The movant's response to undisputed fact must be done in paragraphs numbered to correspond with the opposing party's paragraph numbering.

6

*Legal Argument Section.* The movant must respond to the legal arguments made by the respondent and must not raise new issues.

Finally, legal argument is not permitted in the factual sections of the motion/response/reply and should be reserved for the legal argument section(s) of the documents. If, for example, a party believes that an established fact is immaterial, that argument must go in the legal argument section, and the fact should be admitted. If, on the other hand, a party believes that the reference to material in the record does not support the claimed fact, that fact may be disputed accompanied by a brief *factual* argument made under these procedures.

## IX.    OTHER MOTIONS

1. **Extensions of Discovery Deadlines:** Stipulated agreements to extend the dates for filing discovery responses, objections, and disclosures of no more than 7 days do not need to be filed with the Court.  Extensions for more than 7 days, even if stipulated, will be granted only upon a showing of extraordinary circumstances.

2. **Motions *in Limine*:** Motions *in limine* must be filed **no later than 35 days before trial** unless a different time is permitted by court order, and any responses shall be filed **within 7 days of the motion being filed.** No replies shall be filed as to motions *in limine*. **Motions *in limine* shall be filed as an omnibus motion *in limine* combining all motions in a single filing**. Motions *in limine* that do not comply with this Order may be summarily denied.

3. **Expert Challenges:** Motions challenging expert testimony pursuant to C.R.E. 702 must be filed **no later than 70 days before trial**, with responses filed no later than 49 days before trial. The Court will decide whether a hearing will be necessary. Failure to comply with the motions deadlines stated in this order may result in a delayed ruling or no ruling from the Court before trial.

4. **Other Pretrial Motions:** All other pretrial motions must be **filed not later than 35 days before trial**, unless otherwise ordered by the Court, with responsive briefs due **within 7 days of the motion being filed**. If an expedited ruling is desired, the moving party must specifically request an expedited schedule in the original motion and the moving party must contact the Clerk of Courtroom 203 to advise of this request. The Court may sua sponte expedite the briefing schedule pursuant to C.R.C.P. 121 § 1-15.

5. The Court may rule on motions without hearing, pursuant to C.R.C.P.

7

121, or the Court may order a hearing prior to trial.

6.  Motions are to be accompanied by a brief or recitation of legal authority. There will then be a response, and a reply (except as to a motion *in limine*), unless this Court modifies the briefing pursuant to C.R.C.P. 121. No other briefs relating to a given motion will be accepted for filing unless permitted by Court Order. **Do not combine motions, other than Motions in Limine, or incorporate your own motions into a response or reply as this makes it difficult for the Court to properly determine when the motion may be ripe. Motions combined with another motion or a response or reply may be stricken.**

7.  The requirements of C.R.C.P. 121 § 1-15 concerning the time for filing motions and the content and length of briefs will be strictly enforced. The Court may expedite the briefing schedule pursuant to C.R.C.P. 121 § 1-15.

## X.   TRIAL MANAGEMENT ORDER AND CONFERENCES

1.  The Trial Management Order ("TMO") must comply strictly with the requirements of C.R.C.P. 16 or C.R.C.P. 16.1, as amended, and must be filed at least **28 days before trial**. **ALL parties must participate in the preparation of the TMO.**

2.  Should the parties be unable to agree on the proposed TMO or if counsel believes it would be helpful, a Trial Management Conference may be scheduled upon notice, to be attached to the proposed TMO submitted. The Court will contact counsel approximately 30 days before trial to inquire whether the parties desire a Trial Management Conference, and if so, to schedule one. The Court will expect lead counsel to attend any Trial Management Conference, and to be prepared to discuss, in addition to any issues with the TMO itself, any issues or concerns arising under §§ VII – XIV of this Order.

3.  Counsel should be aware that when the Court has multiple trials ready to be tried on a particular date, the presence and timeliness of a TMO is one criterion used to determine priority.

## XI.   PRE-TRIAL CONFERENCE

1.  At the time the parties set the matter for trial, the Court may also provide dates for a pretrial conference no later than 7 days before trial. The parties are required to attend the pretrial conference in person to address any issues prior to trial.

## XII.   BEFORE TRIAL

8

1. **<u>Exhibits</u>:** All exhibits must be pre-marked. The parties are strongly encouraged to cooperate in submitting a single set of exhibits, enumerated with numbers. If the parties are unable to submit a single set of exhibits, Plaintiffs shall use numbers 1 – 1,000 and defendants shall use numbers 1,001 – end to designate their exhibits. The parties shall not mix numbers and letters, even for related exhibits (e.g. 1(a), 1(b), 1(c), etc.).

   The parties shall exchange copies of their pre-marked exhibits, including demonstrative exhibits, **no later than 21 days** before trial. **Authenticity of all identified and exchanged exhibits shall be deemed admitted unless objected to in writing no later than 14 days after receipt of the exhibits. In any event, objections shall be due no later than 7 days before trial.**

   The Court expects counsel to stipulate to the admission of every exhibit as to which there is not a good faith objection. Only where counsel has not had a reasonable opportunity to view an exhibit in advance will trial be interrupted for such a review.

   Counsel must also provide at least three (3) complete sets of exhibits, whether stipulated or not: One for the Court, one for each opposing side's counsel, and one for the witness stand (which will be the official copy that goes to the jury).

   **Please note the specific procedures regarding the handling of exhibits post-trial or post-hearing, at § XVII(8), *infra*.**

2. **<u>Exhibit Lists</u>:** Each counsel shall prepare an index of exhibits that counsel expects of offer, in a grid or spreadsheet format, that identifies with specificity the exhibit by number, date of the exhibit, and description. The exhibit list shall specify whether or not the exhibit is received by stipulation, and shall include columns with the headings "Stipulated," "Offered," and "Admitted."

3. **<u>Witness lists</u>:** Each counsel shall prepare a list of witnesses that will and may be called that the Court can read to the jury at the beginning of the trial. This list shall be in addition to any prior designation of witnesses, including that in the TMO. In addition to listing the names of the witnesses, the list may also specify the witnesses' title or degree and employment (e.g. Dr. Murray, M.D., Children's Hospital) but no other identifying information should be included (e.g. address, phone number etc.).

9

4.  **Orders of Proof:** The Court shall provide the parties with an Order of Proof template which the parties shall complete and file with the Court no later than 7 days before the scheduled trial. The time estimates must include the time for re-direct if anticipated. In no event may the cumulative time for witness examination exceed the time allocated for presentation of the trial; the total time allocation shall also account for the time necessary for jury selection, opening statements, regularly scheduled breaks, the jury instruction conference, and closing arguments.  The Court reserves the right to enforce the time estimates stated in the Order of Proof.

5.  **The witness list and order of proof shall be filed no later than 7 days before the commencement of the trial. PLEASE SEE ATTACHED TEMPLATE WHICH, UPON REQUEST, CAN BE TRANSMITTED TO THE PARTIES IN EDITABLE FORMAT.**

6.  **Depositions:** The showing of videotaped depositions or the reading of depositions in lieu of live testimony is strongly discouraged. However, if you are going to use depositions in lieu of live testimony, opposing counsel must be notified by proper identification of designated portions **no later than 28 days prior to trial.** Any other party may then provide the parties with its designations **no later than 14 days before the trial date,** with all reply designations by the proponent then made **no later than 7 days before the trial date.** Objections to all or part of the deposition testimony offered must be made not later than **3 days prior to trial** and must cite page, line, and the specific evidentiary grounds supporting the objection. In all other respects, C.R.C.P. 16(f)(3)(VI)(D) shall be complied with, including providing a copy of the deposition, with the proposed testimony highlighted, to the Court at least **3 days prior to trial.  The same rules apply to both videotaped and transcribed depositions.** When applicable, counsel is required to provide someone to read testimony.

    While C.R.C.P. 32(a)(2) and (3) permit the use of certain depositions for purposes other than impeachment of a deponent under certain circumstances, any extended use at trial requires that the witness be listed in the Joint Order of Proof.

    Original depositions will remain sealed until counsel request at trial that they be unsealed.  Before trial begins, you must give the Court copies of all depositions likely to be used at the trial, as either direct evidence or impeachment.

7.  **Special Equipment:** If you need a computer, projector, VCR, extension cord, a monitor, a screen, or any other form of digital or audio-visual

10

equipment, you must provide it. The parties are encouraged to share in the use of a single system, rather than each having separate projectors, monitors, screens, etc. Contact the Court clerk prior to the trial date to arrange the setup and testing of any such equipment.

## XIII.  TRIAL BRIEFS

1. Trial briefs may be filed, although they are discouraged for jury trials unless they address evidentiary issues for the Court to be prepared to address. They should be concise and should not repeat previously filed pleadings or motions. Trial briefs must be filed no later than 7 days before the trial date.

## XIV.  JURY INSTRUCTIONS

1. **Stipulated Jury Instructions and Verdict Forms:** Counsel are required to meet and confer in a good faith effort to stipulate to jury instructions and verdict  forms. Counsel for the first party to demand a jury (and whose demand has not been withdrawn) is required to submit a joint proposed initial draft of the final jury instructions directly to the Court **via e-mail** to 02courtroom203@judicial.state.co.us and file such stipulated jury instructions and verdict forms **no later than 7 days before trial**. The Court has already prepared the following instructions: 3:1, 3:4, 3:8, 3:9, 3:12, 3:14, 3:15, 3:16, 4:1, 4:1A, 4:2, 4:2A, 5:1 and 5:6. By initial draft, the Court means a single document that includes the instructions the instructions to which all parties have stipulated, and any additional or disputed instructions of any party, as discussed below.

2. **Please note: the Court does not need, nor will it accept, basic introductory or closing instructions, oaths, admonitions, lengthy annotations, or similar instructions, or the instructions listed above that the Court has already prepared.**

3. Unless a stipulation can be reached, counsel for both parties shall be responsible for submitting their own version of a proposed 2:1 instruction under the "Claims of the Parties" instruction. The Court will either choose between those submitted instructions or prepare its own.

4. If counsel cannot agree on the wording of other instructions then both counsel shall submit instructions defining applicable stipulations, claims, standards of proof, affirmative defenses, damages, and special definitions under the appropriate sections. All proposed instructions shall be contained in the single set provided to the Court. If Plaintiff proposes a disputed instruction, Defendant's position shall be included immediately below on the same page.

11

5. Additional instructions may be submitted. However, the Court **does not** favor, and rarely gives, special instructions patterned after caselaw; any such instructions shall be submitted separately **via e-mail**, accompanied by a **brief** statement of authority, in compliance with the requirements for the initial draft. All proposed instructions must be organized in substantial compliance with the format utilized by the Court. If either counsel has an objection to a submitted instruction, the nature of the objection shall be **briefly** stated on the initial draft submitted to the Court, along with a **brief** statement of authority.

6. All jury instructions and verdict forms filed electronically with the Court shall be in Microsoft Word format and shall be editable.

## XV.    JUROR NOTEBOOKS

1. **Juror Notebooks:** Each trial juror will be provided with a juror notebook by the Court. The Court provides relatively small (1½ inch) binders. They contain introductory information about juror service, the courthouse and its environs, stock instructions such as burden of proof, direct and circumstantial evidence, credibility of witnesses, etc. At the pretrial conference, the Court will address whether exhibits will be provided to the jurors.

2. **Glossary of Terms**:  If there are any scientific or other specialized  terms which will be used repeatedly during the trial, those should be set forth, with an agreed-upon definition. If the parties have a legitimate dispute about the definition of any term, just the term should be listed.

3. **Timeline of Events**: If a timeline of events would be helpful for the jury, a stipulated timeline may be included in the juror notebooks.

## XVI.   JURY SELECTION

1. The Court will ask general *voir dire* questions before counsel's *voir dire*. The Court's *voir dire* will cover basic background information and qualifications of jurors.

2. Each side will be limited to 20 minutes for *voir dire*, unless additional time is requested and permitted in advance of the first day of trial.  In multi-party cases, time must be divided between all parties on one side of the case.

3. Questions that a party would like the Court to ask (because, for example, the issue is sensitive and it would be easier to address if asked by the Court), may be electronically filed **7 days before trial**.

12

5. Attorney *voir dire* must be conducted from the podium.

6. The Court will preclude the asking of argumentative questions during *voir dire.*

7. There may be one or two alternate jurors seated.  The Court will advise counsel on the first day of trial how the alternate(s) will be designated.

8. Challenges for cause will be exercised at the bench upon the conclusion of all parties' *voir dire.*

## XVII. **CONDUCT OF TRIAL**

1. **Scheduling/Use of Time**:

   a. The trial day will start at 8:30 a.m. and end at 5:00 p.m.  There will be a morning and an afternoon break of 15 to 20 minutes each.  Lunch will run from approximately noon to 1:30 p.m. on the first day of trial, and noon to 1:00 or 1:15 p.m. on subsequent days.

   b. Counsel and parties will be in court by 8:00 a.m. on the first day of trial so that counsel may discuss anything with the Court that needs to be dealt with before the trial begins.  The Court will typically require that counsel be in court 30 minutes before the jury has been instructed to return on subsequent trial days in order to handle any preliminary issues without inconveniencing the jurors.

   c. Counsel are responsible for having witnesses scheduled so as to prevent any delay in the presentation of testimony or running out of witnesses before 5:00 p.m. on any trial day.  There shall be no more than a five (5) minute delay between witnesses.  If there is, the Court may deem the delaying party to have rested and require any non-delaying party to commence its case in chief.

2. **Opening Statements**:  Each side will be limited to 20 minutes for opening statement, unless additional time is requested and granted.  In multiple-party cases, this time must be divided between the parties on one side of the case.

3. **Questioning Witnesses**: The Court does not permit questioning beyond re-direct without good cause shown.  All questioning must be done from the podium unless permission is granted to approach the witness or the bench.  Counsel is advised that the FTR recording system in Courtroom 203 works best when all counsel and witnesses speak directly into the provided microphones.  This ensures the most complete and accurate record of the proceedings, for appellate purposes and otherwise.

13

4. **<u>Juror Questions</u>:** Juror questions will be permitted when all other questions have been asked of a particular witness. The Court will discuss all juror questions at the sidebar with counsel prior to asking them of the witness. Counsel may ask brief follow-up questions after juror questions have been asked, but only as to issues raised by the jurors' questions.

5. **<u>Objections</u>:**

   a. Please make objections professionally: be brief, concise and specific.

   b. Speaking objections are not permitted.

   c. Do not automatically respond to an objection; if the Court wants a response to an objection before ruling on it, the Court will ask for one.

6. **<u>Jury Instruction Conference</u>:** The Court and counsel will work on jury instructions at least one evening during trial, typically after plaintiff has rested, as well as other breaks in the trial. The Court may rely upon counsel to edit jury instructions as necessary, so each should have the equipment and personnel necessary to do so readily available. Once the final jury instructions are assembled, the Court will allow counsel to make a record of their objections to the instructions, and to tender any additional proposed instructions.

7. **<u>Closing Arguments</u>:** Each side will have 30 minutes for closing argument, unless additional time is requested and granted. In multiple-party cases, this time must be divided between the parties on one side of the case.

8. **<u>Uploading Exhibits to CCE Post-Hearing and Post-Trial</u>:** With the advent of electronic filing and electronic submission of the appellate record, the Court no longer maintains custody of hard copies of exhibits at the conclusion of a trial or hearing. However, there must be a record of all exhibits offered and/or received in evidence. Accordingly, **the following mandatory procedures will be followed:**

   a. When the trial or hearing is concluded, each party will withdraw any paper or physical exhibits or depositions which that party marked, whether or not admitted into evidence, from the courtroom.

   b. Each party will maintain in its custody the withdrawn exhibits and/or depositions, without modification of any kind, until 63 days after the time for the need for such exhibits for appellate or other review purposes has expired, unless all parties stipulate otherwise on the record or in writing. It will be the responsibility of the withdrawing parties to determine when the appropriate time period has expired.

14

c. **Electronic versions of all exhibits admitted into evidence and all exhibits offered but not admitted into evidence shall be uploaded into CCE by the party which offered the exhibit within 48 hours of the conclusion of the trial or hearing. Alternatively, for voluminous records, a USB flash drive containing the exhibits may be filed with the Clerk's Office in Room 256 within 48 hours of the conclusion of the trial or hearing.** Unless each exhibit uploaded has a clearly legible exhibit sticker which conforms with § XII(1), *supra,* the uploading party shall file a caption sheet indicating the exhibit number or letter(s) which also bears the civil action number of the case. Exhibits which were admitted into evidence shall be uploaded in exactly the form they were in at the conclusion of the evidence, including any markings, notations, etc., added to the exhibit by any witness during testimony.

d. **It is the exclusive responsibility of counsel to diligently follow these procedures, in order to assure that an accurate trial and appellate record is preserved.**

9. **Use of Freelance Court Reporters: Use** of freelance reporters in civil cases shall be governed by Chief Judge Directive 2011-1, Administrative Order Regarding Civil and Family Law Cases.

10. **Interpreters**: If any party or witness will require an interpreter which the Court is required to provide under C.J.D. 06-03 (as amended, June 2011), you must include the need for an interpreter **in the proposed Case Management Order.** You must also notify my clerk of the need for the interpreter, the language needed, and the anticipated date and length of testimony of the witness who is English-language deficient **as soon as possible** and in any event **no later than 91 days before the trial date or hearing**. Failure to do so may result in the Court's inability to schedule an interpreter and, if so, the witness may not be permitted to testify. If interpreter services are no longer needed, you shall notify the Court as soon as possible, but in any event **no later than 72 hours before the trial or hearing**.

XVIII. **SETTLEMENT**

1. The parties shall notify the Court within 24 hours of settlement or resolution of their case.

2. All documents confirming settlement of the case, including a stipulation for dismissal with prejudice and a proposed order, shall be filed **not later than 21 days following the date of settlement**, unless otherwise ordered by the Court. If a stipulation for dismissal is not filed within 21

15

days of the Notice of Settlement, the matter will be administratively closed.

3. In the event the matter is scheduled for a trial within 21 days of the date of settlement, the Court will vacate the trial dates.

The Court is familiar with the difficulties and anxieties of trial practice. We are here to ensure that the parties have a full and fair opportunity to present their case, with a minimum of unnecessary stress.  Should any questions arise, please contact the Court Judicial Assistant for Courtroom 203 at (303) 606-2389.

IT IS SO ORDERED on this 18th day of July 2025.

**BY THE COURT:**

_____

JILL D. DORANCY
Denver District Court Judge

16

45

**ORDER FOR DISCOVERY PROTOCOL**

Counsel is reminded that all discovery responses shall be made in the spirit and with the understanding that the purpose of discovery is to elicit facts and to get to the truth. The Colorado Rules of Civil Procedure are directed toward securing a just, speedy and inexpensive determination of every action. The discovery process shall not be employed to hinder or obstruct these goals nor to harass, unduly delay or needlessly increase the cost of litigation.

Please refer to § VII of this Pre-Trial Order for procedures to be followed in the case of a discovery dispute.

## A.    DISCLOSURES & DISCOVERY

This Court requires "robust disclosure[s] followed by limited discovery." *See* C.R.C.P. 26, Official Comment, #20. Discovery shall be conducted pursuant to C.R.C.P. 26, the Colorado Rules of Professional Conduct, and this Pre-Trial Order.

If a party put in its disclosures or responds to a discovery request by indicating that it will provide documents or information subject to an objection, that party must describe with reasonable specificity the documents or information being withheld as a result of the objection. Failure to comply with this requirement may constitute a waiver of the objection. When documents are produced, they must be precisely identified as responsive to a particular discovery request, disclosure or issue in the case.  Responding to a discovery request of any kind by producing or generally pointing to a mass of documents is tantamount to not responding at all.

**No Written Discovery Dispute Motions.** No written discovery dispute motions will be accepted. The Court will address all discovery disputes with an virtual discovery hearing instead of by written motions. The purpose of this procedure is to ensure expedited and inexpensive resolution of discovery disputes. The following procedures will be in effect in this case:

a) If there is a discovery dispute, counsel are expected to confer in a meaningful way to try to resolve it. An email sent the night before doesn't qualify.

b) If counsel cannot resolve the dispute, please call the courtroom clerk at 303-606-2389 and set it for a hearing. If the matter is set for a hearing on a discovery dispute, parties shall submit a **joint notice of discovery impasse, no longer than 2 pages, at least forty-eight (48) business hours prior to the scheduled hearing**, apprising the Court of the nature of the dispute. **If a joint notice of discovery impasse is not timely filed, the**

17

**Court will assume the dispute has been resolved and vacate the hearing.** The Court will review all notices and proceed according to its judgment.

c) If counsel cannot agree on a date, please let the clerk know and the Court will set a hearing date unilaterally.  No discovery dispute hearing may be set less than 30 days before trial without the moving party demonstrating good cause.

d) The dispute will be argued and resolved at the hearing or taken under advisement with a prompt ruling by the Court.

e) When a responding party (not counsel) claims, in good faith, not to understand either a discovery request made in writing or the meaning of any words or terms used in a discovery request made in writing, that party must, within 14 days of receiving the discovery request, seek clarification of the meaning from counsel who served the discovery.  A failure to seek such clarification must be considered a violation of this Order for Discovery Protocol.

f) A discovery response which does not provide the information or material requested but promises to do so at some point in the future will be treated as the equivalent of no response unless the party so responding provides a specific reason for the information not being produced as required by the Rules of Civil Procedure, and also provides a specific date by which such information will be provided.

g) A response to a discovery request that does not provide the information or material requested but rather states that the party is continuing to look for or search for such information or material will be treated as the same as no response unless that party provides a clear description of where such information or material is normally located, who is normally in custody of such information or material, where the party has searched, the results of the search, as well as the identity of all persons who have engaged in such a search.  The responding party must also provide a clear explanation of the ongoing search and a specific date by which the search will be complete.

h) The parties should refrain from interposing boiler-plate type objections such as "overbroad, unduly burdensome, vague, ambiguous, not reasonably calculated to lead to the discovery of admissible evidence" and other similar objections.  In the event any such objections are made, they must be followed by a clear and precise explanation of the legal and factual justification for raising such an objection.  Additionally, if the objecting party otherwise responds to the discovery request but does so subject to or without waiving such an objection, that party must describe with

18

reasonable specificity the information which may be available, but which is not being provided as a result of the objection raised.

i) When a party objects to a discovery request based upon a claim of attorney/client privilege, work product protection or any other privilege or protection, that party must produce a detailed privilege/protection log that includes at least the following for each such item for which privilege is claimed:

(1)    The information required by C.R.C.P. 26(b)(5);
(2)    The date of the information or material;
(3)    All authors and recipients; and
(4)    The specific privilege or protection which is claimed.

The proponent of the privilege has the burden of establishing that privilege.

Failure to comply with this subsection (i) and Order for Discovery Protocol will constitute a waiver of the claimed privilege.

B.    **DISCOVERY DEPOSITIONS**

Depositions must be conducted in compliance with the Colorado Rules of Civil Procedure. During all depositions, counsel must adhere strictly to C.R.C.P. 30(d)(1) and (3).  No objections may be made, except those which would be waived if not made under C.R.C.P. 32(d)(3)(B) (errors, irregularities), and those necessary to assert a privilege, to enforce a limitation on evidence directed by the Court, or to present a C.R.C.P. 30(d)(3) motion (to terminate a bad faith deposition).

If a dispute occurs during a deposition, please call the Court's clerk and advise them about the nature of the dispute. The Court will address the dispute as quickly as possible.

Objections to form must be stated: "Objection as to form." Any further explanation is inappropriate and prohibited unless specifically requested by the attorney asking the question. There shall be no speaking objections.

It is inappropriate and prohibited for an attorney, during the course of questioning, to advise a witness to answer "if you know," or "if you remember." It is similarly prohibited for an attorney during questioning to advise a witness not to speculate.  All such comments shall be considered speaking objections.

All deponent preparation shall be conducted prior to the commencement of the deposition and shall not take place during the course of the deposition. It is appropriate for the deponent to request clarification of a question.  However, it is not appropriate for counsel to do so.

19

A deponent and an attorney may not confer during the deposition while questions are pending.  Similarly, neither a deponent nor counsel for a deponent may interrupt a deposition when a question is pending or a document is being reviewed, except as permitted by C.R.C.P. 30(d)(1).

Counsel must refrain from excessive objections that have the purpose or effect of disrupting the flow of questioning or the elicitation of testimony. Counsel may instruct the deponent not to answer only when necessary to preserve a privilege, to enforce a limitation on evidence directed by the Court, or to present a motion under paragraph 3 of C.R.C.P. 30(d).

Whenever counsel instructs a witness not to answer a question, counsel must state on the record the specific reason for such an instruction, the specific question, part of a question or manner of asking the question upon which counsel is basing the instruction not to answer the question.

20

**ORDER OF PROOF TEMPLATE**

| DATE | EVENT | PLAINTIFF | DEFENDANTS | TIME |
|---|---|---|---|---|
| | | **DAY ONE** | | |
| **Day 1:** dd/mm/yy | **Pre-trial Matters + Preliminary Jury Instructions and Questioning** | | | 8:30–10:30am |
| | **Voir Dire** | 20 minutes | 20 minutes | 10:30-11:10am |
| | **Challenges + other preliminary issues** | | | 11:10-12:00pm |
| | **LUNCH** | | | **12:00-1:30pm** |
| | Opening | 20 minutes | 20 minutes | 1:30-2:10 |
| | Witness Name | ___ minutes (including ___ minutes for redirect) | _____ minutes for cross examination | 2:10 – 3:00 |
| | **BREAK** | | | **3:00-3:15** |
| | Witness: | ___ minutes (___ redirect) | _____ minutes for cross | 3:15 - 5:00 |
| | | **DAY TWO** | | |
| **Day 2:** dd/mm/yy | Witness: | ___ minutes (___ redirect) | _____ minutes for cross | 8:30 - 10:15am |
| | **BREAK** | | | **10:15-10:30am** |
| | Witness: | ___ minutes (___ redirect) | _____ minutes for cross | 10:30-_____ |
| | Witness: | ___ minutes (___ redirect) | _____ minutes for cross | _____ - 12:00pm |
| | **LUNCH** | | | **12:00-1:00pm** |

| | Witness: | ___ minutes (___ redirect) | _____ minutes for cross | 1:00 – _____ |
|---|---|---|---|---|
| | Witness: | ___ minutes (___ redirect) | _____ minutes for cross | _____ - 3:15pm |
| | **BREAK** | | | **3:00 – 3:15pm** |
| | Witness: | ___ minutes (___ redirect) | _____ minutes for cross | 3:15 – 5:00 |
| **DAY THREE** | | | | |
| **Day 3:** dd/mm/yy | Witness: | ___ minutes (___ redirect) | _____ minutes for cross | 8:30 - 10:15am |
| | **BREAK** | | | **10:15-10:30am** |
| | Witness: | ___ minutes (___ redirect) | _____ minutes for cross | 10:30-_____ |
| | Witness: | ___ minutes (___ redirect) | _____ minutes for cross | _____ - 12:00pm |
| | **LUNCH** | | | **12:00-1:00pm** |
| | Witness: | ___ minutes for cross examination | ___ minutes (including ___ minutes for redirect) | 1:00 – _____ |
| | Witness: | ___ minutes for cross | ___ minutes (___ redirect) | _____ - 3:15pm |
| | **BREAK** | | | **3:00 – 3:15pm** |
| | Witness: | ___ minutes for cross | ___ minutes (___ redirect) | 3:15 – 5:00 |
| **DAY FOUR** | | | | |

22

| Day 4: dd/mm/yy | Witness: | ___ minutes for cross | ___ minutes (___ redirect) | 8:30 - 10:15am |
|---|---|---|---|---|
| | **BREAK** | | | **10:15-10:30am** |
| | Witness: | ___ minutes for cross | ___ minutes (___ redirect) | 10:30- _____ |
| | Witness: | ___ minutes for cross | ___ minutes (___ redirect) | _____ - 12:00pm |
| | **LUNCH** | | | **12:00-1:00pm** |
| | Witness: | ___ minutes for cross | ___ minutes (___ redirect) | 1:00 – _____ |
| | Witness: | ___ minutes for cross | ___ minutes (___ redirect) | _____ - 3:15pm |
| | **BREAK** | | | **3:00 – 3:15** |
| | Witness: | ___ minutes for cross | ___ minutes (___ redirect) | 3:15 – 5:00 |
| **DAY FIVE** | | | | |
| Day 5: dd/mm/yy | **Read Jury Instructions** | | | 8:30 - 9:30am |
| | Closing Arguments | 20 minutes | 20 minutes | 9:30 – 10:30am |
| | **Jury Deliberations** | | | |

23

| DISTRICT COURT, CITY AND COUNTY OF DENVER, STATE OF COLORADO<br>1437 Bannock Street, Room 256<br>Denver, CO 80202 | ▲ COURT USE ONLY ▲ |
|---|---|
| Plaintiff: Alex Headley<br><br>v.<br><br>Defendants: Estate of James Headley and Chrysler Capital Trademarked through FCA | Case No.: 25CV534<br><br>Courtroom: 203 |
| **ORDER TO SHOW CAUSE** | |

DATE FILED
July 24, 2025 3:43 PM
CASE NUMBER: 2025CV534

Notice to Defendants: **Estate of James Headley and Chrysler Capital Trademarked through FCA**

THIS MATTER being heard on the basis of the Plaintiff': **Alex Headley's** Verified Complaint in Replevin,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:** The Defendant shall show cause, if any, why the personal property described in the Complaint should not be taken from the Defendant and delivered into the possession of the Plaintiff(s).

**IT IS FURTHER ORDERED** that the hearing on this matter shall be held on: August 4, 2025, 2:30 PM, in Room 203's virtual link, in Denver County. Right below is the Webex link for the upcoming hearing.

https://www.coloradojudicial.gov/livestream-and-virtual-courtrooms?topic=70&wrapped=true
Meeting Codes: 2590 174 2517
Phone: To appear by phone, please dial 720-650-7664 and enter the meeting number/access code for the assigned judicial officer.

**IT IS FURTHER ORDERED THAT PENDING HEARING ON THIS MATTER**, the Defendant shall not sell, use or dispose of any of the property described in the Complaint, except to return the property to the Plaintiff(s).

Defendants Estate of James Headley and Chrysler Capital Trademarked through FCA are hereby advised that:

1

1.      You may file an Affidavit on your behalf with the Court and may appear and present testimony on your behalf at the time of the hearing.

2.      You may at or prior to the hearing file with the Court a written response to stay the delivery of the personal property described in the Complaint.

3.      If you fail to appear at the hearing or fail to file a written response, the Plaintiff(s) may apply to the Court for an Order requiring the Sheriff to take immediate possession of the personal property described in the Complaint and deliver such property to the Plaintiff(s).

4.      If the hearing date set in this Order to Show Cause and the appearance date on the Summons are different dates, you must appear at both times.

**IT IS FURTHER ORDERED** that Defendants shall preserve the personal property described in the Complaint and may not sell, transfer, or otherwise dispose of the personal property described in the complaint until further Order of this Court.

**IT IS FURTHER ORDERED** that a copy of this Order together with a copy of the Verified Complaint shall be served personally upon Defendant.

IT IS SO ORDERED on this 24th day of July 2025.

BY THE COURT:

_____
Jill D. Dorancy
Denver District Court Judge

2

54

55

# Minute Orders

**Case Number:** 2025CV000534                                              **Division:** 203
**Case Type:** Replevin                                          **Judicial Officer:** Jill Deborah Dorancy
**Case Caption:** Headley, Alex et al v. Chrysler Capital Trademarked Through     **Court Location:** Denver County - District
Fca et al

---

Order Date: 08/04/2025

JUDGE JILL D. DORANCY. *FTR 2:30* HEAR: REPLEVIN HEARING APPEARS: ATP ALEX HEADLEY, PRO SE THE COURT WILL RESET THIS HEARING FOR AUGUST 27 AT 12:30 PM. PLAINTIFF WILL RESERVE DEFENDANT WITH NOTICE OF THE NEXT HEARING. /GA

| DISTRICT COURT, CITY AND COUNTY OF DENVER, STATE OF COLORADO<br>1437 Bannock Street, Room 256<br>Denver, CO 80202 | ▲ COURT USE ONLY ▲<br>DATE FILED<br>August 4, 2025 2:41 PM<br>CASE NUMBER: 2025CV534 |
|---|---|
| Plaintiff: Alex Headley<br><br>v.<br><br>Defendants: Estate of James Headley and Chrysler Capital Trademarked through FCA | Case No.: 25CV534<br><br>Courtroom: 203 |
| **AMENDED ORDER TO SHOW CAUSE** | |

Notice to Defendants: **Estate of James Headley and Chrysler Capital Trademarked through FCA**

THIS MATTER being heard on the basis of the Plaintiff': **Alex Headley's** Verified Complaint in Replevin,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:** The Defendant shall show cause, if any, why the personal property described in the Complaint should not be taken from the Defendant and delivered into the possession of the Plaintiff(s).

**IT IS FURTHER ORDERED** that the hearing on this matter shall be held on: **August 27, 2025** (date), **12:30 p.m. MST** (time), in **Room 203**, in Denver County.

**IT IS FURTHER ORDERED THAT PENDING HEARING ON THIS MATTER**, the Defendant shall not sell, use or dispose of any of the property described in the Complaint, except to return the property to the Plaintiff(s).

Defendants Estate of James Headley and Chrysler Capital Trademarked through FCA are hereby advised that:

1.    You may file an Affidavit on your behalf with the Court and may appear and present testimony on your behalf at the time of the hearing.
2.    You may at or prior to the hearing file with the Court a written response to stay the delivery of the personal property described in the Complaint.

1

56

3.      If you fail to appear at the hearing or fail to file a written response, the Plaintiff(s) may apply to the Court for an Order requiring the Sheriff to take immediate possession of the personal property described in the Complaint and deliver such property to the Plaintiff(s).

4.      If the hearing date set in this Order to Show Cause and the appearance date on the Summons are different dates, you must appear at both times.

**IT IS FURTHER ORDERED** that Defendants shall preserve the personal property described in the Complaint and may not sell, transfer, or otherwise dispose of the personal property described in the complaint until further Order of this Court.

**IT IS FURTHER ORDERED** that a copy of this Order together with a copy of the Verified Complaint shall be served personally upon Defendant.


IT IS SO ORDERED on this 4th day of August, 2025.

BY THE COURT:

_____

Jill D. Dorancy
Denver District Court Judge

2

| JDF 1014 | **Return of Service** |
|---|---|

**A. District Court**

Colorado County: Denver District Court 1437 Bannock, Room 256

Mailing Address: Denver, CO 80202

DATE FILED
August 19, 2025
CASE NUMBER: 2025CV534

FILED IN DENVER DISTRICT COURT

AUG 1 9 2025

DENVER, COLORADO
MAIL CLERK ᄔ

Clerk's Event Code: RTSV
*This box is for court use only.*

**B. Parties to the Case**

Petitioner: Alex Headley estate of James Headley

& Chrysler Capital trademarked through

Respondent: FCA, LLC & licensed under Santander Consumer USA, INC

**C. Case Details**

Number: 25 CV 534

Division: District

Courtroom: 203

**1.    My Information**

I am at least 18 and not a party to the action.

**2.    Documents Served**

I served the Summons, Petition, Case Information Sheet, and if applicable: *(Check all that apply)*

☐ Case Management Order.     ☐ Notice of Initial Status Conference.

☐ Parenting Plan   ☐ Sworn Financial Statement.

☒ Other: *(please identify)* Complaint and Replevin

**3.    Where and When Served**

I served the documents above on the Respondent in

County: Jefferson          State: CO

On: *(date)* 8/14/2025 at *(time)* 12:40

At the following location: Christopher's Dodge

**4.    How Served**

I delivered the documents by: *(check one)*

☐ By handing them to *(print name)* Cristal Fawcett , a person
identified to me as the Respondent. Agent

JDF 1014 – Return of Service (divorce and legal separation);          R: March 1, 2024          Page 1 of 2

☐ By leaving them with *(print name)* _____ who is designated to receive service for the Respondent because of the following relationship with the Respondent: _____

☐ I attempted to serve the Respondent on *(number)* _____ occasions but have been unable to locate the Respondent. Return to the Petitioner is made on *(date)* _____

☐ I attempted to leave them with the Respondent or someone I believed to be the Respondent. I identified the documents I was trying to serve, but they refused service.

5. **Service Fees**

I am a:

☑ Private process server.    ☐ Sheriff for _____ County.

I charged the following fees:

Base Fee $ _*100.00*_    Mileage $ _*10.00*_

6. **Verified Signature**

I declare under penalty of perjury under the law of Colorado that the foregoing is true and correct.

Executed on the *(date)* _*17*_ day of *(month)* _*July*_ *(year)* _*2025*_
at City: *(or other location)* _*Golden*_
and State: *(or country)* _*Colorado*_

Print Your Name: _*Ed Cluff*_
Your Signature: _*Ed Cluff*_
Lawyer Signature: *(If any)* _____

JDF 1014 – Return of Service (divorce and legal separation);    R: March 1, 2024    Page 2 of 2

# Minute Orders

**Case Number:** 2025CV000534

**Case Type:** Replevin

**Case Caption:** Headley, Alex et al v. Chrysler Capital Trademarked Through Fca et al

**Division:** 203

**Judicial Officer:** Jill Deborah Dorancy

**Court Location:** Denver County - District

---

Order Date: 08/27/2025

CLERK'S NOTE: THE COURTROOM ISSUED A SECOND AMENDED ORDER TO SHOW CAUSE ON AUGUST 27TH. THE COURTROOM EMAILED THE ORDER TO PRO-SE PLAINTIFF. /JY

# Minute Orders

**Case Number:** 2025CV000534                                              **Division:** 203
**Case Type:** Replevin                                         **Judicial Officer:** Jill Deborah Dorancy
**Case Caption:** Headley, Alex et al v. Chrysler Capital Trademarked Through          **Court Location:** Denver County - District
Fca et al

---

Order Date: 08/27/2025

JUDGE JILL D. DORANCY. *FTR 12:30* HEAR: REPLEVIN APPEARS: ALEX HEADLEY, PRO SE PLAINTIFF PLAINTIFF TESTIFIES. COURT QUESTIONS PLAINTIFF. THE
COURT RECALLS THE CASE AT 2:08PM TO INFORM PLAINTIFF THAT THE SHOW CAUSE ORDER NEEDS TO BE PERSONALLY SERVED ON THE DEFENDANT. THE
COURT WILL ISSUE A SECOND AMENDED SHOW CAUSE ORDER THAT INDICATES THE DEFENDANT CAN APPEAR VIRTUALLY. THE RESCHEDULED HEARING IS SET
FOR SEPTEMBER 12 AT 12:30PM. /GA /GA

| DISTRICT COURT, CITY AND COUNTY OF DENVER, STATE OF COLORADO 1437 Bannock Street, Room 256 Denver, CO 80202 | ▲ COURT USE ONLY ▲ DATE FILED August 27, 2025 2:31 PM CASE NUMBER: 2025CV534 |
|---|---|
| **Plaintiff**: Alex Headley | |
| v. | Case No.: 25CV534 |
| **Defendants**: Estate of James Headley and Chrysler Capital Trademarked through FCA | Courtroom: 203 |
| **SECOND AMENDED ORDER TO SHOW CAUSE PURSUANT TO C.R.C.P. 104** | |

THIS MATTER having come before the Court on the Plaintiff's Verified Complaint for Judgment and for Replevin Pursuant C.R.C.P. 104 ("Verified Complaint"), and the Court having reviewed said Verified Complaint, and being fully advised in the premises,

FINDS that the Verified Complaint complies with the provisions of C.R.C.P. 104, and that an Order preserving the properties claimed by the Plaintiff should be issued in order to preserve said properties pending hearing and, accordingly, the Court:

HEREBY ORDERS THAT the Defendants: **ESTATE OF JAMES HEADLEY AND CHRYSLER CAPITAL TRADEMARKED THROUGH FCA** appear before the Court located at 1437 Bannock Street, Denver, Colorado 82002 in Courtroom 203 on **September 12, 2025** (date), **12:30 p.m. MST** (time), at such time and place show cause why the **2018 DODGE RAM, VIN 1C6RR7LTXJS135527** should not be taken from the Defendants and delivered to the Plaintiff.

**IT IS FURTHER ORDERED** that the parties may appear virtually at:
https://judicial.webex.com/meet/d02-dnvr-courtroom203

Meeting number: 2590 174 2517

**THIS COURT FURTHER ORDERS** and enjoins the Defendants and all other persons from removing the secured property described and all other persons from selling, disbursing or damaging the collateral described above. Pending hearing on this matter, the Defendants shall not sell, use or dispose of any of the property described in the Complaint, except to return the property to the Plaintiff(s).

1

Defendants Estate of James Headley and Chrysler Capital Trademarked through FCA are hereby advised that:

1.    You may file an Affidavit on your behalf with the Court and may appear and present testimony on your behalf at the time of the hearing.

2.    You may at or prior to the hearing file with the Court a written response to stay the delivery of the personal property described in the Complaint.

3.    If you fail to appear at the hearing or fail to file a written response, the Plaintiff(s) may apply to the Court for an Order requiring the Sheriff to take immediate possession of the personal property described in the Complaint and deliver such property to the Plaintiff(s).

4.    If the hearing date set in this Order to Show Cause and the appearance date on the Summons are different dates, you must appear at both times.

**IT IS FURTHER ORDERED** that Defendants **shall preserve the personal property** described in the Complaint and **may not sell, transfer, or otherwise dispose** of the personal property described in the complaint until further Order of this Court.

**IT IS FURTHER ORDERED** that a copy of this Show Cause Order and Order to Preserve Property together with a copy of the Verified Complaint shall be served personally on the Defendants in this action, by personal service by a private process server in accordance with the provisions of C.R.C.P. 4.

IT IS SO ORDERED on this 27th day of August, 2025.

BY THE COURT:

_____
Jill D. Dorancy
Denver District Court Judge

2

63

FILED IN DENVER
DISTRICT COURT

| IN THE DISTRICT COURT, DENVER COUNTY, COLORADO<br><br>1437 Bannock Street Room 256, Denver, CO 80202 | FOR COURT USE ONLY<br>SEP 1 0 2025<br>DENVER, COLORADO<br>COUNTER CLERK |
|---|---|
| **Alex Headley**<br><br>Plaintiff/Petitioner<br><br>VS.<br><br>**Estate of James Headley, Chrysler Capital Trademarked through FCA**<br>Defendant/Respondent | Case # **25CV534 -203**<br>Hearing Date **09/12/2025** |

DATE FILED September 10, 2025
CASE NUMBER: 2025CV534

### DECLARATION OF SERVICE

Received by **Christopher Juarez**, on the **3rd day of September, 2025 at 5:43 PM** to be served on **Chrysler capital** at **1601 Elm St 800, Dallas, Dallas County, TX 75201**.

I, **Christopher Juarez**, declare under penalty of perjury that I am 18 years or older and not a party to the action and that on the **4th day of September, 2025 at 12:28 PM**, I **SERVED** the within named corporation at **CT Corporation - Dallas, 1999 Bryan St 999, Dallas, Dallas County, TX 75201**, in the manner indicated below:

**CORPORATE SERVICE**, by personally delivering **1** copy(ies) of the below listed documents to the named Corporation, by serving **Haile Greenlee**, on behalf of said Corporation.

**Documents Served: Courtroom: 203 SECOND AMENDED ORDER TO SHOW CAUSE PURSUANT TO C.R.C.P. 104.**

THE DESCRIPTION OF THE PERSON WITH WHOM THE COPY OF THIS PROCESS WAS LEFT IS AS FOLLOWS: **Chrysler capital, I delivered the documents to Haile Greenlee who identified themselves as the person authorized to accept with identity confirmed by subject stating their name. The individual accepted service with direct delivery. The individual appeared to be a brown-haired white female contact 25-35 years of age, 5'4"-5'6" tall and weighing 180-200 lbs with glasses.**

Service Fee Total: **$85.00**

Per C.R.S. § 13-27-101 I declare under penalty of perjury under the law of Texas that the foregoing is true and correct.

Executed on  09/04/2025
(date)

at  Dallas County
(city or other location, and state OR county)

Christopher Juarez
(printed name)

(signature)


64

| | |
|---|---|
| DISTRICT COURT, CITY AND COUNTY OF DENVER, STATE OF COLORADO<br>1437 Bannock Street, Room 256, Denver, CO 80202<br>Phone Number: 303-606-2300 | DATE FILED<br>September 10, 2025 2:39 PM<br>FILING ID: 84E765878E7A4<br>CASE NUMBER: 2025CV534 |
| **Plaintiff:**<br><br>ALEX HEADLEY and THE ESTATE OF JAMES HEADLEY<br><br>v.<br><br>**Defendant:**<br><br>CHRYSLER CAPITAL TRADEMARKED THROUGH FCA, LLC and LICENSED UNDER SANTANDER CONSUMER USA INC. | |
| | **▲COURT USE ONLY▲** |
| BRYAN CAVE LEIGHTON PAISNER LLP<br>Matthew M. Petersen, #48562<br>Kristen M. Kennedy, #60969<br>1700 Lincoln Street, Suite 4100<br>Denver, Colorado 80203<br>Telephone:  (303) 861-7000<br>E-mail:  Matt.petersen@bclplaw.com<br>           Kristen.kennedy@bclplaw.com<br>*Attorneys for Defendant* | Case Number:  2025CV534<br><br>Division:  203 |
| **ENTRY OF APPERANCE** | |

Matthew M. Petersen, of the law firm Bryan Cave Leighton Paisner LLP, hereby enters his appearance as Counsel of record for Santander Consumer USA Inc. d/b/a Chrysler Capital.

Respectfully submitted this 10th day of September, 2025.

BRYAN CAVE LEIGHTON PAISNER LLP

*/s/ Matthew M. Petersen*
Matthew M. Petersen, #48562
*Attorney for Defendant Santander Consumer USA Inc. d/b/a Chrysler Capital*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 10, 2025, the foregoing **ENTRY OF APPERANCE** was filed via the Colorado Court E-Filing System and served on the following through the Colorado Court E-Filing System:

Alex Headley
383 Hummingbird Circle
Silverthorne, CO 80498
Phone: 970-390-7785
Ajinvestments.alex@gmail.com
*Pro Se Plaintiff*

Estate of James Headley
383 Hummingbird Circle
Silverthorne, CO 80498
Phone: 970-390-7785
Ajinvestments.alex@gmail.com
*Pro Se Plaintiff*

*/s/ Matthew M. Petersen*

2

| | |
|---|---|
| DISTRICT COURT, CITY AND COUNTY OF DENVER,<br>STATE OF COLORADO<br>1437 Bannock Street, Room 256, Denver, CO 80202<br>Phone Number: 303-606-2300 | DATE FILED<br>September 10, 2025 2:42 PM<br>FILING ID: FABBA2D7E94F1<br>CASE NUMBER: 2025CV534 |
| **Plaintiff:**<br><br>ALEX HEADLEY and THE ESTATE OF JAMES HEADLEY<br><br>v.<br><br>**Defendant:**<br><br>CHRYSLER CAPITAL TRADEMARKED THROUGH FCA, LLC and LICENSED UNDER SANTANDER CONSUMER USA INC. | |
| | ▲COURT USE ONLY▲ |
| BRYAN CAVE LEIGHTON PAISNER LLP<br>Matthew M. Petersen, #48562<br>Kristen M. Kennedy, #60969<br>1700 Lincoln Street, Suite 4100<br>Denver, Colorado 80203<br>Telephone: (303) 861-7000<br>E-mail:  Matt.petersen@bclplaw.com<br>         Kristen.kennedy@bclplaw.com<br>*Attorneys for Defendant* | Case Number:  2025CV534<br><br>Division:  203 |
| **ENTRY OF APPERANCE** | |

Kristen M. Kennedy, of the law firm Bryan Cave Leighton Paisner LLP, hereby enters her appearance as Counsel of record for Santander Consumer USA Inc. d/b/a Chrysler Capital.

Respectfully submitted this 10th day of September, 2025.

BRYAN CAVE LEIGHTON PAISNER LLP

*/s/ Kristen M. Kennedy*
Kristen M. Kennedy, #60969
*Attorney for Defendant Santander Consumer USA Inc. d/b/a Chrysler Capital*

67

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 10, 2025, the foregoing **ENTRY OF APPERANCE** was filed via the Colorado Court E-Filing System and served on the following through the Colorado Court E-Filing System:

Alex Headley
383 Hummingbird Circle
Silverthorne, CO 80498
Phone: 970-390-7785
Ajinvestments.alex@gmail.com
*Pro Se Plaintiff*

Estate of James Headley
383 Hummingbird Circle
Silverthorne, CO 80498
Phone: 970-390-7785
Ajinvestments.alex@gmail.com
*Pro Se Plaintiff*

*/s/ Kristen M. Kennedy*

2

<table>
<tr><td>
DISTRICT COURT, CITY AND COUNTY OF DENVER,<br>
STATE OF COLORADO<br>
1437 Bannock Street, Room 256, Denver, CO 80202<br>
Phone Number: 303-606-2300
</td><td>
DATE FILED<br>
September 10, 2025 3:08 PM<br>
FILING ID: 94F093BFE0F6C<br>
CASE NUMBER: 2025CV534
</td></tr>
<tr><td>
**Plaintiff:**<br><br>
ALEX HEADLEY and THE ESTATE OF JAMES HEADLEY<br><br>
v.<br><br>
**Defendant:**<br><br>
CHRYSLER CAPITAL TRADEMARKED THROUGH FCA, LLC and LICENSED UNDER SANTANDER CONSUMER USA INC.
</td><td><br><br><br><br><br><br><br><br>**▲COURT USE ONLY▲**</td></tr>
<tr><td>
BRYAN CAVE LEIGHTON PAISNER LLP<br>
Matthew M. Petersen, #48562<br>
Kristen M. Kennedy, #60969<br>
1700 Lincoln Street, Suite 4100<br>
Denver, Colorado 80203<br>
Telephone:  (303) 861-7000<br>
E-mail:   Matt.petersen@bclplaw.com<br>
        Kristen.kennedy@bclplaw.com<br>
*Attorneys for Defendant*
</td><td>
Case Number:  2025CV534<br><br>
Division:  203
</td></tr>
<tr><td colspan="2" align="center">
**DEFENDANT'S RESPONSE TO<br>
SECOND AMENDED ORDER TO SHOW CAUSE<br>
PURSUANT TO C.R.C.P. 104**
</td></tr>
</table>

Defendant Santander Consumer USA Inc. d/b/a Chrysler Capital ("Chrysler Capital") submits this Response to the Court's Second Amended Order to Show Cause, dated August 27, 2025 ("Order to Show Cause").

### I.  INTRODUCTION

This matter arises from Chrysler Capital's lawful repossession of a 2018 Ram 1500 Crew Cab ("Vehicle") improperly possessed by James Headley ("Mr. Headley") on June 8, 2025.  Mr.

Headley leased the Vehicle from CCAP Auto Lease Ltd. from April 2018 to April 2021, at which time he represented to Chrysler Capital (who serviced the lease for CCAP Auto Lease Ltd.) that he would purchase the vehicle outright.  Mr. Headley mailed a personal check for the amount due on the purchase and Chrysler Capital generated a "Bill of Sale" (attached to Plaintiff's Damages Complaint as Exhibit B).  Unfortunately, Mr. Headley's check bounced, the sale was never completed, and title in the vehicle remained in the name of CCAP Auto Lease Ltd.  Chrysler Capital completed the repossession of the Vehicle in June 2025.

Mr. Headley passed away following Chrysler Capital's repossession of the Vehicle, and his son, Plaintiff Alex Headley ("Plaintiff"),[1] has sued for possession of the Vehicle and damages and also requested a hearing for pre-judgment possession and to set a bond. This Court subsequently issued three orders to show cause (dated July 24, 2025, August 4, 2025, and August 27, 2025) as to a hearing on pre-judgment possession, but Chrysler Capital did not receive notice of the first two orders. On September 4, 2025, the Court served the third order on Chrysler Capital via its registered agent, CT Corporation, but Chrysler Capital has not been served with the Summons or either of Plaintiff's Complaints—the Replevin Complaint or Damages Complaint. Chrysler Capital nonetheless appears for the limited purpose of responding to the Court's Order to Show Cause and establish that the Court should not enter a pre-judgment order of possession in favor of Plaintiff because Chrysler Capital's repossession of the Vehicle was lawful.

---

[1] The "Estate of James Headley" is also identified in the Complaints as a plaintiff.  However, only Alex Headley signed both Complaints and he does not allege or provide any evidence to support that he has authorization to pursue any claims on behalf of James Headley's estate.  Moreover, if Plaintiff was authorized to act on behalf of Mr. Headley's estate, then this Court may lack jurisdiction to hear the dispute. *See* C.R.S. § 13-9-103(1)(a) ("The probate court of the city and county of Denver has original and exclusive jurisdiction in said city and county of [] [t]he administration, settlement, and distribution of estates of decedents, wards, and absentees.").

2

As a threshold matter, the Court should not enter a pre-judgment order of possession in favor of Plaintiff because Chrysler Capital has not been properly served with the Summons and Complaints, as required by C.R.C.P. 4 and 104(c).  According to the Return of Service filed by Plaintiff on August 18, 2025, he attempted to serve the Summons and Complaints on Christopher Dodge, which is a car dealership in Jefferson, Colorado that is not a registered agent of Chrysler Capital or otherwise authorized to accept service for Chrysler Capital.  Christopher Dodge is a separate entity from Chrysler Capital, has no apparent relation to Plaintiff or the Vehicle, and is located in a different county than both this Court and the dealership where Mr. Headley originally leased the Vehicle (Vista Chrysler Jeep Dodge in Silverthorne, Summit County, Colorado).

Moreover, Chrysler Capital's repossession of its own property from Mr. Headley's wrongful possession was legal.  Mr. Headley's lease of the Vehicle ended in April 2021, after which he had no legal right to the Vehicle.  Mr. Headley attempted to purchase the Vehicle, as permitted by the lease, but his check to Chrysler Capital bounced and the sale was never completed. Because the Vehicle was never sold to Mr. Headley, Chrysler Capital never issued Mr. Headley a Certificate of Title as required by C.R.S. § 42-6-109(1), and title to the Vehicle was never changed to Mr. Headley's name.  At all times, the Vehicle has remained titled to its owner, CCAP Auto Lease Ltd., as is confirmed by both Exhibit C to Plaintiff's Damages Complaint and Chrysler Capital's Exhibit 3 to this Response. Consequently, Chrysler Capital (as CCAP Auto Lease Ltd.'s agent) was legally entitled to repossess the Vehicle, which it has always owned and to which it held title, after Mr. Headley's lease expired and he failed to return the Vehicle.

Plaintiff cannot prove otherwise.  The crux of his Complaints and request for pre-judgment possession of the Vehicle appears to be his factually incorrect contention that Mr. Headley paid

3

for the Vehicle "in full four years ago," based on (1) a "Bill of Sale" that was generated *before* Mr. Headley's check bounced, and (2) Plaintiff's belief that Mr. Headley "did not bounce checks." However, Plaintiff does not provide proof that Mr. Headley paid for the Vehicle after his lease expired—he does not provide a copy of Mr. Headley's cancelled check, bank account statements showing the purported payment, or any other evidence of payment. Plaintiff cannot provide any such evidence because Mr. Headley never paid Chrysler Capital for the Vehicle and he had no legal right to retain possession of the Vehicle after his lease expired in April 2021.

Therefore, for all of these reasons and as more fully described herein, the Court should not enter a pre-judgment order of possession in favor of Plaintiff.

## II.    BACKGROUND

### *The Lease*

1.    On April 30, 2018, Mr. Headley entered a three-year Vehicle Lease Agreement ("Lease") to lease the Vehicle with Vista Chrysler Jeep Dodge ("Dealer") in Silverthorne, Colorado. *See* Declaration in Support of Chrysler Capital ("Chrysler Decl."), attached hereto as Exhibit 1, ¶ 12;[2] *see also* Lease, attached hereto as Exhibit 2, p. 1.

2.    The Dealer assigned the Lease to CCAP Auto Lease Ltd. *See* Ex. 1, Chrysler Decl., ¶ 13; *see also* Ex. 2, Lease, p. 1, § 18.

3.    Under the Lease, the Vehicle was owned by CCAP Auto Lease Ltd. *See* Ex. 1, Chrysler Decl., ¶ 14; *see also* Ex. 2, Lease, p. 1 ("Please note this is a Lease, not a purchase agreement. Therefore, we own the Vehicle."); Bill of Sale, attached to Plaintiff's Damages Complaint as Exhibit B, p. 1 ("Lease agreements are owned by CCAP Auto Lease Ltd.").

---

[2] Chrysler Capital submits the declaration attached as Exhibit 1 in accordance with C.R.S. § 13-27-104(1).

4

4.    On June 27, 2018, the State of Colorado issued title to the Vehicle in the name of CCAP Auto Lease Ltd.  *See* Certificate of Title, attached to Plaintiff's Damages Complaint as Exhibit C; *see* Certificate of Title, attached as Exhibit 3.



5.    Chrysler Capital serviced the Lease on behalf of CCAP Auto Lease Ltd.  *See* Ex. 1, Chrysler Decl., ¶ 16; *see also* Ex. 2, Lease, p. 1, § 18; Bill of Sale, attached to Plaintiff's Damages Complaint as Exhibit B, p. 1 ("Lease agreements are owned by CCAP Auto Lease Ltd. and serviced by Chrysler Capital.").

6.    As servicer of the Lease, Chrysler Capital was authorized by CCAP Auto Lease Ltd. to, among other things, communicate with Mr. Headley, collect payments under the Lease, engage in collection activities, and handle the expiration of the Lease, including selling the Vehicle, processing the return of the Vehicle, or, if necessary, repossessing the Vehicle.  *See* Ex. 1, Chrysler Decl., ¶ 17.

7.    Under the Lease, Mr. Headley was required to make 36 monthly payments of $324.05.  *See* Ex. 2, Lease, p. 1.

8.    Throughout the Lease term, Mr. Headley failed to make certain payments timely and incurred several late charges on his account.  *See* Ex. 1, Chrysler Decl., ¶ 19; *see also* Chrysler Capital Lease Payment History, attached hereto as Exhibit 4, pp. 3-5.

5

### *Expiration of the Lease*

9.      Mr. Headley's Lease expired on April 30, 2021.  *See* Ex. 1, Chrysler Decl., ¶ 20; *see also* Ex. 2, Lease, p. 1.

10.     Mr. Headley did not return the Vehicle.  *See* Ex. 1, Chrysler Decl., ¶ 21; *see generally* Plaintiff's Damages and Replevin Complaints.

11.     On May 5, 2021, Chrysler Capital sent a letter to Mr. Headley requesting that he return the Vehicle to the Dealer and advising that failure to return the Vehicle within ten days "may result in Chrysler Capital recovering the unit from your possession." *See* Ex. 1, Chrysler Decl., ¶ 22; *see also* Chrysler Capital Letter to Mr. Headley, dated May 5, 2021, attached hereto as Exhibit 5.

### *Mr. Headley's Payment Fails*

12.     Later on May 5, 2021, Mr. Headley called Chrysler Capital and requested a quote to purchase the Vehicle from CCAP Auto Lease Ltd.  *See* Ex. 1, Chrysler Decl., ¶ 23.

13.     Under the Lease, Mr. Headley had the option to purchase the Vehicle.  *See* Ex. 2, Lease, p. 2, § 26(A).

14.     In response to Mr. Headley's request for a purchase quote, Chrysler Capital generated a quote that listed the "purchase price" and "purchase option fee" under the Lease, and informed Mr. Headley that he could submit payment to CCAP Auto Lease Ltd., either by overnight mail or regular mail.  *See* Ex. 1, Chrysler Decl., ¶ 25; *see also* Chrysler Capital Purchase Quote, dated May 5, 2021, attached hereto as Exhibit 6.

15.     Chrysler Capital received a personal check from Mr. Headley for the amount owed on or about May 20, 2021.  *See* Ex. 1, Chrysler Decl., ¶ 26;

6

16.     On May 28, 2021, after receipt of Mr. Headley's personal check but **before** the check cleared, Chrysler Capital provided Mr. Headley with a Bill of Sale providing that the sale price for the Vehicle was $25,381.35.  *See* Ex. 1, Chrysler Decl., ¶ 27; *see also* Bill of Sale, attached to Plaintiff's Damages Complaint as Exhibit B.

17.     However, on or between May 28, 2021 and July 7, 2021, Mr. Headley's personal check bounced and the sale of the Vehicle was cancelled.  *See* Ex. 1, Chrysler Decl., ¶ 28.

18.     Chrysler Capital called Mr. Headley and his close relatives nearly fifty times between July 7, 2021, through November 3, 2021, to advise that his check bounced and he needed to send another payment to complete his purchase of the Vehicle.  *See* Ex. 1, Chrysler Decl., ¶ 29.

19.     Additionally, on August 11, 2021, September 10, 2021, and February 19, 2025 Chrysler Capital advised Mr. Headley that lease recovery letters were mailed and expressed the urgency to either extend the lease, return the vehicle, or submit another check to purchase the Vehicle.  *See* Ex. 1, Chrysler Decl., ¶ 30; *see also* Chrysler Capital Lease Recovery Letter, dated February 6, 2025 attached hereto as Exhibit 7, p. 1.

20.     Until February 19, 2025, Mr. Headley did not respond to Chrysler Capital's communications and never paid for the Vehicle.  *See* Ex. 1, Chrysler Decl., ¶ 31.

21.     Accordingly, CCAP Auto Lease Ltd. remained owner of the Vehicle at all times. *See* Ex. 1, Chrysler Decl., ¶ 32; *see* Certificate of Title, attached to Plaintiff's Damages Complaint as Exhibit C; *see also* Ex. 3, Certificate of Title.

22.     Title of the Vehicle never transferred to Mr. Headley.  *See* Certificate of Title, attached to Plaintiff's Damages Complaint as Exhibit C; *see* Ex. 3, Certificate of Title.

7

*Vehicle Repossession*

23.    Chrysler Capital approved the Vehicle for repossession on August 24, 2021.  *See* Ex. 1, Chrysler Decl., ¶ 34.

24.    Thereafter, Chrysler Capital attempted to negotiate a resolution with Mr. Headley. *See* Ex. 1, Chrysler Decl., ¶ 35.

25.    Chrysler Capital attempted to call Mr. Headley and his relatives about the Vehicle nearly fifty times between July 7, 2021 and November 3, 2021.  *See* Ex. 1, Chrysler Decl., ¶ 36.

26.    Additionally, Chrysler Capital advised Mr. Headley on August 11, 2021, September 10, 2021, and February 19, 2025 that lease recovery letters were sent.  *See* Ex. 1, Chrysler Decl., ¶ 37; *see also* Chrysler Capital Failure to Return Vehicle Notice, dated February 6, 2025, attached hereto as Exhibit 7;

27.    Mr. Headley never paid for the Vehicle.  *See* Ex. 1, Chrysler Decl., ¶ 38.

28.    On or about June 8, 2025, Top Dawg Asset Recovery, LLC repossessed the Vehicle on behalf of Chrysler Capital.  *See* Ex. 1, Chrysler Decl., ¶ 39.

29.    On or about June 13, 2025, Mr. Headley purportedly executed a "Limited Power of Attorney" appointing Plaintiff as his "attorney-in-fact" as to several matters, including as to the Vehicle.  *See* Limited Power of Attorney, attached to Plaintiff's Damages Complaint as Exhibit D.

30.    Mr. Headly later passed away.  *See generally* Plaintiff's Damages Complaint.

31.    The Vehicle remains stored at 5540 Newport Street, Commerce City, CO 80022. *See* Ex. 1, Chrysler Decl., ¶ 40.

8

### III.    PROCEDURAL POSTURE

On July 17, 2025, Plaintiff filed the Replevin and Damages Complaints and a request for a hearing on pre-judgment possession and to enter a bond.  Later that day, Plaintiff purports to have served the Summons and Complaints on Christopher's Dodge in Jefferson County, Colorado.  *See* Return of Service, filed August 19, 2025.  On August 27, 2025, the Court entered the Order to Show Cause.  On September 4, 2025, the Court served its Order to Show Cause on Chrysler Capital through CT Corporation.  Chrysler Capital has not been served with the Summons or Complaints.

### IV.    LEGAL STANDARD

"Replevin is governed by C.R.C.P. 104."  *See Metro Nat. Bank v. District Court In and For City and County of Denver*, 676 P.2d 19, 22 (Colo. 1984).  C.R.C.P. 104 "sets forth the procedures which provide adequate protection for all parties to a replevin action."  *Id*.  "While a district court sits as a court of general jurisdiction in an action to replevy personal property, its powers are more limited when, in a pre-judgment hearing on an order to show cause, the only issue to be decided is which party, with ***reasonable probability***, is entitled to possession, use, and disposition of the property pending final adjudication of the claims of the parties."  *See Jack Kent Cadillac, Inc. v. District Court, In and For City and County of Denver*, 601 P.2d 626, 627 (Colo. 1979) (quoting C.R.C.P. 104(g)) (emphasis added).  If the Court determines that "the action is one in which a pre-judgment order of possession should issue, it shall direct the issuance of such order and may require a bond in such amount and with such surety as the court may determine to protect the rights of the parties."  *See* C.R.C. P. 104(g).

9

## V.    ARGUMENT

A pre-judgment order of possession in favor of Plaintiff is inappropriate in this case for several reasons.  As an initial matter, the Court lacks jurisdiction to issue any such order under C.R.C.P. 104(c) because Chrysler Capital has not been served with the Summons or Complaints. Moreover, even if Chrysler Capital was served, Plaintiff has not—and cannot—establish "with reasonable probability" that he is entitled to possession of the Vehicle.  Mr. Headley's Lease expired in April 2021 and neither he nor Plaintiff paid for the Vehicle.  CCAP Auto Lease Ltd. owns the Vehicle (as confirmed by the Certificate of Title) and its servicer, Chrysler Capital, is entitled to repossess its own property.

### A.    *Chrysler Capital has not been served with the Summons or Complaints.*

The Court cannot issue a pre-judgment order of possession in favor of Plaintiff because Plaintiff has not yet served the Summons or Complaints on Chrysler Capital.  C.R.C.P. 104 is "intended to ensure that a replevin defendant's constitutionally guaranteed property rights would not be jeopardized by unduly summary claim and delivery proceedings." *Jack Kent Cadillac, Inc. v. District Court,* 601 P.2d at 627–28.  To this end, C.R.C.P. 104(c) requires that "[t]he summons and complaint, if not previously served, and the order shall be served on the defendant [] in accordance with [] Rule 4 or in such a manner as the court may determine to be reasonably calculated to afford notice thereof to the defendant."

Plaintiff has not established this threshold service requirement in C.R.C.P. 104(c). Relevant to the present case, C.R.C.P. 4(e)(4) provides that, in order to serve a corporation, a plaintiff must serve either a corporate officer or "the registered agent for service as set forth in the most recently filed document in the records of the secretary of state of this state or any other state."

10

The entity or person served must be authorized to accept service of process for the corporation. *See* C.R.C.P. 4(e)(12).

Here, Chrysler Capital is a trade name for Santander Consumer USA Inc. *See* Plaintiff's Damages Complaint. The Colorado Secretary of State's website clearly sets forth that Santander Consumer USA Inc.'s principal address and registered agent in Colorado are:

| Details | | | |
|---|---|---|---|
| Name | Santander Consumer USA Inc. | | |
| Status | Good Standing | Formation date | 11/13/2006 |
| ID number | 20061463408 | Form | Foreign Corporation |
| Periodic report month | November | Jurisdiction | Illinois |
| Principal office street address | 1601 Elm St Ste 800, Dallas, TX 75201, US | | |
| Principal office mailing address | 1601 Elm St Ste 800, Dallas, TX 75201, US | | |

| Registered Agent | |
|---|---|
| Name | C T Corporation System |
| Street address | 7700 E Arapahoe Rd Ste 220, Centennial, CO 80112, US |
| Mailing address | 7700 E Arapahoe Rd Ste 220, Centennial, CO 80112, US |

*See Colorado Secretary of State*, available at this link (last accessed September 10, 2025).[3]

On September 4, 2025, the Court served the Order to Show Cause on Chrysler Capital via CT Corporation, but the Summons and Complaints were not included with that service. Ex. 1, Chrysler Decl., ¶ 45. As of the filing of this Response, Plaintiff still has not served Chrysler Capital with the Summons and Complaints. Ex. 1, Chrysler Decl., ¶ 46. Instead, Plaintiff served the Summons and Complaints on Christopher's Dodge, which is a car dealership in Jefferson County, Colorado. *See* Return of Service, filed August 19, 2025, p. 1. Christopher's Dodge is a separate

---

[3] The Court may take judicial notice of Chrysler Capital's registered agent information on the website of the Colorado Secretary of State. *See, e.g., Allen v. United Props. & Constr., Inc.*, No. 07–cv–00214, 2008 WL 4748511 (D. Colo. Oct. 28, 2008) (taking judicial notice of business records on Colorado Secretary of State's website, and citing case law stating, "Public records and government documents are generally considered not to be subject to reasonable dispute. This includes public records and government documents available from reliable sources on the Internet.") (citation omitted).

11

legal entity from Chrysler Capital and is not Chrysler Capital's registered agent or otherwise authorized to accept service on behalf of Chrysler Capital. *See* Ex. 1, Chrysler Decl., ¶¶ 42. Additionally, Plaintiff's service on Christopher's Dodge does not provide reasonable notice to Chrysler Capital because Christopher's Dodge has no connection whatsoever to Plaintiff's replevin claim. Mr. Headley did not lease the Vehicle from Christopher's Dodge and Christopher's Dodge is not even located in the same county as where Plaintiff resides or where this Court is located. Chrysler Capital services unrelated loans and leases originated by Christopher's Dodge, *see* Ex. 1, Chrysler Decl., ¶ 43, but those loans and leases are not at issue in this lawsuit.

This lack of proper service alone precludes the Court from issuing a pre-judgment order of possession in favor of Plaintiff because the requirements in C.R.C.P. 104(c) have not been met.

### B.    *Chrysler Capital owns the Vehicle and legally repossessed it.*

The Court should also decline to issue a pre-judgment order of possession in favor of Plaintiff because he has not—and cannot—establish a "reasonable probability" that he is entitled to possession of the Vehicle. *See* C.R.C.P. 104(g). Mr. Headley and Plaintiff have never owned the Vehicle. Chrysler Capital, as the agent for CCAP Auto Lease Ltd., owns the Vehicle, has had title to the Vehicle at all times, and, therefore, legally repossessed the Vehicle after Mr. Headley's lease expired and he failed to return or purchase the Vehicle.

Plaintiff has not met his burden of establishing that he is "the owner of the [Vehicle]" or otherwise "entitled to possession" of the Vehicle. *See* C.R.C.P. 104(b)(1). At most, Plaintiff can show that Mr. Headley leased the Vehicle until the Lease expired in April 2021, at which time he attempted to purchase the Vehicle but his personal check bounced in July 2021. *See* Ex. 1, Chrysler Decl. ¶¶ 23-28. Mr. Headley never paid for the Vehicle despite Chrysler Capital's

12

numerous attempts to obtain alternate payment from him. *Id*. ¶¶ 29-30, 36-37. This is confirmed by Plaintiff's Complaints and exhibits, which establish that the Certificate of Title continued to correctly list CCAP Auto Lease Ltd. as the owner of the Vehicle. *See* Certificate of Title, attached to Plaintiff's Damages Complaint as Exhibit C. In short, Plaintiff presents no evidence that he or Mr. Headley's estate own the Vehicle, and this failure certainly falls far short of the "reasonable probability" standard required to enter a pre-judgment order of possession under C.R.C.P. 104(g).

Faced with the inability of proving his or Mr. Headley's ownership of the Vehicle, Plaintiff instead vaguely claims that Chrysler Capital was required to have a "security agreement" or otherwise "perfect an interest" in the Vehicle that Chrysler Capital owned from the time that Mr. Headly entered the Lease. *See* Plaintiff's Damages Complaint, pp. 2-3. However, Chrysler Capital need not jump through such hoops to repossess its own property. The Vehicle's Certificate of Title always remained in CCAP Auto Lease Ltd, who owns the Vehicle. *See* Ex. 1, Chrysler Decl. ¶¶ 32-33; *see also* Certificate of Title, attached to Plaintiff's Damages Complaint as Exhibit C.

Therefore, CCAP Auto Lease Ltd. and its servicer, Chrysler Capital, is legally entitled to repossess its own property.[4] *See* Ex. 1, Chrysler Decl. ¶¶ 32-33; *see also* Certificate of Title, attached to Plaintiff's Damages Complaint as Exhibit C. Mr. Headley and Plaintiff do not own—and have never owned—the Vehicle and this is confirmed by the fact that the Vehicle's Certificate of Title was never changed to Mr. Headley's name. A purchaser does not acquire any

---

[4] The Lease also entitled Chrysler Capital to repossess the Vehicle upon a default, and also permits Chrysler Capital to sue Mr. Headley for damages and pursue any remedy the law provides. Ex. 2, Lease, p. 2, § 29(b). Under the Lease, Mr. Headley is liable for $150 plus Monthly Lease Payments for each month the Vehicle was retained after the expiration of the Lease. *See* Ex. 2, Lease, p. 2, § 27(a). According to Plaintiff's Damages Complaint, after the Lease expired, Mr. Headley and Plaintiff improperly retained the Vehicle, without payment, for over 49 months. Thus, Chrysler Capital is entitled to at least $15,878.00 under the terms of the Lease.

13

right, title, or interest in a motor vehicle purchased unless and until he or she obtains Certificate of Title from the transferor. *See* C.R.S. § 42-6-109(1). Plaintiff claims that Mr. Headley never bounced checks (*see* Damages Complaint, p. 2) but provides no evidence or other proof that the funds Mr. Headley allegedly submitted to Chrysler Capital to purchase the Vehicle ever left Mr. Headley's account. In stark contrast, Chrysler Capital confirms that Mr. Headley's payment bounced, that it never received payment from Mr. Headley to purchase the Vehicle, that it sent numerous follow up communications to Mr. Headley but that those communications were unsuccessful, and that Plaintiff never returned the Vehicle.[5] *See* Ex. 1, Chrysler Decl. ¶¶ 29-30, 36-67. Chrysler Capital also provides evidence confirming its title in the Vehicle at all relevant times. *Id*., ¶ 32-33. In short, CCAP Auto Lease Ltd. owned the Vehicle at all relevant times.

### C.    *Chrysler Capital's repossession of the Vehicle was not time-barred.*

It is axiomatic that Chrysler Capital was not time-barred from repossessing the Vehicle in June 2025, as Plaintiff suggests. *See* Plaintiff's Damages Complaint, pp. 2-3. Plaintiff's confusion as to the statute of limitations appears to stem from the fact that he believes that Chrysler Capital was required to commence an action or lawsuit to repossess the Vehicle. No such requirement exists in Colorado law and Mr. Headley's Lease did not require Chrysler Capital to initiate a legal action to repossess its property. *See* Ex. 2, Lease, p. 2, §§ 27, 29 (permitting Chrysler Capital to repossess the Vehicle "without demand"). Accordingly, Chrysler Capital did not file suit or "commence" any "action" to repossess the Vehicle, which it owned. *See* Chrysler Decl. ¶¶ 14-16; *see also* Certificate of Title, attached to Plaintiff's Damages Complaint as Exhibit C.

---

[5]  Plaintiff's reliance on a purported Bill of Sale does not change this result because Chrysler Capital issued the Bill of Sale before it knew that Mr. Headley's payment had bounced. *See* Ex. 1, Chrysler Decl. ¶¶ 26-27.

14

Plaintiff's citations in the Damages Complaint underscore his confusion as to the timeliness of Chrysler Capital's repossession of the Vehicle:

- He cites C.R.S. § 13-80-103.5 (*see* Plaintiff's Damages Complaint, p. 1), which is inapplicable to Chrysler Capital's repossession of the Vehicle because that statute explicitly provides a limitations period for "actions [to] be commenced." Section 13-80-103.5 is not unique in this regard—all Colorado statues of limitations apply to "actions" and limit only when "actions" can be "commenced." *See, e.g.,* C.R.S. §§ 13-80-101, 102, 102.5, 103. To this end, Article 80 of Title 13 of the Colorado Revised Statutes is called "Limitations – Personal Actions."

- He also cites *White v. Jackson*, 586 P.2d 243 (Colo. App. 1978) (*see* Plaintiff's Damages Complaint, p. 3), which is similarly distinguishable and inapplicable to Chrysler Capital's repossession of the Vehicle because that case involved a plaintiff's claim for replevin and damages under C.R.C.P. 104. Again, however, Chrysler Capital was under no obligation by Colorado law or the Lease to initiate a replevin action to repossess its own property. Moreover, *White* did not address the statute of limitations for repossession and instead addressed timeliness of the plaintiff's action only with regard to enforcing a lien, which is irrelevant to the present case where Chrysler Capital repossessed the Vehicle pursuant to its own ownership (per the Certificate of Title) and as permitted in the Lease.

As a result, no limitations period to commence a lawsuit in Section 13-80-103.5 or any other statute applies to Chrysler Capital's repossession of the Vehicle. If it did, however, Chrysler Capital's repossession would still be timely because Section 13-80-103.5(1)(a) provides a ***six-year***

15

limitations period to "commence" any "actions of replevin to recover the possession of personal property," such as an automobile. *See* C.R.S. § 13-80-103.5. Here, Mr. Headley's Lease expired in April 2021 and Chrysler Capital—after years of working to resolve the issues—timely repossessed the Vehicle in June 2025, which is far less than the six-year limitations period set forth in Section 13-80-103.5. Indeed, if Section 13-90-103.5 did apply (which it does not), Chrysler Capital had until 2027 to recover the Vehicle that it lawfully owns and to which it retains title. [6]

## VI.    CONCLUSION

Therefore, for the foregoing reasons, Chrysler Capital respectfully requests that this Court deny Plaintiff's request for a pre-judgment order granting possession of the Vehicle to Plaintiff, declare that Chrysler Capital's repossession was legal and valid, dismiss Plaintiff's Complaints, and grant such other relief as is deemed just and necessary.

Respectfully submitted this 10th day of September, 2025.

BRYAN CAVE LEIGHTON PAISNER LLP

*/s/ Matthew M. Petersen*
Matthew M. Petersen, #48562
Kristen M. Kennedy, #60969

*Attorneys for Defendant Santander Consumer USA Inc. d/b/a Chrysler Capital*

---

[6] Regardless, Plaintiff's filing of this replevin action would serve to revive any of Chrysler Capital's claims that could be interpreted to be time-barred. *See* Colo. Rev. Stat. § 13-80-109 ("A counterclaim or setoff arising out of the transaction or occurrence which is the subject matter of the opposing party's claim shall be commenced within one year after service of the complaint by the opposing party and not thereafter."); *Atl. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1168-69 (10th Cir. 2000) (holding that Section 13-80-109 allows a party against whom a claim has been asserted to plead a stale claim as a counterclaim, even if it was time-barred when the complaint was filed).

16

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on September 10, 2025, the foregoing **RESPONSE TO THE COURT'S SECOND AMENDED ORDER TO SHOW CAUSE PURSUANT TO C.R.C.P. 104** was filed via the Colorado Court E-Filing System and served on the following through the Colorado Court E-Filing System:

Alex Headley
383 Hummingbird Circle
Silverthorne, CO 80498
Phone: 970-390-7785
Ajinvestments.alex@gmail.com
*Pro Se Plaintiff*

Estate of James Headley
383 Hummingbird Circle
Silverthorne, CO 80498
Phone: 970-390-7785
Ajinvestments.alex@gmail.com
*Pro Se Plaintiff*

*/s/ Matthew M. Petersen*

17

DATE FILED
September 10, 2025 3:08 PM
FILING ID: 94F093BFE0F6C
CASE NUMBER: 2025CV534

# EXHIBIT 1

Docusign Envelope ID: EA7D5184-A78F-4CED-BACE-28F10250ABFF

| | |
|---|---|
| DISTRICT COURT, CITY AND COUNTY OF DENVER, STATE OF COLORADO<br>1437 Bannock Street, Room 256, Denver, CO 80202<br>Phone Number: 303-606-2300 | |
| **Plaintiff:**<br><br>ALEX HEADLEY and THE ESTATE OF JAMES HEADLEY<br><br>v.<br><br>**Defendant:**<br><br>CHRYSLER CAPITAL TRADEMARKED THROUGH FCA, LLC and LICENSED UNDER SANTANDER CONSUMER USA INC. | ▲ COURT USE ONLY ▲ |
| BRYAN CAVE LEIGHTON PAISNER LLP<br>Matthew M. Petersen, #48562<br>Kristen M. Kennedy, #60969<br>1700 Lincoln Street, Suite 4100<br>Denver, Colorado 80203<br>Telephone:  (303) 861-7000<br>E-mail:   Matt.petersen@bclplaw.com<br>          Kristen.kennedy@bclplaw.com<br>*Attorneys for Defendant* | Case Number:  2025CV534<br><br>Division:  203 |
| **DEFENDANT'S DECLARATION<br>IN SUPPORT OF ITS RESPONSE TO THE COURT'S<br>SECOND AMENDED ORDER TO SHOW CAUSE UNDER C.R.C.P. 104** | |

I, James Cooper, declare the following under penalty of perjury:

1. My name is James Cooper.

2. I am over 18 years of age and otherwise competent to give this Declaration.  I am competent to testify as to all the matters in this Declaration and would so testify if called upon to do so.

87

Docusign Envelope ID: EA7D5184-A78F-4CED-BACE-28F10250ABFF

3.      I am authorized to execute this Declaration as Manager of Repossession Processing of Santander Consumer USA Inc.

4.      Santander Consumer USA Inc. is in the business of, among other things, servicing automobile loans and leases.

5.      Relevant to the above captioned litigation, Santander Consumer USA Inc. does business under the trade name Chrysler Capital.

6.      This Declaration is made in support of Chrysler Capital's Response to the Court's Second Amended Order to Show Cause ("Response to the Order to Show Cause").

7.      As Manager of Repossession Processing, I have personal knowledge of the statements in this Declaration based on my job duties. My job duties include reviewing the records created and maintained by Chrysler Capital in its ordinary course of business.

8.      In my role as Manager of Repossession Processing, I have access to and am familiar with business records maintained by Chrysler Capital for the purpose of servicing vehicle lease agreements and vehicle repossessions.  I have personal knowledge of the manner in which these business records are created. These records (which include data compilations, electronically imaged documents, and others) are: (a) made at or near the time of the occurrence of the matters set forth by, or from information provided by, persons with knowledge of the activity and transactions reflected in such records; and (b) kept as a regular practice and in the ordinary course of business conducted by Chrysler Capital.  It is the regular practice of Chrysler Capital to make such records.

9.      In connection with making this Declaration, I reviewed and relied on Chrysler Capital's business records, including its records relating to James Headley's Motor Vehicle Lease

2

Docusign Envelope ID: EA7D5184-A78F-4CED-BACE-28F10250ABFF

Agreement, dated April 30, 2018 ("Lease"), and subsequent repossession of the 2018 Ram 1500 Crew Cab subject to the Lease.

10.    The statements in this Declaration are based on my personal knowledge that I have obtained by reviewing these documents and that I have developed through my experience during my employment with Chrysler Capital.

### *Chrysler Capital's Business Records*

11.    I reviewed the following records associated with Mr. Headley's Lease that were created and maintained by Chrysler Capital or its agent(s) in the course of its regularly conducted business, including:

- An authentic, true, and correct copy of Mr. Headley's Vehicle Lease Agreement ("Lease") is attached as Exhibit 2 to the Response to the Order to Show Cause.

- An authentic, true, and correct copy of the Certificate of Title for the Vehicle, listing CCAP Auto Lease, Ltd. as owner, is attached as Exhibit 3 to the Response to the Order to Show Cause.

- An authentic, true, and correct copy of Chrysler Capital's payment history for Mr. Headley's Lease is attached as Exhibit 4 to the Response to the Order to Show Cause.

- An authentic, true, and correct copy of Chrysler Capital's letter, dated May 5, 2021, and sent to Mr. Headley requesting that he return the Vehicle following the expiration of his Lease is attached as Exhibit 5 to the Response to the Order to Show Cause.

Docusign Envelope ID: EA7D5184-A78F-4CED-BACE-28F10250ABFF

- An authentic, true, and correct copy of Chrysler Capital's purchase price quote, dated May 5, 2021, and sent to Mr. Headley is attached as <u>Exhibit 6</u> to the Response to the Order to Show Cause.

- An authentic, true, and correct copy of Chrysler Capital's letter, dated February 6, 2025, and sent to Mr. Headley is attached as <u>Exhibit 7</u> to the Response to the Order to Show Cause.

### *Mr. Headley's Lease*

12. On April 30, 2018, Mr. Headley entered a three-year Vehicle Lease Agreement ("Lease") to lease the Vehicle with Vista Chrysler Jeep Dodge ("Dealer") in Silverthorne, Colorado. Ex. 2, Lease, p 1

13. The Dealer assigned the lease to CCAP Auto Lease Ltd.  Ex. 2, Lease, p. 1, § 18.

14. Under the lease, the Vehicle was owned by CCAP Auto Lease Ltd.  Ex. 2, Lease, p. 1 ("Please note this is a Lease, not a purchase agreement. Therefore, we own the Vehicle.").

15. Because the Vehicle was owned by CCAP Auto Lease Ltd., on June 27, 2018, the State of Colorado issued title to the Vehicle in the name of CCAP Auto Lease Ltd.  *See* Ex. 3, Certificate of Title.

16. Chrysler Capital serviced the Lease on behalf of CCAP Auto Lease Ltd.  *See* Ex. 2, Lease, p. 1, § 18; Ex. 3, Bill of Sale, p. 1 ("Lease agreements are owned by CCAP Auto Lease Ltd. and serviced by Chrysler Capital.").

17. As servicer of the Lease, Chrysler Capital was authorized by CCAP Auto Lease Ltd. to, among other things, communicate with Mr. Headley, collect payments under the Lease,

4

Docusign Envelope ID: EA7D5184-A78F-4CED-BACE-28F10250ABFF

engage in collection activities, and handle the expiration of the Lease, including selling the Vehicle, processing the return of the Vehicle, or, if necessary, repossessing the Vehicle.

18.  Under the Lease, Mr. Headley was required to make 36 monthly payments of $324.05. *See* Ex. 2, Lease, p. 1.

19.  Throughout the Lease term, Mr. Headley failed to make certain payments timely and incurred several late charges on his account. *See* Ex. 4, Chrysler Capital Lease Payment History, pp. 3-5.

### *Expiration of the Lease*

20.  Mr. Headley's Lease expired on April 30, 2021. Ex. 2, Lease, p. 1.

21.  Mr. Headley did not return the Vehicle.

22.  On May 5, 2021, Chrysler Capital sent a letter to Mr. Headley requesting that he return the Vehicle to the Dealer and advising that failure to return the Vehicle within ten days "may result in Chrysler Capital recovering the unit from your possession." *See* Ex. 5, Chrysler Capital Letter to Mr. Headley, dated May 5, 2021.

### *Mr. Headley's Payment Fails*

23.  Later on May 5, 2021, Mr. Headley called Chrysler Capital and requested a quote to purchase the Vehicle from CCAP Auto Lease Ltd. *See* Ex. 2, Lease, p. 2, § 26(A).

24.  Under the Lease, Mr. Headley had the option to purchase the Vehicle.

25.  In response to Mr. Headley's request for a purchase quote, Chrysler Capital generated a quote that listed the "purchase price" and "purchase option fee" under the Lease, and informed Mr. Headley that he could submit payment to CCAP Auto Lease Ltd., either by overnight mail or regular mail. *See* Ex. 6, Chrysler Capital Purchase Quote, dated May 5, 2021.

Docusign Envelope ID: EA7D5184-A78F-4CED-BACE-28F10250ABFF

26.    Chrysler Capital received a personal check from Mr. Headley for the amount owed on or about May 20, 2021.

27.    On May 28, 2021, after receipt of Mr. Headley's personal check but **before** the check cleared, Chrysler Capital provided Mr. Headley with a Bill of Sale providing that the sale price for the Vehicle was $25,381.35.  *See* Ex. 3, Bill of Sale.

28.    However, on or between May 28, 2021 and July 7, 2021, Mr. Headley's personal check bounced, and the sale of the Vehicle was cancelled.

29.    Chrysler Capital called Mr. Headley and his close relatives, including Alex Headley, nearly fifty times between July 7, 2021 through November 3, 2021 to advise that his check bounced and he needed to send another payment to complete his purchase of the Vehicle.

30.    Additionally, on August 11, 2021, September 10, 2021, and February 19, 2025 Chrysler Capital advised Mr. Headley that lease recovery letters were mailed and expressed the urgency to either extend the lease, return the vehicle, or submit another check to purchase the Vehicle.  *See* Ex. 7, Chrysler Capital Failure to Return Vehicle Notice, dated February 6, 2025, p. 1.

31.    Until February 19, 2025, Mr. Headley did not respond to Chrysler Capital's communications and never paid for the Vehicle.

32.    Accordingly, CCAP Auto Lease Ltd. remained owner of the Vehicle at all times. *See* Ex. 3, Certificate of Title, attached to Plaintiff's Complaint as Exhibit C.

33.    Title of the Vehicle never transferred to Mr. Headley.  *Id*.

### *Vehicle Repossession*

34.    Chrysler Capital approved the Vehicle for repossession on August 24, 2021.

Docusign Envelope ID: EA7D5184-A78F-4CED-BACE-28F10250ABFF

35.  Thereafter, Chrysler Capital attempted to negotiate a resolution with Mr. Headley.

36.  Chrysler Capital attempted to call Mr. Headley and his close relatives about the Vehicle nearly fifty times between July 7, 2021 and November 3, 2021.

37.  Additionally, Chrysler Capital advised Mr. Headley on August 11, 2021, September 10, 2021, and February 19, 2025 that lease recovery letters were sent.  *See* Ex. 7, Chrysler Capital Failure to Return Vehicle Notice, dated February 6, 2025.

38.  Mr. Headley never paid for the Vehicle.

39.  On or about June 8, 2025, Top Dawg Asset Recovery, LLC repossessed the Vehicle on behalf of Chrysler Capital.

40.  The Vehicle remains stored at 5540 Newport Street, Commerce City, CO 80022.

*Service of Process*

41.  Santander Consumer USA Inc. d/b/a Chrysler Capital's registered agent is CT Corporation System located at 7700 E. Arapahoe Rd., Ste. 220, Centennial, CO 80112.

42.  Christopher's Dodge in Jefferson County, Colorado is not Chrysler Capital's registered agent and is not authorized to accept service on behalf of Chrysler Capital.

43.  Chrysler Capital services loans and leases originated at Christopher's Dodge, but those leases and loans are not related to the above captioned litigation.

44.  On September 4, 2025, the Court served its Order to Show Cause on Chrysler Capital at 1601 Elm Street, Ste 800, Dallas, TX 75201.

45.  The Court did not include the Summons and Complaint with its Order to Show Cause.

Docusign Envelope ID: EA7D5184-A78F-4CED-BACE-28F10250ABFF

46.    As of the date of the Response, Chrysler Capital has not been served with Plaintiff's Summons and Complaint.

I declare under penalty of perjury under the laws of Colorado that the foregoing is true and correct.

FURTHER Declarant sayeth not.

Executed on September  10 , 2025.

BY:    ___James Cooper_____

Signature of Declarant

___James Cooper_____
Printed Name of Declarant

On behalf of Santander Consumer USA Inc. d/b/a Chrysler Capital

Its:    ___Manager of Repossession Processing_____
Declarant's Title

8

DATE FILED
September 10, 2025 3:08 PM
FILING ID: 94F093BFE0F6C
CASE NUMBER: 2025CV534

# EXHIBIT 2

# MOTOR VEHICLE LEASE AGREEMENT – CLOSED-END

**CHRYSLER CAPITAL®**

## LEASE PARTIES

**Lessee**
JAMES GORDON HEADLEY
383 HUMMINGBIRD CIRCLE SILVERTHORNE, CO 80498

**Co-Lessee**
N/A

**Vehicle Garaging Address** (if different from Lessee's address)
N/A

**Lessor (Dealer)**
VISTA CHRYSLER JEEP DODGE
171 WEST 9TH ST
SILVERTHORNE, CO 80498

## LEASED VEHICLE ("VEHICLE")

| NEW [X] DEMO [ ] | YEAR | MAKE | MODEL | BODY STYLE | VEHICLE IDENTIFICATION NUMBER | ODOMETER READING |
|---|---|---|---|---|---|---|
| | 2018 | RAM | 1500 | BIG HORN 4X4 CR | 1C6RR7LTXJS135527 | 280 |

Vehicle is to be used primarily for Personal, Family or Household purposes [X]   Business, Commercial or Agricultural purposes [ ]

## TRADE-IN VEHICLE AND ALLOWANCE

Year ___N/A___  Make ___N/A___
Model ___N/A___   Owned [ ]   Leased [ ]
VIN ___N/A___

Gross Amount of Trade-In Allowance   $ ___N/A___
Prior Credit or Lease Balance   $ ___N/A___
Net Trade-In Allowance   = $ ___N/A___

## NATURE OF LEASE

This is an agreement to lease the Vehicle. This Motor Vehicle Lease Agreement ("Lease"), between the undersigned lessee(s) ("Lessee") and the undersigned lessor ("Lessor") whose names and addresses are listed above provides agreed terms and conditions in connection with the lease of the Vehicle. As used in this Lease, the words "you" or "your" refer to the Lessee and "us" or "our" refer to the Lessor (or its successors and assigns). You agree to lease the Vehicle from us according to the terms of this Lease. If more than one Lessee signs this Lease, each Lessee may be held individually liable for the entire amount owing under this Lease. Please note this is a Lease, and not a purchase agreement. Therefore, we own the Vehicle.

LEASE DATE: 04/30/18      LEASE TERM: 36 MONTHS     SINGLE PAYMENT LEASE: [ ] (check if applicable)    SIGN AND DRIVE LEASE*: [ ] (check if applicable)

* If this is a Sign and Drive Lease, CCAP Auto Lease will pay the first Monthly Payment described in Section 2.A below.

## FEDERAL CONSUMER LEASING ACT DISCLOSURES

**1. AMOUNT DUE AT LEASE SIGNING OR DELIVERY** (Itemized Below)**
$ 8,500.01

**2. MONTHLY OR SINGLE PAYMENT**
A. Your first Monthly Payment of $ 324.05 is due on 04/30/18 followed by $ 324.05 due on the 30 of each month, starting on 05/30/18.
B. The total of your Monthly payments is $ 11,665.80
C. If this is a Single Payment Lease, your Single Payment of $ N/A is due on N/A which is at Lease Signing or Delivery.

**3. OTHER CHARGES** (not part of your Monthly Payment or Single Payment)
A. Disposition Fee (if you do not purchase the Vehicle)   $ 395.00
B. Total   $ 395.00

**4. TOTAL OF PAYMENTS** (The amount you will have paid by the end of the Lease)
$ 20,236.76
(Sum of Sections 1, 2.B or 2.C as applicable and 3.B, minus Sections 5.A.2 or 5.A.3 (as applicable) and 5.A.4)

## 5. **ITEMIZATION OF AMOUNT DUE AT LEASE SIGNING OR DELIVERY

**A. AMOUNT DUE AT LEASE SIGNING OR DELIVERY**
(1) Capitalized Cost Reduction   $ 7,544.15
(2) First Monthly Payment   $ 324.05
(3) Single Payment   $ N/A
(4) Refundable Security Deposit   $ N/A
(5) Title Fees   $ N/A
(6) Registration Fees   $ N/A
(7) License Fees   $ N/A
(8) Upfront Sales/Use Tax   $ N/A
(9) Capitalized Cost Reduction Tax   $ 631.81
(10) Acquisition Fee   $ N/A
(11) Dealer Documentation/Service Fee***   $ N/A
(12) N/A   $ N/A
(13)   $ N/A
(14) TOTAL   $ 8,500.01

**B. HOW THE AMOUNT DUE AT LEASE SIGNING OR DELIVERY WILL BE PAID:**
(1) Net Trade-In Allowance   $ N/A
(2) Rebates and Noncash Credits   $ 7,500.00
(3) Amount to be Paid in Cash   $ 1,000.01
(4) TOTAL   $ 8,500.01

## 6. YOUR MONTHLY OR SINGLE PAYMENT IS DETERMINED AS SHOWN BELOW

A. **GROSS CAPITALIZED COST.** The Agreed Upon Value of the Vehicle $ 42,400.00 and any items you pay for over the Lease Term (such as service contracts, insurance, and outstanding prior credit or lease balance)   $ 43,010.90

B. **CAPITALIZED COST REDUCTION.** The amount of any net trade-in allowance, rebate, noncash credit or cash you pay that reduces the Gross Capitalized Cost   – $ 7,544.15

C. **ADJUSTED CAPITALIZED COST.** The amount used in calculating your Base Monthly Payment or Base Single Payment   = $ 5,466.75

D. **RESIDUAL VALUE.** The value of the Vehicle at the end of the Lease used in calculating your Base Monthly Payment or Base Single Payment   – $ 5,381.20

E. **DEPRECIATION AND ANY AMORTIZED AMOUNTS.** The amount charged for the Vehicle's decline in value through normal use and for other items paid over the Lease Term   = $ 0,085.55

F. **RENT CHARGE.** The amount charged in addition to the Depreciation and any Amortized Amounts   + $ 678.81

G. **TOTAL OF BASE MONTHLY PAYMENTS OR SINGLE PAYMENT.** The Depreciation and any Amortized Amounts plus the Rent Charge   = $ 0,764.36

H. **LEASE PAYMENTS.** The number of payments in your Lease   ÷ 36

I. **BASE MONTHLY PAYMENT OR BASE SINGLE PAYMENT**   = $ 299.01

J. **SALES/USE TAX**   + $ 25.04

K. _____ N/A _____   + $ N/A

L. _____ N/A _____   + $ N/A

M. **TOTAL MONTHLY PAYMENT ("MONTHLY PAYMENT") OR TOTAL SINGLE PAYMENT ("SINGLE PAYMENT")**   = $ 324.05

**EARLY TERMINATION.** You may have to pay a substantial charge if you end this Lease early. The charge may be up to several thousand dollars. The actual charge will depend on when the Lease is terminated. The earlier you end the Lease, the greater this charge is likely to be.

**7. EXCESSIVE WEAR AND USE.** You may be charged for excessive wear based on our standards for normal use and for mileage in excess of your contracted mile amount ("Regular Mileage"), plus Additional Miles), at $ 0.25 per mile. The "Regular Mileage" shall be 10,000 miles per year. You have the option to purchase miles at Lease signing. You hereby agree to purchase _____ N/A _____ miles at $ _____ N/A _____ per mile ("Additional Miles"). If, at the end of the scheduled Lease term, there is an unused portion of the Additional Miles, we will give you a credit for such unused portion of the Additional Miles provided that we shall have the right to set off such amount from any amount you owe us under this Lease. Such credit shall not be applicable if (i) you exercise your option to purchase the Vehicle, (ii) the Vehicle is a Total Loss, or (iii) you terminate this Lease early.

**8. PURCHASE OPTION AT THE END OF LEASE TERM.** You have an option to purchase the Vehicle at the end of the Lease Term for the Residual Value plus any past due Monthly Payments or any other amount due under this Lease, plus official fees and taxes, plus a $350 purchase option fee (the "Purchase Option Fee").

**9. PURCHASE OPTION PRIOR TO THE END OF LEASE TERM.** You have an option to purchase the Vehicle prior to the end of the Lease Term for the Residual Value plus any past due Monthly Payments or any other amount due under this Lease, plus official fees and taxes, plus the Base Monthly Payment multiplied by the number of Base Monthly Payments not yet due (only if this is a Monthly Payment Lease), minus unearned Rent Charges calculated according to the actuarial method, plus the Purchase Option Fee.

**10. OTHER IMPORTANT TERMS.** See both sides of this Lease for additional information on early termination, purchase options and maintenance responsibilities, warranties, late and default charges, insurance, and any security interest, if applicable.

## 11. ITEMIZATION OF GROSS CAPITALIZED COST

A. Agreed Upon Value of the Vehicle   $ 42,400.00
B. License/registration/title fees   + $ 11.90
C. Sales/Use tax   + $ N/A
D. Outstanding prior credit balance or lease balance   + $ N/A
E. Optional service contract   + $ N/A
F. Optional maintenance contract   + $ N/A
G. Acquisition fee   + $ N/A
H. Dealer Documentation/Service Fee***   + $ 599.00
I. _____ N/A _____   + $ N/A
J. _____ N/A _____   + $ N/A
K. _____ N/A _____   + $ N/A
L. _____ N/A _____   + $ N/A
M. Total = Gross Capitalized Cost   = $ 43,010.90

*** NOTICE TO FLORIDA LESSEES: This charge represents costs and profit to the dealer for items such as inspecting, cleaning, and adjusting vehicles, and preparing documents related to the sale or lease.
*** NOTICE TO MISSISSIPPI LESSEES: A DOCUMENT/SERVICE FEE IS NOT AN OFFICIAL FEE AND IS NOT REQUIRED BY LAW, HOWEVER, IT MAY BE CHARGED TO A BUYER/LESSEE FOR THE PREPARATION, HANDLING AND PROCESSING OF DOCUMENTS AND THE PERFORMANCE OF SERVICES RELATED TO THE SALE OR LEASE OF A MOTOR VEHICLE AND MAY INCLUDE DEALER PROFIT. THIS NOTICE IS REQUIRED BY REGULATION OF THE MISSISSIPPI MOTOR VEHICLE COMMISSION.

## 12. OFFICIAL FEES AND TAXES

You will pay when due all government license, title, registration, testing, and inspection fees and taxes for the Vehicle whether included in your Monthly or Single Payment or in other amounts paid to Lessor. You will pay all taxes (other than income tax) that the government levies against you, the Vehicle, or the Lessor, even if they become due after the end of the Lease. Your Monthly Payment may change if taxes or fees change and you may be separately billed for taxes and fees.
Estimated Official Fees and Taxes You Must Pay During the Lease. The total amount Lessor estimates that you will pay for official and license fees, registration, title, and taxes over the Lease Term, whether included with your Monthly or Single Payment or assessed otherwise is $ 1,554.55. The actual total of official fees and taxes may be higher or lower depending on the tax rates in effect, the location or the value of the Vehicle when a fee or tax is assessed.

## 13. INSURANCE

**NO PHYSICAL DAMAGE OR LIABILITY INSURANCE COVERAGE FOR BODILY INJURY OR PROPERTY DAMAGE CAUSED TO OTHERS IS INCLUDED IN THIS LEASE.** You agree to maintain in full force and effect either through an existing policy or a new policy, at least the following minimum insurance coverage during the Lease Term and until the Vehicle is returned to us: (1) Public Liability $100,000 or $300,000 combined single limit and Property Damage for $50,000 or $500,000 combined single limit; (2) Collision for actual value with a maximum deductible of $1,000; (3) Comprehensive including fire and theft, for actual value with a maximum deductible of $1,000; (4) any other insurance coverage required by state law; and (5) you must be listed as named insured or underwritten as a driver on the policy. **You understand that the policy must provide CCAP Auto Lease Ltd.** with primary coverage as an additional insured on Item (1) and as loss payee on Items (2) and (3). The policy must state that CCAP Auto Lease Ltd. will be given at least 10 days' notice of any cancellation, reduction or other material coverage changes. You will buy the insurance from an insurance company acceptable to CCAP Auto Lease Ltd. and will furnish CCAP Auto Lease Ltd. with whatever written proof of coverage CCAP Auto Lease Ltd. may request. CCAP Auto Lease Ltd. may, for reasonable cause, decline the insurance provided by you.

**NOTICE TO FLORIDA LESSEES:** The valid and collectible liability insurance and personal injury protection insurance of any authorized rental or leasing driver is primary for the limits of liability and personal injury protection coverage required by ss. 324.021(7) and 627.736, Florida Statutes.

## 14. VEHICLE WARRANTIES

The Vehicle is covered by the manufacturer's standard new car warranty. **LESSOR LEASES THE VEHICLE TO YOU "AS IS", EXCEPT AS PROVIDED IN THIS LEASE AND (UNLESS PROHIBITED BY LAW) LESSOR MAKES NO EXPRESS OR IMPLIED WARRANTIES OR REPRESENTATIONS AS TO THE VEHICLE'S (OR ANY OF ITS PARTS OR ACCESSORIES) CONDITION, MERCHANTABILITY, SUITABILITY OR FITNESS FOR ANY PARTICULAR PURPOSE AND LESSOR MAKES NO OTHER REPRESENTATIONS OR WARRANTIES WHATSOEVER.** If this Lease is entered into in Kansas, Maine, Massachusetts, Mississippi, Vermont (if the Vehicle is new) or West Virginia, Lessor does not disclaim any implied warranty of merchantability or fitness for any particular purpose.

## 15. OPTIONAL INSURANCE AND ADDITIONAL PRODUCTS

**You are not required to purchase any of the insurance, contracts, agreements or products listed in this Section in order to lease the Vehicle.** Your decision to buy them is not a factor in our decision to approve this Lease. We will obtain any optional insurance coverage(s) that you initial below. A notice you receive when you sign this Lease describes the coverage(s) in greater detail. Life insurance and disability insurance may not cover taxes and other amounts due besides the Base Monthly Payments.

| Optional Product | Charge or Premium | Coverage | Provider | Term | By initialing below you indicate that you elect to purchase the Optional Product |
|---|---|---|---|---|---|
| Service Contract | $ N/A | N/A | N/A | N/A | N/A ✓ N/A Lessee/Co-Lessee Initials |
| Maintenance Contract | $ N/A | N/A | N/A | N/A | N/A ✓ N/A Lessee/Co-Lessee Initials |
| Wear and Tear | $ N/A | | | | ✓ Lessee/Co-Lessee Initials |
| Other N/A | $ N/A | N/A | N/A | N/A | N/A ✓ N/A Lessee/Co-Lessee Initials |
| Other N/A | $ N/A | N/A | N/A | N/A | N/A ✓ N/A Lessee/Co-Lessee Initials |

## 16. COMMUNICATIONS WITH LESSEE

**A. CONSENT TO MONITOR AND RECORD PHONE CALLS.** To ensure that Lessee's inquiries are handled promptly, courteously, and accurately, some of the phone calls between you and us or any of our affiliates, agents, assigns and service providers, may be monitored and recorded by us and any of our affiliates, agents, assigns and service providers, to enhance service to you. You consent to this monitoring and recording.

**B. SERVICING AND COLLECTION CALLS.** You agree that, in order for us to service this Lease or to collect any amounts you owe, Lessor may make calls and/or send text messages to you at any telephone number(s) that you have provided to us, now or in the future, including wireless telephone numbers that could result in charges to you. The manner in which these calls or text messages are made to you may include, but is not limited to, the use of prerecorded/artificial voice messages and/or automatic telephone dialing system. You further agree that, in order for us to service this Lease or to collect any amounts you owe, that Lessor may send e-mails to you at any e-mail address you provide us or use other electronic means of communication to the extent permitted by law.

X _____ *James N. Headley* _____     X _____ N/A _____
**LESSEE Signature**     **CO-LESSEE Signature**

## 17. NOTICES

**NOTICE:** If you do not meet your Lease obligations, you may lose the Vehicle. **AK, OR and SD Notice:** If this Lease is for a consumer purpose, then this Lease is CONSUMER PAPER.

**THIS IS A LEASE AGREEMENT. THIS IS NOT A PURCHASE AGREEMENT. PLEASE REVIEW THESE MATTERS CAREFULLY AND SEEK INDEPENDENT PROFESSIONAL ADVICE IF YOU HAVE ANY QUESTIONS CONCERNING THIS TRANSACTION. YOU ARE ENTITLED TO AN EXACT COPY OF THE AGREEMENT YOU SIGN.**

**NOTICE TO MICHIGAN LESSEES:** The Early Termination Liability (Section 22) as determined by Lessor may be different than the actual cash value of the Vehicle as determined by the insurer of the Vehicle. Except to the extent that the GAP Waiver in Section 28 applies, Lessee is responsible for the amount by which the Early Termination Liability exceeds the proceeds from the insurer of the Vehicle.
Lessee's Initials _____     Co-Lessee Initials _____

**THIS LEASE CONTAINS THE ENTIRE AGREEMENT BETWEEN YOU AND US.** No agreements exist between you and Lessor except as set forth in this Lease. The agreement between the parties may only be modified by a writing signed by you and Lessor, except that at the end of the original Lease Term the Lease may be extended by agreement at our discretion for a period not to exceed three (3) months. No course of performance will modify the agreement between the parties or constitute a waiver of any right under this Lease.
Lessee's Initials ✓ _____     Co-Lessee's Initials N/A ✓

**NOTICE: (1) BY SIGNING BELOW, YOU AGREE TO ALL THE PROVISIONS ON BOTH SIDES OF THIS LEASE. (2) YOU ACKNOWLEDGE THAT YOU HAVE READ THE ENTIRE LEASE, INCLUDING THE REVERSE SIDE; (3) YOU ACKNOWLEDGE THAT YOU HAVE RECEIVED A COMPLETELY FILLED-IN COPY OF THIS LEASE AND OF ANY OTHER AGREEMENTS, POLICIES OR CERTIFICATES THAT YOU SIGNED OR AGREED TO PURCHASE. (4) YOU AGREE THAT YOU HAVE READ THE ARBITRATION PROVISION ON THIS LEASE, INCLUDING THE METHOD FOR OPTING OUT, AND YOU AGREE TO ARBITRATE ALL CLAIMS IN ACCORDANCE WITH THE ARBITRATION PROVISION IN SECTION 30.**
**NOTICE TO CONSUMER: 1. Do not sign this agreement before you read it. 2. You are entitled to a copy of this agreement.**

## 18. SIGNATURES

**CONSUMER LESSEE(S) SIGNATURE(S)**
X _____ *James N. Headley* _____     X _____ N/A _____
Lessee Signature     Co-Lessee Signature

**BUSINESS LESSEE SIGNATURE**
X _____ N/A _____   N/A   X _____ N/A _____
Authorized Signer Name     Title     Signature

**LESSOR SIGNATURE AND ASSIGNMENT**
By signing below, Lessor identified above agrees to the following terms: (1) Lessor accepts this Lease; (2) Lessor assigns all right, title and interest in this Lease and the Vehicle to CCAP Auto Lease Ltd. ("Assignee") under the terms of the Chrysler Capital Non-Recourse Master Dealer Agreement in effect as amended from time to time. Lessor acknowledges that Lessor is not an agent of Assignee or its servicer and that neither the Chrysler Capital Non-Recourse Master Dealer Agreement nor this assignment makes Lessor an agent of Assignee or its servicer.
X _____ _____     NEIL BLIGH     FINANCE MANAGER
Lessor Signature     Lessor Representative Name     Title

©2017 Chrysler Capital. Chrysler Capital is a registered trademark of FCA US LLC and licensed to Santander Consumer USA Inc. Lease agreements are owned by CCAP Auto Lease Ltd. and serviced by Chrysler Capital.

Multistate_CC-LSG_60620-0_102617     **SEE OTHER SIDE FOR ADDITIONAL TERMS AND CONDITIONS**

## 19. LATE CHARGES / RETURNED INSTRUMENT CHARGE / SECURITY DEPOSIT

**A. LATE CHARGES.** If this is a Single Payment Lease, you are not liable for any late charges. If this is a Monthly Payment Lease, and if Lessor does not receive all or any portion of any payment within 10 days of its due date, you must pay Lessor a late charge of $35 or such lesser maximum amount as may be set by law except if the Dealer is located in Colorado, Iowa, Kansas, Louisiana, Maine or Utah. If the Dealer is located in Colorado, you must pay Lessor a late charge of the lesser of $15 or 5% of the unpaid portion of any payment Lessor does not receive within 10 days after its due date. If the Dealer is located in Iowa, you will not be required to pay a late charge. If the Dealer is located in Kansas, you must pay Lessor a late charge of the lesser of $25 or 5% of the unpaid portion of any payment Lessor does not receive within 10 days of its due date. If the Dealer is located in Louisiana, you must pay Lessor a late charge of the greater of $25 or 5% of the unpaid portion of any payment Lessor does not receive within 10 days of its due date. If the Dealer is located in Maine, you must pay Lessor a late charge of the lesser of $10 or 5% of the unpaid portion of any payment Lessor does not receive within 10% of the unpaid portion of any payment Lessor does not receive within 15 days of its due date.

**B. RETURNED INSTRUMENT CHARGE.** If any check, draft or similar instrument you send in payment is returned to us unpaid for any reason, including, but not limited to, non-sufficient funds, you must pay a returned instrument charge of $25, or such lesser amount as is permitted by law, in addition to any amounts you are charged by your bank on account of the dishonored instrument. If no such amount is permitted by law, you will not owe a returned instrument charge. No returned instrument charge will be assessed if this Lease is governed by Maine law.

**C. REFUNDABLE SECURITY DEPOSIT.** You agree that a security deposit may be required on this Lease and that Lessor may hold the security deposit. Any interest or monetary benefit which may accrue will not be paid to you and will not be used to reduce your obligation under this Lease. The security deposit cannot be used for a Monthly Payment. Lessor will retain any amounts held as a security deposit until all amounts due under this Lease have been paid in full, including personal property taxes, and Lessor may apply the security deposit against any unpaid amounts.

## 20. VEHICLE USE / MAINTENANCE

**A. VEHICLE USE.** You will be responsible for all operating expenses arising from the use of the Vehicle. You promise that neither you nor anyone else will: (1) use the Vehicle in any way which is illegal; (2) use the Vehicle in any way which would cause cancellation or suspension of the required insurance, warranty or other protection; (3) use the Vehicle as a public or private carrier; (4) remove the Vehicle for more than 30 days from the state where you reside or from the United States; (5) alter or remove equipment from the Vehicle which would decrease its value; (6) use the Vehicle as a livery, service or conveying parcels or people for hire; (7) operate the Vehicle without the required driving license or insurance coverage; (8) fail to pay any fine, toll, ticket or penalty associated with the Vehicle. If you fail to pay, you will reimburse us and pay a $25 administration fee per occurrence, when permitted by law, for any fine, toll, ticket, penalty or other amount paid on your behalf, even if payment is requested after the termination date of the Lease.

**B. VEHICLE MAINTENANCE.** You must keep the Vehicle in the same condition as when you leased it, normal wear and mileage excepted. You must, at your expense, maintain the Vehicle in good operating order and appearance and maintain the Vehicle in accordance with all legal requirements (including inspections), the manufacturer's recommendations and warranty requirements,

including having service in connection with any recall campaign completed and validated. Lessor has the right to inspect the Vehicle at any time. Lessor has no obligation to provide a replacement vehicle for any reason. You agree to keep and maintain all service records on the Vehicle during the Lease Term and provide such records to the Lessor at the end of the Lease Term.

**C. NOTICE TO COLORADO LESSEES IN EVENT OF TOLL VIOLATIONS:** Pursuant to the requirements of Colorado Revised Statutes § 43-4-808, you will be liable for payment of all toll evasion violation civil penalties incurred on or after the date you take possession of the motor Vehicle under this Lease. The Lessor will provide your name, address, and state driver's license number to the proper Colorado authorities when a toll evasion violation civil penalty is incurred during the term of this Lease.

**D. INDEMNITY. You agree to indemnify and hold us and our assigns, agents, and insurers harmless from all claims, demands, penalties, fines, losses and expenses (including reasonable attorneys' fees to the extent not prohibited by law) arising from the Vehicle's possession, use, condition or operation, including claims based on strict liability.**

## 21. RIGHT TO TERMINATE EARLY

**A. LESSEE'S RIGHT TO TERMINATE EARLY.** You may terminate this Lease at any time before the end of the Lease Term. If you elect to terminate this Lease before the end of the Lease Term and you do not exercise your Purchase Option, the charge for such early termination is the Early Termination Liability as defined below in Section 22.

**B. LESSOR'S RIGHT TO TERMINATE EARLY.** Lessor may terminate this Lease before the end of the Lease Term if you are in Default. If you do not

exercise your Option to Purchase, upon such termination, Lessor shall be entitled to the following charges: (1) the Early Termination Liability as defined below in Section 22; (2) all reasonable expenses, if any, incurred as a direct result of retaking the Vehicle, holding it, preparing it for sale and selling it, plus (3) if Lessor hires an attorney who is not a salaried employee of Lessor to collect what you owe, you agree to pay reasonable attorneys' fees except that Iowa, Maine and Ohio Lessees shall not be obligated to pay attorneys' fees.

## 22. EARLY TERMINATION LIABILITY

**A. MONTHLY PAYMENT LEASE.** For a Monthly Payment Lease, if this Lease terminates early, you agree to pay the sum of Items (1) through (5) as follows:
1. Any unpaid Monthly Payments accrued up to the termination date, plus
2. A Turn-in Fee of $495 or, if we repossess the Vehicle, instead of a Turn-in Fee, the actual expenses we incur in connection with repossessing, obtaining, storing, preparing for sale, and selling the Vehicle, including transportation and reconditioning, plus
3. Official fees and taxes in connection with the termination, plus
4. All other amounts due and owing under this Lease, except excess wear and mileage, plus
5. An early termination charge equal to the amount by which the Adjusted Lease Balance exceeds the Vehicle's Realized Value at termination.

**B. SINGLE PAYMENT LEASE.** For a Single Payment Lease, if this Lease terminates early, you agree to pay the sum of Items (1) through (4) as follows:
1. A Turn-in Fee of $495 or, if we repossess the Vehicle, instead of a Turn-in Fee, the actual expenses we incur in connection with repossessing,

obtaining, storing, preparing for sale, and selling the Vehicle, including transportation and reconditioning, plus
2. Official fees and taxes in connection with the termination, plus
3. All other amounts due and owing under this Lease, except excess wear and mileage, plus
4. An early termination charge equal to the amount by which the Adjusted Lease Balance exceeds the Vehicle's Realized Value at termination.

The Realized Value exceeds the Adjusted Lease Balance, you occur, you will the sum of Items (1) through (3) in Section 22.B and you will be entitled to a credit ("Single Pay Termination Credit") equal to the lesser of (i) the amount by which the Realized Value exceeds the Adjusted Lease Balance, or (ii) the product of the Single Payment divided by the Lease Term times the number of whole months remaining until scheduled termination. Any amount by which the Single Pay Termination Credit exceeds the sum of Items (1) through (3) in Section 22.B will be refunded to you. If the sum of Items (1) through (3) in Section 22.B exceeds the Single Pay Termination Credit, you will owe the deficiency.

## 23. ADJUSTED LEASE BALANCE

**A. MONTHLY PAYMENT LEASE.** For a Monthly Payment Lease, your Adjusted Lease Balance is the Adjusted Capitalized Cost disclosed on the front of this Lease, less all Depreciation and other Amortized Amounts accrued up to the termination date, calculated according to the Constant Yield Method. 'Constant Yield Method' means the method of determining the Rent Charge portion of each Base Monthly Payment, under which the Rent Charge for each month is earned in advance by multiplying the constant rate implicit in the Lease times the balance subject to Rent Charge as it declines during the scheduled Lease Term. At any time during the scheduled Lease Term, the balance subject to Rent Charge is the difference between the Adjusted Capitalized Cost and the

sum of (1) all Depreciation and other Amortized Amounts accrued during the preceding months and (2) the Rent Charge accrued during the current month.

**B. SINGLE PAYMENT LEASE.** For a Single Payment Lease, the Adjusted Lease Balance at a given time is determined by adding to the initial balance subject to Rent Charges all Rent Charges accrued as of the month of calculation. The Rent Charge accrues at a constant rate which, compounded monthly and added to the initial balance subject to Rent Charge, will cause the resulting Adjusted Lease Balance to equal the Residual Value over the term of the Lease. The initial balance subject to Rent Charge is the Adjusted Capitalized Cost less the Single Payment, excluding taxes.

## 24. REALIZED VALUE OF VEHICLE

**A. REALIZED VALUE.** If the Vehicle is not a Total Loss, the Vehicle's Realized Value will be the amount of any rebates of premiums or charges for insurance, extended warranties or service or maintenance contracts we actually receive, plus, at our option:
1. The gross wholesale sales price we receive for the Vehicle at disposition;
2. The fair wholesale market value of the Vehicle at termination according to recognized used vehicle guide selected by us and customarily used by motor vehicle dealers, including, but not limited to, Black Book, taking into consideration the Vehicle's mileage and physical condition; or
3. Any amount you and we agree to in writing after termination; or

4. If you obtain an independent appraisal value (see below), the appraisal amount. If the Vehicle is a Total Loss, the Realized Value is your insurance deductible, if received by us, plus the Vehicle's actual cash value (less any deductions made by your insurer) we receive from your insurer or any other party in payment for the loss; if there is no such payment, the Realized Value is zero.

**B. INDEPENDENT APPRAISAL.** If you disagree with the Realized Value of the Vehicle, you may obtain, at your own expense, from an independent third party agreeable to both Lessee and Lessor, a professional appraisal of the wholesale value of the Vehicle which could be realized at sale. The appraised value will then be used as the Realized Value.

## 25. SCHEDULED TERMINATION LIABILITY / EXCESSIVE WEAR

**A. SCHEDULED TERMINATION LIABILITY.** Upon the termination of the Lease as scheduled at the end of the Lease Term, you will owe all amounts past due and unpaid, charges for Excessive Wear (Section 25.B) and for excess mileage in accordance with Section 7, plus a Disposition Fee equal to $395 or the maximum allowed by applicable law, if lower.

**B. EXCESSIVE WEAR.** You are responsible for repairing all damage and wear that is beyond the minor wear reasonably expected to result from ordinary use and everyday use, assuming that you use the Vehicle as this Lease permits (see Section 20.A) and maintain it as this Lease requires (see Section 20.B) ("Excessive Wear"). Excessive Wear includes, but is not limited to: (i) damage, cracked, chipped, scratched or discolored glass; (ii) damage to or deterioration of the body, metal work, trim or paint, including, by way of example, damage

or deterioration that requires straightening of the metal or refinishing of the body; (iii) burned, torn or stained dash, floor covers, seats, headliners, upholstery or interior work; (iv) mismatched wheels or tires (including spare) that are missing, are not in safe condition, or have less than 4/32nd of an inch tread depth; (v) unsafe or unlawful operating condition; (vi) unrepaired or unreplaced mechanical parts which would have been repaired or replaced during the normal service of the Vehicle, including, by the way of example but not limited, transmissions, air conditioning components, engines, power steering or electrical components, or brakes which require any repair; (vii) any other damage, whether or not insurance covers it; (viii) any replaced or replaced parts which we have not approved; and (ix) missing accessories or equipment that were included in the Vehicle when it was delivered.

## 26. PURCHASE OPTION

**A. END OF LEASE TERM.** At scheduled Lease termination, you may purchase the Vehicle "AS IS". You must notify Lessor of your intent to exercise the Option to Purchase. If you exercise the Option to Purchase at scheduled Lease termination, you agree to pay Lessor a sum equal to:
1. The Residual Value;
2. Plus any past due Monthly Payments and any other amount due under this Lease;
3. Plus the Purchase Option Fee described in Section 8 of this Lease;
4. Plus any official fees, taxes and other charges related to the purchase of the Vehicle.

**B. PRIOR TO END OF LEASE TERM.** You have an Option to Purchase the Vehicle "AS IS" at any time prior to the end of the Lease Term. You must notify Lessor before you exercise this Option to Purchase. If you exercise this Option to Purchase at any time prior to the end of the Lease Term, you agree to pay Lessor a sum equal to:
1. Any past due Monthly Payments and any other amount due under this Lease;

2. Plus any official fees, taxes and other charges related to the purchase of the Vehicle;
3. Plus the Residual Value;
4. Plus the Purchase Option Fee described in Section 9 of this Lease;
5. Plus the Base Monthly Payment times the number of Base Monthly Payments not yet due only if this is a Monthly Payment Lease;
6. Minus unearned Rent Charges calculated according to the actuarial method. The term "actuarial method" means the method of allocating Base Monthly Payments between: (i) the reduction of the Adjusted Capitalized Cost to the Residual Value over the term of the Lease; and (ii) Rent Charges. Under this method, a Base Payment is applied first to the accumulated Rent Charge and any remainder is subtracted from, or any deficiency is added to, the balance of the Adjusted Capitalized Cost. Rent Charges are earned on a set monthly schedule regardless of when a Monthly Payment is received. Rent Charges are at their maximum at the beginning of the Lease Term and decrease to their minimum at the end of the Lease Term.

## 27. VEHICLE RETURN / LEASE EXTENSION

**A. VEHICLE RETURN/HOLDOVER.** Whether the Lease is terminated early or as scheduled, you must return the Vehicle to the place Lessor specifies. If you do not exercise your purchase option, as described on Section 26 above. If you fail to return the Vehicle to the place specified by the Lessor, you must pay us a transportation fee of $150. You have no right to retain the Vehicle after termination of the Lease and that any holding over without Lessor's consent is a default under the Lease, as agreed under Section 29. If you hold the Vehicle beyond the end of the Lease Term without agreeing to an extension under Section 27.B, you will be liable for additional damages equal to $150, plus if in a Monthly Payment Lease, one Monthly Payment for each month or part thereof that you retain the Vehicle, or (ii) in a Single Payment Lease, the

Single Payment divided by the number of months in the Lease Term, plus any applicable taxes, for each month or fraction thereof until the Vehicle is returned. Payment of such damages does not grant you the right to possession for the remainder of such month or for any period at all.

**B. LEASE EXTENSION.** Upon Lessor's written approval, at the Lessor's sole discretion, after expiration of the original Lease Term, you shall pay a $100 lease extension fee for the privilege of extending this Lease. You understand that all contractual obligations will apply under any-approved extension and that such extension period shall not exceed three (3) months in duration. In the case of such an extension, additional Monthly or Single Payment terms will be specified in a Lease Extension Agreement between you and us.

## 28. TOTAL LOSS / WAIVER OF GAP AMOUNT

**A.** Total Loss occurs, and the Vehicle is a Total Loss, if the Vehicle is lost or stolen and not recovered, is destroyed, is rendered unsuitable for use or has damage such that the Vehicle is not substantially repairable. If the Vehicle is subject to a Total Loss:
1. You will notify us and your insurance company within twenty-four (24) hours after any damage, loss, theft, seizure or impoundment of the Vehicle.
2. You will pay Lessor the GAP amount, which is the early termination charge set forth in Section 22 equal to the difference between the Adjusted Lease Balance and the insurance proceeds received by Lessor on account of the Total Loss of the Vehicle. However, if you had in effect the motor insurance

required under the Lease at the time of the Total Loss, Lessor will waive the GAP amount and you will pay to Lessor the sum of: (a) all Monthly Payments overdue and any other amounts that are due or past due at the time of the loss; plus (b) any other amounts, including any deductible, that was subtracted from the Vehicle's actual cash value to determine the primary carrier insurance settlement proceeds Lessor received for the Total Loss; plus (c) any rebates of charges for warranties, mechanical breakdown protection, maintenance contracts, credit insurance and any other applicable products purchased in connection with this Lease. Even if the Vehicle is insured, you must continue to pay any applicable Monthly Payments until Lessor receives your full insurance proceeds.

## 29. DEFAULT

**A. YOU WILL BE IN DEFAULT IF ANY OF THE FOLLOWING HAPPEN:**
1. You fail to pay any payment under this Lease when due;
2. You fail to keep the Vehicle insured as required by this Lease or the Vehicle insurer denies full coverage or liability;
3. You fail to return the Vehicle upon termination of this Lease;
4. You fail to comply with any of the terms and conditions of this Lease;
5. You are subject to a proceeding in bankruptcy, receivership or insolvency or you make an assignment for the benefit of creditors;
6. You die during the Lease Term;
7. **You rent, sublease, assign, or otherwise transfer any interest in this Lease, the Vehicle, or the right to use the Vehicle, without the prior written consent of Lessor;**
8. You make any misrepresentation on your application for credit;
9. You fail to answer traffic summons or pay any traffic tickets or other fines when due;
10. The Vehicle is seized or confiscated for any reason by a law enforcement agency; or
11. Anything else occurs that Lessor believes endangers the Vehicle or its condition, impairs your ability to pay or compromises Lessor's ownership interest in the Vehicle.

Iowa Lessees are in default when the events above occur only where such events cause a material impairment to the prospects of payment by Lessee

under the Lease or in the condition, value or protection of the Vehicle or Lessor's rights in the Vehicle.

**B. LESSOR'S RIGHTS UPON DEFAULT (INCLUDING ADDITIONAL AMOUNTS YOU OWE UPON DEFAULT).** If you are in default Lessor may:
1. End this Lease and require you to pay the amount you would have owed (a) under Section 22 if you terminated the Lease before the start of the last monthly period; or (b) under Section 25.A if you terminated the Lease on or after the start of the last monthly period.
2. Take the Vehicle from you without demand. If the law permits, Lessor may go on your property to take the Vehicle. If the Vehicle has an electronic locating device, Lessor may use the device to find the Vehicle.
3. Sue you for damages and to get the Vehicle back.
4. Pursue any other remedy the law provides.

Lessor has the right to enter on to premises at reasonable times and places, in a reasonable way, and as the law permits. Lessor may take and store any personal items that are in the Vehicle. If you do not ask for the items back Lessor may dispose of them as the law permits. You will pay Lessor's reasonable expenses of taking these actions as the law permits. These expenses may include expenses of taking and storing the Vehicle, attorneys' fees, collection costs and court costs if permissible under state law, except that, for Iowa, Maine and Ohio Lessees, no attorneys' fees shall be owed.

## 30. ARBITRATION

YOU AGREE THAT ANY AND ALL CLAIMS WILL BE RESOLVED BY INDIVIDUAL ARBITRATION AND NOT IN COURT IF YOU OR LESSOR REQUESTS ARBITRATION. YOU WAIVE ALL RIGHTS TO PROCEED IN A CLASS ACTION OR CLASS ARBITRATION. Any controversy or claim between or among you and Lessor, including, but not limited to, those arising out of or relating to this Vehicle, this Lease or any related agreement or any claim based on or arising from an alleged tort, shall at the request of either party be determined by arbitration. Arbitration shall not apply to the exercise of self-help remedy, court self-help remedy, or other self-help such as the exercise of set-off rights. The arbitration shall be governed by the Federal Arbitration Act (Title 9, U.S. Code), notwithstanding any choice of law provision in this Lease, and should the party who files for arbitration choose to invoke the applicable consumer rules and procedures of the American Arbitration Association ("AAA") then in effect which are available to any party. You may obtain a copy of the arbitration rules by contacting AAA at 800-778-7879. If AAA is no longer arbitrates the type of dispute at issue, the arbitration organization shall be an organization you propose that is acceptable to Lessor and the rules and procedures shall be the rules and procedures of that arbitration organization. Arbitrator(s) must be licensed attorneys. The arbitration shall take place in the state in which the Dealer is located. Lessor will advance all arbitration forum administrative fees, which the arbitrator(s) may decide that you must repay upon such repayment would be prohibited under state law it this change would require in court. You will be responsible for paying Lessor's costs, attorneys' fees and expenses unless you prevail, in which case your right to payment of such costs will be determined by the arbitrator(s) applying state law. Neither Lessor nor you shall be entitled to join or consolidate disputes by or against others in any arbitration, or to include in any arbitration any dispute as a representative or member of a class, or to act in any arbitration in the interest of the general public or in a private attorney general capacity. If this waiver of class proceedings is held to be unenforceable, the entire arbitration provision is void and the remainder of the Lease remains enforceable. You have the right to opt out of arbitration by notifying us in writing at 1601 Elm Street, Suite 800, Dallas, TX 75201 within 30 days after execution of this Lease.

## 31. GENERAL PROVISIONS

**A. SECURITY INTEREST/SET OFF.** You grant Lessor a security interest, to the extent permitted by state law, in the loss proceeds of any vehicle insurance, service contracts or products financed in connection with this Lease and in any premium refunds for such insurance, service contracts or other products to secure performance of your obligations under this Lease. You grant Lessor the right to set off amounts owed by you to Lessor against any amounts owed by Lessor to you without notice or demand except as required by applicable state law.

**B. LIMITED POWER OF ATTORNEY.** You appoint us or our agent as your attorney-in-fact to do the following: (1) settle any insurance claim related to the Vehicle; (2) endorse your name on any check or draft we receive for damage or loss of the Vehicle; and (3) to sign your name to title, registration or other similar documents related to the Vehicle. This power of attorney is coupled with an interest in the Vehicle and is not revocable.

**C. ADDITIONAL CREDITS AND AMOUNTS DUE.** Regardless of how the Lease ends, you will owe Lessor any unpaid fees and taxes, including any tax on what you owe because the Lease ends early, plus any amounts due because you breached your obligations under this Lease. Lessor may cancel any optional insurance or service, maintenance, or other contracts if Lessor financed for you. Lessor will provide you a credit for any amount Lessor receives from such a cancellation, unless the GAP Waiver in Section 28 applies.

**D. ODOMETER STATEMENT.** You agree to maintain the Vehicle's odometer so that it is always accurate. You will provide us with an odometer certification at the end if we request that. Federal law requires you to give us a statement of the Vehicle's mileage in connection with a transfer of Vehicle ownership. You may be fined or imprisoned if you do not complete the disclosure or if you make a false statement.

**E. NO WAIVER.** Lessor does not give up any of its rights under this Lease by delaying or failing to exercise them at any time. Our acceptance of late or partial payments under this Lease will not constitute a waiver of our right to receive timely payment in full or any of our other rights.

**F. ASSIGNMENT. You have no right to assign any of your rights under this Lease or to sublet the Vehicle; Lessor can assign its interest in this Lease and the Vehicle without your consent.** If the Lease is assigned by Assignee, a subsequent assignee may designate CCAP Auto Lease Ltd., or its trustee, as agent to hold title for the benefit of that subsequent assignee on the Vehicle's certificate of title and/or application. Any subsequent Assignee will not be required to notice or demand notice of any assignment of this Lease.

**G. CREDIT REPORTS.** You authorize us to obtain your credit report, credit score or other consumer reports from any consumer reporting agency now and during the term of this Lease, to periodically review your credit for use in monitoring this Lease, collection of amounts owed under this Lease and extending or amending this Lease to the full extent permitted by law. You are also hereby notified that, in the event we fulfill the terms of your credit obligations under this Lease, a negative report regarding your credit may be submitted to each consumer reporting agency. Lessor may share credit, account and financial information with our affiliates and other third parties except to the extent prohibited by your policies or by law, including your instructions that must be followed under the Gramm-Leach-Bliley Act and state law.

**H. GOVERNING LAW.** This Lease is governed by, and will be interpreted in accordance with the laws of the state where the Dealer is located.

**I. ENFORCEABILITY.** If any provision of this Lease is found to be unenforceable, illegal or void, the remaining provisions of this Lease will remain in full force and effect.

**J. LIKE KIND EXCHANGE NOTICE.** You are hereby notified that the Assignee's rights to buy the assets described herein have been assigned to a qualified intermediary (either CCAP Exchange LLC or CCAP Intermediary and Exchange LLC) as part of an Internal Revenue Code Section 1031 exchange.

Multistate_CC-LSG_60620-0_102617

**SEE OTHER SIDE FOR ADDITIONAL TERMS AND CONDITIONS**

DATE FILED
September 10, 2025 3:08 PM
FILING ID: 94F093BFE0F6C
CASE NUMBER: 2025CV534

# EXHIBIT 3



**TRANSFER OF OWNERSHIP/BUYER(S) REQUIREMENT** Upon the sale or transfer of a motor vehicle the owner in whose name the certificate of title is issued shall execute a formal transfer of the vehicle. Within **60 days** the buyer shall present the certificate of title together with an application for title to an authorized agent pursuant to C.R.S. 42-6-110.

**TRANSFER OF OWNERSHIP/SELLER(S) REQUIREMENT** When the owner of a motor vehicle transfers or assigns the certificate of title to a buyer, the registration of such vehicle shall expire and the seller shall remove the license plates pursuant to C.R.S. 42-3-116.

**ODOMETER CERTIFICATION** Federal and state law requires the seller to declare the mileage of the motor vehicle and requires the buyer to acknowledge the mileage of the motor vehicle upon transfer of ownership. The seller and buyer are required to print and sign their name to acknowledge the mileage pursuant to 49 USC 327.

THE SELLER(S) CERTIFIES, UNDER PENALTY OF PERJURY IN THE SECOND DEGREE, THAT THE SELLER(S) SIGNATURE(S) RELEASES AND TRANSFERS INTEREST IN THE VEHICLE AND THE ODOMETER READING AND DECLARATION ARE TRUE AND CORRECT TO THE BEST OF THEIR KNOWLEDGE.

## NOTICE: ANY ALTERATION OR ERASURE MAY VOID THE ASSIGNMENT AND ALL ASSIGNMENTS THAT FOLLOW

**ASSIGNMENT BY OWNER(S)**

| Odometer Reading | ☐ Actual Mileage ☐ Mileage in excess of Mechanical Limits [No Terms] ☐ Not Actual – Warning Odometer Discrepancy | Buyer's Hand Printed Name |
| Seller's Hand Printed Name(s) (must be the same as it appears on the face of the title) | | Buyer's Signature Acknowledges Odometer Reading |
| Seller's Signature | | Buyer's Hand Printed Name |
| Seller's Hand Printed Name(s) (must be the same as it appears on the face of the title) | | Buyer's Hand Printed Name |
| Seller's Signature | | Buyer's Hand Printed Name |
| Seller's Hand Printed Name(s) (must be the same as it appears on the face of the title) | | Buyer's Hand Printed Name |
| Seller's Signature | | Buyer's Hand Printed Name |
| Seller's Hand Printed Name(s) (must be the same as it appears on the face of the title) | Date of Sale | Buyer's Physical Address |
| Seller's Signature | Purchase Price | Buyer's City, State, ZIP |

## THE FOLLOWING REASSIGNMENT MAY ONLY BE USED BY LICENSED DEALERS.

**1ST DEALER REASSIGNMENT**

| Odometer Reading | ☐ Actual Mileage ☐ Mileage in excess of Mechanical Limits [No Terms] ☐ Not Actual – Warning Odometer Discrepancy | Buyer's Hand Printed Name(s) |
| Selling Dealer Name | License Number | Buyer's Signature Acknowledges Odometer Reading |
| Agent's Hand Printed Name | Date of Sale | Buyer's Hand Printed Name(s) |
| Agent's Signature | Purchase Price | Buyer's Hand Printed Name |
| Auction Name (When Applicable) | Auction Number | Buyer's Physical Address, City, State, ZIP |

**2ND DEALER REASSIGNMENT**

| Odometer Reading | ☐ Actual Mileage ☐ Mileage in excess of Mechanical Limits [No Terms] ☐ Not Actual – Warning Odometer Discrepancy | Buyer's Hand Printed Name(s) |
| Selling Dealer Name | License Number | Buyer's Signature Acknowledges Odometer Reading |
| Agent's Hand Printed Name | Date of Sale | Buyer's Hand Printed Name(s) |
| Agent's Signature | Purchase Price | Buyer's Hand Printed Name |
| Auction Name (When Applicable) | Auction Number | Buyer's Physical Address, City, State, ZIP |

**3RD DEALER REASSIGNMENT**

| Odometer Reading | ☐ Actual Mileage ☐ Mileage in excess of Mechanical Limits [No Terms] ☐ Not Actual – Warning Odometer Discrepancy | Buyer's Hand Printed Name(s) |
| Selling Dealer Name | License Number | Buyer's Signature Acknowledges Odometer Reading |
| Agent's Hand Printed Name | Date of Sale | Buyer's Hand Printed Name(s) |
| Agent's Signature | Purchase Price | Buyer's Hand Printed Name |
| Auction Name (When Applicable) | Auction Number | Buyer's Physical Address, City, State, ZIP |

**• NO ADDITIONAL REASSIGNMENTS PERMITTED – Last Assignee must obtain title in their name(s)**

DATE FILED
September 10, 2025 3:08 PM
FILING ID: 94F093BFE0F6C
CASE NUMBER: 2025CV534

# EXHIBIT 4



JAMES HEADLEY
PO Box 1141
Silverthorne, CO 80498-1411

Comments:

©2013 Chrysler Capital. Chrysler Capital is a trademark of Chrysler Group LLC and licensed to Santander Consumer USA Inc.

This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector.

**NOTICE TO CALIFORNIA RESIDENTS**:  You are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligation.

**NOTICE TO MAINE RESIDENTS**:  Hours of operation: 7 a.m. to 9 p.m. Central Time, Monday through Friday. Our toll free telephone number is 1.855.563.5635.

**NOTICE TO MASSACHUSETTS RESIDENTS**:  Hours of operation: 7 a.m. to 9 p.m. Central Time, Monday through Friday. Our toll free telephone number is 1.855.563.5635.

**Notice of Important Rights**:You have the right to make a written or oral request that telephone calls regarding your debt not be made to you at your place of employment. Any such oral request will be valid for only ten (10) days unless you provide written confirmation of the request postmarked or delivered within seven (7) days of such request. You may terminate this request by writing to Chrysler Capital.

**NOTICE TO BUFFALO RESIDENTS**:  This collection agency is licensed by the City of Buffalo, New York License Number 556975.

**NOTICE TO NEW YORK CITY RESIDENTS**:  This collection agency is licensed by the New York City Department of Consumer Affairs License Number 1343310.

**Confidentiality Notice:** The information contained in this facsimile message is legally privileged and confidential information intended only for the use of the individual(s) or entity named in this document. If the reader is not the intended recipient, he/she is hereby notified that any dissemination, distribution or copy of this facsimile is strictly prohibited.

©2013 Chrysler Capital. Chrysler Capital is a trademark of Chrysler Group LLC and licensed to Santander Consumer USA Inc.



JAMES HEADLEY
PO Box 1141
Silverthorne, CO 80498-1411

Vehicle Desc    ,2018 RAM 1500 CREW CAB

CHRYSLER CAPITAL LEASE PAYMENT HISTORY
**ACCOUNT NUMBER** █████████

| Transaction ID | Effective Date | Amount |
| --- | --- | --- |
| FEE ASSESSMENT | 07/01/2025 | $110.00 |
| FEE ASSESSMENT | 06/17/2025 | $900.00 |
| FEE ASSESSMENT | 05/22/2025 | $322.95 |
| VEHICLE PURCHASE | 05/17/2021 | $25,731.35 |
| VEHICLE PURCHASE REVERSAL | 05/17/2021 | $25,731.35 |
| ACCRUALS | 03/30/2021 | $299.01 |
| LATE CHARGE PAYMENT | 03/30/2021 | $5.61 |
| LATE CHARGE PAYMENT | 03/30/2021 | $5.45 |
| LATE CHARGE PAYMENT | 03/30/2021 | $10.69 |
| LATE CHARGE PAYMENT | 03/30/2021 | $9.10 |
| LATE CHARGE PAYMENT | 03/30/2021 | $8.18 |
| LATE CHARGE PAYMENT | 03/30/2021 | $12.14 |
| PAYMENT ALLOCATION BACK-DATED | 03/28/2021 | $187.57 |
| ALLOCATED PAYMENT | 03/01/2021 | $375.22 |
| ACCRUALS | 02/28/2021 | $299.01 |
| ALLOCATED PAYMENT | 01/31/2021 | $375.22 |
| ACCRUALS | 01/30/2021 | $299.01 |
| ACCRUALS | 12/30/2020 | $299.01 |
| ALLOCATED PAYMENT | 12/29/2020 | $375.22 |
| ACCRUALS | 11/30/2020 | $299.01 |
| ACCRUALS | 10/30/2020 | $299.01 |
| ALLOCATED PAYMENT | 10/30/2020 | $375.22 |
| ACCRUALS | 09/30/2020 | $299.01 |
| ALLOCATED PAYMENT | 09/25/2020 | $375.22 |
| ACCRUALS | 08/30/2020 | $299.01 |
| ALLOCATED PAYMENT | 08/29/2020 | $375.22 |

| Transaction ID | Effective Date | Amount |
|---|---|---|
| ACCRUALS | 07/30/2020 | $299.01 |
| ALLOCATED PAYMENT | 07/29/2020 | $375.22 |
| ACCRUALS | 06/30/2020 | $299.01 |
| ALLOCATED PAYMENT | 06/25/2020 | $375.22 |
| ACCRUALS | 05/30/2020 | $299.01 |
| ALLOCATED PAYMENT | 05/11/2020 | $573.12 |
| ACCRUALS | 04/30/2020 | $299.01 |
| ACCRUALS | 03/30/2020 | $299.01 |
| ALLOCATED PAYMENT | 03/25/2020 | $375.22 |
| ALLOCATED PAYMENT | 03/19/2020 | $360.00 |
| LATE CHARGE ASSESSMENT | 03/12/2020 | $11.20 |
| ACCRUALS | 02/29/2020 | $299.01 |
| PAYMENT ALLOCATION BACK-DATED | 01/31/2020 | $555.15 |
| ACCRUALS | 01/30/2020 | $299.01 |
| LATE CHARGE ASSESSMENT | 01/13/2020 | $7.55 |
| ACCRUALS | 12/30/2019 | $299.01 |
| ALLOCATED PAYMENT | 12/17/2019 | $345.80 |
| LATE CHARGE ASSESSMENT | 12/12/2019 | $8.39 |
| ACCRUALS | 11/30/2019 | $299.01 |
| ACCRUALS | 10/30/2019 | $299.01 |
| ALLOCATED PAYMENT | 10/25/2019 | $345.80 |
| ALLOCATED PAYMENT | 10/22/2019 | $335.11 |
| LATE CHARGE ASSESSMENT | 10/14/2019 | $10.04 |
| ACCRUALS | 09/30/2019 | $299.01 |
| ALLOCATED PAYMENT | 09/11/2019 | $335.11 |
| ACCRUALS | 08/30/2019 | $299.01 |
| ALLOCATED PAYMENT | 08/12/2019 | $335.11 |
| ACCRUALS | 07/30/2019 | $299.01 |
| ALLOCATED PAYMENT | 07/01/2019 | $335.11 |
| ACCRUALS | 06/30/2019 | $299.01 |
| ALLOCATED PAYMENT | 06/04/2019 | $335.11 |
| ACCRUALS | 05/30/2019 | $299.01 |
| ALLOCATED PAYMENT | 05/05/2019 | $335.11 |
| ACCRUALS | 04/30/2019 | $299.01 |
| ALLOCATED PAYMENT | 04/06/2019 | $335.11 |
| ACCRUALS | 03/30/2019 | $299.01 |
| ALLOCATED PAYMENT | 03/01/2019 | $653.55 |

| Transaction ID | Effective Date | Amount |
|---|---|---|
| ACCRUALS | 02/28/2019 | $299.01 |
| LATE CHARGE ASSESSMENT | 02/11/2019 | $3.21 |
| ALLOCATED PAYMENT | 01/31/2019 | $329.66 |
| ACCRUALS | 01/30/2019 | $299.01 |
| LATE CHARGE ASSESSMENT | 01/11/2019 | $3.36 |
| ACCRUALS | 12/30/2018 | $299.01 |
| ACCRUALS | 11/30/2018 | $299.01 |
| ALLOCATED PAYMENT | 11/30/2018 | $324.05 |
| ACCRUALS | 10/30/2018 | $299.01 |
| ALLOCATED PAYMENT | 10/30/2018 | $324.05 |
| ACCRUALS | 09/30/2018 | $299.01 |
| ALLOCATED PAYMENT | 09/26/2018 | $324.05 |
| ALLOCATED PAYMENT | 09/04/2018 | $324.05 |
| ACCRUALS | 08/30/2018 | $299.01 |
| ALLOCATED PAYMENT | 08/06/2018 | $324.05 |
| ACCRUALS | 07/30/2018 | $299.01 |
| ALLOCATED PAYMENT | 07/05/2018 | $324.05 |
| ACCRUALS | 06/30/2018 | $299.01 |
| ALLOCATED PAYMENT | 05/31/2018 | $324.05 |
| ACCRUALS | 05/30/2018 | $299.01 |
| DAY ONE ACCRUAL | 04/30/2018 | $299.01 |
| NEW LEASE | 04/30/2018 | $35,142.70 |

DATE FILED
September 10, 2025 3:08 PM
FILING ID: 94F093BFE0F6C
CASE NUMBER: 2025CV534

# EXHIBIT 5



P.O. Box 961276
Fort Worth, TX 76161-1276

5/5/2021

JAMES HEADLEY
PO Box 1141
Silverthorne, CO 804981411

Re. Lease Account Number: ▮▮▮▮▮▮
    VIN: 1C6RR7LTXJS135527
    2018 Ram 1500

Holder of the Lease Agreement:
CCAP Auto Lease Ltd.
PO BOX 660647, Dallas, TX 75266
855-563-5635

Date of Matured Contract. 4/30/2021

Dear JAMES HEADLEY

Our records indicate that your Lease Agreement with Chrysler Capital has been completed; however we do not show that your Lease vehicle has been returned. If you have not done so already, please make arrangements to have your Chrysler Lease vehicle returned to the original dealership or any affiliated Chrysler Capital Network Dealer. Failure to do so within 10 days of the notice date may result in Chrysler Capital recovering the unit from your possession. If you are in need of assistance with scheduling your drop-off, an Allegiance team member will be available to assist you and can be contacted at the number below.

We hope that you have enjoyed your experience with Chrysler Capital and we look forward to continuing our relationship in the future.

**Please contact your affiliated Chrysler Dealer to schedule the return of your leased vehicle and contact your Chrysler Allegiance team at (855) 563-5635**

Sincerely,

Chrysler Capital Allegiance Team

NOTICE: If you are entitled to the protections of the United States Bankruptcy Code (11 U.S.C. §§ 362; 524) regarding the subject matter of this letter, the following applies to you: **THIS COMMUNICATION IS NOT AN ATTEMPT TO COLLECT A DEBT FROM YOU PERSONALLY IN VIOLATION OF THE BANKRUPTCY CODE AND IS FOR INFORMATIONAL PURPOSES ONLY.**

**CHRYSLER CAPITAL IS A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT YOUR DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

Chrysler Capital can report information about your Account to credit bureaus. Late payments, missed payments, or other defaults on your Account may be reflected in your credit report.

P.O. Box 961276, Fort Worth, TX 76161-1276 • www.ChryslerCapital.com • 855.563.5635

DATE FILED
September 10, 2025 3:08 PM
FILING ID: 94F093BFE0F6C
CASE NUMBER: 2025CV534

# EXHIBIT 6



5/5/2021

JAMES HEADLEY
383 HUMMINGBIRD CI
SILVERTHORNE, CO 80498-0000

RE: 2018, RAM, 1500 CREW
VIN: 1C6RR7LTXJS135527

Thank you for requesting the purchase price quote for your leased vehicle. The terms of this quote are as follows.

- This quote is invalid if you plan to trade this vehicle towards the purchase or lease of another vehicle. If this vehicle is being used as a trade in, a separate dealer quote will be provided which may be different from the purchase price quote provided in this letter.
- For trade in transactions, please have your dealer contact us at 1-855-563-5635.

**The purchase quote price   contained in this letter is good through** 5/19/2021 **and is available to you the lessee only.**

| | |
|---|---|
| Current purchase price | $ 25,381.35 |
| Purchase option fee | $ 350.00 |
| Other Tax Includes service Tax (If applicable) | $ 0.00 |
| Unpaid Late Charges | $ 0.00 |
| Unpaid Monthly Payments | $ 0.00 |
| Unpaid Property Taxes | $ 0.00 |
| Unpaid Toll/Parking Violations | $ 0.00 |
| Sales Tax | + $ 0.00 |
| Total Amount Due | $ 25,731.35 |

Payoff checks received after this date may be subject to additional charges.

Security Deposit will be refunded after all obligations are paid under the Lease agreement. This payoff amount does not deduct unearned premiums for ancillary products, such as Credit Life insurance, purchased and financed within the loan.  Canceled ancillary products with unearned premiums received may be refunded, if applicable.

Address for mailing the payoff:

**Overnight Mail**
CCAP Auto Lease Ltd
1010 W. Mockingbird Lane
Suite 100
Dallas, TX 75247-5126

**Regular Mail**
CCAP Auto Lease Ltd
PO BOX 660647
Dallas, TX 75266-0647

If you have an automated payment arrangement in place with your financial institution for this account, please instruct them to cancel future payments once your account has been paid in full.

Any sales tax collected has been based on our most current knowledge of your state and local requirements.   We encourage you to contact your local taxing authority to verify if additional taxes will be due.

Discrepancies in the amount collected as well as any invoices received by Chrysler Capital after the date of this letter will remain your responsibility as referenced in your lease agreement) Please consult your state and local officials for tax obligations on the purchase of this unit.

Sincerely,
Chrysler Capital

P.O. Box 961275, Fort Worth, TX 76161-1275 • www.ChryslerCapital.com • 855.563.5635

©2018 Chrysler Capital. Chrysler Capital is a registered trademark of FCA US LLC and licensed to Santander Consumer USA Inc
CC-SER_31230-6B_081318

DATE FILED
September 10, 2025 3:08 PM
FILING ID: 94F093BFE0F6C
CASE NUMBER: 2025CV534

# EXHIBIT 7

Confidential



C A P I T A L

P.O. Box 961276
Fort Worth, TX 76161-1276

2/6/2025

JAMES HEADLEY
PO Box 1141
Silverthorne, CO 80498

Re. Lease Account Number. ▮▮▮▮▮
    VIN: 1C6RR7LTXJS135527
    2018 Ram Ram 1500

Holder of the Lease Agreement:
CCAP Auto Lease Ltd.
PO BOX 660647, Dallas, TX 75266
855-563-5635

Date of Matured Contract: 4/30/2021

Dear JAMES HEADLEY

Our records indicate that your Lease Agreement with Chrysler Capital has been completed; however we do not show that your Lease vehicle has been returned. If you have not done so already, please make arrangements to have your Chrysler Lease vehicle returned to the original dealership or any affiliated Chrysler Capital Network Dealer. Failure to do so within 10 days of the notice date may result in Chrysler Capital recovering the unit from your possession. If you are in need of assistance with scheduling your drop-off, an Allegiance team member will be available to assist you and can be contacted at the number below.

We hope that you have enjoyed your experience with Chrysler Capital and we look forward to continuing our relationship in the future.

**Please contact your affiliated Chrysler Dealer to schedule the return of your leased vehicle and contact your Chrysler Allegiance team at (855) 563-5635**

Sincerely,

Chrysler Capital Allegiance Team

NOTICE: If you are entitled to the protections of the United States Bankruptcy Code (11 U.S.C. §§ 362; 524) regarding the subject matter of this letter, the following applies to you:  THIS COMMUNICATION IS NOT AN ATTEMPT TO COLLECT A DEBT FROM YOU PERSONALLY IN VIOLATION OF THE BANKRUPTCY CODE AND IS FOR INFORMATIONAL PURPOSES ONLY.

CHRYSLER CAPITAL IS A DEBT COLLECTOR.  THIS IS AN ATTEMPT TO COLLECT YOUR DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

Chrysler Capital can report information about your Account to credit bureaus. Late payments, missed payments, or other defaults on your Account may be reflected in your credit report.

P.O. Box 961276, Fort Worth, TX 76161-1276 • www.ChryslerCapital.com • 855.563.5635

# Minute Orders

**Case Number:** 2025CV000534  
**Case Type:** Replevin  
**Case Caption:** Headley, Alex et al v. Chrysler Capital Trademarked Through Fca et al

**Division:** 203  
**Judicial Officer:** Jill Deborah Dorancy  
**Court Location:** Denver County - District

---

Order Date: 09/12/2025

JUDGE JILL D. DORANCY. *FTR 12:30* HEAR: REPLEVIN APPEARS: ALEX HEADLEY PRO SE; ATP MATTHEW PETERSON AND KRISTEN KENNEDY FOR DEFENDANT PLAINTIFF TESTIFIES. ATP PETERSON CROSS-EXAMINES PLAINTIFF. COURT ADMITS DEFENDANTS EXHIBIT 1-7 (COURT ADMITS EXHIBIT 4 OVER OBJECTION), PLAINTIFFS EXHIBIT A, B, C, D, E. COURT REVIEWS PLAINTIFFS REBUTTAL LETTER. ATP PETERSON QUESTIONS WITNESS. PLAINTIFF QUESTIONS WITNESS. ATP PETERSON REDIRECTS WITNESS. COURT FINDS THAT ADDITIONAL EVIDENCE IS NEEDED TO DEMONSTRATE OWNERSHIP. COURT ORDERS THAT DEFENDANT NOT SELL, USE OR DISPOSE OF THE VEHICLE. COURT ORDERS PLAINTIFF TO PERSONALLY SERVE DEFENDANT WITH A COPY OF THE COMPLAINT. COURT GIVES PLAINTIFF 28 DAYS FOR SERVICE ON DEFENDANT. COURT MAINTAINS JURISDICTION OVER THE VEHICLE EVEN THOUGH THE VEHICLE IS IN SALT LAKE CITY, UTAH. /GA

Alex Headley
383 Hummingbird Circle, POB 1141
Silverthorne, CO 80498
ajinvestments.alex@gmail.com

DENVER DISTRICT COURT
1437 BANNOCK STREET, ROOM 256
DENVER, CO 80202

DATE FILED
September 17, 2025
CASE NUMBER: 2025CV534

FILED IN DENVER
DISTRICT COURT

SEP 1 7 2025

DENVER, COLORADO
MAIL CLERK

IN THE DISTRICT COURT OF THE SECOND JUDICIAL DISTRICT OF THE STATE OF
COLORADO, IN AND FOR THE COUNTY OF DENVER

| | |
|---|---|
| Alex Headley, Estate of the Decedent James Headley<br>Plaintiff<br>V | CASE No. 25CV534  203 |
| Chrysler Capital trademarked Through FCA LLC and Licensed under Santander Consumer USA Inc<br>DEFENDANTS/RESPONDENTS | Civil Action in Replevin<br>Rebuttal to Counsels Motion |

COMES NOW, Alex Headley ( hereinafter "Plaintiff" ), whom reached the age of majority, competent to state the following facts, stating a claim wherein liability is created and relief shall be granted, does make this claim under the penalties of perjury.

The Defendant's counsel claim that a check the Plaintiff's father produced bounced, but have yet to prove a check has been bounced. No evidence is not evidence. A check has been produced by the now deceased James Headley. James Headley has had both Bill of Sale and the Title to the 2018 Dodge Ram 1500 since payment has been made. Just because James Headley did not title it into James Headley legal name or other legal title does not reflect that James Headley paid for the car.

The Defendant's counsel claim that they owned the 2018 Dodge Ram 1500 and had right to repossess, but raised an issue that the matter is probate according to the now deceased James Headley, but law as a creditor implies that the creditor had to file a claim against the decedent estate.

The Defendant's counsel claim that it is yet to be seen if Alex Headley has any standing or right to make such claims on a probate when the matter is stated with no conflicting parties to an heir estate, the family can appoint the representative of the estate and consider what property who will receive by statute or gift by the person granting who legally inherited. This is a family subject in probate. Not the business as to which Defendants would have sold the 2018 Dodge Ram 1500 and cause damages to the estate of James Headley.

Defendant's counsel showing a leased contract and notice for return of possession prior to the outright purchase of the 2018 Dodge Ram 1500, is again no proof that a check bounced, proving that the 2018 Dodge Ram 1500 wasn't paid for by James Headley. Checks do not bounce with out a record of its bouncing. No record was produced by Defendants, no evidence has been satisfied to bring proof.

The burden of proof requires the preponderance of evidence. Clear and convincing, without reasonable doubt, and no speculation. § 13-25-127, C.R.S.

Proof "by a preponderance of the evidence" demands only that the evidence must "preponderate over, or outweigh, evidence to the contrary." City of Littleton v. Indus.Claim Appeals Office, 2016 CO 25, ¶38, 370 P.3d 157, 168-69

114

Further, the Defendant's have failed to bring cause and claim for more than 4 years surpassing the statute of limitation which had only an application for 3 years under Colorado Revised Statutes Title 13-COURTS AND COURT PROCEDURE (§§ 13-1-101 — 13-100-104) LIMITATION OF ACTIONS (§§ 13-80-101 — 13-82-107) Article 80 - Limitations - Personal Actions (§§ 13-80-101 — 13-80-119) Section 13-80-101 - General limitation of actions - three years **(i)** All actions under the "Motor Vehicle Financial Responsibility Act", article 7 of title 42, C.R.S.;

The Defendants Counsel have shown no cause as to which suffices equitable remedy.

The Plaintiff acknowledges that the registered agent of Chrysler Capital trademarked Through FCA LLC and Licensed under Santander Consumer USA Inc have not been served.

The Plaintiff requests the court to deny dismissal. If the court finds it necessary to dismiss, the Plaintiff request to also put an order for the Defendants and all other persons from removing the secured property described and all other persons from selling, disbursing or damaging the collateral described in this motion, and to dismiss with prejudice so the Plaintiff can bring cause again by serving the correct Registered agent.

Respectfully Submitted

**_Jurat_**

By _Alex Headley_ , date 9/12/25

Alex Headley

Title:_

Civil Action in Replevin
Rebuttal to Counsels Motion

**CERTIFICATE OF ACKNOWLEDGMENT OF NOTARY PUBLIC**

PITTSBURG
}SS: ~~Denver~~ County

OKLAHOMA
State of ~~Colorado~~)

On this _12th Day Sept. 2025_, the Plaintiff named above, personally appeared before me and acknowledged to me on the basis of satisfactory evidence that he or she executed the same in his or hers stated capacity, and that by his or hers signature on this trust is the person or entity upon behalf of which the person signed is a free and voluntary act and deed for the purposes and upon the terms and conditions hereinafter set forth.

By_____, Notary **Public**

**My Commission** _Expires:_ 5/1/28

Notary Public State of Oklahoma
Ethan Vanscoy
My Commission #  24005818
· Expires  5/1/2028

| | |
|---|---|
| DISTRICT COURT, CITY AND COUNTY OF DENVER, STATE OF COLORADO<br>1437 Bannock Street, Room 256, Denver, CO 80202<br>Phone Number: 303-606-2300 | DATE FILED<br>September 22, 2025 3:16 PM<br>FILING ID: 23C0EC48DE6C7<br>CASE NUMBER: 2025CV534 |
| **Plaintiff:**<br><br>ALEX HEADLEY and THE ESTATE OF JAMES HEADLEY<br><br>v.<br><br>**Defendant:**<br><br>CHRYSLER CAPITAL TRADEMARKED THROUGH FCA, LLC and LICENSED UNDER SANTANDER CONSUMER USA INC. | <br><br><br><br><br><br><br><br>**▲COURT USE ONLY▲** |
| BRYAN CAVE LEIGHTON PAISNER LLP<br>Matthew M. Petersen, #48562<br>Kristen M. Kennedy, #60969<br>1700 Lincoln Street, Suite 4100<br>Denver, Colorado 80203<br>Telephone:  (303) 861-7000<br>E-mail:  Matt.petersen@bclplaw.com<br>         Kristen.kennedy@bclplaw.com<br>*Attorneys for Defendant* | Case Number:  2025CV534<br><br>Division:  203 |
| **WAIVER AND ACCEPTANCE OF SERVICE** ||

I, Matthew M. Petersen, as counsel for Defendant Santander Consumer USA Inc. d/b/a Chrysler Capital ("Chrysler Capital"), am authorized to waive and accept service of Plaintiff's Verified Complaint in Replevin, including his filing titled "Civil Action Damages to the Decedent Estate of James Headley Replevin Action," all corresponding Exhibits, Summons, District Court Civil Case Cover Sheet, and all pleadings filed in the above captioned matter through September 22, 2025.

On behalf of my client, Chrysler Capital, I waive and accept service of the above referenced pleadings.  I acknowledge that Plaintiff has satisfied his service obligations under C.R.C.P. 4(e).

Dated this 22nd day of September, 2025.

BRYAN CAVE LEIGHTON PAISNER LLP

*/s/ Matthew M. Petersen*
Matthew M. Petersen, #48562
Kristen M. Kennedy, #60969

*Attorneys for Defendant Santander Consumer USA
Inc. d/b/a Chrysler Capital*

2

117

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 22, 2025, the foregoing **WAIVER AND ACCEPTANCE OF SERVICE** was filed via the Colorado Court E-Filing System and served on the following through the Colorado Court E-Filing System:

Alex Headley
383 Hummingbird Circle
Silverthorne, CO 80498
Phone: 970-390-7785
Ajinvestments.alex@gmail.com
*Pro Se Plaintiff*

Estate of James Headley
383 Hummingbird Circle
Silverthorne, CO 80498
Phone: 970-390-7785
Ajinvestments.alex@gmail.com
*Pro Se Plaintiff*

*/s/ Matthew M. Petersen*

3

118

<table>
<tr><td>

DISTRICT COURT, CITY AND COUNTY OF
DENVER,
STATE OF COLORADO
1437 Bannock Street, Denver, CO 80202
Phone Number: 303-606-2300

**Plaintiff:**

ALEX HEADLEY and THE ESTATE OF JAMES
HEADLEY

v.

**Defendant:**

CHRYSLER CAPITAL TRADEMARKED THROUGH
FCA, LLC and LICENSED UNDER SANTANDER
CONSUMER USA INC.

</td><td>

DATE FILED
October 13, 2025 3:45 PM
FILING ID: 374215D779038
CASE NUMBER: 2025CV534

**▲COURT USE ONLY▲**

</td></tr>
<tr><td>

BRYAN CAVE LEIGHTON PAISNER LLP
Matthew M. Petersen, #48562
Kristen M. Kennedy, #60969
1700 Lincoln Street, Suite 4100
Denver, Colorado 80203
Telephone: (303) 861-7000
E-mail:  Matt.petersen@bclplaw.com
        Kristen.kennedy@bclplaw.com
*Attorneys for Defendant*

</td><td>

Case Number:  2025CV534

Division:  203

</td></tr>
<tr><td colspan="2">

**DEFENDANT CHRYSLER CAPITAL'S UNOPPOSED MOTION FOR AN
EXTENSION OF TIME TO ANSWER OR OTHERWISE RESPOND TO THE
COMPLAINT**

</td></tr>
</table>

Defendant Santander Consumer USA Inc. d/b/a Chrysler Capital ("Chrysler Capital")

respectfully moves for a 14-day extension of time, up to and including October 27, 2025, to answer

or otherwise respond to the Verified Complaint in Replevin and Civil Actions for Damages

(collectively, "Complaint") of Plaintiffs Alex Headley and the Estate of James Headley

(collectively, "Plaintiffs").

**C.R.C.P. 121 § 1-15(8) Certification**

Pursuant to C.R.C.P. 121 § 1-15(8), on October 13, 2025, undersigned counsel for Chrysler Capital conferred with Plaintiff Alex Headley concerning a motion to dismiss that Chrysler Capital intended to file in this matter. During that conferral, Plaintiff advised that he intends to file an amended complaint within the next 14-days. The parties agreed to the short extension requested herein so that Plaintiff may file his amended complaint before any motion to dismiss is filed.

1.  On July 17, 2025, Plaintiffs filed their Complaint against Chrysler Capital.

2.  On September 22, 2025, Chrysler Capital waived service of Plaintiffs' Complaint. *See* Defendant's Waiver and Acceptance of Service.

3.  Chrysler Capital's response to the Complaint is currently due on Monday, October 13, 2025.

4.  Chrysler Capital intended to move to dismiss the Complaint.

5.  However, Plaintiffs advised that they intend to amend their complaint within 14-days.

6.  Accordingly, the parties agreed that a short extension of 14-days is appropriate to permit time for Plaintiffs to amend their complaint before any motion to dismiss is filed.

7.  No party in interest will be prejudiced by the short extension of time requested in this Motion, and extending the response deadline is in the best interests of the parties and the Court and will promote judicial economy.

8.  This is Chrysler Capital's first request for an extension of time to respond to the Complaint.

2

9.      Pursuant to C.R.C.P. 121 § 1-11, undersigned counsel for Chrysler Capital will serve a copy of the motion upon its client.

WHEREFORE, Chrysler Capital respectfully requests that this Court grant this motion and enter an order extending its deadline to respond to Plaintiffs' Complaint by 14-days, up to and including October 27, 2025.

Respectfully submitted this 13th day of October, 2025.

BRYAN CAVE LEIGHTON PAISNER LLP

/s/ *Matthew M. Petersen*
Matthew M. Petersen, #48562
Kristen M. Kennedy, #60969

*Attorneys for Defendant Santander Consumer USA Inc., d/b/a Chrysler Capital*

3

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 13, 2025, the foregoing **UNOPPOSED MOTION FOR EXTENSION OF TIME TO ANSWER OR OTHERWISE RESPOND TO THE COMPLAINT** was filed via the Colorado Court E-Filing System and served on the following through the Colorado Court E-Filing System:

Alex Headley
383 Hummingbird Circle
Silverthorne, CO 80498
Phone: (970) 390-7785
Email: ajinvestments.alex@gmail.com
*Pro Se Plaintiff*

Estate of James Headley
383 Hummingbird Circle
Silverthorne, CO 80498
Phone: (970) 390-7785
Email: ajinvestments.alex@gmail.com
*Pro Se Plaintiff*

*s/ Matthew M. Petersen*

4

| DISTRICT COURT, CITY AND COUNTY OF DENVER, STATE OF COLORADO<br>1437 Bannock Street, Denver, CO 80202<br>Phone Number: 303-606-2300 | DATE FILED<br>October 13, 2025 3:45 PM<br>FILING ID: 374215D779038<br>CASE NUMBER: 2025CV534 |
|---|---|
| **Plaintiff:**<br><br>ALEX HEADLEY and THE ESTATE OF JAMES HEADLEY<br><br>v.<br><br>**Defendant:**<br><br>CHRYSLER CAPITAL TRADEMARKED THROUGH FCA, LLC and LICENSED UNDER SANTANDER CONSUMER USA INC. | ▲COURT USE ONLY▲<br><br>Case Number:  2025CV534<br><br>Division:  203 |
| **ORDER GRANTING<br>CHRYSLER CAPITAL'S UNOPPOSED MOTION<br>FOR AN EXTENSION OF TIME** | |

Before the Court is Santander Consumer USA Inc. d/b/a Chrysler Capital's ("Chrysler Capital") Unopposed Motion for Extension of Time to Answer or Otherwise Respond to the Complaint. Having reviewed the Motion and being fully advised thereof, the Motion is GRANTED.

It is therefore ORDERED that Defendant Chrysler Capital shall have a 14-day extension of time, up to October 27, 2025, to answer or otherwise respond to Alex Headley and the Estate of James Headley's Verified Complaint in Replevin and Civil Action for Damages.

IT IS SO ORDERED.

Dated this _____day of _____2025.          BY THE COURT:

_____

Judge Jill Deborah Dorancy
District Court Judge

| | |
|---|---|
| DISTRICT COURT, CITY AND COUNTY OF DENVER, STATE OF COLORADO<br>1437 Bannock Street, Denver, CO 80202<br>Phone Number: 303-606-2300 | |
| **Plaintiff:**<br><br>ALEX HEADLEY and THE ESTATE OF JAMES HEADLEY<br><br>v.<br><br>**Defendant:**<br><br>CHRYSLER CAPITAL TRADEMARKED THROUGH FCA, LLC and LICENSED UNDER SANTANDER CONSUMER USA INC. | ▲COURT USE ONLY▲<br><br>Case Number: 2025CV534<br><br>Division: 203 |
| **ORDER GRANTING**<br>**CHRYSLER CAPITAL'S UNOPPOSED MOTION**<br>**FOR AN EXTENSION OF TIME** | |

Before the Court is Santander Consumer USA Inc. d/b/a Chrysler Capital's ("Chrysler Capital") Unopposed Motion for Extension of Time to Answer or Otherwise Respond to the Complaint. Having reviewed the Motion and being fully advised thereof, the Motion is GRANTED.

It is therefore ORDERED that Defendant Chrysler Capital shall have a 14-day extension of time, up to October 27, 2025, to answer or otherwise respond to Alex Headley and the Estate of James Headley's Verified Complaint in Replevin and Civil Action for Damages.

IT IS SO ORDERED.

Dated this _____day of _____2025.          BY THE COURT:

_____
Judge Jill Deborah Dorancy
District Court Judge

125

| | |
|---|---|
| DISTRICT COURT, CITY AND COUNTY OF DENVER, STATE OF COLORADO<br>1437 Bannock Street, Denver, CO 80202<br>Phone Number: 303-606-2300 | DATE FILED<br>October 24, 2025 6:03 PM<br>FILING ID: 3D56BC9CF33AE<br>CASE NUMBER: 2025CV534 |
| **Plaintiff:**<br><br>ALEX HEADLEY and THE ESTATE OF JAMES HEADLEY<br><br>v.<br><br>**Defendant:**<br><br>CHRYSLER CAPITAL TRADEMARKED THROUGH FCA, LLC and LICENSED UNDER SANTANDER CONSUMER USA INC. | <br><br><br><br><br><br><br><br><br>▲COURT USE ONLY▲ |
| BRYAN CAVE LEIGHTON PAISNER LLP<br>Matthew M. Petersen, #48562<br>Kristen M. Kennedy, #60969<br>1700 Lincoln Street, Suite 4100<br>Denver, Colorado 80203<br>Telephone:  (303) 861-7000<br>E-mail:   Matt.petersen@bclplaw.com<br>          Kristen.kennedy@bclplaw.com<br>*Attorneys for Defendant* | Case Number:  2025CV534<br><br>Division:  203 |
| **DEFENDANT CHRYSLER CAPITAL'S<br>SECOND UNOPPOSED MOTION FOR AN EXTENSION OF TIME** | |

Defendant Santander Consumer USA Inc. d/b/a Chrysler Capital ("Chrysler Capital") respectfully moves for a 4-day extension of time, up to and including October 31, 2025, to respond to the Verified Complaint in Replevin and Civil Actions for Damages (collectively, "Complaint") of Plaintiffs Alex Headley and the Estate of James Headley (collectively, "Plaintiffs").

**C.R.C.P. 121 § 1-15(8) Certification**

Pursuant to C.R.C.P. 121 § 1-15(8), on October 24, 2025, undersigned counsel for Chrysler Capital conferred with Plaintiff Alex Headley concerning his intent to file an amended complaint by October 27, 2025.  During that conferral, Plaintiff requested a second extension until October 31, 2025 to file his amended complaint because he is waiting for "a few documents."  As a courtesy, Chrysler Capital agreed to file an unopposed motion to accommodate Plaintiffs' request.

1.      On July 17, 2025, Plaintiffs filed their Complaint against Chrysler Capital.

2.      Chrysler Capital intends to move to dismiss Plaintiffs' Complaint.  During the conferral for that motion, Plaintiffs advised that they intend to file an amended complaint and requested additional time to file the amended complaint.

3.      The parties agreed on an extension up to October 27, 2025, and Chrysler Capital filed an unopposed motion for time extension.

4.      On October 14, 2025, the Court granted Chrysler Capital's unopposed motion.

5.      Consequently, Chrysler Capital's response to the Complaint is currently due on Monday, October 27, 2025.

6.      Plaintiffs have advised that they still intend to amend their complaint and are waiting for "a few documents."

7.      The parties agree that a second, short extension of 4-days, up to and including October 31, 2025, is appropriate to permit time for Plaintiffs to amend their complaint before Chrysler Capital moves to dismiss.

2

8.     No party in interest will be prejudiced by the short extension of time requested in this Motion, and extending the response deadline continues to be in the best interests of the parties and the Court and will promote judicial economy.

9.     This is Chrysler Capital's second request for an extension of time to respond to the Complaint.

10.     Chrysler Capital will not agree to any additional extensions to answer or otherwise respond to the Complaint.

11.     Pursuant to C.R.C.P. 121 § 1-11, undersigned counsel for Chrysler Capital will serve a copy of the motion upon its client.

WHEREFORE, Chrysler Capital respectfully requests that this Court grant this motion and enter an order extending its deadline to respond to Plaintiffs' Complaint by 4-days, up to and including October 31, 2025.

Respectfully submitted this 24th day of October, 2025.

BRYAN CAVE LEIGHTON PAISNER LLP

/s/ *Matthew M. Petersen*
Matthew M. Petersen, #48562
Kristen M. Kennedy, #60969

*Attorneys for Defendant Santander Consumer USA Inc., d/b/a Chrysler Capital*

3

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 24, 2025, the foregoing **SECOND UNOPPOSED MOTION FOR EXTENSION OF TIME TO ANSWER OR OTHERWISE RESPOND TO THE COMPLAINT** was filed via the Colorado Court E-Filing System and served on the following through the Colorado Court E-Filing System:

Alex Headley
383 Hummingbird Circle
Silverthorne, CO 80498
Phone: (970) 390-7785
Email: ajinvestments.alex@gmail.com
*Pro Se Plaintiff*

Estate of James Headley
383 Hummingbird Circle
Silverthorne, CO 80498
Phone: (970) 390-7785
Email: ajinvestments.alex@gmail.com
*Pro Se Plaintiff*


*s/ Sara Anderson*

4

| DISTRICT COURT, CITY AND COUNTY OF DENVER, STATE OF COLORADO<br>1437 Bannock Street, Denver, CO 80202<br>Phone Number: 303-606-2300 | DATE FILED<br>October 24, 2025 6:03 PM<br>FILING ID: 3D56BC9CF33AE<br>CASE NUMBER: 2025CV534 |
|---|---|
| **Plaintiff:**<br><br>ALEX HEADLEY and THE ESTATE OF JAMES HEADLEY<br><br>v.<br>**Defendant:**<br><br>CHRYSLER CAPITAL TRADEMARKED THROUGH FCA, LLC and LICENSED UNDER SANTANDER CONSUMER USA INC. | **▲COURT USE ONLY▲**<br><br>Case Number:  2025CV534<br><br>Division:  203 |
| **ORDER GRANTING**<br>**CHRYSLER CAPITAL'S SECOND UNOPPOSED MOTION**<br>**FOR AN EXTENSION OF TIME** | |

Before the Court is Santander Consumer USA Inc. d/b/a Chrysler Capital's ("Chrysler Capital") Second Unopposed Motion for Extension of Time to Answer or Otherwise Respond to the Complaint. Having reviewed the Motion and being fully advised thereof, the Motion is GRANTED.

It is therefore ORDERED that Defendant Chrysler Capital shall have a 4-day extension of time, up to October 31, 2025, to answer or otherwise respond to Alex Headley and the Estate of James Headley's Verified Complaint in Replevin and Civil Action for Damages.

IT IS SO ORDERED.

Dated this _____day of _____2025.          BY THE COURT:

_____

Judge Jill Deborah Dorancy
District Court Judge

130

| DISTRICT COURT, CITY AND COUNTY OF DENVER, STATE OF COLORADO<br>1437 Bannock Street, Denver, CO 80202<br>Phone Number: 303-606-2300 | |
|---|---|
| **Plaintiff:**<br><br>ALEX HEADLEY and THE ESTATE OF JAMES HEADLEY<br><br>v.<br><br>**Defendant:**<br><br>CHRYSLER CAPITAL TRADEMARKED THROUGH FCA, LLC and LICENSED UNDER SANTANDER CONSUMER USA INC. | **▲COURT USE ONLY▲**<br><br>Case Number:  2025CV534<br><br>Division:  203 |
| **ORDER GRANTING<br>CHRYSLER CAPITAL'S SECOND UNOPPOSED MOTION<br>FOR AN EXTENSION OF TIME** | |

Before the Court is Santander Consumer USA Inc. d/b/a Chrysler Capital's ("Chrysler Capital") Second Unopposed Motion for Extension of Time to Answer or Otherwise Respond to the Complaint. Having reviewed the Motion and being fully advised thereof, the Motion is GRANTED.

It is therefore ORDERED that Defendant Chrysler Capital shall have a 4-day extension of time, up to October 31, 2025, to answer or otherwise respond to Alex Headley and the Estate of James Headley's Verified Complaint in Replevin and Civil Action for Damages.

IT IS SO ORDERED.

Dated this _____day of _____2025.            BY THE COURT:

_____

Judge Jill Deborah Dorancy
District Court Judge

132

DISTRICT COURT, CITY AND COUNTY OF
DENVER, STATE OF COLORADO
1437 Bannock Street, Room 256
Denver, CO 80202
Phone Number: 303-606-2300

FILED IN DENVER
DISTRICT COURT

OCT 31 2025

DATE FILED
October 31, 2025 DENVER, COLORADO
CASE NUMBER: 2025CV534 COUNTER CLERK

▲ COURT USE ONLY ▲

Plaintiff:

ALEX HEADLEY and THE ESTATE OF JAMES HEADLEY

v.

Defendant:

CHRYSLER CAPITAL TRADEMARKED THROUGH FCA, LLC
and LICENSED UNDER SANTANDER CONSUMER USA INC.

Case Number: 2025CV534

Division: 203

**THIRD AMENDED VERIFIED COMPLAINT FOR JUDGMENT AND FOR REPLEVIN
PURSUANT TO C.R.C.P. 104, AND FOR VIOLATION OF CIVIL RIGHTS UNDER
42 U.S.C. § 1983 (FOURTH AMENDMENT)**

COMES NOW Plaintiff Alex Headley, individually and on behalf of the Estate of James Headley
(collectively, "Plaintiff"), pro se, and files this Third Amended Verified Complaint against
Defendant Santander Consumer USA Inc. d/b/a Chrysler Capital ("Defendant" or "Chrysler
Capital"), amending the prior Verified Complaint for Replevin and Damages Complaint filed in
this action. This amendment is filed pursuant to C.R.C.P. 15(a), as it arises from the same
transaction and occurrence, promotes judicial economy, and is not futile or prejudicial. Plaintiff
incorporates by reference all prior allegations in the original and amended complaints, and adds
the following new cause of action based on newly discovered facts regarding Defendant's
unlawful destruction of Plaintiff's personal property. Plaintiff verifies under penalty of perjury that
the facts alleged herein are true and correct to the best of his knowledge.

## I. JURISDICTION AND VENUE

133

1. This Court has jurisdiction over this matter pursuant to C.R.S. § 13-1-124(1)(a) (actions affecting personal property) and C.R.S. § 13-6-105 (general civil jurisdiction of district courts). Supplemental jurisdiction exists over the federal civil rights claim under 28 U.S.C. § 1367, as it forms part of the same case or controversy.

2. Venue is proper in Denver County pursuant to C.R.C.P. 98(c), as the Defendant conducts business in Colorado and the repossession occurred within the state.

## II. PARTIES

3. Plaintiff Alex Headley is a Living man, resting his head at 383 Hummingbird Circle, Silverthorne, CO 80498, and is the son and Special trustee/ representative of the Trust and Estate of James Headley, deceased. Plaintiff brings this action on behalf of himself and the Trust / Estate, as the personal property at issue belonged to him, to James Headley and now forms part of the Trust / Estate.

4. Defendant Santander Consumer USA Inc. d/b/a Chrysler Capital is a foreign corporation doing business in Colorado, with its principal place of business at 1601 Elm Street, Suite 800, Dallas, TX 75201. Defendant is engaged in vehicle financing and repossession activities and acted under color of state law in the repossession and subsequent handling of the property, as detailed below.

## III. FACTUAL BACKGROUND (INCORPORATED FROM PRIOR COMPLAINTS AND AMENDED)

5. As alleged in the original Verified Complaint, James Headley leased a 2018 Ram 1500 Crew Cab (VIN: 1C6RR7LTXJS135527) ("Vehicle") from CCAP Auto Lease Ltd., serviced by Defendant, from April 2018 to April 2021. James Headley attempted to purchase the Vehicle outright by mailing a certified bank draft, and Defendant issued a Bill of Sale. CCAP claims over the phone that the check was returned, but had previously claimed in phone call on or around Feb 25th 2025 with James Headley, his wife Emily and his daughter Jamilee Coen, that it was NOT for insufficient funds and that the letter was sent in mistake. No timely notice of dishonor was provided, and title disputes remain unresolved under common law principles of replevin and UCC Article 2 (sales) and Article 9 (secured transactions).

6. On June 8, 2025, Defendant unlawfully repossessed the Vehicle from James Headley's possession without judicial process, breaching the peace and violating Colorado's self-help repossession statutes (C.R.S. § 4-9-609). James Headley passed away shortly thereafter, and Plaintiff, as his heir and estate representative, seeks return of the Vehicle under common law replevin principles, which prioritize rightful possession and detinue for wrongful withholding of chattels.

134

7. Defendant's repossession was unlawful because: (a) the alleged default was not properly established; (b) no adequate opportunity to cure was provided; and (c) the action constituted a wrongful conversion of property under common law tort principles.

8. Since the repossession, Plaintiff has communicated with Defendant's executive office over 15 times, including calls on the following dates and durations (all times approximate and based on Plaintiff's records; transcripts to be subpoenaed from Defendant, who records such calls pursuant to their policies):
   - June 9, 2025: 10:22 (25 min )
   - June 16, 2025: 15:24 (7 min 2 sec), 15:50 (0 min 5 sec), 15:54 (1 hr 6 min 30 sec)
   - June 18, 2025: 15:29 (23 min 12 sec)
   - June 20, 2025: 17:03 (missed call, voicemail left)
   - June 30, 2025: 10:35 (37 min 6 sec), 15:36 (12 min 45 sec)
   - July 3, 2025: 11:26 (8 min 12 sec)
   - July 14, 2025: 11:40 (missed call, voicemail left), 12:34 (5 min 16 sec), 12:41 (1 min 16 sec), 16:48 (50 min 37 sec)
   - July 17, 2025: 12:19 (8 min 14 sec), 14:42 (4 min 20 sec), 14:47 (3 min 38 sec), 14:51 (6 min 39 sec)
   - August 14, 2025: 13:17 (18 min 15 sec)
   - August 15, 2025: 16:15 (1 min 10 sec), 16:17 (51 min 52 sec)
   - August 27, 2025: 16:10 (18 min 36 sec)
   - September 4, 2025: 15:02 (8 min 45 sec)

9. During these communications, Defendant's representatives acknowledged that Plaintiff's personal private property (including tools, documents, and other valuables belonging to Plaintiff, James Headley and the Estate) was inside the Vehicle at the time of repossession. Defendant's executive office explicitly stated that such property was to be held and stored at the "Top Dawg Asset Recovery Towing and Storage Lot" for retrieval by Plaintiff. This notice was repeated and confirmed in multiple calls and most recently in an email from the defendants council dated September 15, 2025: 13:24, creating a bailment under common law where Defendant assumed a duty to preserve the property.

10. Despite this notice and duty, Defendant unlawfully destroyed, disposed of, or converted Plaintiff's personal property without authorization, constituting theft and conversion under common law. This destruction occurred after repeated notices, as evidenced by the call transcripts, and violated Plaintiff's possessory rights.

## IV. FIRST CAUSE OF ACTION: REPLEVIN (INCORPORATED FROM PRIOR COMPLAINTS)

135

11. Plaintiff realleges paragraphs 1-10. Under common law replevin principles (as codified in C.R.C.P. 104 and C.R.S. § 13-40-101 et seq.), Plaintiff is entitled to immediate possession of the Vehicle, as Defendant's detention is wrongful. Plaintiff demands judgment for possession, or alternatively, the value of the Vehicle ($35,000), plus damages for wrongful detention.

## V. SECOND CAUSE OF ACTION: DAMAGES FOR CONVERSION AND WRONGFUL REPOSSESSION (INCORPORATED FROM PRIOR COMPLAINTS)

12. Plaintiff realleges paragraphs 1-11. Defendant's actions constitute conversion under common law tort, entitling Plaintiff to compensatory damages ($50,000 for loss of use, emotional distress, and estate administration costs) and punitive damages for willful conduct.

## VI. THIRD CAUSE OF ACTION: VIOLATION OF FOURTH AMENDMENT RIGHTS UNDER 42 U.S.C. § 1983

13. Plaintiff realleges paragraphs 1-12. Defendant, acting under color of state law by invoking Colorado's self-help repossession statutes (which delegate state authority for seizures) and coordinating with towing entities regulated by state law, violated Plaintiff's Fourth Amendment rights under the U.S. Constitution (prohibiting unreasonable seizures of property without due process). This claim is brought pursuant to 42 U.S.C. § 1983, which provides a remedy for deprivations of federal rights by persons acting under color of state law.

14. The unlawful repossession of the Vehicle and subsequent destruction of personal property inside it, constituted an unreasonable seizure. Defendant had actual notice via over 15 communications to preserve the property at the specified lot, but deliberately destroyed it, amounting to theft and a permanent deprivation without judicial oversight or opportunity to be heard. This state-action nexus arises because repossession statutes (C.R.S. § 4-9-609) enable private actors to perform traditionally governmental functions (seizure of property), rendering Defendant a state actor for § 1983 purposes. See Lugar v. Edmondson Oil Co., 457 U.S. 922 (1982) (private use of state procedures can constitute state action).

15. As a direct result, Plaintiff suffered damages including the value of destroyed property ($10,000.00+), emotional distress, and loss to the Estate. Plaintiff seeks compensatory damages, punitive damages, and attorney fees (if later retained) under 42 U.S.C. § 1988.

WHEREFORE, Plaintiff prays for:
(a) Pre-judgment possession of the Vehicle under C.R.C.P. 104;
(b) Judgment for replevin and damages as alleged;
(c) Damages under 42 U.S.C. § 1983 in the amount of $60,000;

(d) Costs, interest, and such other relief as the Court deems just.

Dated: October 31, 2025

/s/ Alex Headley
Alex Headley, Pro Se
383 Hummingbird Circle POB 1141
Silverthorne, CO 80498
Phone: 970-390-7785
Email: Ajinvestments.alex@gmail.com

VERIFICATION

I, Alex Headley, declare under penalty of perjury that the foregoing is true and correct. Executed on October 31, 2025.

Alex Headley

## Notary as JURAT CERTIFICATE

### **Oklahoma** State

### **Pittsburg** County

**On** 31 **day of** October **, 2025 before me,**

a Notary Republic personally appeared and proved to me on the basis of satisfactory evidence to be the man whose Name is subscribed to the within attached instrument and acknowledged to Me that he executed the same in his authorized capacity, And that by his autograph(s) on the instrument the man executed, the instrument.

I certify under PENALTY OF PERJURY under the lawful laws of Oklahoma State and the STATE OF OKLAHOMA that the foregoing paragraph is true and correct.

### **WITNESS my hand and official seal.**

Signature_____

of Notary / Jurat                                              seal

Notary Public State of Oklahoma
Ethan Vanscoy
My Commission #  24005818
Expires  5/1/2028

137

# Certificate of Trust

The name of the Trust is:  The James Headley Family Living Trust, dated June 12, 2025

The Declaration of Trust was executed on: June 12, 2025

The name of the grantors are: Emily Jean Headley and James Gordon Headley

The currently acting trustee(s) is/are: Emily Jean Headley and James Gordon Headley

The currently acting trustee(s) address(es) is/are: 383 Hummingbird Circle, Silverthorne, CO

The name in which title to trust property may be taken: The James Headley Family Living Trust, dated June 12, 2025

The trust is revocable.

The trustee(s) have the power to:

    Sell and convey property vested in the trustee(s).

    Encumber real property vested in the trustee(s).

If more than two Trustees are serving, the concurrence and joinder of a majority of my Trustees must act to exercise the powers of the trustee.  If only two Trustees are serving, the joinder of both of them must act to exercise the powers of the trustee.

Identifying number of the trust:        **98-6143032**
                                      (Social Security number)

I affirm that the undersigned is currently acting trustee of the trust and that the trust has not been revoked or amended to make any of the representations contained in this certification incorrect.

Signed and dated June 12, 2025:

*Emily Jean Headley*
Emily Jean Headley

*James Gordon Headley*
James Gordon Headley

SIGNATURE AFFIXED BY EMILY JEAN HEADLEY AT THE DIRECTION OF JAMES GORDON HEADLEY

State of Colorado
County of Summit

This record was acknowledged before me on June 12, 2025, by Emily Jean Headley and James Gordon Headley.

Witness my hand and official seal.

Notary Public

TARA JOHNSON
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20134031945
MY COMMISSION EXPIRES MAY 17, 2029

## Appointment:

I, Emily Jean Headley, as current Trustee, hereby appoint Alexander A. Headley as Special Trustee to the James Headley Family Living Trust, effective immediately upon signing and notarization. This is limited to:
- Managing, defending, and making decisions about the 2018 Ram 1500 truck (VIN #1C6RR7LTXJS135527), including its possession, maintenance, and any sales if needed.
- Handling all legal and lawful proceedings in court or elsewhere related to the truck's purchase, sale, ownership, or the ongoing case (2025CV534), like filing docs, talking to lawyers, or settling claims.
- Using common law an ecclesiastical law principles to guide actions, ensuring fairness and family harmony.

Alexander A. Headley accepts this role and agrees to act faithfully, reporting back to me as main Trustee on truck matters. This does not change the overall trust setup or give powers over other assets.

This appointment can be revoked by me at any time with written notice, per the trust's amendment powers.

_Emily Jean Headley_
Emily Jean Headley, Trustee

_Alexander A. Headley_ TTEE
Alexander A. Headley, Special Trustee

Notary Section:

State of Colorado
County of Summit

On this day, October _____, 2025, before me, a Notary Public, personally appeared Emily Jean Headley, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged that she executed the same for the purposes therein contained.

SIGNED BEFORE ME ON OCTOBER 26, 2025, BY EMILY JEAN HEADLEY.

T)

In witness whereof, I hereunto set my hand and official seal.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
TARA JOHNSON
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20134031945
MY COMMISSION EXPIRES MAY 17, 2029
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

Notary Public

My Commission Expires:

(Seal)

State of Oklahoma
County of Pittsburg

On this day, October 31, 2025, before me, a Notary Public, personally appeared Alexander A. Headley, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged that she executed the same for the purposes therein contained.

In witness whereof, I hereunto set my hand and official seal.

Notary Public
My Commission Expires: 5|1|28

(Seal)

Notary Public State of Oklahoma
Ethan Vanscoy
My Commission # 24005818
Expires 5/1/2028

140

# Last Will and Testament of James Gordon Headley

I, **James Gordon Headley**, born on September 17, 1952, a resident of the town of Silverthorne, Colorado revoke any prior Wills and codicils made by me and declare this to be my Last Will and Testament.

## Article One
## Family Information

I am married to **Emily Jean Headley**. We were married on May 17, 1974. All references to my Spouse in this Last Will and Testament are to **Emily Jean Headley**.

We have four children:

**Alexander Headley**, born on March 20, 1978;

**Nicholas Headley,** born on October 12, 1979;

**Jamilee Coen,** born on August 20, 1982;

**Daniel Headley,** born on July 28, 1989.

All references to my children in this Last Will and Testament are to these children, as well as any children subsequently born to me or adopted by me by legal proceeding.

References to my descendants are to my children and their descendants, including descendants of any deceased child.

## Article Two
## Distribution of My Property

### Section 2.01        Pour-Over to My Revocable Living Trust

Except to the extent my Personal Representative establishes and funds any testamentary trusts as provided in section 2.03, I give all of my probate estate, excluding any property over which I have a power of appointment, after expenses and taxes are paid under this Will, to the then-acting Trustee of The Headley Family Living Trust, executed before this Will, to be added to the property of that trust. I direct that the Trustee administer the property according to the trust and any amendments made prior to my death.

### Section 2.02        Alternate Disposition

If the trust referred to in section 2.01 is not in effect at my death, or if for any other reason the pour over fails, I specifically incorporate by reference all the terms of the trust into this

Will. I direct my Personal Representative to then establish a new trust under the provisions of that trust and distribute the remainder of my estate, excluding any property over which I have a power of appointment, to that Trustee to administer as provided in the trust.

### Section 2.03    Establish and Fund Testamentary Trusts

I authorize my Personal Representative to establish testamentary trusts for the benefit of my beneficiaries under the same terms and conditions of my Revocable Living Trust as it exists at the date of my death, and to fund those trusts with any assets of my probate estate or with any property distributed to my Personal Representative from the Trustee. I appoint the Trustee and successor Trustees named in my Revocable Living Trust as the Trustee and successor Trustee of these testamentary trusts. The Trustee of the testamentary trusts will have all the administrative and investment powers given to the Trustee in my Revocable Living Trust, together with any other powers granted by law.

The Trustee is under no obligation to distribute property directly to my Personal Representative, but may distribute property directly to the Trustee of the testamentary trusts. Any property distributed to the testamentary trusts by the Trustee of my Revocable Living Trust will be distributed by the Trustee of the testamentary trusts under the terms and conditions of my Revocable Living Trust as it exists on the date of my death.

# Article Three
# Designation and Succession of Fiduciaries

### Section 3.01    Personal Representative

I nominate the person or persons serving as Trustee of The Headley Family Living Trust to serve as my Personal Representative.

# Article Four
# Powers of Fiduciaries

### Section 4.01    Grant of Powers

My Personal Representative may perform every act reasonably necessary to administer my estate and any trust established under my Will. In addition to this general grant of powers, my Personal Representative is specifically authorized to:

> hold, retain, invest, reinvest, sell, and manage any real or personal property, including interests in any form of business entity including limited partnerships and limited liability companies, and life, health, and disability insurance policies, without diversification as to kind, amount, or risk of non-productivity and without limitation by statute or rule of law;

> partition, sell, exchange, grant, convey, deliver, assign, transfer, lease, option, mortgage, pledge, abandon, borrow, loan, and contract;

Last Will and Testament

2

distribute assets of my estate in cash or in kind, or partly in each, at fair market value on the distribution date, without requiring *pro rata* distribution of specific assets and without requiring *pro rata* allocation of the tax bases of those assets;

hold any interest in nominee form, continue businesses, carry out agreements, and deal with itself, other fiduciaries, and business organizations in which my Personal Representative may have an interest;

establish reserves, release powers, and abandon, settle, or contest claims; and

employ attorneys, accountants, custodians for trust assets, and other agents or assistants as my Personal Representative deems advisable to act with or without discretionary powers, and compensate them and pay their expenses from income or principal.

### Section 4.02    Powers Granted by State Law

In addition to the above powers, my Personal Representative may, without prior authority from any court, exercise all powers conferred by my Will, by common law, or by Colorado Fiduciaries' Powers Act or other statute of the State of Colorado or any other jurisdiction whose law applies to my Will. My Personal Representative has absolute discretion in exercising these powers. Except as specifically limited by my Will, these powers extend to all property held by my fiduciaries until the actual distribution of the property.

### Section 4.03    Distribution Alternatives

My Personal Representative may make any payments under my Will:

directly to a beneficiary;

in any form allowed by applicable state law for gifts or transfers to minors or persons under disability;

to a beneficiary's guardian, conservator, or caregiver for the beneficiary's benefit; or

by direct payment of the beneficiary's expenses.

A receipt by the recipient for any distribution will fully discharge my Personal Representative if the distribution is consistent with the proper exercise of my Personal Representative's duties under my Will.

# Article Five
## Administrative Provisions

### Section 5.01    Court Proceedings

Any trust established under my Will will be administered in a timely manner; consistent with its terms; free of active judicial intervention; and without order, approval, or other action by any court. The trust will be subject only to the jurisdiction of a court being invoked by the Trustees or by other interested parties, or as otherwise required by law.

Last Will and Testament

3

### Section 5.02      No Bond

I direct that no Personal Representative be required to give any bond in any jurisdiction. But if a bond is required by law or by court determination, no sureties will be required on the bond.

### Section 5.03      Compensation and Reimbursement

Any fiduciary serving under my Will is entitled to reasonable compensation commensurate with services actually performed. In addition, any fiduciary serving under my Will is entitled to reimbursement for reasonable expenses incurred.

### Section 5.04      Ancillary Fiduciary

If any ancillary administration is required or desired, and my domiciliary Personal Representative is unable or unwilling to act as an Ancillary Fiduciary, my domiciliary Personal Representative may have power to designate, compensate, direct, and remove an Ancillary Fiduciary. The Ancillary Fiduciary may either be a person or a corporation. My domiciliary Personal Representative may delegate to the Ancillary Fiduciary any powers granted to my domiciliary Personal Representative as my domiciliary Personal Representative considers to be proper, including the right to serve without bond or without surety on bond. The net proceeds of the ancillary estate will be paid over to the domiciliary Personal Representative.

# Article Six
# Taxes, Claims, and Expenses

### Section 6.01      Payment of Death Taxes, Claims, and Expenses

The Trustee of The Headley Family Living Trust is authorized to pay expenses incurred for my funeral and for the disposition of my remains, claims against my estate, and expenses of estate administration. Accordingly, I direct my Personal Representative to consult with the Trustee to determine which expenses and claims should be paid by my Personal Representative from property passing under my Will, and which expenses and claims should be paid by the Trustee from The Headley Family Living Trust.

I direct my Personal Representative to follow any instructions contained in The Headley Family Living Trust in making any tax elections, including the allocation of my GST Exemption and any elections relative to the *Deceased Spousal Unused Exclusion Amount*. My Personal Representative will suffer no liability for making or not making any tax election in good faith to any person, including any person not yet in being, whose interest may have been affected.

Any taxes imposed on property passing under and outside my Will because of my death will be apportioned and paid under the provisions of The Headley Family Living Trust, and I incorporate the tax apportionment provisions of The Headley Family Living Trust as part of my Will.

No death taxes may be allocated to or paid from property that is not included in my gross estate for federal estate tax purposes, or that qualifies for the federal estate tax charitable deduction.

### Section 6.02    Tax and Administrative Elections

My Personal Representative may exercise any available elections under any applicable income, inheritance, estate, succession, or gift tax law. This authority includes the power to select any alternate valuation date for death tax purposes and the power to determine whether to use any estate administration expenses as estate or income tax deductions. No compensating adjustments are required between income and principal as a result of those determinations unless my Personal Representative determines otherwise, or unless required by law.

My Personal Representative is not liable to any beneficiary of my estate for tax consequences that arise as a result of the exercise or nonexercise of any tax elections, or for decisions made concerning the distribution of property in kind in full or partial satisfaction of any beneficiary's interest in my estate.

# Article Seven
# General Provisions

### Section 7.01    Adopted and Afterborn Persons

A legally adopted person in any generation and that person's descendants, including adopted descendants, have the same rights and will be treated in the same manner under this Will as natural children of the adopting parent if the person is legally adopted before turning 18 years old. If an adoption was legal in the jurisdiction it occurred in at that time, then the adoption is considered legal.

A fetus *in utero* that is later born alive will be considered a person in being during the period of gestation.

### Section 7.02    Applicable Law

The validity and construction of my Will will be determined by the laws of Colorado.

### Section 7.03    No Contract to Make Will

I have not entered into any contract, actual or implied, to make a Will.

### Section 7.04    Contest Provision

If any person directly or indirectly attempts to oppose the validity of my Will or my Revocable Living Trust, including any amendments to my trust, or commences, continues, or prosecutes any legal proceedings to set my Will or Revocable Living Trust aside, then that person will forfeit his or her share, will cease to have any right or interest in my property, and will be considered to have predeceased me for the purposes of my Will.

Last Will and Testament

5

145

Section 7.05    Construction

Unless the context requires otherwise, words denoting the singular may denote the plural, and words indicating the plural may denote the singular. As the context requires, words of one gender may denote another gender.

Section 7.06    Headings and Titles

The headings and paragraph titles are for reference only.

Section 7.07    Internal Revenue Code, IRC, or Code

References to the Internal Revenue Code, the IRC or the Code refer to the Internal Revenue Code of the United States. References to specific sections of the Code apply to any sections of similar import that replace the specific sections due to changes to the Internal Revenue Code made after the date of my Will.

Section 7.08    Shall and May

Unless otherwise specifically provided in this document or by the context in which used, the word *shall* is used to impose a duty or to command, direct, or require, and the word *may* is used to allow or permit, but not require. In the context of my Trustee or my Personal Representative, the word *shall* is used to impose a fiduciary duty on my Trustee or my Personal Representative. When I use the word *may*, I intend to empower my Trustee or my Personal Representative to act with sole and absolute discretion unless otherwise stated in this document.

Section 7.09    Other Definitions

Except as otherwise provided in my Will, terms will be interpreted as defined in Colorado Probate Code as amended after the date of my Will and after my death.

Section 7.10    Survivorship

For purposes of this Will, any beneficiary will be deemed to have predeceased me if the beneficiary dies within 30 (thirty) days after my death.

Section 7.11    Severability

If any part of this instrument is determined to be void or invalid, the remaining provisions will continue in full force and effect.

## Last Will and Testament Signature Page

I, James Gordon Headley, sign my name to this instrument on June 12, 2025, and do declare that I sign and execute this instrument as my last will and testament, that I sign it willingly, that I execute it as my free and voluntary act for the purposes therein expressed, and that I am eighteen years of age or older, of sound mind, and under no constraint or undue influence.

*James Gordon Headley*

James Gordon Headley, Testator

SIGNATURE AFFIXED BY EMILY JEAN HEADLEY AT THE DIRECTION OF JAMES GORDON HEADLEY

The foregoing instrument was signed by James Gordon Headley in the presence of us and we have signed our names below as witnesses. We declare that, at the time of execution of this instrument, James Gordon Headley according to our best knowledge and belief, was of sound mind and under no constraint or undue influence. We further declare that we are not related to James Gordon Headley and are not heirs to his estate.

*Chris Boettcher*

Witness Christine Boettcher
P.O. Box 1829
Frisco, CO 80443

Witness Paige Palladino
P.O. Box 1829
Frisco, CO 80443

State of Colorado
County of Summit

This record was acknowledged before me on June 12, 2025, by James Gordon Headley and the above-named witnesses.

Witness my hand and official seal.

Notary Public

TARA JOHNSON
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20134031945
MY COMMISSION EXPIRES MAY 17, 2029

Last Will and Testament
7

DISTRICT COURT, CITY AND COUNTY OF
DENVER, STATE OF COLORADO
1437 Bannock Street, Room 256
Denver, CO 80202
Phone Number: 303-606-2300

FILED IN DENVER
DISTRICT COURT

NOV 03 2025

DENVER, COLORADO
DATE FILED
November...
COUNTER CLERK
CASE NUMBER: 2025CV534

▲ COURT USE ONLY ▲

Plaintiff:

ALEX HEADLEY and THE ESTATE OF JAMES HEADLEY

v.

Defendant:

CHRYSLER CAPITAL TRADEMARKED THROUGH FCA, LLC
and LICENSED UNDER SANTANDER CONSUMER USA INC.

Case Number: 2025CV534

Division: 203

---

**COMMON LAW AFFIDAVIT OF TRUTH**

I, Alexander Arthur Headley, the living man, sui juris, of sound mind and over the age of majority, do solemnly affirm and attest upon my unlimited commercial liability, under the common law of the land as preserved in the Colorado Constitution and the organic laws of the United States of America, that the following facts are true, correct, complete, and not misleading to the best of my direct knowledge, personal observation, and belief. This Affidavit is made in support of my common law replevin action to recover my father's 2018 Ram 1500 Crew Cab (VIN: 1C6RR7LTXJS135527) ("Truck") and the personal property unlawfully seized therewith, and to rebut any presumptions or fictions advanced by the Defendant or its agents.

1. On or about June 8, 2025, I, Alexander Arthur Headley, was in lawful, peaceful, and rightful possession of the Truck, which was parked in the private hotel parking lot where my father, James Headley (now deceased), and I were residing temporarily. The Truck was under my direct control and use as the heir and representative of my father's estate, with all keys, documents, and access in my possession.

2. At no time did I or my father consent to any repossession, surrender, or abandonment of the Truck. The Truck was taken without judicial warrant, without breach of the peace justification,

148

and without due process, constituting an unlawful seizure and conversion under common law principles of replevin, detinue, and trespass to chattels.

3. At the time of the unlawful repossession, the Truck contained my personal belongings and those of my minor children, including but not limited to:
   - A travel binder containing original securities, bonds, personal paperwork, vehicle titles, my birth certificate, and the birth certificates of my children;
   - Personal effects and gifts recently given to my children by my now-deceased father, James Headley, including sentimental items of irreplaceable value;
   - Tools, clothing, and other private property essential to daily travel and family needs.

4. These items were private, non-commercial property, held in trust for private use only, and not subject to any lien, security interest, or commercial nexus. Their seizure and subsequent destruction violated my unalienable right to property under the common law and the Fourth Amendment as applied through the privileges and immunities of citizenship.

5. Immediately following the repossession, I made every reasonable effort to communicate with Chrysler Capital (d/b/a Santander Consumer USA Inc.), CCAP Auto Lease Ltd., and the tow yard known as "Top Dawg Asset Recovery Towing and Storage Lot" to secure the return of the Truck and all personal property therein. Despite multiple attempts to contact Top Dawg directly (including phone calls and inquiries that went unanswered or were redirected), I was repeatedly informed by Chrysler Capital representatives that:
   - The Truck and all contents were being held at Top Dawg;
   - My personal property was inventoried and secured;
   - I could retrieve the items upon arrangement.

6. These assurances created a common law bailment, wherein Chrysler Capital assumed custody and a duty of care over my property. Their subsequent destruction, disposal, or conversion of said property—without notice, consent, or opportunity to retrieve—constitutes theft, spoliation, and willful trespass under common law.

7. To evidence my diligent efforts and Chrysler Capital's actual notice, I provide the following call log of communications with their executive office (all dates in 2025, times approximate MST; full transcripts and recordings demanded via subpoena duces tecum in this action):
   - June 16: 15:24 (7 min 2 sec), 15:50 (0 min 5 sec), 15:54 (1 hr 6 min 30 sec)
   - June 18: 15:29 (23 min 12 sec)
   - June 20: 17:03 (missed call, voicemail left)
   - June 30: 10:35 (37 min 6 sec), 15:36 (12 min 45 sec)
   - July 3: 11:26 (8 min 12 sec)
   - July 14: 11:40 (missed call, voicemail left), 12:34 (5 min 16 sec), 12:41 (1 min 16 sec), 16:48 (50 min 37 sec)
   - July 17: 12:19 (8 min 14 sec), 14:42 (4 min 20 sec), 14:47 (3 min 38 sec), 14:51 (6 min 39 sec)
   - August 14: 13:17 (18 min 15 sec)

149

- August 15: 16:15 (1 min 10 sec), 16:17 (51 min 52 sec)
- August 27: 16:10 (18 min 36 sec)
- September 4: 15:02 (8 min 45 sec)

8. In multiple calls, Chrysler Capital representatives explicitly confirmed that my personal property was being "held" and "stored" at Top Dawg pending retrieval. Despite this, the property was later destroyed, with no inventory provided, no notice of disposition, and no compensation—directly contradicting their own statements and breaching the bailment.

9. No contract, agreement, or lawful authority existed for the seizure or destruction of my private property. Any purported security interest in the Truck did not extend to non-commercial personal effects under common law or UCC § 9-609 (which requires preservation of collateral but imposes no lien on unrelated chattels).

10. This Affidavit is made freely, without duress, and stands as prima facie evidence in this replevin action. Any rebuttal must be by counter-affidavit of equal dignity, point-for-point, under penalty of perjury, within 21 days, or the facts herein stand admitted under common law estoppel by acquiescence.

FURTHER AFFIANT SAYETH NAUGHT.

Dated: October 28, 2025

Alexander Arthur Headley, Affiant
383 Hummingbird Circle
Silverthorne, CO 80498
Phone: 970-390-7785
Email: Ajinvestments.alex@gmail.com

**VERIFICATION**

I, Alexander Arthur Headley, declare under penalty of perjury under the laws of Colorado and the common law that the foregoing is true and correct to the best of my knowledge and belief. Executed on October 28, 2025.

**CERTIFICATE OF SERVICE**

I certify that on October 31, 2025, a true copy of this Common Law Affidavit of Truth was served via U.S. Mail and email upon:

Matthew M. Petersen
Kristen M. Kennedy
Bryan Cave Leighton Paisner LLP
1700 Lincoln Street, Suite 4100
Denver, CO 80203
Matt.petersen@bclplaw.com
Kristen.kennedy@bclplaw.com

151