# EXHIBIT 9

| DISTRICT COURT, CITY & COUNTY OF DENVER, STATE OF COLORADO<br>1437 Bannock Street<br>Denver, CO 80202 | |
|---|---|
| | DATE FILED<br>July 18, 2025 3:16 PM<br>CASE NUMBER: 2025CV534 ▲ **COURT USE ONLY** ▲ |
| **Plaintiff**: Alex Headley et al.<br><br>v.<br><br>**Defendants**: Chrysler Capital Trademarked Through FCA | Case No.: 25CV534<br><br><br>Courtroom: 203 |
| **PRE-TRIAL ORDER AND DISCOVERY PROTOCOL** | |

**THIS PRE-TRIAL ORDER AND DISCOVERY PROTOCOL APPLIES TO ALL CASES ASSIGNED TO THIS COURTROOM**.

**Plaintiff's counsel or *pro se* Plaintiff shall serve copies of this Pre-trial Order and Discovery Protocol upon Defendant(s) and all future counsel/parties in this case.** A certificate of compliance with this requirement of the Order shall be filed within 7 days of providing notice.

## PRE-TRIAL ORDER

### I.    *PRO SE* PARTIES

1. Parties appearing without counsel are directed to contact **Colorado Legal Services / Metro Volunteer Lawyers, 1905 Sherman Street, Suite 400, Denver, Colorado, 80203, Phone (303) 837-1313** to determine whether  they qualify for free or reduced-cost legal representation.

2. On *pro se* cases, the Court orders the Responsible Attorney, as defined in C.R.C.P.  16(b)(2), to notice the case for a Case Management Conference. *See also* C.R.C.P. 16.1(j).

3. This Division requires Case Management Conferences in all cases in which one or more parties are proceeding *pro se,* whether the case is governed by C.R.C.P. 16 or C.R.C.P. 16.1.

### II.    CASE MANAGEMENT ORDER

1. All parties shall participate, in good faith, in preparing the Proposed Case Management Order pursuant to C.R.C.P. 16(b).  To the extent that any party does not so participate, those circumstances shall be explained in the Proposed Case Management Order.

1

### III.    CASE MANAGEMENT CONFERENCE

1. Pursuant to the Delay Reduction Order, the Responsible Attorney's notice to set the case for trial shall also include a notice to set a case management conference, to be held no later than 49 days after the case is at issue. The clerk is available to set trials and case management conferences on Tuesdays, Wednesdays, and Thursdays between 10:00 a.m. and 12:00 noon. The Responsible Attorney shall call the Court on the day and time designated in the notice to set, receive potential dates from the Court for both trial and the case management conference, confer with all parties regarding the dates, and promptly notify the Court of which dates the parties have selected.

2. Unless otherwise ordered, lead counsel and unrepresented parties, if any, shall attend the case management conference. If all parties are represented by counsel, counsel may timely submit a proposed order and jointly request the Court to dispense with a case management conference pursuant to C.R.C.P. 16(d)(3). However, unless and until such a request has been granted, counsel and any unrepresented parties should plan on appearing for the case management conference.

3. At the conference, parties and counsel shall be prepared to discuss the proposed order, issues requiring resolution, and any special circumstances of the case.

### IV.    TRIAL SETTINGS

1. No case will be set to commence trial more than **a year from the filing of the complaint or other initiating pleading or for longer than 15 days** without the Court's permission. Before permission is granted, there may be a conference between counsel and the Court as to why a later trial date or longer trial is necessary.

2. Motions to continue trial dates, even if stipulated, will not be granted as a matter of course, and will only be granted for good cause shown. Unless and until any such motion is granted, counsel shall continue to prepare for trial.

### V.    DUTY TO CONFER

1. The Court expects complete and good faith compliance with C.R.C.P. 121, § 1-12(1) and (5), and § 1-15(8). C.R.C.P. 121 § 1-15(8) states that "moving counsel and any self-represented party shall confer with opposing counsel and any self-represented parties before filing a motion." The Rule requires the parties to identify and attempt to resolve emerging issues before

2

engaging in motions practice.

2. The word "shall" in Rule 121 § 1-15(8) is a mandatory requirement. Before filing a motion, the moving party must confer with any potentially opposing party, as detailed above.

3. Counsel are expected to initiate efforts to confer long enough before the anticipated filing date to enable two-way communication. Certification that a telephone call, e-mail or other form of written communication was directed to opposing counsel fewer than 24 hours before the pleading was filed and that "no response" was received is not a good faith effort.

4. It is the expectation of the Court that counsel confer either face-to-face or on the telephone; the Court regards a letter or e-mail message to constitute "notice," but not a sufficient attempt to confer.

5. If attempts to confer are unsuccessful, the certification must describe the attempts in detail.

6. The Court expects that counsel will conduct themselves in a civilized professional manner and will treat jurors, parties, witnesses, Court staff and one another with courtesy and respect at all times.

## VI.    <u>**WRITTEN MOTIONS AND FILINGS**</u>

1. It is the expectation that all motions, briefs, and other written submissions filed with the Court are the original work of the attorney or attorneys who sign the pleading. If Chat GPT or other AI is used to generate any written product filed with the Court, a notice shall appear on the first page of the filing indicating that AI was used to generate all or part of the filing, as well as the specific portions of the filing (e.g., page number and paragraphs or lines) which contain the AI-generated content.

## VII.    <u>**DISCOVERY AND DISCOVERY MOTIONS**</u>

1. Discovery shall be conducted in accordance with the attached Order for Discovery Protocol.

2. If there is a discovery dispute, counsel is expected to confer in a meaningful way to try to resolve it, in whole or in part. *See* § V, supra.

3. If the parties need immediate resolution of a discovery issue, and if the issue is relatively discrete, including one that arises during a deposition, they are encouraged to call the Court at (303) 606-2389, and every effort

3

3

will be made to hear the matter orally and immediately via telephone or Webex, or on as expedited a basis as possible.

**VIII.    MOTIONS PURSUANT TO C.R.C.P. 56**

1. **Summary Judgment only: All** motions for summary judgment must be filed no later than **91 days (13 weeks) before trial and there shall be no separate deadline for the filing of cross-motions notwithstanding C.R.C.P. 56.** The Court will generally not grant extensions of time to file summary judgment motions. This is because the late filing of motions for summary judgment or repeated granting of extensions of time to file such motions or opposing briefs, does not permit the Court sufficient time to rule in advance of trial. Failure to comply with the motions deadlines stated in this order may result in a delayed ruling or no ruling from the Court before trial.

2. **Motions, Page Limits, and Exhibits:** These procedures contemplate the filing of a single motion for summary judgment by a party. The sections of a motion/response/reply discussed below that address facts will not count toward the page limit outlined in C.R.C.P. 121 § 1-15(1)(a). Additionally, the case caption, signature block, certificate of service, and attachments will not count toward the page limit.

3. **Exhibits**: Exhibits attached to a motion for summary judgment, a response in opposition, or a reply must follow the following format. Defendant must label his/her/their/its exhibits by letters: A, B, C…Z, AA, BB, etc. Plaintiff must designate his/her/their/its exhibits by numbers: 1, 2, 3, 4, etc.

   When filing any exhibits in support of, or opposition to, a motion, the party must label the exhibit and include its title so that the description appears in the register of actions. For example: "Ex. A, John Smith Decl." "Ex. 3, Sales Contract." "Ex. F, Plaintiff Depo."

   **The parties are hereby ordered to deliver to the courtroom a courtesy copy of all exhibits in a 3-ring binder(s) with labels, tabs and indexed, within 3 business days of a submission relative to the dispositive motion(s), response and/or reply. The parties are independently required to upload all exhibits in ICCES. If a party is unclear as to whether a binder is necessary, they can contact courtroom staff for confirmation.**

4. **Motions Format:**

   *Facts Section.* The moving party must use the following format: the movant must create a section of the motion titled "Statement of

4

4

Undisputed Material Facts" and must set forth in simple, declarative sentences, separately numbered and paragraphed, each material fact which the movant believes is not in dispute and which supports movant's claim that movant is entitled to judgment as a matter of law. The movant must avoid adding unnecessary adjectives or adverbs to his or her material facts. In general, the Court finds such descriptors vague and unhelpful to adjudicate summary judgment motions.

Each separately numbered and paragraphed fact must be accompanied by a specific reference to material in the record which establishes that fact. General references to pleadings, depositions, or documents are insufficient if the document is over one page in length. A "specific reference" means the title of the document (e.g., "Exhibit A, Pl. Depo.") and a specific paragraph or page and line number; or, if the document is attached to the motion, the paragraph or page and line number.

***Legal Argument Section.*** For each claim for relief or defense as to which judgment is requested, the motion must: (a) identify which party has the burden of proof; (b) identify each element that must be proved; (c) for each identified element, identify the material undisputed facts that prove that element and the pinpoint location in the filed record; or (d) if the respondent has the burden of proof, identify the elements which the movant contends the respondent cannot prove (with reference to the record).

5. **Response Format**:

***Facts Section.*** Any party opposing the motion for summary judgment must create a section of the response titled "Response to Statement of Undisputed Material Facts," and must respond by deeming the facts "undisputed," "disputed," or "undisputed for purposes of summary judgment." Each response must be made in separate paragraphs numbered to correspond to movant's paragraph numbering. A "disputed" response must address the fact as tendered by the movant, not a fact that the non-movant wishes had been tendered. Proper responses to a "disputed" fact should be limited to an argument that (1) the particular parts of materials in the record don't establish the absence or presence of a genuine dispute; or (2) the movant cannot produce admissible evidence to support the fact. The response must be accompanied by a brief factual explanation to support the dispute.

**If the non-movant fails to properly address the other party's assertion of fact as required here, the Court generally will consider the fact undisputed for purposes of the motion.**

5

5

If the party opposing the motion believes that there are additional disputed (or undisputed) facts which it has not adequately addressed in the submissions made in the facts section, the party must create a separate section of the response titled "Statement of Additional Disputed (or Undisputed) Facts," and must set forth in simple, declarative sentences, separately numbered and paragraphed, each additional material undisputed/disputed fact which undercuts movant's claim that it is entitled to judgment as a matter of law. Each separately numbered and paragraphed fact must be accompanied by a specific reference to material in the record which establishes the fact or at least demonstrates that it is disputed/undisputed.

***Legal Argument Section.*** The response must utilize the same format for each claim/defense as set forth above: (a) if the respondent disputes the statement of the burden of proof on necessary elements, it must identify such as disputed and must provide supporting legal authority. (b) If the movant has the burden of proof, the respondent must identify all elements for which there are disputed material facts, as well as provide a brief explanation of the reason(s) for the dispute and specific references to supportive evidence in the record appendix. Stipulation to facts not reasonably in dispute is highly encouraged. (c) If the respondent has the burden of proof, for each element identified by the movant as lacking proof, the respondent should identify the facts and their location in the record that establish that element.

6. **Reply Format:**

***Facts Section.*** At the beginning of the reply, the movant must list the facts that are undisputed and disputed by their respective paragraph number.

The movant must create a section titled "Reply Concerning Undisputed Facts" and must include any **factual** reply regarding the facts asserted in its motion to be undisputed, supported by specific references to material in the record. The reply will be made in separate paragraphs numbered according to the motion and the opposing party's response.

The movant must create a section titled "Response Concerning Disputed Facts" to respond to those facts claimed to be in dispute, and either admit that the fact is disputed or supply a brief factual explanation for its position that the fact is undisputed, accompanied by a specific reference to material in the record which establishes that the fact is undisputed. The movant's response to undisputed fact must be done in paragraphs numbered to correspond with the opposing party's paragraph numbering.

6

*Legal Argument Section.* The movant must respond to the legal arguments made by the respondent and must not raise new issues.

Finally, legal argument is not permitted in the factual sections of the motion/response/reply and should be reserved for the legal argument section(s) of the documents. If, for example, a party believes that an established fact is immaterial, that argument must go in the legal argument section, and the fact should be admitted. If, on the other hand, a party believes that the reference to material in the record does not support the claimed fact, that fact may be disputed accompanied by a brief *factual* argument made under these procedures.

## IX.    **OTHER MOTIONS**

1. **Extensions of Discovery Deadlines:** Stipulated agreements to extend the dates for filing discovery responses, objections, and disclosures of no more than 7 days do not need to be filed with the Court.  Extensions for more than 7 days, even if stipulated, will be granted only upon a showing of extraordinary circumstances.

2. **Motions *in Limine*:** Motions *in limine* must be filed **no later than 35 days before trial** unless a different time is permitted by court order, and any responses shall be filed **within 7 days of the motion being filed.** No replies shall be filed as to motions *in limine*. **Motions *in limine* shall be filed as an omnibus motion *in limine* combining all motions in a single filing**. Motions *in limine* that do not comply with this Order may be summarily denied.

3. **Expert Challenges:** Motions challenging expert testimony pursuant to C.R.E. 702 must be filed **no later than 70 days before trial**, with responses filed no later than 49 days before trial. The Court will decide whether a hearing will be necessary. Failure to comply with the motions deadlines stated in this order may result in a delayed ruling or no ruling from the Court before trial.

4. **Other Pretrial Motions:** All other pretrial motions must be **filed not later than 35 days before trial**, unless otherwise ordered by the Court, with responsive briefs due **within 7 days of the motion being filed**. If an expedited ruling is desired, the moving party must specifically request an expedited schedule in the original motion and the moving party must contact the Clerk of Courtroom 203 to advise of this request. The Court may sua sponte expedite the briefing schedule pursuant to C.R.C.P. 121 § 1-15.

5. The Court may rule on motions without hearing, pursuant to C.R.C.P.

121, or the Court may order a hearing prior to trial.

6. Motions are to be accompanied by a brief or recitation of legal authority. There will then be a response, and a reply (except as to a motion *in limine*), unless this Court modifies the briefing pursuant to C.R.C.P. 121. No other briefs relating to a given motion will be accepted for filing unless permitted by Court Order. **Do not combine motions, other than Motions in Limine, or incorporate your own motions into a response or reply as this makes it difficult for the Court to properly determine when the motion may be ripe. Motions combined with another motion or a response or reply may be stricken.**

7. The requirements of C.R.C.P. 121 § 1-15 concerning the time for filing motions and the content and length of briefs will be strictly enforced. The Court may expedite the briefing schedule pursuant to C.R.C.P. 121 § 1-15.

## X.   TRIAL MANAGEMENT ORDER AND CONFERENCES

1. The Trial Management Order ("TMO") must comply strictly with the requirements of C.R.C.P. 16 or C.R.C.P. 16.1, as amended, and must be filed at least **28 days before trial**. **ALL parties must participate in the preparation of the TMO.**

2. Should the parties be unable to agree on the proposed TMO or if counsel believes it would be helpful, a Trial Management Conference may be scheduled upon notice, to be attached to the proposed TMO submitted. The Court will contact counsel approximately 30 days before trial to inquire whether the parties desire a Trial Management Conference, and if so, to schedule one. The Court will expect lead counsel to attend any Trial Management Conference, and to be prepared to discuss, in addition to any issues with the TMO itself, any issues or concerns arising under §§ VII – XIV of this Order.

3. Counsel should be aware that when the Court has multiple trials ready to be tried on a particular date, the presence and timeliness of a TMO is one criterion used to determine priority.

## XI.   PRE-TRIAL CONFERENCE

1. At the time the parties set the matter for trial, the Court may also provide dates for a pretrial conference no later than 7 days before trial. The parties are required to attend the pretrial conference in person to address any issues prior to trial.

## XII.   BEFORE TRIAL

8

1. **<u>Exhibits</u>:** All exhibits must be pre-marked.  The parties are strongly encouraged to cooperate in submitting a single set of exhibits, enumerated with numbers. If the parties are unable to submit a single set of exhibits, Plaintiffs shall use numbers 1 – 1,000 and defendants shall use numbers 1,001 – end to designate their exhibits. The parties shall not mix numbers and letters, even for related exhibits (e.g. 1(a), 1(b), 1(c), etc.).

   The parties shall exchange copies of their pre-marked exhibits, including demonstrative exhibits, **no later than 21 days** before trial. **Authenticity of all identified and exchanged exhibits shall be deemed admitted unless objected to in writing no later than 14 days after receipt of the exhibits. In any event, objections shall be due no later than 7 days before trial.**

   The Court expects counsel to stipulate to the admission of every exhibit as to which there is not a good faith objection. Only where counsel has not had a reasonable opportunity to view an exhibit in advance will trial be interrupted for such a review.

   Counsel must also provide at least three (3) complete sets of exhibits, whether stipulated or not: One for the Court, one for each opposing side's counsel, and one for the witness stand (which will be the official copy that goes to the jury).

   **Please note the specific procedures regarding the handling of exhibits  post-trial or post-hearing, at § XVII(8),** *infra.*

2. **<u>Exhibit Lists</u>:** Each counsel shall prepare an index of exhibits that counsel expects of offer, in a grid or spreadsheet format, that identifies with specificity the exhibit by number, date of the exhibit, and description. The exhibit list shall specify whether or not the exhibit is received by stipulation, and shall include columns with the headings "Stipulated," "Offered," and "Admitted."

3. **<u>Witness lists</u>:** Each counsel shall prepare a list of witnesses that will and may be called that the Court can read to the jury at the beginning of the trial. This list shall be in addition to any prior designation of witnesses, including that in the TMO.  In addition to listing the names of the witnesses, the list may also specify the witnesses' title or degree  and employment (e.g. Dr. Murray,  M.D., Children's Hospital) but no other identifying information should be included (e.g. address, phone number etc.).

9

4. **<u>Orders of Proof</u>:** The Court shall provide the parties with an Order of Proof template which the parties shall complete and file with the Court no later than 7 days before the scheduled trial. The time estimates must include the time for re-direct if anticipated. In no event may the cumulative time for witness examination exceed the time allocated for presentation of the trial; the total time allocation shall also account for the time necessary for jury selection, opening statements, regularly scheduled breaks, the jury instruction conference, and closing arguments. The Court reserves the right to enforce the time estimates stated in the Order of Proof.

5. **The witness list and order of proof shall be filed no later than 7 days before the commencement of the trial. PLEASE SEE ATTACHED TEMPLATE WHICH, UPON REQUEST, CAN BE TRANSMITTED TO THE PARTIES IN EDITABLE FORMAT.**

6. **<u>Depositions</u>:** The showing of videotaped depositions or the reading of depositions in lieu of live testimony is strongly discouraged. However, if you are going to use depositions in lieu of live testimony, opposing counsel must be notified by proper identification of designated portions **no later than 28 days prior to trial.** Any other party may then provide the parties with its designations **no later than 14 days before the trial date,** with all reply designations by the proponent then made **no later than 7 days before the trial date.** Objections to all or part of the deposition testimony offered must be made not later than **3 days prior to trial** and must cite page, line, and the specific evidentiary grounds supporting the objection. In all other respects, C.R.C.P. 16(f)(3)(VI)(D) shall be complied with, including providing a copy of the deposition, with the proposed testimony highlighted, to the Court at least **3 days prior to trial. The same rules apply to both videotaped and transcribed depositions.** When applicable, counsel is required to provide someone to read testimony.

   While C.R.C.P. 32(a)(2) and (3) permit the use of certain depositions for purposes other than impeachment of a deponent under certain circumstances, any extended use at trial requires that the witness be listed in the Joint Order of Proof.

   Original depositions will remain sealed until counsel request at trial that they be unsealed. Before trial begins, you must give the Court copies of all depositions likely to be used at the trial, as either direct evidence or impeachment.

7. **<u>Special Equipment</u>:** If you need a computer, projector, VCR, extension cord, a monitor, a screen, or any other form of digital or audio-visual

equipment, you must provide it. The parties are encouraged to share in the use of a single system, rather than each having separate projectors, monitors, screens, etc. Contact the Court clerk prior to the trial date to arrange the setup and testing of any such equipment.

## XIII.  TRIAL BRIEFS

1. Trial briefs may be filed, although they are discouraged for jury trials unless they address evidentiary issues for the Court to be prepared to address. They should be concise and should not repeat previously filed pleadings or motions. Trial briefs must be filed no later than 7 days before the trial date.

## XIV.  JURY INSTRUCTIONS

1. **Stipulated Jury Instructions and Verdict Forms:** Counsel are required to meet and confer in a good faith effort to stipulate to jury instructions and verdict  forms. Counsel for the first party to demand a jury (and whose demand has not been withdrawn) is required to submit a joint proposed initial draft of the final jury instructions directly to the Court **via e-mail** to 02courtroom203@judicial.state.co.us and file such stipulated jury instructions and verdict forms **no later than 7 days before trial**. The Court has already prepared the following instructions: 3:1, 3:4, 3:8, 3:9, 3:12, 3:14, 3:15, 3:16, 4:1, 4:1A, 4:2, 4:2A, 5:1 and 5:6. By initial draft, the Court means a single document that includes the instructions the instructions to which all parties have stipulated, and any additional or disputed instructions of any party, as discussed below.

2. **Please note: the Court does not need, nor will it accept, basic introductory or closing instructions, oaths, admonitions, lengthy annotations, or similar instructions, or the instructions listed above that the Court has already prepared.**

3. Unless a stipulation can be reached, counsel for both parties shall be responsible for submitting their own version of a proposed 2:1 instruction under the "Claims of the Parties" instruction. The Court will either choose between those submitted instructions or prepare its own.

4. If counsel cannot agree on the wording of other instructions then both counsel shall submit instructions defining applicable stipulations, claims, standards of proof, affirmative defenses, damages, and special definitions under the appropriate sections. All proposed instructions shall be contained in the single set provided to the Court. If Plaintiff proposes a disputed instruction, Defendant's position shall be included immediately below on the same page.

11

5. Additional instructions may be submitted. However, the Court **does not** favor, and rarely gives, special instructions patterned after caselaw; any such instructions shall be submitted separately **via e-mail**, accompanied by a **brief** statement of authority, in compliance with the requirements for the initial draft. All proposed instructions must be organized in substantial compliance with the format utilized by the Court. If either counsel has an objection to a submitted instruction, the nature of the objection shall be **briefly** stated on the initial draft submitted to the Court, along with a **brief** statement of authority.

6. All jury instructions and verdict forms filed electronically with the Court shall be in Microsoft Word format and shall be editable.

## XV.  JUROR NOTEBOOKS

1. **Juror Notebooks:** Each trial juror will be provided with a juror notebook by the Court. The Court provides relatively small (1½ inch) binders. They contain introductory information about juror service, the courthouse and its environs, stock instructions such as burden of proof, direct and circumstantial evidence, credibility of witnesses, etc. At the pretrial conference, the Court will address whether exhibits will be provided to the jurors.

2. **Glossary of Terms**:  If there are any scientific or other specialized  terms which will be used repeatedly during the trial, those should be set forth, with an agreed-upon definition. If the parties have a legitimate dispute about the definition of any term, just the term should be listed.

3. **Timeline of Events**: If a timeline of events would be helpful for the jury, a stipulated timeline may be included in the juror notebooks.

## XVI.  JURY SELECTION

1. The Court will ask general *voir dire* questions before counsel's *voir dire*. The Court's *voir dire* will cover basic background information and qualifications of jurors.

2. Each side will be limited to 20 minutes for *voir dire*, unless additional time is requested and permitted in advance of the first day of trial.  In multi-party cases, time must be divided between all parties on one side of the case.

3. Questions that a party would like the Court to ask (because, for example, the issue is sensitive and it would be easier to address if asked by the Court), may be electronically filed **7 days before trial**.

12

5. Attorney *voir dire* must be conducted from the podium.

6. The Court will preclude the asking of argumentative questions during *voir dire.*

7. There may be one or two alternate jurors seated.  The Court will advise counsel on the first day of trial how the alternate(s) will be designated.

8. Challenges for cause will be exercised at the bench upon the conclusion of all parties' *voir dire.*

## XVII. <u>CONDUCT OF TRIAL</u>

1. **<u>Scheduling/Use of Time</u>**:

   a. The trial day will start at 8:30 a.m. and end at 5:00 p.m.  There will be a morning and an afternoon break of 15 to 20 minutes each.  Lunch will run from approximately noon to 1:30 p.m. on the first day of trial, and noon to 1:00 or 1:15 p.m. on subsequent days.

   b. Counsel and parties will be in court by 8:00 a.m. on the first day of trial so that counsel may discuss anything with the Court that needs to be dealt with before the trial begins.  The Court will typically require that counsel be in court 30 minutes before the jury has been instructed to return on subsequent trial days in order to handle any preliminary issues without inconveniencing the jurors.

   c. Counsel are responsible for having witnesses scheduled so as to prevent any delay in the presentation of testimony or running out of witnesses before 5:00 p.m. on any trial day.  There shall be no more than a five (5) minute delay between witnesses.  If there is, the Court may deem the delaying party to have rested and require any non-delaying party to commence its case in chief.

2. **<u>Opening Statements</u>**:  Each side will be limited to 20 minutes for opening statement, unless additional time is requested and granted.  In multiple-party cases, this time must be divided between the parties on one side of the case.

3. **<u>Questioning Witnesses</u>**: The Court does not permit questioning beyond re-direct without good cause shown.  All questioning must be done from the podium unless permission is granted to approach the witness or the bench.  Counsel is advised that the FTR recording system in Courtroom 203 works best when all counsel and witnesses speak directly into the provided microphones.  This ensures the most complete and accurate record of the proceedings, for appellate purposes and otherwise.

13

4. **<u>Juror Questions</u>:** Juror questions will be permitted when all other questions have been asked of a particular witness. The Court will discuss all juror questions at the sidebar with counsel prior to asking them of the witness. Counsel may ask brief follow-up questions after juror questions have been asked, but only as to issues raised by the jurors' questions.

5. **<u>Objections</u>:**

   a. Please make objections professionally: be brief, concise and specific.

   b. Speaking objections are not permitted.

   c. Do not automatically respond to an objection; if the Court wants a response to an objection before ruling on it, the Court will ask for one.

6. **<u>Jury Instruction Conference</u>:** The Court and counsel will work on jury instructions at least one evening during trial, typically after plaintiff has rested, as well as other breaks in the trial.  The Court may rely upon counsel to edit jury instructions as necessary, so each should have the equipment and personnel necessary to do so readily available.  Once the final jury instructions are assembled, the Court will allow counsel to make a record of their objections to the instructions, and to tender any additional proposed instructions.

7. **<u>Closing Arguments</u>:** Each side will have 30 minutes for closing argument, unless additional time is requested and granted.  In multiple-party cases, this time must be divided between the parties on one side of the case.

8. **<u>Uploading Exhibits to CCE Post-Hearing and Post-Trial</u>:** With the advent of electronic filing and electronic submission of the appellate record, the Court no longer maintains custody of hard copies of exhibits at the conclusion of a trial or hearing.  However, there must be a record of all exhibits offered and/or received in evidence.  Accordingly, **the following mandatory procedures will be followed:**

   a. When the trial or hearing is concluded, each party will withdraw any paper or physical exhibits or depositions which that party marked, whether or not admitted into evidence, from the courtroom.

   b. Each party will maintain in its custody the withdrawn exhibits and/or depositions, without modification of any kind, until 63 days after the time for the need for such exhibits for appellate or other review purposes has expired, unless all parties stipulate otherwise on the record or in writing.  It will be the responsibility of the withdrawing parties to determine when the appropriate time period has expired.

14

c. **Electronic versions of all exhibits admitted into evidence and all exhibits offered but not admitted into evidence shall be uploaded into CCE by the party which offered the exhibit within 48 hours of the conclusion of the trial or hearing. Alternatively, for voluminous records, a USB flash drive containing the exhibits may be filed with the Clerk's Office in Room 256 within 48 hours of the conclusion of the trial or hearing.** Unless each exhibit uploaded has a clearly legible exhibit sticker which conforms with § XII(1), *supra,* the uploading party shall file a caption sheet indicating the exhibit number or letter(s) which also bears the civil action number of the case. Exhibits which were admitted into evidence shall be uploaded in exactly the form they were in at the conclusion of the evidence, including any markings, notations, etc., added to the exhibit by any witness during testimony.

d. **It is the exclusive responsibility of counsel to diligently follow these procedures, in order to assure that an accurate trial and appellate record is preserved.**

9. **Use of Freelance Court Reporters: Use** of freelance reporters in civil cases shall be governed by Chief Judge Directive 2011-1, Administrative Order Regarding Civil and Family Law Cases.

10. **Interpreters**: If any party or witness will require an interpreter which the Court is required to provide under C.J.D. 06-03 (as amended, June 2011), you must include the need for an interpreter **in the proposed Case Management Order.** You must also notify my clerk of the need for the interpreter, the language needed, and the anticipated date and length of testimony of the witness who is English-language deficient **as soon as possible** and in any event **no later than 91 days before the trial date or hearing**. Failure to do so may result in the Court's inability to schedule an interpreter and, if so, the witness may not be permitted to testify. If interpreter services are no longer needed, you shall notify the Court as soon as possible, but in any event **no later than 72 hours before the trial or hearing**.

## XVIII. SETTLEMENT

1. The parties shall notify the Court within 24 hours of settlement or resolution of their case.

2. All documents confirming settlement of the case, including a stipulation for dismissal with prejudice and a proposed order, shall be filed **not later than 21 days following the date of settlement**, unless otherwise ordered by the Court. If a stipulation for dismissal is not filed within 21

15

days of the Notice of Settlement, the matter will be administratively closed.

3. In the event the matter is scheduled for a trial within 21 days of the date of settlement, the Court will vacate the trial dates.

The Court is familiar with the difficulties and anxieties of trial practice. We are here to ensure that the parties have a full and fair opportunity to present their case, with a minimum of unnecessary stress.  Should any questions arise, please contact the Court Judicial Assistant for Courtroom 203 at (303) 606-2389.

IT IS SO ORDERED on this 18th day of July 2025.

BY THE COURT:

_____
JILL D. DORANCY
Denver District Court Judge

16

## ORDER FOR DISCOVERY PROTOCOL

Counsel is reminded that all discovery responses shall be made in the spirit and with the understanding that the purpose of discovery is to elicit facts and to get to the truth. The Colorado Rules of Civil Procedure are directed toward securing a just, speedy and inexpensive determination of every action. The discovery process shall not be employed to hinder or obstruct these goals nor to harass, unduly delay or needlessly increase the cost of litigation.

Please refer to § VII of this Pre-Trial Order for procedures to be followed in the case of a discovery dispute.

## A.      DISCLOSURES & DISCOVERY

This Court requires "robust disclosure[s] followed by limited discovery." *See* C.R.C.P. 26, Official Comment, #20. Discovery shall be conducted pursuant to C.R.C.P. 26, the Colorado Rules of Professional Conduct, and this Pre-Trial Order.

If a party put in its disclosures or responds to a discovery request by indicating that it will provide documents or information subject to an objection, that party must describe with reasonable specificity the documents or information being withheld as a result of the objection. Failure to comply with this requirement may constitute a waiver of the objection. When documents are produced, they must be precisely identified as responsive to a particular discovery request, disclosure or issue in the case.  Responding to a discovery request of any kind by producing or generally pointing to a mass of documents is tantamount to not responding at all.

**No Written Discovery Dispute Motions.** No written discovery dispute motions will be accepted. The Court will address all discovery disputes with an virtual discovery hearing instead of by written motions. The purpose of this procedure is to ensure expedited and inexpensive resolution of discovery disputes. The following procedures will be in effect in this case:

a) If there is a discovery dispute, counsel are expected to confer in a meaningful way to try to resolve it. An email sent the night before doesn't qualify.

b) If counsel cannot resolve the dispute, please call the courtroom clerk at 303-606-2389 and set it for a hearing. If the matter is set for a hearing on a discovery dispute, parties shall submit a **joint notice of discovery impasse, no longer than 2 pages, <u>at least forty-eight (48) business hours prior to the scheduled hearing</u>**, apprising the Court of the nature of the dispute. **If a joint notice of discovery impasse is not timely filed, the**

17

**Court will assume the dispute has been resolved and vacate the hearing.**
The Court will review all notices and proceed according to its judgment.

c)  If counsel cannot agree on a date, please let the clerk know and the Court will set a hearing date unilaterally.  No discovery dispute hearing may be set less than 30 days before trial without the moving party demonstrating good cause.

d)  The dispute will be argued and resolved at the hearing or taken under advisement with a prompt ruling by the Court.

e)  When a responding party (not counsel) claims, in good faith, not to understand either a discovery request made in writing or the meaning of any words or terms used in a discovery request made in writing, that party must, within 14 days of receiving the discovery request, seek clarification of the meaning from counsel who served the discovery.  A failure to seek such clarification must be considered a violation of this Order for Discovery Protocol.

f)  A discovery response which does not provide the information or material requested but promises to do so at some point in the future will be treated as the equivalent of no response unless the party so responding provides a specific reason for the information not being produced as required by the Rules of Civil Procedure, and also provides a specific date by which such information will be provided.

g)  A response to a discovery request that does not provide the information or material requested but rather states that the party is continuing to look for or search for such information or material will be treated as the same as no response unless that party provides a clear description of where such information or material is normally located, who is normally in custody of such information or material, where the party has searched, the results of the search, as well as the identity of all persons who have engaged in such a search.  The responding party must also provide a clear explanation of the ongoing search and a specific date by which the search will be complete.

h)  The parties should refrain from interposing boiler-plate type objections such as "overbroad, unduly burdensome, vague, ambiguous, not reasonably calculated to lead to the discovery of admissible evidence" and other similar objections.  In the event any such objections are made, they must be followed by a clear and precise explanation of the legal and factual justification for raising such an objection.  Additionally, if the objecting party otherwise responds to the discovery request but does so subject to or without waiving such an objection, that party must describe with

18

18

reasonable specificity the information which may be available, but which is not being provided as a result of the objection raised.

i)  When a party objects to a discovery request based upon a claim of attorney/client privilege, work product protection or any other privilege or protection, that party must produce a detailed privilege/protection log that includes at least the following for each such item for which privilege is claimed:

   (1)    The information required by C.R.C.P. 26(b)(5);
   (2)    The date of the information or material;
   (3)    All authors and recipients; and
   (4)    The specific privilege or protection which is claimed.

The proponent of the privilege has the burden of establishing that privilege.

Failure to comply with this subsection (i) and Order for Discovery Protocol will constitute a waiver of the claimed privilege.

## B.    **DISCOVERY DEPOSITIONS**

Depositions must be conducted in compliance with the Colorado Rules of Civil Procedure. During all depositions, counsel must adhere strictly to C.R.C.P. 30(d)(1) and (3).  No objections may be made, except those which would be waived if not made under C.R.C.P. 32(d)(3)(B) (errors, irregularities), and those necessary to assert a privilege, to enforce a limitation on evidence directed by the Court, or to present a C.R.C.P. 30(d)(3) motion (to terminate a bad faith deposition).

If a dispute occurs during a deposition, please call the Court's clerk and advise them about the nature of the dispute. The Court will address the dispute as quickly as possible.

Objections to form must be stated: "Objection as to form." Any further explanation is inappropriate and prohibited unless specifically requested by the attorney asking the question. There shall be no speaking objections.

It is inappropriate and prohibited for an attorney, during the course of questioning, to advise a witness to answer "if you know," or "if you remember." It is similarly prohibited for an attorney during questioning to advise a witness not to speculate.  All such comments shall be considered speaking objections.

All deponent preparation shall be conducted prior to the commencement of the deposition and shall not take place during the course of the deposition. It is appropriate for the deponent to request clarification of a question.  However, it is not appropriate for counsel to do so.

19

A deponent and an attorney may not confer during the deposition while questions are pending.  Similarly, neither a deponent nor counsel for a deponent may interrupt a deposition when a question is pending or a document is being reviewed, except as permitted by C.R.C.P. 30(d)(1).

Counsel must refrain from excessive objections that have the purpose or effect of disrupting the flow of questioning or the elicitation of testimony. Counsel may instruct the deponent not to answer only when necessary to preserve a privilege, to enforce a limitation on evidence directed by the Court, or to present a motion under paragraph 3 of C.R.C.P. 30(d).

Whenever counsel instructs a witness not to answer a question, counsel must state on the record the specific reason for such an instruction, the specific question, part of a question or manner of asking the question upon which counsel is basing the instruction not to answer the question.

20

**ORDER OF PROOF TEMPLATE**

| DATE | EVENT | PLAINTIFF | DEFENDANTS | TIME |
|---|---|---|---|---|
| | | **DAY ONE** | | |
| **Day 1:** dd/mm/yy | **Pre-trial Matters + Preliminary Jury Instructions and Questioning** | | | 8:30–10:30am |
| | **Voir Dire** | 20 minutes | 20 minutes | 10:30-11:10am |
| | **Challenges + other preliminary issues** | | | 11:10-12:00pm |
| | **LUNCH** | | | **12:00-1:30pm** |
| | Opening | 20 minutes | 20 minutes | 1:30-2:10 |
| | Witness Name | ___ minutes (including ___ minutes for redirect) | _____ minutes for cross examination | 2:10 – 3:00 |
| | **BREAK** | | | **3:00-3:15** |
| | Witness: | ___ minutes (___ redirect) | _____ minutes for cross | 3:15 - 5:00 |
| | | **DAY TWO** | | |
| **Day 2:** dd/mm/yy | Witness: | ___ minutes (___ redirect) | _____ minutes for cross | 8:30 - 10:15am |
| | **BREAK** | | | **10:15-10:30am** |
| | Witness: | ___ minutes (___ redirect) | _____ minutes for cross | 10:30-_____ |
| | Witness: | ___ minutes (___ redirect) | _____ minutes for cross | _____ - 12:00pm |
| | **LUNCH** | | | **12:00-1:00pm** |

| | Witness: | ___ minutes (___ redirect) | _____ minutes for cross | 1:00 – _____ |
|---|---|---|---|---|
| | Witness: | ___ minutes (___ redirect) | _____ minutes for cross | _____ - 3:15pm |
| | **BREAK** | | | **3:00 – 3:15pm** |
| | Witness: | ___ minutes (___ redirect) | _____ minutes for cross | 3:15 – 5:00 |
| **DAY THREE** | | | | |
| **Day 3:** dd/mm/yy | Witness: | ___ minutes (___ redirect) | _____ minutes for cross | 8:30 - 10:15am |
| | **BREAK** | | | **10:15-10:30am** |
| | Witness: | ___ minutes (___ redirect) | _____ minutes for cross | 10:30-_____ |
| | Witness: | ___ minutes (___ redirect) | _____ minutes for cross | _____ - 12:00pm |
| | **LUNCH** | | | **12:00-1:00pm** |
| | Witness: | ___ minutes for cross examination | ___ minutes (including ___ minutes for redirect) | 1:00 – _____ |
| | Witness: | ___ minutes for cross | ___ minutes (___ redirect) | _____ - 3:15pm |
| | **BREAK** | | | **3:00 – 3:15pm** |
| | Witness: | ___ minutes for cross | ___ minutes (___ redirect) | 3:15 – 5:00 |
| **DAY FOUR** | | | | |

22

| Day 4: dd/mm/yy | Witness: | ___ minutes for cross | ___ minutes (___ redirect) | 8:30 - 10:15am |
|---|---|---|---|---|
| | **BREAK** | | | **10:15-10:30am** |
| | Witness: | ___ minutes for cross | ___ minutes (___ redirect) | 10:30- _____ |
| | Witness: | ___ minutes for cross | ___ minutes (___ redirect) | _____ - 12:00pm |
| | **LUNCH** | | | **12:00-1:00pm** |
| | Witness: | ___ minutes for cross | ___ minutes (___ redirect) | 1:00 – _____ |
| | Witness: | ___ minutes for cross | ___ minutes (___ redirect) | _____ - 3:15pm |
| | **BREAK** | | | **3:00 – 3:15** |
| | Witness: | ___ minutes for cross | ___ minutes (___ redirect) | 3:15 – 5:00 |
| **DAY FIVE** | | | | |
| Day 5: dd/mm/yy | **Read Jury Instructions** | | | 8:30 - 9:30am |
| | Closing Arguments | 20 minutes | 20 minutes | 9:30 – 10:30am |
| | **Jury Deliberations** | | | |

23