# EXHIBIT 20

| | |
|---|---|
| DISTRICT COURT, CITY AND COUNTY OF DENVER,<br>STATE OF COLORADO<br>1437 Bannock Street, Room 256, Denver, CO 80202<br>Phone Number: 303-606-2300 | DATE FILED<br>September 10, 2025 3:08 PM<br>FILING ID: 94F093BFE0F6C<br>CASE NUMBER: 2025CV534 |
| **Plaintiff:**<br><br>ALEX HEADLEY and THE ESTATE OF JAMES HEADLEY<br><br>v.<br><br>**Defendant:**<br><br>CHRYSLER CAPITAL TRADEMARKED THROUGH FCA, LLC and LICENSED UNDER SANTANDER CONSUMER USA INC. | <br><br><br><br><br><br><br><br>▲COURT USE ONLY▲ |
| BRYAN CAVE LEIGHTON PAISNER LLP<br>Matthew M. Petersen, #48562<br>Kristen M. Kennedy, #60969<br>1700 Lincoln Street, Suite 4100<br>Denver, Colorado 80203<br>Telephone:  (303) 861-7000<br>E-mail:  Matt.petersen@bclplaw.com<br> Kristen.kennedy@bclplaw.com<br>*Attorneys for Defendant* | Case Number:  2025CV534<br><br>Division:  203 |
| **DEFENDANT'S RESPONSE TO<br>SECOND AMENDED ORDER TO SHOW CAUSE<br>PURSUANT TO C.R.C.P. 104** ||

Defendant Santander Consumer USA Inc. d/b/a Chrysler Capital ("Chrysler Capital") submits this Response to the Court's Second Amended Order to Show Cause, dated August 27, 2025 ("Order to Show Cause").

## I.     INTRODUCTION

This matter arises from Chrysler Capital's lawful repossession of a 2018 Ram 1500 Crew Cab ("Vehicle") improperly possessed by James Headley ("Mr. Headley") on June 8, 2025.  Mr.

Headley leased the Vehicle from CCAP Auto Lease Ltd. from April 2018 to April 2021, at which time he represented to Chrysler Capital (who serviced the lease for CCAP Auto Lease Ltd.) that he would purchase the vehicle outright.  Mr. Headley mailed a personal check for the amount due on the purchase and Chrysler Capital generated a "Bill of Sale" (attached to Plaintiff's Damages Complaint as Exhibit B).  Unfortunately, Mr. Headley's check bounced, the sale was never completed, and title in the vehicle remained in the name of CCAP Auto Lease Ltd.  Chrysler Capital completed the repossession of the Vehicle in June 2025.

Mr. Headley passed away following Chrysler Capital's repossession of the Vehicle, and his son, Plaintiff Alex Headley ("Plaintiff"),[1] has sued for possession of the Vehicle and damages and also requested a hearing for pre-judgment possession and to set a bond. This Court subsequently issued three orders to show cause (dated July 24, 2025, August 4, 2025, and August 27, 2025) as to a hearing on pre-judgment possession, but Chrysler Capital did not receive notice of the first two orders. On September 4, 2025, the Court served the third order on Chrysler Capital via its registered agent, CT Corporation, but Chrysler Capital has not been served with the Summons or either of Plaintiff's Complaints—the Replevin Complaint or Damages Complaint. Chrysler Capital nonetheless appears for the limited purpose of responding to the Court's Order to Show Cause and establish that the Court should not enter a pre-judgment order of possession in favor of Plaintiff because Chrysler Capital's repossession of the Vehicle was lawful.

---

[1] The "Estate of James Headley" is also identified in the Complaints as a plaintiff.  However, only Alex Headley signed both Complaints and he does not allege or provide any evidence to support that he has authorization to pursue any claims on behalf of James Headley's estate.  Moreover, if Plaintiff was authorized to act on behalf of Mr. Headley's estate, then this Court may lack jurisdiction to hear the dispute. *See* C.R.S. § 13-9-103(1)(a) ("The probate court of the city and county of Denver has original and exclusive jurisdiction in said city and county of [] [t]he administration, settlement, and distribution of estates of decedents, wards, and absentees.").

2

As a threshold matter, the Court should not enter a pre-judgment order of possession in favor of Plaintiff because Chrysler Capital has not been properly served with the Summons and Complaints, as required by C.R.C.P. 4 and 104(c).  According to the Return of Service filed by Plaintiff on August 18, 2025, he attempted to serve the Summons and Complaints on Christopher Dodge, which is a car dealership in Jefferson, Colorado that is not a registered agent of Chrysler Capital or otherwise authorized to accept service for Chrysler Capital.  Christopher Dodge is a separate entity from Chrysler Capital, has no apparent relation to Plaintiff or the Vehicle, and is located in a different county than both this Court and the dealership where Mr. Headley originally leased the Vehicle (Vista Chrysler Jeep Dodge in Silverthorne, Summit County, Colorado).

Moreover, Chrysler Capital's repossession of its own property from Mr. Headley's wrongful possession was legal.  Mr. Headley's lease of the Vehicle ended in April 2021, after which he had no legal right to the Vehicle.  Mr. Headley attempted to purchase the Vehicle, as permitted by the lease, but his check to Chrysler Capital bounced and the sale was never completed. Because the Vehicle was never sold to Mr. Headley, Chrysler Capital never issued Mr. Headley a Certificate of Title as required by C.R.S. § 42-6-109(1), and title to the Vehicle was never changed to Mr. Headley's name.  At all times, the Vehicle has remained titled to its owner, CCAP Auto Lease Ltd., as is confirmed by both Exhibit C to Plaintiff's Damages Complaint and Chrysler Capital's Exhibit 3 to this Response. Consequently, Chrysler Capital (as CCAP Auto Lease Ltd.'s agent) was legally entitled to repossess the Vehicle, which it has always owned and to which it held title, after Mr. Headley's lease expired and he failed to return the Vehicle.

Plaintiff cannot prove otherwise.  The crux of his Complaints and request for pre-judgment possession of the Vehicle appears to be his factually incorrect contention that Mr. Headley paid

3

3

for the Vehicle "in full four years ago," based on (1) a "Bill of Sale" that was generated **before** Mr. Headley's check bounced, and (2) Plaintiff's belief that Mr. Headley "did not bounce checks." However, Plaintiff does not provide proof that Mr. Headley paid for the Vehicle after his lease expired—he does not provide a copy of Mr. Headley's cancelled check, bank account statements showing the purported payment, or any other evidence of payment. Plaintiff cannot provide any such evidence because Mr. Headley never paid Chrysler Capital for the Vehicle and he had no legal right to retain possession of the Vehicle after his lease expired in April 2021.

Therefore, for all of these reasons and as more fully described herein, the Court should not enter a pre-judgment order of possession in favor of Plaintiff.

## II.    BACKGROUND

### *The Lease*

1.    On April 30, 2018, Mr. Headley entered a three-year Vehicle Lease Agreement ("Lease") to lease the Vehicle with Vista Chrysler Jeep Dodge ("Dealer") in Silverthorne, Colorado. *See* Declaration in Support of Chrysler Capital ("Chrysler Decl."), attached hereto as Exhibit 1, ¶ 12;[2] *see also* Lease, attached hereto as Exhibit 2, p. 1.

2.    The Dealer assigned the Lease to CCAP Auto Lease Ltd. *See* Ex. 1, Chrysler Decl., ¶ 13; *see also* Ex. 2, Lease, p. 1, § 18.

3.    Under the Lease, the Vehicle was owned by CCAP Auto Lease Ltd. *See* Ex. 1, Chrysler Decl., ¶ 14; *see also* Ex. 2, Lease, p. 1 ("Please note this is a Lease, not a purchase agreement. Therefore, we own the Vehicle."); Bill of Sale, attached to Plaintiff's Damages Complaint as Exhibit B, p. 1 ("Lease agreements are owned by CCAP Auto Lease Ltd.").

---

[2] Chrysler Capital submits the declaration attached as Exhibit 1 in accordance with C.R.S. § 13-27-104(1).

4

4.      On June 27, 2018, the State of Colorado issued title to the Vehicle in the name of CCAP Auto Lease Ltd.  *See* Certificate of Title, attached to Plaintiff's Damages Complaint as Exhibit C; *see* Certificate of Title, attached as Exhibit 3.



5.      Chrysler Capital serviced the Lease on behalf of CCAP Auto Lease Ltd.  *See* Ex. 1, Chrysler Decl., ¶ 16; *see also* Ex. 2, Lease, p. 1, § 18; Bill of Sale, attached to Plaintiff's Damages Complaint as Exhibit B, p. 1 ("Lease agreements are owned by CCAP Auto Lease Ltd. and serviced by Chrysler Capital.").

6.      As servicer of the Lease, Chrysler Capital was authorized by CCAP Auto Lease Ltd. to, among other things, communicate with Mr. Headley, collect payments under the Lease, engage in collection activities, and handle the expiration of the Lease, including selling the Vehicle, processing the return of the Vehicle, or, if necessary, repossessing the Vehicle.  *See* Ex. 1, Chrysler Decl., ¶ 17.

7.      Under the Lease, Mr. Headley was required to make 36 monthly payments of $324.05.  *See* Ex. 2, Lease, p. 1.

8.      Throughout the Lease term, Mr. Headley failed to make certain payments timely and incurred several late charges on his account.  *See* Ex. 1, Chrysler Decl., ¶ 19; *see also* Chrysler Capital Lease Payment History, attached hereto as Exhibit 4, pp. 3-5.

5

***Expiration of the Lease***

9.      Mr. Headley's Lease expired on April 30, 2021.  *See* Ex. 1, Chrysler Decl., ¶ 20; *see also* Ex. 2, Lease, p. 1.

10.      Mr. Headley did not return the Vehicle.  *See* Ex. 1, Chrysler Decl., ¶ 21; *see generally* Plaintiff's Damages and Replevin Complaints.

11.      On May 5, 2021, Chrysler Capital sent a letter to Mr. Headley requesting that he return the Vehicle to the Dealer and advising that failure to return the Vehicle within ten days "may result in Chrysler Capital recovering the unit from your possession." *See* Ex. 1, Chrysler Decl., ¶ 22; *see also* Chrysler Capital Letter to Mr. Headley, dated May 5, 2021, attached hereto as Exhibit 5.

***Mr. Headley's Payment Fails***

12.      Later on May 5, 2021, Mr. Headley called Chrysler Capital and requested a quote to purchase the Vehicle from CCAP Auto Lease Ltd.  *See* Ex. 1, Chrysler Decl., ¶ 23.

13.      Under the Lease, Mr. Headley had the option to purchase the Vehicle.  *See* Ex. 2, Lease, p. 2, § 26(A).

14.      In response to Mr. Headley's request for a purchase quote, Chrysler Capital generated a quote that listed the "purchase price" and "purchase option fee" under the Lease, and informed Mr. Headley that he could submit payment to CCAP Auto Lease Ltd., either by overnight mail or regular mail.  *See* Ex. 1, Chrysler Decl., ¶ 25; *see also* Chrysler Capital Purchase Quote, dated May 5, 2021, attached hereto as Exhibit 6.

15.      Chrysler Capital received a personal check from Mr. Headley for the amount owed on or about May 20, 2021.  *See* Ex. 1, Chrysler Decl., ¶ 26;

6

16.     On May 28, 2021, after receipt of Mr. Headley's personal check but **before** the check cleared, Chrysler Capital provided Mr. Headley with a Bill of Sale providing that the sale price for the Vehicle was $25,381.35.  *See* Ex. 1, Chrysler Decl., ¶ 27; *see also* Bill of Sale, attached to Plaintiff's Damages Complaint as Exhibit B.

17.     However, on or between May 28, 2021 and July 7, 2021, Mr. Headley's personal check bounced and the sale of the Vehicle was cancelled.  *See* Ex. 1, Chrysler Decl., ¶ 28.

18.     Chrysler Capital called Mr. Headley and his close relatives nearly fifty times between July 7, 2021, through November 3, 2021, to advise that his check bounced and he needed to send another payment to complete his purchase of the Vehicle.  *See* Ex. 1, Chrysler Decl., ¶ 29.

19.     Additionally, on August 11, 2021, September 10, 2021, and February 19, 2025 Chrysler Capital advised Mr. Headley that lease recovery letters were mailed and expressed the urgency to either extend the lease, return the vehicle, or submit another check to purchase the Vehicle.  *See* Ex. 1, Chrysler Decl., ¶ 30; *see also* Chrysler Capital Lease Recovery Letter, dated February 6, 2025 attached hereto as Exhibit 7, p. 1.

20.     Until February 19, 2025, Mr. Headley did not respond to Chrysler Capital's communications and never paid for the Vehicle.  *See* Ex. 1, Chrysler Decl., ¶ 31.

21.     Accordingly, CCAP Auto Lease Ltd. remained owner of the Vehicle at all times. *See* Ex. 1, Chrysler Decl., ¶ 32; *see* Certificate of Title, attached to Plaintiff's Damages Complaint as Exhibit C; *see also* Ex. 3, Certificate of Title.

22.     Title of the Vehicle never transferred to Mr. Headley.  *See* Certificate of Title, attached to Plaintiff's Damages Complaint as Exhibit C; *see* Ex. 3, Certificate of Title.

7

*Vehicle Repossession*

23.     Chrysler Capital approved the Vehicle for repossession on August 24, 2021.  *See* Ex. 1, Chrysler Decl., ¶ 34.

24.     Thereafter, Chrysler Capital attempted to negotiate a resolution with Mr. Headley. *See* Ex. 1, Chrysler Decl., ¶ 35.

25.     Chrysler Capital attempted to call Mr. Headley and his relatives about the Vehicle nearly fifty times between July 7, 2021 and November 3, 2021.  *See* Ex. 1, Chrysler Decl., ¶ 36.

26.     Additionally, Chrysler Capital advised Mr. Headley on August 11, 2021, September 10, 2021, and February 19, 2025 that lease recovery letters were sent.  *See* Ex. 1, Chrysler Decl., ¶ 37; *see also* Chrysler Capital Failure to Return Vehicle Notice, dated February 6, 2025, attached hereto as Exhibit 7;

27.     Mr. Headley never paid for the Vehicle.  *See* Ex. 1, Chrysler Decl., ¶ 38.

28.     On or about June 8, 2025, Top Dawg Asset Recovery, LLC repossessed the Vehicle on behalf of Chrysler Capital.  *See* Ex. 1, Chrysler Decl., ¶ 39.

29.     On or about June 13, 2025, Mr. Headley purportedly executed a "Limited Power of Attorney" appointing Plaintiff as his "attorney-in-fact" as to several matters, including as to the Vehicle.  *See* Limited Power of Attorney, attached to Plaintiff's Damages Complaint as Exhibit D.

30.     Mr. Headly later passed away.  *See generally* Plaintiff's Damages Complaint.

31.     The Vehicle remains stored at 5540 Newport Street, Commerce City, CO 80022. *See* Ex. 1, Chrysler Decl., ¶ 40.

### III.        PROCEDURAL POSTURE

On July 17, 2025, Plaintiff filed the Replevin and Damages Complaints and a request for a hearing on pre-judgment possession and to enter a bond.  Later that day, Plaintiff purports to have served the Summons and Complaints on Christopher's Dodge in Jefferson County, Colorado.  *See* Return of Service, filed August 19, 2025.  On August 27, 2025, the Court entered the Order to Show Cause.  On September 4, 2025, the Court served its Order to Show Cause on Chrysler Capital through CT Corporation.  Chrysler Capital has not been served with the Summons or Complaints.

### IV.        LEGAL STANDARD

"Replevin is governed by C.R.C.P. 104."  *See Metro Nat. Bank v. District Court In and For City and County of Denver*, 676 P.2d 19, 22 (Colo. 1984).  C.R.C.P. 104 "sets forth the procedures which provide adequate protection for all parties to a replevin action."  *Id*.  "While a district court sits as a court of general jurisdiction in an action to replevy personal property, its powers are more limited when, in a pre-judgment hearing on an order to show cause, the only issue to be decided is which party, with ***reasonable probability***, is entitled to possession, use, and disposition of the property pending final adjudication of the claims of the parties."  *See Jack Kent Cadillac, Inc. v. District Court, In and For City and County of Denver*, 601 P.2d 626, 627 (Colo. 1979) (quoting C.R.C.P. 104(g)) (emphasis added).  If the Court determines that "the action is one in which a pre-judgment order of possession should issue, it shall direct the issuance of such order and may require a bond in such amount and with such surety as the court may determine to protect the rights of the parties."  *See* C.R.C. P. 104(g).

9

## V.    ARGUMENT

A pre-judgment order of possession in favor of Plaintiff is inappropriate in this case for several reasons.  As an initial matter, the Court lacks jurisdiction to issue any such order under C.R.C.P. 104(c) because Chrysler Capital has not been served with the Summons or Complaints. Moreover, even if Chrysler Capital was served, Plaintiff has not—and cannot—establish "with reasonable probability" that he is entitled to possession of the Vehicle.  Mr. Headley's Lease expired in April 2021 and neither he nor Plaintiff paid for the Vehicle.  CCAP Auto Lease Ltd. owns the Vehicle (as confirmed by the Certificate of Title) and its servicer, Chrysler Capital, is entitled to repossess its own property.

### A.    *Chrysler Capital has not been served with the Summons or Complaints.*

The Court cannot issue a pre-judgment order of possession in favor of Plaintiff because Plaintiff has not yet served the Summons or Complaints on Chrysler Capital.  C.R.C.P. 104 is "intended to ensure that a replevin defendant's constitutionally guaranteed property rights would not be jeopardized by unduly summary claim and delivery proceedings." *Jack Kent Cadillac, Inc. v. District Court,* 601 P.2d at 627–28.  To this end, C.R.C.P. 104(c) requires that "[t]he summons and complaint, if not previously served, and the order shall be served on the defendant [] in accordance with [] Rule 4 or in such a manner as the court may determine to be reasonably calculated to afford notice thereof to the defendant."

Plaintiff has not established this threshold service requirement in C.R.C.P. 104(c). Relevant to the present case, C.R.C.P. 4(e)(4) provides that, in order to serve a corporation, a plaintiff must serve either a corporate officer or "the registered agent for service as set forth in the most recently filed document in the records of the secretary of state of this state or any other state."

10

10

The entity or person served must be authorized to accept service of process for the corporation. *See* C.R.C.P. 4(e)(12).

Here, Chrysler Capital is a trade name for Santander Consumer USA Inc. *See* Plaintiff's Damages Complaint. The Colorado Secretary of State's website clearly sets forth that Santander Consumer USA Inc.'s principal address and registered agent in Colorado are:

| Details | | | |
|---|---|---|---|
| Name | Santander Consumer USA Inc. | | |
| Status | Good Standing | Formation date | 11/13/2006 |
| ID number | 20061463408 | Form | Foreign Corporation |
| Periodic report month | November | Jurisdiction | Illinois |
| Principal office street address | 1601 Elm St Ste 800, Dallas, TX 75201, US | | |
| Principal office mailing address | 1601 Elm St Ste 800, Dallas, TX 75201, US | | |

| Registered Agent | |
|---|---|
| Name | C T Corporation System |
| Street address | 7700 E Arapahoe Rd Ste 220, Centennial, CO 80112, US |
| Mailing address | 7700 E Arapahoe Rd Ste 220, Centennial, CO 80112, US |

*See Colorado Secretary of State*, available at this link (last accessed September 10, 2025).[3]

On September 4, 2025, the Court served the Order to Show Cause on Chrysler Capital via CT Corporation, but the Summons and Complaints were not included with that service. Ex. 1, Chrysler Decl., ¶ 45. As of the filing of this Response, Plaintiff still has not served Chrysler Capital with the Summons and Complaints. Ex. 1, Chrysler Decl., ¶ 46. Instead, Plaintiff served the Summons and Complaints on Christopher's Dodge, which is a car dealership in Jefferson County, Colorado. *See* Return of Service, filed August 19, 2025, p. 1. Christopher's Dodge is a separate

---

[3] The Court may take judicial notice of Chrysler Capital's registered agent information on the website of the Colorado Secretary of State. *See, e.g., Allen v. United Props. & Constr., Inc.*, No. 07–cv–00214, 2008 WL 4748511 (D. Colo. Oct. 28, 2008) (taking judicial notice of business records on Colorado Secretary of State's website, and citing case law stating, "Public records and government documents are generally considered not to be subject to reasonable dispute. This includes public records and government documents available from reliable sources on the Internet.") (citation omitted).

legal entity from Chrysler Capital and is not Chrysler Capital's registered agent or otherwise authorized to accept service on behalf of Chrysler Capital. *See* Ex. 1, Chrysler Decl., ¶¶ 42. Additionally, Plaintiff's service on Christopher's Dodge does not provide reasonable notice to Chrysler Capital because Christopher's Dodge has no connection whatsoever to Plaintiff's replevin claim. Mr. Headley did not lease the Vehicle from Christopher's Dodge and Christopher's Dodge is not even located in the same county as where Plaintiff resides or where this Court is located. Chrysler Capital services unrelated loans and leases originated by Christopher's Dodge, *see* Ex. 1, Chrysler Decl., ¶ 43, but those loans and leases are not at issue in this lawsuit.

This lack of proper service alone precludes the Court from issuing a pre-judgment order of possession in favor of Plaintiff because the requirements in C.R.C.P. 104(c) have not been met.

### B.    *Chrysler Capital owns the Vehicle and legally repossessed it.*

The Court should also decline to issue a pre-judgment order of possession in favor of Plaintiff because he has not—and cannot—establish a "reasonable probability" that he is entitled to possession of the Vehicle. *See* C.R.C.P. 104(g). Mr. Headley and Plaintiff have never owned the Vehicle. Chrysler Capital, as the agent for CCAP Auto Lease Ltd., owns the Vehicle, has had title to the Vehicle at all times, and, therefore, legally repossessed the Vehicle after Mr. Headley's lease expired and he failed to return or purchase the Vehicle.

Plaintiff has not met his burden of establishing that he is "the owner of the [Vehicle]" or otherwise "entitled to possession" of the Vehicle. *See* C.R.C.P. 104(b)(1). At most, Plaintiff can show that Mr. Headley leased the Vehicle until the Lease expired in April 2021, at which time he attempted to purchase the Vehicle but his personal check bounced in July 2021. *See* Ex. 1, Chrysler Decl. ¶¶ 23-28. Mr. Headley never paid for the Vehicle despite Chrysler Capital's

12

numerous attempts to obtain alternate payment from him. *Id*. ¶¶ 29-30, 36-37. This is confirmed by Plaintiff's Complaints and exhibits, which establish that the Certificate of Title continued to correctly list CCAP Auto Lease Ltd. as the owner of the Vehicle. *See* Certificate of Title, attached to Plaintiff's Damages Complaint as Exhibit C. In short, Plaintiff presents no evidence that he or Mr. Headley's estate own the Vehicle, and this failure certainly falls far short of the "reasonable probability" standard required to enter a pre-judgment order of possession under C.R.C.P. 104(g).

Faced with the inability of proving his or Mr. Headley's ownership of the Vehicle, Plaintiff instead vaguely claims that Chrysler Capital was required to have a "security agreement" or otherwise "perfect an interest" in the Vehicle that Chrysler Capital owned from the time that Mr. Headly entered the Lease. *See* Plaintiff's Damages Complaint, pp. 2-3. However, Chrysler Capital need not jump through such hoops to repossess its own property. The Vehicle's Certificate of Title always remained in CCAP Auto Lease Ltd, who owns the Vehicle. *See* Ex. 1, Chrysler Decl. ¶¶ 32-33; *see also* Certificate of Title, attached to Plaintiff's Damages Complaint as Exhibit C.

Therefore, CCAP Auto Lease Ltd. and its servicer, Chrysler Capital, is legally entitled to repossess its own property.[4] *See* Ex. 1, Chrysler Decl. ¶¶ 32-33; *see also* Certificate of Title, attached to Plaintiff's Damages Complaint as Exhibit C. Mr. Headley and Plaintiff do not own—and have never owned—the Vehicle and this is confirmed by the fact that the Vehicle's Certificate of Title was never changed to Mr. Headley's name. A purchaser does not acquire any

---

[4] The Lease also entitled Chrysler Capital to repossess the Vehicle upon a default, and also permits Chrysler Capital to sue Mr. Headley for damages and pursue any remedy the law provides. Ex. 2, Lease, p. 2, § 29(b). Under the Lease, Mr. Headley is liable for $150 plus Monthly Lease Payments for each month the Vehicle was retained after the expiration of the Lease. *See* Ex. 2, Lease, p. 2, § 27(a). According to Plaintiff's Damages Complaint, after the Lease expired, Mr. Headley and Plaintiff improperly retained the Vehicle, without payment, for over 49 months. Thus, Chrysler Capital is entitled to at least $15,878.00 under the terms of the Lease.

13

right, title, or interest in a motor vehicle purchased unless and until he or she obtains Certificate of Title from the transferor.  *See* C.R.S. § 42-6-109(1).  Plaintiff claims that Mr. Headley never bounced checks (*see* Damages Complaint, p. 2) but provides no evidence or other proof that the funds Mr. Headley allegedly submitted to Chrysler Capital to purchase the Vehicle ever left Mr. Headley's account.  In stark contrast, Chrysler Capital confirms that Mr. Headley's payment bounced, that it never received payment from Mr. Headley to purchase the Vehicle, that it sent numerous follow up communications to Mr. Headley but that those communications were unsuccessful, and that Plaintiff never returned the Vehicle.[5]  *See* Ex. 1, Chrysler Decl. ¶¶ 29-30, 36-67.  Chrysler Capital also provides evidence confirming its title in the Vehicle at all relevant times.  *Id*., ¶ 32-33.  In short, CCAP Auto Lease Ltd. owned the Vehicle at all relevant times.

### C.    *Chrysler Capital's repossession of the Vehicle was not time-barred.*

It is axiomatic that Chrysler Capital was not time-barred from repossessing the Vehicle in June 2025, as Plaintiff suggests.  *See* Plaintiff's Damages Complaint, pp. 2-3.  Plaintiff's confusion as to the statute of limitations appears to stem from the fact that he believes that Chrysler Capital was required to commence an action or lawsuit to repossess the Vehicle.  No such requirement exists in Colorado law and Mr. Headley's Lease did not require Chrysler Capital to initiate a legal action to repossess its property.  *See* Ex. 2, Lease, p. 2, §§ 27, 29 (permitting Chrysler Capital to repossess the Vehicle "without demand").  Accordingly, Chrysler Capital did not file suit or "commence" any "action" to repossess the Vehicle, which it owned. *See* Chrysler Decl. ¶¶ 14-16; *see also* Certificate of Title, attached to Plaintiff's Damages Complaint as Exhibit C.

---

[5]  Plaintiff's reliance on a purported Bill of Sale does not change this result because Chrysler Capital issued the Bill of Sale before it knew that Mr. Headley's payment had bounced.  *See* Ex. 1, Chrysler Decl. ¶¶ 26-27.

14

14

Plaintiff's citations in the Damages Complaint underscore his confusion as to the timeliness of Chrysler Capital's repossession of the Vehicle:

- He cites C.R.S. § 13-80-103.5 (*see* Plaintiff's Damages Complaint, p. 1), which is inapplicable to Chrysler Capital's repossession of the Vehicle because that statute explicitly provides a limitations period for "actions [to] be commenced." Section 13-80-103.5 is not unique in this regard—all Colorado statues of limitations apply to "actions" and limit only when "actions" can be "commenced." *See, e.g.,* C.R.S. §§ 13-80-101, 102, 102.5, 103. To this end, Article 80 of Title 13 of the Colorado Revised Statutes is called "Limitations – Personal Actions."

- He also cites *White v. Jackson*, 586 P.2d 243 (Colo. App. 1978) (*see* Plaintiff's Damages Complaint, p. 3), which is similarly distinguishable and inapplicable to Chrysler Capital's repossession of the Vehicle because that case involved a plaintiff's claim for replevin and damages under C.R.C.P. 104. Again, however, Chrysler Capital was under no obligation by Colorado law or the Lease to initiate a replevin action to repossess its own property. Moreover, *White* did not address the statute of limitations for repossession and instead addressed timeliness of the plaintiff's action only with regard to enforcing a lien, which is irrelevant to the present case where Chrysler Capital repossessed the Vehicle pursuant to its own ownership (per the Certificate of Title) and as permitted in the Lease.

As a result, no limitations period to commence a lawsuit in Section 13-80-103.5 or any other statute applies to Chrysler Capital's repossession of the Vehicle. If it did, however, Chrysler Capital's repossession would still be timely because Section 13-80-103.5(1)(a) provides a *six-year*

15

limitations period to "commence" any "actions of replevin to recover the possession of personal property," such as an automobile. *See* C.R.S. § 13-80-103.5. Here, Mr. Headley's Lease expired in April 2021 and Chrysler Capital—after years of working to resolve the issues—timely repossessed the Vehicle in June 2025, which is far less than the six-year limitations period set forth in Section 13-80-103.5. Indeed, if Section 13-90-103.5 did apply (which it does not), Chrysler Capital had until 2027 to recover the Vehicle that it lawfully owns and to which it retains title. [6]

## VI.    CONCLUSION

Therefore, for the foregoing reasons, Chrysler Capital respectfully requests that this Court deny Plaintiff's request for a pre-judgment order granting possession of the Vehicle to Plaintiff, declare that Chrysler Capital's repossession was legal and valid, dismiss Plaintiff's Complaints, and grant such other relief as is deemed just and necessary.

Respectfully submitted this 10th day of September, 2025.

BRYAN CAVE LEIGHTON PAISNER LLP

*/s/ Matthew M. Petersen*
Matthew M. Petersen, #48562
Kristen M. Kennedy, #60969

*Attorneys for Defendant Santander Consumer USA Inc. d/b/a Chrysler Capital*

---

[6] Regardless, Plaintiff's filing of this replevin action would serve to revive any of Chrysler Capital's claims that could be interpreted to be time-barred. *See* Colo. Rev. Stat. § 13-80-109 ("A counterclaim or setoff arising out of the transaction or occurrence which is the subject matter of the opposing party's claim shall be commenced within one year after service of the complaint by the opposing party and not thereafter."); *Atl. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1168-69 (10th Cir. 2000) (holding that Section 13-80-109 allows a party against whom a claim has been asserted to plead a stale claim as a counterclaim, even if it was time-barred when the complaint was filed).

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 10, 2025, the foregoing **RESPONSE TO THE COURT'S SECOND AMENDED ORDER TO SHOW CAUSE PURSUANT TO C.R.C.P. 104** was filed via the Colorado Court E-Filing System and served on the following through the Colorado Court E-Filing System:

Alex Headley
383 Hummingbird Circle
Silverthorne, CO 80498
Phone: 970-390-7785
Ajinvestments.alex@gmail.com
*Pro Se Plaintiff*

Estate of James Headley
383 Hummingbird Circle
Silverthorne, CO 80498
Phone: 970-390-7785
Ajinvestments.alex@gmail.com
*Pro Se Plaintiff*

*/s/ Matthew M. Petersen*

17

17