IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No. 1:25-cv-03677-RTG

ALEX HEADLEY, Plaintiff

v.

 SANTANDER CONSUMER USA INC. d/b/a CHRYSLER CAPITAL, Defendant(s).

Jury Trial requested:

(please check one)

X Yes ___ No

COMPLAINT

NOTICE

A. PLAINTIFF INFORMATION

You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address. Failure to keep a current address on file with the court may result in dismissal of your case.

Alex Headley

383 Hummingbird Circle, PO Box 1141

Silverthorne, CO 80498


(970) 390-7785

Ajinvestments.alex@gmail.com


B. DEFENDANT(S) INFORMATION

Please list the following information for each defendant listed in the caption of the complaint. If more space is needed, use extra paper to provide the information requested. The additional pages regarding defendants should be labeled "B. DEFENDANT(S) INFORMATION."


Defendant 1: Santander Consumer USA Inc. d/b/a Chrysler Capital

1601 Elm Street, Suite 800

Dallas, TX 75201


(Matthew Peterson and Kristin Kennedy representing)


C. JURISDICTION

Identify the statutory authority that allows the court to consider your claim(s): (check one)


X Federal question pursuant to 28 U.S.C. § 1331 (claims arising under the Constitution, laws, or treaties of the United States)


List the specific federal statute, treaty, and/or provision(s) of the United States Constitution that are at issue in this case.

42 U.S.C. § 1983 (violation of Fourth Amendment rights through unreasonable seizure of property under color of state law).

X Diversity of citizenship pursuant to 28 U.S.C. § 1332 (a matter between individual or corporate citizens of different states and the amount in controversy exceeds $75,000)

Plaintiff is a citizen of the State of Colorado.

If Defendant 1 is a corporation,

Defendant 1 is incorporated under the laws of Illinois.

Defendant 1 has its principal place of business in Texas.

D. STATEMENT OF CLAIM(S)

CLAIM ONE: Replevin for Wrongful Detention of Vehicle and Personal Property

Defendant violated my common law right to possession of a 2018 Ram 1500 Crew Cab (VIN: 1C6RR7LTXJS135527) ("Vehicle"), valued at $35,000, and personal property therein (e.g., travel binder with securities, bonds, birth certificates, tools, clothing). On June 8, 2025, Defendant unlawfully repossessed the Vehicle from a private hotel parking lot in Colorado without judicial process, breaching the peace under common law replevin principles (as in Wolfenbarger v. Williams, 774 F.2d 358 (10th Cir. 1985), prioritizing rightful possession). The Vehicle belonged to my now deceased father, James Headley, he had given it to me when I got outwhile he was in the hospital and he and my mother created a trust while he was in the hospital the truck was in the estate and has since been transferred ownership to myself for the purposes of this lawsuit. Defendant's agents (towing company) acted under Defendant's direction. No valid default existed, as a certified bank draft was sent for purchase, and no timely notice of dishonor was given. Despite over 15 communications (e.g., June 9- September 4, 2025), Defendant detained the property including my personal property, creating a bailment duty it breached by destroying personal items.

CLAIM TWO: Common Law Conversion and Wrongful Repossession

Defendant violated my common law right against conversion by exercising wrongful dominion over the Vehicle and personal property without authority, recognizing common law conversion for unauthorized control. On June 8, 2025, Defendant seized the property without consent or due process, destroying irreplaceable items (e.g., sentimental gifts, documents valued at $10,000+). This caused $50,000 in damages for loss of use, emotional distress, and estate costs. No equivalent value was received, and Defendant's actions were willful.

CLAIM THREE: Violation of Fourth Amendment Rights under 42 U.S.C. § 1983

Defendant, acting under color of state law via Colorado's self-help repossession statutes (C.R.S. § 4-9-609), violated my Fourth Amendment right against unreasonable seizures. On June 8, 2025, Defendant seized the Vehicle and property without warrant or process, forcing underground practice of rights. Despite notice to preserve (e.g., Multiple Emails and recorded Phone calls to the defendant), Defendant destroyed property, causing $60,000 in damages. This delegated state authority makes Defendant liable under § 1983 (Lugar v. Edmondson Oil Co., 457 U.S. 922 (1982)).

E. REQUEST FOR RELIEF

(a) Pre-judgment possession of the Vehicle under common law replevin;

(b) Judgment for possession of the Vehicle or its value ($35,000);

(c) Compensatory damages for conversion ($50,000);

(d) Damages under 42 U.S.C. § 1983 ($60,000);

(e) Punitive damages for willful conduct;

(f) Costs, interest, and such other relief as the Court deems just (total damages $145,000).

F. PLAINTIFF'S SIGNATURE

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. See 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

(Plaintiff's signature) _____S/ALEX HEADLEY

(Date) __January 19, 2026__

(Revised February 2022)