**MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO**

**Civil Action No. 1:25-cv-03677-SKC-TPO**

**ALEX HEADLEY,** Plaintiff,

v.

**SANTANDER CONSUMER USA INC. d/b/a CHRYSLER CAPITAL,** Defendant.

**MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

Plaintiff Alex Headley, proceeding pro se, respectfully moves this Honorable Court pursuant to Fed. R. Civ. P. 15(a)(2) for leave to file the attached **First Amended Complaint** (Exhibit A).

Leave to amend "should be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Courts in the District of Colorado routinely grant such motions absent undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility. *See, e.g.*, orders granting amendment under Rule 15(a)(2) emphasizing liberal construction, especially for pro se litigants.

Here, the amendments:

1. Conform the pleading to the Court-approved Complaint form as directed in the November 18, 2025 Order Directing Plaintiff to Cure Deficiencies (Doc. 9) and D.C.COLO.LCivR 8.1(a);
2. Clarify Plaintiff's **common-law claims for replevin and conversion**, which rest on independent standing under Colorado common law and 10th Circuit precedent;
3. Incorporate precise definitions and provisions from the Colorado Uniform Commercial Code (UCC) to demonstrate that no default existed at the time of repossession because a certified bank draft was tendered in good faith, title passed, and no timely notice of dishonor was given; and
4. Do not introduce new causes of action or prejudice Defendant, who has already appeared and sought extensions in the removed action.

**Common-Law Standing – Replevin and Conversion (10th Circuit Framework)** Plaintiff asserts standing rooted in longstanding common-law rights to replevin (recovery of wrongfully detained chattel) and conversion (wrongful exercise of dominion over personal property). *See Wolfenbarger v. Williams*, 774 F.2d 358, 362 (10th Cir. 1985) (replevin protects the immediate right to possession of property wrongfully detained; self-help repossession that breaches the peace supports liability). Analogous 10th Circuit authority confirms that unauthorized dominion over another's property gives rise to conversion. *Northern Natural Gas Co. v. Nash Oil & Gas, Inc.*, 526 F.3d 1350 (10th Cir. 2008). These claims are independent of any estate or trust representation issues noted in Doc. 9 and survive removal under 28 U.S.C. §§ 1441 and 1446.

The amendments integrate the following Colorado UCC provisions without altering the core common-law theories:

- CRS § 4-3-103(4) – Definition of **"Good faith"** (honesty in fact and observance of reasonable commercial standards of fair dealing);
- CRS § 4-3-104(f) – Definition of **"Check"** (including certified bank draft);
- CRS § 4-3-118(c) and (d) – Statute of limitations for enforcement of the instrument;
- CRS § 4-3-503(c)(ii) – Requirements and timing for notice of dishonor;
- CRS § 4-2-401(2) – Passage of title upon delivery of goods (or tender of payment in the context of the transaction).

These provisions demonstrate that title to the Vehicle passed upon tender of the certified bank draft, no default occurred, and Defendant lacked any enforceable right to repossess under Colorado law (including C.R.S. § 4-9-609, which permits self-help repossession only "without breach of the peace" after default). The repossession from a private hotel parking lot without judicial process is alleged to have breached the peace, consistent with common-law limits on self-help remedies.

The proposed **First Amended Complaint** is attached as **Exhibit A** and is submitted on the court-approved form. It includes the required civil action number, proper caption, and Plaintiff's signature under penalty of perjury. No new parties or fundamentally new claims are added; the amendments merely provide greater factual and legal clarity to claims already on file.

The **redline edits** are attached as **Exhibit B.**

For these reasons, justice requires that leave be granted. Plaintiff requests that the Court: (1) grant this Motion; (2) deem the First Amended Complaint filed as of the date of this Motion or as otherwise directed; and (3) grant such other relief as the Court deems just and proper.

Respectfully submitted,

/s/ Alex Headley Alex Headley, Pro Se

383 Hummingbird Circle, PO Box 1141

Silverthorne, CO 80498

Telephone: (970) 390-7785

Email: Ajinvestments.alex@gmail.com

**CERTIFICATE OF SERVICE** I certify that on April 13, 2026, a true and correct copy of this Motion and the attached Exhibits A and B, was served via the Court's CM/ECF system (or U.S. Mail where necessary) upon Defendant's counsel of record: Matthew M. Petersen and Kristen M. Kennedy Bryan Cave Leighton Paisner LLP 1700 Lincoln Street, Suite 4100 Denver, CO 80203

/s/ Alex Headley