**FIRST AMENDED COMPLAINT**

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO**
**Civil Action No. 1:25-cv-03677-SKC-TPO**

**ALEX HEADLEY,** Plaintiff,

v.

**SANTANDER CONSUMER USA INC. d/b/a CHRYSLER CAPITAL,** Defendant.

**Jury Trial requested: X Yes ___ No**

**FIRST AMENDED COMPLAINT**

**NOTICE**

**A. PLAINTIFF INFORMATION** Alex Headley 383 Hummingbird Circle, PO Box 1141
Silverthorne, CO 80498 (970) 390-7785 Ajinvestments.alex@gmail.com

**B. DEFENDANT(S) INFORMATION** Defendant 1: Santander Consumer USA Inc. d/b/a
Chrysler Capital 1601 Elm Street, Suite 800 Dallas, TX 75201 (Matthew Petersen and Kristin
Kennedy representing)

**C. JURISDICTION** X Federal question pursuant to 28 U.S.C. § 1331 (42 U.S.C. § 1983 –
Fourth Amendment unreasonable seizure). X Diversity of citizenship pursuant to 28 U.S.C. §
1332 (Plaintiff citizen of Colorado; Defendant incorporated in Illinois with principal place of
business in Texas; amount in controversy exceeds $75,000).

**D. STATEMENT OF CLAIM(S)** (Common-Law Standing – 10th Cir. Authority)

**CLAIM ONE: Common-Law Replevin – Wrongful Detention of Vehicle and Personal
Property** Defendant violated Plaintiff's common-law right to immediate possession of the 2018
Ram 1500 Crew Cab (VIN: 1C6RR7LTXJS135527) ("Vehicle"), valued at $35,000, plus
personal property inside (travel binder with securities, bonds, birth certificates, tools, clothing).
On June 8, 2025, Defendant's agents repossessed the Vehicle from a private hotel parking lot in
Colorado without judicial process, breaching the peace. *Wolfenbarger v. Williams*, 774 F.2d 358,
362 (10th Cir. 1985) (replevin enforces rightful possessory interest; self-help repossession
breaching peace is actionable).

**Added UCC Definitions and Facts:** "**Good faith**" means honesty in fact and the observance of
reasonable commercial standards of fair dealing. CRS § 4-3-103(4). The certified bank draft
tendered by Plaintiff constitutes a **"check"** under CRS § 4-3-104(f). Plaintiff acted in good faith.
Defendant provided no timely notice of dishonor as required by CRS § 4-3-503(c)(ii). The
statute of limitations for enforcement had expired (CRS § 4-3-118(c)–(d)). **Title passed** to
Plaintiff upon delivery of the draft (CRS § 4-2-401(2)). No default existed; Defendant therefore

had no right to repossess. The Vehicle belonged to Plaintiff's deceased father and was transferred to Plaintiff via the James Headley Family Living Trust for purposes of this action. Defendant's agents acted under Defendant's direction and created a bailment it breached by destroying personal items.

**CLAIM TWO: Common-Law Conversion – Wrongful Repossession and Dominion**
Defendant exercised wrongful dominion over the Vehicle and personal property without authority, recognizing common-law conversion. *Northern Natural Gas Co. v. Nash Oil & Gas, Inc.*, 526 F.3d 1350 (10th Cir. 2008). On June 8, 2025, Defendant seized the property without consent or due process, destroying irreplaceable items valued at $10,000+. No equivalent value was received. The UCC facts in Claim One establish title had passed and no default existed, rendering the repossession conversion. Damages: $50,000 (loss of use, emotional distress, estate costs).

**CLAIM THREE: 42 U.S.C. § 1983 – Fourth Amendment Violation** Defendant, acting under color of state law via Colorado's self-help repossession statutes (C.R.S. § 4-9-609), violated my Fourth Amendment right against unreasonable seizures. On June 8, 2025, Defendant seized the Vehicle and property without warrant or process, forcing underground practice of rights. Despite notice to preserve (e.g., Multiple Emails and recorded Phone calls to the defendant), Defendant destroyed property, causing $60,000 in damages. This delegated state authority makes Defendant liable under § 1983 (Lugar v. Edmondson Oil Co., 457 U.S. 922 (1982))

**E. REQUEST FOR RELIEF**

(a) Pre-judgment possession of the Vehicle under common-law replevin;

(b) Judgment for possession or value ($35,000);

(c) Compensatory damages for conversion ($50,000);

(d) Damages under § 1983 ($60,000);

(e) Punitive damages;

(f) Costs, interest, and other relief (total $145,000).

**F. PLAINTIFF'S SIGNATURE** I declare under penalty of perjury under 28 U.S.C. § 1746 that the foregoing is true and correct. I certify under FRCP 11 that this Amended Complaint complies with all requirements.

/s/ Alex Headley Alex Headley, Pro Se Date: 12 April 2026