**REDLINE EDITS TO EXISTING COMPLAINT ( Pages 3–4)** (Only the Statement of Claim sections are shown with **strike-through** for deletions and **bold underline** for additions. Full clean version follows in the approved form.)

**D. STATEMENT OF CLAIM(S)**

**CLAIM ONE: Replevin for Wrongful Detention of Vehicle and Personal Property**
Defendant violated my common law right to possession of a 2018 Ram 1500 Crew Cab (VIN: 1C6RR7LTXJS135527) ("Vehicle"), valued at $35,000, and personal property therein... **No valid default existed, as a certified bank draft was sent for purchase, and no timely notice of dishonor was given. ADDED LANGUAGE (new paragraph to be inserted after the first sentence):** "'**Good faith**' means honesty in fact and the observance of reasonable commercial standards of fair dealing. CRS § 4-3-103(4). The certified bank draft tendered by Plaintiff constitutes a **'check'** as defined in CRS § 4-3-104(f). Plaintiff acted in good faith. No notice of dishonor was provided within the time prescribed by CRS § 4-3-503(c)(ii). Accordingly, the statute of limitations for enforcement of the instrument has not expired (CRS § 4-3-118(c)–(d)), **title passed** to Plaintiff upon delivery of the draft (CRS § 4-2-401(2)), and Defendant had no enforceable security interest or right of repossession. *Wolfenbarger v. Williams*, 774 F.2d 358, 362 (10th Cir. 1985) (common-law replevin protects rightful possessory interest against wrongful detention)."

**CLAIM TWO: Common Law Conversion and Wrongful Repossession** [Existing text unchanged] **ADDED LANGUAGE (new paragraph at end of Claim Two):** "Defendant's exercise of dominion was unlawful because, under the UCC provisions above, title had already passed and no default existed. *See Northern Natural Gas Co. v. Nash Oil & Gas, Inc.*, 526 F.3d 1350 (10th Cir. 2008) (conversion arises from unauthorized control over property to which another has superior right).