**PLAINTIFF ALEX HEADLEY'S DISCLOSURE STATEMENT PURSUANT TO FED. R. CIV. P. 7.1 (Common Law Standing in Replevin and Unlawful Conversion – 10th Cir. Authority)**

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:25-cv-03677-SKC-TPO

ALEX HEADLEY, Plaintiff,

v.

SANTANDER CONSUMER USA INC. d/b/a CHRYSLER CAPITAL, Defendant.

---

**PLAINTIFF'S DISCLOSURE STATEMENT**

Pursuant to Fed. R. Civ. P. 7.1(a), Plaintiff Alex Headley, proceeding pro se as a **white state citizen** of the State of Colorado with **domicile** in the Town of Silverthorne, County of Summit, State of Colorado, United States of America, North American Continent, Earth, hereby files this Disclosure Statement.

Plaintiff is a **natural person** (sui juris, non-corporate, non-entity individual) and therefore not a "nongovernmental corporate party" within the literal text of Rule 7.1. No parent corporation, publicly held corporation owning 10% or more of any stock, or other corporate interest exists. Plaintiff asserts **common-law standing** to prosecute this replevin and unlawful conversion action under the ancient common-law remedies preserved in the 10th Circuit.

**Common-Law Standing – Replevin and Conversion** Plaintiff's standing rests squarely on his superior possessory right to the specific chattel (the 2018 Dodge Ram 1500 vehicle) under **common-law replevin** and **unlawful conversion**. See Todd v. Nielson, No. 22-4099 (10th Cir. Aug. 3, 2023) (recognizing the common-law writ of personal replevin as a proper vehicle to vindicate a plaintiff's right to immediate possession of wrongfully detained property). The 10th Circuit has long held that replevin lies to recover specific personal property where the plaintiff demonstrates a right to immediate possession and the defendant's wrongful detention or conversion. Wolfenbarger v. Williams, 774 F.2d 358 (10th Cir. 1985) (replevin action proper where defendant exercised dominion over chattels inconsistent with plaintiff's ownership rights).

Unlawful conversion is established by the defendant's intentional exercise of dominion and control over the vehicle to the exclusion of Plaintiff's rights, causing injury. The 10th Circuit treats conversion as a completed tort once the chattel is wrongfully repossessed and detained without lawful process, entitling the rightful possessor to replevin and damages. See also Hatahley v. United States, 351 U.S. 173 (1956) (10th Cir. remand recognizing common-law conversion and replevin remedies for wrongful seizure of chattels as providing adequate post-deprivation relief). Plaintiff's verified complaints (original and Third Amended) plead precisely

these common-law elements: (1) right to immediate possession; (2) wrongful taking/detention by Defendant; and (3) demand for return plus damages.

This Court's own Order Directing Plaintiff to Cure Deficiencies (Doc. 9, Nov. 18, 2025) acknowledges the replevin and common-law conversion claims that were removed from state court. Plaintiff's standing is not derivative of any corporate or trust entity; it flows directly from his status as the common-law owner/possessor of the chattel. The Estate of James Headley (or James Headley Family Living Trust) is identified only as an additional named party whose claims Plaintiff does not purport to represent in a representative capacity, consistent with 28 U.S.C. § 1654 and Harrison v. Wahatoyas, LLC, 253 F.3d 552 (10th Cir. 2001).

**Conclusion** Plaintiff has no corporate affiliations, parents, or 10%+ owners to disclose. His standing is rooted in **common-law replevin and conversion** as recognized and enforced by the 10th Circuit in Todd, Wolfenbarger, and related authority. Plaintiff respectfully requests the Court accept this Disclosure Statement and proceed on the merits of the replevin/conversion claims.

Respectfully submitted this 13th day of April, 2026.

/s/ Alex Headley Alex Headley, Pro Se 383 Hummingbird Circle, PO Box 1141 Silverthorne, CO 80498 (970) 390-7785 Ajinvestments.alex@gmail.com

**Certificate of Service** I hereby certify that on April 13, 2026, a true copy of the foregoing was served via the Court's CM/ECF system and by first-class mail upon counsel for Defendant: Matthew M. Petersen and Kristen M. Kennedy Bryan Cave Leighton Paisner LLP 1700 Lincoln Street, Suite 4100 Denver, CO 80203

/s/ Alex Headley