**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:25-cv-03677-SKC-TPO

ALEX HEADLEY

      Plaintiff,

v.

SANTANDER CONSUMER USA INC., d/b/a
CHRYSLER CAPITAL,

      Defendant.

---

**DEFENDANT'S MOTION TO DISMISS**

---

Matthew M. Petersen, #48562
Kristen M. Kennedy, #60969
BRYAN CAVE LEIGHTON PAISNER LLP
1700 Lincoln Street, Suite 4100
Denver, CO 80203
Telephone: (303) 861-7000
Matt.petersen@bclplaw.com
Kristen.kennedy@bclplaw.com

*Attorneys for Defendant Santander
Consumer USA Inc. d/b/a Chrysler Capital*

i

## TABLE OF CONTENTS

I.    INTRODUCTION ........................................................................................... 1

II.    PLAINTIFF'S ALLEGATIONS ..................................................................... 2

III.    ARGUMENT ................................................................................................. 4

    A.    Legal Standard ................................................................................... 4

    B.    The Court should dismiss each of Plaintiff's claims under Fed. R.
    Civ. P. 12(b)(6). ................................................................................. 4

        1.    Plaintiff's replevin claim (Count 1) fails as a matter of law. ....... 4

            a.    Plaintiff's replevin claim fails for the threshold reason
            that James Headley never owned the Vehicle. ................... 5

                i.    The Vehicle is owned by CCAP, not James
                Headley. .................................................................. 5

                ii.    Chrysler Capital lawfully repossessed the
                Vehicle. .................................................................. 7

                iii.    The UCC does not save Plaintiff's inability to
                allege James Headley's ownership. ......................... 9

            b.    Regardless, Plaintiff has not pled that he has inherited
            any interest in the Vehicle. ............................................. 11

        2.    Plaintiff has not pled a claim for conversion (Count 2).............. 12

        3.    Plaintiff's Section 1983 claim (Count 3) also fails...................... 13

IV.    CONCLUSION............................................................................................. 15

D.C.COLO.LCivR 7.1(a) CERTIFICATION ............................................................ 17

GENERATIVE ARTIFICIAL INTELLIGENCE (AI) CERTIFICATION.................. 18

CERTIFICATE OF SERVICE.................................................................................. 19

ii

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adams v. Coastline Comm. Credit Union,*
171 F. App'x. 192 (9th Cir. 2006) (unpublished) .................................................. 15

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009) ..................................................................................... 4

*Beedle v. Wilson,*
422 F.3d 1059 (10th Cir. 2005) ................................................................. 14

*Bell Atl. Corp. v. Twombly,*
550 U.S. 544 (2007) ................................................................................. 13

*Brennan v. City and Cnty. of Denver,*
397 P.2d 876 (Colo. 1964) .......................................................................... 5

*Brokers' Choice of Am., Inc. v. NBC Universal, Inc.,*
757 F.3d 1125 (10th Cir. 2014) ......................................................... 13, 14

*Codding v. Jackson,*
287 P.2d 976 (Colo. 1955) ....................................................................... 6, 7

*Counce v. Wolting,*
760 F. App'x 575 (10th Cir. 2019) (unpublished) .................................... 14

*Guy Martin Buick, Inc. v. Colorado Springs Nat. Bank,*
519 P.2d 354 (Colo. 1974) .......................................................................... 10

*Harrison v. Wahatoyas, LLC,*
253 F.3d 552 (10th Cir. 2001) ................................................................. 11

*Jacobsen v. Deseret Book Co.,*
287 F.3d 936 (10th Cir. 2002) ................................................................... 3

*L-3 Comm. Corp. v. Jaxon Eng'g & Maint., Inc.,*
863 F. Supp. 2d 1066 (D. Colo. 2012) ............................................... 12, 13

*Lugar v. Edmondson Oil Co., Inc.,*
457 U.S. 922 (1982) ................................................................................. 15

*Martinez v. Allstate Ins. Co.*,
    961 P.2d 531 (Colo. App. 1997) ................................................................................. 6

*McCollam v. Sunflower Bank, N.A.*,
    598 F.Supp.3d 1104 (D. Colo. 2022).......................................................................... 4

*Rocky Mountain Fuel Co. v. George N. Sparling Coal Co.*,
    143 P. 815 (Colo. App. 1914) .................................................................................. 11

*Straker v. Stancil*,
    685 F.Supp.3d 1024 (D. Colo. 2023).......................................................................... 4

*Temple Hoyne Buell Found. v. Holland & Hart*,
    851 P.2d 192 (Colo. App. 1992) .............................................................................. 11

*Thetsy v. Ruiz*,
    No. 23-cv-00800-RMR-MDB, 2023 WL 9104815 (D. Colo. 2023)........................... 5

*Van De Berg v. C.I.R.*,
    175 F. App'x 539 (3d Cir. 2006) (unpublished)....................................................... 11

**Statutes**

C.R.S.
    § 4-2-401(2) ............................................................................................................... 9
    § 4-2-507(2) ............................................................................................................. 10
    § 4-2-511(3) ............................................................................................................. 10
    § 4-2.5-525(3) ............................................................................................... 8, 14, 15
    § 4-3-118(c)............................................................................................................. 10
    § 4-3-118(d) ............................................................................................................ 10
    § 4-3-310.................................................................................................................. 10
    § 4-9-601(h) .............................................................................................................. 8
    § 4-9-609.......................................................................................................... 14, 15
    § 13-6-9 (1953) ........................................................................................................ 6
    § 42-6-107(2) ............................................................................................................ 6
    § 42-6-110.................................................................................................................. 6
    § 42-6-110(1) ........................................................................................................ 6, 7

28 U.S.C. § 1654................................................................................................................ 11

**Other Authorities**

1 CCR
    204-10:18...................................................................................................... 7
    204-10:18 (2.1)(a) ......................................................................................... 6

Colo. R. Civ. P.
    104............................................................................................................. 4, 5
    104(b)(1) ....................................................................................................... 12
    104(b)(3) ....................................................................................................... 12
    104(c)............................................................................................................. 5

Fed. R. Civ. P.
    12(b)(6) ....................................................................................................... 1, 4
    64................................................................................................................... 5

Defendant Santander Consumer USA Inc. d/b/a Chrysler Capital ("Chrysler Capital") moves to dismiss the Second Amended Complaint (ECF No. 36, "Second Amended Complaint" or "Sec. Am. Compl.") filed by Plaintiff Alex Headley ("Plaintiff") pursuant to Fed. R. Civ. P. 12(b)(6).[1]

## I.    INTRODUCTION

This matter arises from Chrysler Capital's repossession of a 2018 Ram 1500 Crew Cab ("Vehicle") because non-party James Headley (Plaintiff's father) failed to return it after his lease expired.  James Headley later died, and Plaintiff initiated this replevin lawsuit in Denver District Court claiming to be James Headley's heir and that the repossession was "unlawful."  However, despite Plaintiff's ***third attempt*** to manufacture claims against Chrysler Capital,[2] nothing that he pleads changes the simple fact that it is not illegal in Colorado for an owner to repossess its own property improperly held by someone else, which is what happened here.

Plaintiff claims that he now owns the Vehicle because it previously "belonged" to James Headley, who purportedly attempted to purchase the Vehicle after his lease ended.  Plaintiff admits that the purchase payment was "dishonored" for an unspecified reason, but nonetheless insists that James Headley owned the Vehicle

---

[1] Chrysler Capital refers to Plaintiff's Amended Complaint as his Second Amended Complaint.  *See* ECF No. 35, "Order Granting Plaintiff's Motion for Leave."

[2] The Second Amended Complaint is Plaintiff's third attempt to plead viable claims in this case.  It is his ***fourth attempt*** overall—Plaintiff previously filed another lawsuit in this Court regarding the same Vehicle, which was dismissed by Judge Babcock on August 28, 2025.  *See* ECF No. 6 in Case No. 1:25-cv-02185-LTB.

because Chrysler Capital or another third party did not provide "timely notice of dishonor." Plaintiff alleges that the Vehicle went into a "trust" following James Headley's death, and was later "transferred" to Plaintiff "for purposes of this lawsuit."

However, Plaintiff's third bite at the apple (after being provided multiple time extensions) fails for the same reasons as his first two complaints. The Second Amended Complaint establishes only that James Headley illegally retained possession of the Vehicle after unsuccessfully attempting to purchase it with a "dishonored" payment. This fails to establish that James Headley previously owned the Vehicle or that Plaintiff now owns it, which alone defeats his claims for replevin (Count One), conversion (Count Two), and Section 1983 (Count 3). These claims are further defeated by the fact that James Headley's lease and the Vehicle title confirm the lessor, CCAP Auto Lease Ltd. ("CCAP"), owned the Vehicle, leased the Vehicle to James Headley, and that title to the Vehicle was and still is in CCAP's name. Therefore, Chrysler Capital[3] was legally entitled to repossess the Vehicle when James Headley failed to return it under the lease, and Plaintiff's Second Amended Complaint should be dismissed with prejudice.

## II. PLAINTIFF'S ALLEGATIONS

James Headley leased the Vehicle from CCAP. *See* Motor Vehicle Lease

---

[3] James Headley's lease was owned by CCAP Auto Lease Ltd. and serviced by Chrysler Capital. Chrysler Capital is licensed to Santander Consumer USA Inc., more commonly known as, Santander Consumer USA Inc. d/b/a Chrysler Capital ("Chrysler Capital").

2

Agreement, dated April 30, 2018 ("Lease") attached hereto as <u>Exhibit 1</u>, p. 1; *see also*

Chrysler Capital Declaration In Support of Motion to Dismiss ("Chrysler Capital

Decl."), ¶ 11, attached hereto as <u>Exhibit 3</u> (authenticating the Lease).[4]  The Vehicle

was—and still is—titled to CCAP.  *See* Certificate of Title, attached hereto as <u>Exhibit</u>

<u>2</u>, p. 1;[5] Ex. 3, Chrysler Capital Decl., ¶ 11 (authenticating Certificate of Title).

After the Lease expired on April 30, 2021, James Headley failed to return the

Vehicle as required in the Lease.  *See* Sec. Am. Compl., § D, p. 1.  He allegedly

attempted to purchase the Vehicle with a "certified bank draft,"[6] but the payment

was "dishonored" by Chrysler Capital or an unidentified third party (*e.g.,* James

Headley's bank).  *Id*., pp. 1-2.  Nevertheless, he retained the Vehicle in violation of

---

[4] The Court may consider the Lease on this Rule 12 motion and need not convert it
into a summary judgment motion because the Lease is "central" to Plaintiff's
allegation that James Headley did not "default" under the Lease and his claim that
the Vehicle "belonged" to James Headley.  *See* Sec. Am. Compl., § D, pp. 1-2; *see also*
*Jacobsen v. Deseret Book Co.,* 287 F.3d 936, 940 (10th Cir. 2002) ("In addition to the
complaint, the district court may consider documents referred to in the complaint if
the documents are central to the plaintiff's claim and the parties do not dispute the
documents' authenticity").

[5] The Court may also consider the Vehicle's Certificate of Title without converting
this motion into a summary judgment motion because it is "central" to Plaintiff's
claim that he now owns the Vehicle.  *See* Sec. Am. Compl., Section D, p. 2 ("The
Vehicle belonged to . . . Plaintiff's deceased father"); *Jacobsen*, 287 F.3d at 940.

[6] Plaintiff actually alleges that the certified bank draft was "tendered by Plaintiff."
*See* Sec. Am. Compl., p. 1.  Based on Plaintiff's other allegations and also his
statement of claims in the Proposed Scheduling Order (ECF No. 37), Plaintiff likely
intended to plead that James Headley attempted to purchase the Vehicle by
"tendering" payment.  *Id*.  Chrysler Capital therefore construes "Plaintiff" in this
instance to mean "James Headley."

the Lease. *Id.*; *see also* Ex. 1, Lease, p. 1.

Chrysler Capital repossessed the Vehicle from a "hotel parking lot" on June 8, 2025. *Id.*, pp. 1-2. Plaintiff's personal property was allegedly in the Vehicle at the time of the repossession. *Id.*, p. 2. James Headley later died. *Id.* On an unspecified date, the "James Headley Family Living Trust" (the "Trust") allegedly transferred the Vehicle to Plaintiff "for purposes of this action." *Id.*

## III.    ARGUMENT

### A.    Legal Standard

Under Rule 12(b)(6), a party may move to dismiss a complaint for 'failure to state a claim upon which relief can be granted.' *McCollam v. Sunflower Bank, N.A.*, 598 F.Supp.3d 1104, 1108 (D. Colo. 2022). The court's function on a Rule 12(b)(6) motion is to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted. *Straker v. Stancil*, 685 F.Supp.3d 1024, 1028 (D. Colo. 2023). While the court must accept the allegations in the complaint as true, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### B.    The Court should dismiss each of Plaintiff's claims under Fed. R. Civ. P. 12(b)(6).

#### 1.    Plaintiff's replevin claim (Count 1) fails as a matter of law.

Plaintiff alleges that he is entitled to possession of the Vehicle under common law replevin. *See* Sec. Am. Compl., § D, p. 1. Under Colorado Rule of Civil Procedure 104 ("Rule 104") a plaintiff seeking replevin must allege:

> (1) that plaintiff is the owner of the property claimed or is entitled to possession thereof and ***the source of such title or right***, ***and if plaintiff's interest in such property is based upon a written instrument, a copy thereof shall be attached***; (2) that the property is being detained by the defendant against the plaintiff's claim of right to possession . . . (3) a particular description of the property, a statement of its actual value, and a statement to [their] best knowledge, information and belief concerning ***the location of the property*** . . . and (4) that the property has not been taken for a tax assessment or fine pursuant to a statute, or seized under an execution against the property of the plaintiff; or if so seized, that it is by statute exempt from seizure.

*See* C.R.C.P. 104(c) (emphasis added); *Thetsy v. Ruiz*, No. 23-cv-00800-RMR-MDB, 2023 WL 9104815 (D. Colo. 2023) (applying Rule 104 "as incorporated by Federal Rule of Civil Procedure 64"); *Brennan v. City and Cnty. of Denver*, 397 P.2d 876, 877 (Colo. 1964) (dismissing replevin action).  Here, Plaintiff cannot establish the first two elements under Rule 104 and his replevin claim should be dismissed because James Headley did not own the Vehicle and, regardless, Plaintiff has not pled that he inherited any interest in the Vehicle.

### a.    **Plaintiff's replevin claim fails for the threshold reason that James Headley never owned the Vehicle.**

Plaintiff cannot plead a viable claim for replevin under any set of facts because James Headley never owned the Vehicle, the Vehicle has been titled in CCAP at all relevant times, and Chrysler Capital lawfully repossessed it.

### i.    *The Vehicle is owned by CCAP, not James Headley.*

In Colorado, "[t]he certificate of title filed with the authorized agent is prima

5

facie evidence of the contents of the record and that the person in whose name the certificate is registered is the lawful owner of the vehicle." *See* C.R.S. § 42-6-107(2). Here, the Vehicle is titled to CCAP (*see* Ex. 2, Certificate of Title, p. 1), which creates a "rebuttal presumption" that CCAP owns it. *Martinez v. Allstate Ins. Co.*, 961 P.2d 531, 533 (Colo. App. 1997). Plaintiff cannot overcome this strong presumption.

CCAP owned the Vehicle during James Headley's Lease, and title has been in CCAP's name at all times, up to and including today. *See* Ex. 2, Certificate of Title, p. 1. For title to vest in an assignee, like James Headley (if he paid for and purchased the Vehicle), the assignee must present the assignment and obtain a ***new title***:

> The purchaser or transferee, within sixty days thereafter, ***shall present the certificate, together with an application for a new certificate of title, to the director or one of the authorized agents***, accompanied by the fee required in section 42-6-137 to be paid for the filing of a new certificate of title.

*See* C.R.S. § 42-6-110(1) (emphasis added). These requirements are "more than merely administrative, ***they are mandatory***." *Codding v. Jackson*, 287 P.2d 976, 979-80 (Colo. 1955) (emphasis added) (applying C.R.S § 13-6-9 (1953), a prior rendition of the current C.R.S. § 42-6-110). Accordingly, the assignee must obtain a new title within 60 days of the assignment, and "[u]nless strict compliance with the statute is made no interest or right of any kind can be transferred." *Id.*; *see also* 1 CCR 204-10:18 (2.1)(a) (Division of Motor Vehicles finds only "properly transferred" titles are satisfactory evidence of ownership).

As *Codding* explained, Section 42-6-110(1) is "obvious" and "designed" in this

6

fashion to protect against the exact situation presented by this case—a bogus transaction where the assignee's payment is later returned.[7]  *Codding*, 287 P.2d at 979 (ruling that "imposter" did not have any ownership interest in the vehicle). Section 42-6-110(1) does this by "provid[ing] a method whereby the licensing authorities may check and control the chain of title as it passes from one private purchaser to another, to the end that bogus or illegal transactions may more easily be detected."  *Id.*  This is why the statute "empowers the director of the motor vehicle division to refuse to issue a new certificate if he determines that the applicant therefore is not entitled thereto."[8]  *Id.*

Therefore, CCAP owns the Vehicle, as is confirmed by the title in its name (*see* Exhibit 2).  James Headley never owned the Vehicle, Plaintiff has no ownership interest in the Vehicle today, and his replevin claim should thus be dismissed.

### ii.    *Chrysler Capital lawfully repossessed the Vehicle.*

Despite Plaintiff's conclusory allegations to the contrary, Chrysler Capital

---

[7] Plaintiff previously pled that Chrysler Capital prematurely sent James Headley a bill of sale for the Vehicle before his payment cleared.  *See* Verified Complaint in Replevin ("Complaint"), ECF No. 8-2, pp. 2-3; Pl.'s Ex. B to Complaint, ECF No. 8-3, p. 3; Pl.'s Amended Complaint, ECF No. 8-37, p. 3. He omits that allegation in the Second Amended Complaint—likely because a premature bill of sale does not transfer title when the payment fails and the transferee does not obtain a new certificate of title in his or her name.  *See* C.R.S. § 42-6-110(1); *Codding*, 287 P.2d at 979-80.

[8] The Division of Motor Vehicles manages the process for proving vehicle ownership prior to issuing a new certificate of title.  *See* 1 CCR 204-10:18.

lawfully repossessed the Vehicle, which does not support a replevin claim.  CCAP leased the Vehicle to James Headley and he did not return the Vehicle when the Lease ended in April 2021.  *See* Ex. 1, Lease, p. 1; Sec. Am. Compl., § D, p. 1 (alleging the repossession occurred on June 8, 2025).  He retained the Vehicle for more than four years after the Lease expired until Chrysler Capital repossessed it.  *Id.*

Chrysler Capital was legally entitled to repossess the Vehicle on behalf of CCAP under the Lease.  *See* Ex. 1, Lease, p. 2, §§ 29(A)(3), (B)(2) (Chrysler Capital may "take the Vehicle from you without demand" when James Headley "fail[ed] to return the Vehicle.").  The Lease does not require CCAP or Chrysler Capital to engage in "judicial process" or provide "notice of dishonor."  *Compare* Sec. Am. Compl., § D, p. 1 *with* Ex. 1, Lease, p. 2, § 29.  Nor does the Lease preclude Chrysler Capital from repossessing the Vehicle based solely on James Headley's ***attempt*** to pay for it.  *Id.*

Chrysler Capital's repossession also complied with Colorado law.  *See* C.R.S. § 4-2.5-525(3) (lessor may take possession of the goods "without judicial process, if it can be done without breach of the peace").  Plaintiff alleges that the repossession was completed without "judicial process" and "breached the peace," but he does not plead how Chrysler Capital did so.  *See* Sec. Am. Compl., § D, p. 1; C.R.S. § 4-9-601(h) (a "breach of the peace" could occur if the tow company "(1) enter[s] a locked or unlocked residence or residential garage; (2) break[s], open[s], or mov[es] any lock, gate, or other barrier to enter enclosed real property; or (3) us[es] or threaten[s] to use violent means.").  To the contrary, Plaintiff defeats his claim by conceding that the Vehicle

was repossessed in a public "hotel parking lot."  *See* Sec. Am. Compl., § D, p. 1.

### *iii.    The UCC does not save Plaintiff's inability to allege James Headley's ownership.*

Plaintiff cites several provisions of Colorado's UCC in a Hail Mary attempt to save his claims and establish that James Headley owned the Vehicle despite never paying for it.  However, the UCC cannot be used to circumvent common sense.  It is axiomatic that the UCC does not transfer ownership of goods (including vehicles) to someone who never paid for them.

For example, Plaintiff suggests that, under C.R.S. § 4-2-401(2), the Vehicle's title somehow passed from CCAP to James Headley when he merely "deliver[ed]" an attempted payment for the Vehicle.  *See* Sec. Am. Compl., § D, p. 1.  Of course, C.R.S. § 4-2-401(2) ***does not*** allow someone to fraudulently acquire title to property simply by delivering a payment, even if that payment later fails:

> Unless otherwise explicitly agreed, title passes to the buyer at the time and place at which the seller completes his performance with reference to the ***physical delivery of the goods***, despite any reservation of a security interest and even though a document of title is to be delivered at a different time or place; and in particular and despite any reservation of a security interest by the bill of lading: (a) ***if the contract requires or authorizes the seller to send the goods to the buyer but does not require him to deliver them at destination, title passes to the buyer at the time and place of shipment***; but (b) ***if the contract requires delivery at destination, title passes on tender there.***

C.R.S. 4-2-401(2) (emphasis added).  Thus, title transfers upon ***physical delivery of goods*** either at "time and place of shipment" or delivery at destination, which never

happened here. *See* Sec. Am. Compl., § D, p. 1. This protects against the exact situation that happened here where a purported buyer attempted to purchase property with a payment that was dishonored. *Id.* Indeed, if Plaintiff was correct that dishonored payments were sufficient to acquire title, buyers everywhere would fraudulently tender dishonored payments and chaos would ensue. Here, title never transferred to James Headley because there was no physical delivery of goods and the Vehicle's title remained in CCAP's name at all times. *See* Section III.B.1.a.i, *supra*; Ex. 2, Certificate of Title, p. 1.

Plaintiff's attempt to rely on the UCC for support that the dishonor of James Headley's attempted payment was "untimely" is equally flawed. *See* Sec. Am. Compl., § D, p. 1. He concedes that James Headley's payment was dishonored and he never paid for the Vehicle. "Payment by check is conditional and is defeated as between the parties by dishonor of the check on due presentment." *See* C.R.S. § 4-2-511(3);[9] *see also* C.R.S. § 4-2-507(2) ("Where payment is due and demanded on the delivery to the buyer of goods or documents of title, his right as against the seller to retain or dispose of them is conditional upon his making the payment due"). Once a payment is dishonored, a seller has the immediate right to reclaim the property and undo the underlying transaction, which is what Plaintiff alleges occurred. *See Guy Martin*

---

[9] While C.R.S. § 4-2-511(3) is subject to an instrument's effect on an obligation (C.R.S. § 4-3-310), here, Plaintiff does not plausibly allege that James Headley's payment obligations were discharged.

10

*Buick, Inc. v. Colorado Springs Nat. Bank*, 519 P.2d 354, 359 (Colo. 1974) (automobile

seller had the right to undo the transaction after the buyer's check was dishonored).[10]

> **b.      Regardless, Plaintiff has not pled that he has <u>inherited any interest in the Vehicle</u>.**

Plaintiff's replevin claim fails for the additional reason that he has not

plausibly alleged that he—the sole plaintiff—has an interest in the Vehicle after

James Headley died.  James Headley never owned the Vehicle.  *See* Section III.B.1.a.i,

*supra*.  It is "fundamental" that Plaintiff could not have inherited ownership from

James Headley.  *Temple Hoyne Buell Found. v. Holland & Hart*, 851 P.2d 192, 196

(Colo. App. 1992)*; Rocky Mountain Fuel Co. v. George N. Sparling Coal Co.*, 143 P.

815 (Colo. App. 1914) ("No one can transfer a better title than he himself possesses.").

Even if James Headley did own the Vehicle at his death (which he did not),

Plaintiff has not plausibly alleged that he inherited any interest in it.  His previous

complaints included James Headley's Trust as a plaintiff because that was who he

claimed owned the Vehicle.  *See*  "Verified Complaint in Replevin," ECF No. 8-1.  He

subsequently removed the Trust as a plaintiff because he could not represent the

Trust.  *See* ECF No. 9, Order Directing Plaintiff Alex Headley to Cure Deficiencies,

p. 2; *see also* 28 U.S.C. § 1654; *Harrison v. Wahatoyas, LLC*, 253 F.3d 552, 556 (10th

---

[10] Plaintiff contends that the "statute of limitations" expired for Chrysler Capital to repossess the Vehicle.  *See* Sec. Am. Compl., § D, p.1.  However, the statute of limitations in C.R.S. § 4-3-118(c)-(d) only applies only where there is an enforcement obligation and is inapplicable, here, where Chrysler Capital is not enforcing any obligation—rather, it simply repossessed its own property, for which there is no statute of limitations.

Cir. 2001); *Van De Berg v. C.I.R.,* 175 F. App'x 539, 541 (3d Cir. 2006) (unpublished) ("[A] non-lawyer trustee . . . may not represent a trust *pro se*"). In doing so, however, Plaintiff fails to allege how he now owns the Vehicle rather than the Trust or how ownership transferred. *See* Sec. Am. Compl., § D, p. 2. At most, he alleges the Vehicle transferred to him "for purposes of this action," but omits any written proof. *See* C.R.C.P. 104(b)(1) ("[I]f plaintiff's interest in such property is based upon a written instrument, a copy thereof shall be attached."). This failure is fatal to his claims.[11]

### 2. Plaintiff has not pled a claim for conversion (Count 2).

Plaintiff claims that Chrysler Capital "exercised wrongful dominion over the Vehicle and personal property." *See* Sec. Am. Compl., § D, p. 2. To avoid dismissal, Plaintiff must allege that "(i) a defendant exercised dominion or control over property; (ii) that property belonged to [the plaintiff]; (iii) the defendant's exercise of control was unauthorized; (iv) [the plaintiff] demanded return of the property; and (v) the defendant refused to return it." *L-3 Comm. Corp. v. Jaxon Eng'g & Maint., Inc.,* 863 F. Supp. 2d 1066, 1081 (D. Colo. 2012). He has not plausibly pled any of the elements.

As a threshold matter, Plaintiff has not alleged the second and third elements because Chrysler Capital's repossession was lawful. CCAP owned the Vehicle and Chrysler Capital was authorized to repossess it and recover personal property therein. *See* Section III.B.1.a.ii, *supra*; Ex. 1, Lease, § 29(4).

---

[11] Plaintiff's replevin claim also fails because he did not provide a statement regarding the location of the Vehicle. *See* C.R.C.P. 104(b)(3); *see* Sec. Am. Compl., § D, p. 1.

12

Furthermore, Plaintiff also fails to allege the remaining elements of conversion as well. He does not plead the first element beyond baldly concluding that Chrysler Capital "exercised wrongful dominion over the Vehicle and personal property without authority" (*see* Sec. Am. Compl.*,* § D, p. 2), which is improper "labels and conclusions" and "formulaic recitation of the elements." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff does not even attempt to allege elements four or five, *i.e.*, that he "demanded return of the property" or that Chrysler Capital "refused to return it." *See L-3 Comm. Corp.*, 863 F. Supp. 2d at 1081. At most, Plaintiff alleges that Chrysler Capital "destroyed" the personal property, but he never pleads that he requested that Chrysler Capital return the Vehicle or his personal property. *See* Sec. Am. Compl., § D, p. 2; Ex. 1, Lease, § 29(4).

### 3.    Plaintiff's Section 1983 claim (Count 3) also fails.

Plaintiff alleges that Chrysler Capital "violated Plaintiff's Fourth Amendment right against unreasonable seizures." Sec. Am. Compl., § D, p. 2. "To state a claim for relief in an action brought under [Section] 1983, [a plaintiff] must establish not only the deprivation of a right secured by the Constitution or laws of the United States, but also a deprivation committed under color of state law." *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.,* 757 F.3d 1125, 1143 (10th Cir. 2014). Plaintiff has not pled either element of a Section 1983 claim.

First, Plaintiff has not pled that Chrysler Capital deprived him of a "right secured by the Constitution or laws of the United States." At most, Plaintiff has pled

13

only that he had a "right against unreasonable seizures" but he does not identify how this right arises under the Fourth Amendment or that Chrysler Capital's repossession was unreasonable in any way.  *See* Sec. Am. Compl., § D, p. 2.  To the contrary, the Lease and Colorado law expressly permitted Chrysler Capital to repossess the Vehicle "without judicial process, if it proceeds without breach of the peace," after James Headley failed to return it when the Lease expired.  C.R.S. § 4-2.5-525(3); Ex. 1, Lease, p. 2, § 29; *see also* Section III.B.1.a.ii, *supra.*

Second, and significantly, even if Plaintiff was deprived of a legal right (which he was not), the Section 1983 claim is still legally defective because Chrysler Capital did not act "under color of state law."  "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful."  *See Brokers' Choice of Am., Inc.,* 757 F.3d at 1143 (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 49–50 (1999)).  "[T]o hold a private individual liable under § 1983, it must be shown that the private person was jointly engaged with state officials in the challenged action, or has obtained significant aid from state officials, or that the private individual's conduct is in some other way chargeable to the State."  *Counce v. Wolting*, 760 F. App'x 575, 580 (10th Cir. 2019) (unpublished).  The individual must be a "willful participant in joint action with the State or its agents."  *Beedle v. Wilson,* 422 F.3d 1059, 1071 (10th Cir. 2005).

Here, Chrysler Capital did not jointly work with the State to repossess the Vehicle under the Lease.  Plaintiff alleges that Chrysler Capital "acted under color of

14

state law via Colorado's self-help repossession statute." *See* Sec. Am. Compl., § D, pp. 1-2. Plaintiff's claim fails as an initial matter because Chrysler Capital did not repossess the Vehicle under C.R.S. § 4-9-609 or otherwise work with the police or other state actors to repossess the Vehicle.[12] Even if Chrysler Capital did repossess under that statute (which it did not), Plaintiff's claim would still fail as a matter of law because it is settled that the "prejudgment self-help repossession of secured property performed by private actors ***does not*** establish a federal cause of action pursuant to Section 1983 absent significant involvement of the state," which Plaintiff has not pled occurred. *See Adams v. Coastline Comm. Credit Union*, 171 F. App'x. 192, 193 (9th Cir. 2006) (unpublished) (emphasis added) (affirming dismissal of Section 1983 claim arising from repossession of vehicle where "the police were uninvolved in the initial attempt to repossess" and were "present" at the second attempt).[13]

## IV.    CONCLUSION

Therefore, the Court should dismiss Plaintiff's claims with prejudice.

---

[12] C.R.S. § 4-9-609 is inapplicable because CCAP owned the Vehicle, was not a secured party, and Chrysler Capital repossessed the Vehicle under a Lease on behalf of CCAP, which is not a secured transaction. Chrysler Capital was entitled to repossess the Vehicle following James Headley's default of his lease under C.R.S. § 4-2.5-525(3).

[13] Plaintiff's reliance on *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 941 (1982) is distinguishable. *See* Sec. Am. Compl., § D, p. 2. In *Lugar*, the Court found joint participation where the clerk of the state court issued a writ of attachment, which was executed by the county sheriff—none of which occurred when Chrysler Capital repossessed the Vehicle.

Respectfully submitted this 11th day of May, 2026.

BRYAN CAVE LEIGHTON PAISNER LLP

*/s/ Matthew M. Petersen*
Matthew M. Petersen, #48562
Kristen M. Kennedy, #60969
1700 Lincoln Street, Suite 4100
Denver, CO 80203
Telephone: (303) 861-7000
Matt.petersen@bclplaw.com
Kristen.kennedy@bclplaw.com

*Attorneys for Defendant Santander
Consumer USA Inc. d/b/a Chrysler Capital*

16

## **D.C.COLO.LCIVR 7.1(A) CERTIFICATION**

Pursuant to D.C.COLO.LCivR 7.1(a) and Section C.1 of the Court's Standing Order for Civil Cases, on May 11, 2026, undersigned counsel for Chrysler Capital conferred with Plaintiff via telephone regarding the relief sought in this motion. Plaintiff opposes the relief requested because he believes that he owns the Vehicle and Chrysler Capital did not comply with the UCC.

/s/ Matthew M. Petersen
Matthew M. Petersen, #48562
Kristen M. Kennedy, #60969
BRYAN CAVE LEIGHTON PAISNER LLP
1700 Lincoln Street, Suite 4100
Denver, CO 80203
Telephone: (303) 861-7000
Matt.petersen@bclplaw.com
Kristen.kennedy@bclplaw.com

*Attorneys for Defendant Santander
Consumer USA Inc. d/b/a Chrysler Capital*

17

## <u>GENERATIVE ARTIFICIAL INTELLIGENCE (AI) CERTIFICATION</u>

Pursuant to Section C.2 of the Court's Standing Order for Civil Cases, undersigned counsel for Chrysler Capital certifies that no portion of this filing was drafted by artificial intelligence.

<u>*/s/ Matthew M. Petersen*</u>
Matthew M. Petersen, #48562
Kristen M. Kennedy, #60969
BRYAN CAVE LEIGHTON PAISNER LLP
1700 Lincoln Street, Suite 4100
Denver, CO 80203
Telephone: (303) 861-7000
Matt.petersen@bclplaw.com
Kristen.kennedy@bclplaw.com

*Attorneys for Defendant Santander
Consumer USA Inc. d/b/a Chrysler Capital*

18

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of May, 2026, I electronically filed and served a true and correct copy of the foregoing **DEFENDANT'S MOTION TO DISMISS** with the Clerk of Court using the Court's NextGen CM/ECF system and also electronic mail to the below:

Alex Headley
383 Hummingbird Circle
Silverthorne, CO 80498
Phone: 970-390-7785
Ajinvestments.alex@gmail.com
*Pro Se Plaintiff*

> */s/ Matthew M. Petersen*
> Matthew M. Petersen, #48562
> Kristen M. Kennedy, #60969
> BRYAN CAVE LEIGHTON PAISNER LLP
> 1700 Lincoln Street, Suite 4100
> Denver, CO 80203
> Telephone: (303) 861-7000
> Matt.petersen@bclplaw.com
> Kristen.kennedy@bclplaw.com
>
> *Attorneys for Defendant Santander
> Consumer USA Inc. d/b/a Chrysler Capital*

19