**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:25-cv-03677-SKC-TPO

ALEX HEADLEY

      Plaintiff,

v.

SANTANDER CONSUMER USA INC., d/b/a
CHRYSLER CAPITAL,

      Defendant.

---

**SCHEDULING ORDER**

---

**1. DATE OF SCHEDULING CONFERENCE
AND APPEARANCES OF COUNSEL AND PRO SE PARTIES**

The conference was held on 10:30 a.m. on May 12, 2026, before Magistrate Judge Timothy P. O'Hara. Matthew M. Petersen and Kristen M. Kennedy of Bryan Cave Leighton Paisner LLP appeared on behalf of Santander Consumer USA Inc., d/b/a Chrysler Capital ("Chrysler Capital"). Plaintiff Alex Headley ("Plaintiff") appeared *pro se*. Counsel and Plaintiff's names, addresses, and telephone numbers are as follows:

| | |
|---|---|
| **Matthew M. Petersen** (in person) | **Alex Headley** (VTC) |
| **Kristen M. Kennedy** (in person) | 383 Hummingbird Circle |
| Bryan Cave Leighton Paisner LLP | P.O. Box 1141 |
| 1700 Lincoln Street, Suite 4100 | Silverthorne, CO 80498 |
| Denver, CO 80203 | Telephone: (970) 390-7785 |
| Telephone: (303) 861-7000 | *Plaintiff, Pro Se* |
| *Counsel for Chrysler Capital* | |

1

## 2. STATEMENT OF JURISDICTION

This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343, has supplemental jurisdiction under § 1367, and diversity jurisdiction under § 1332.

As an initial matter, this court has original jurisdiction under 28 U.S.C. §§ 1331 and 1332. Plaintiff asserts a claim under 42 U.S.C. § 1983 ("Section 1983"), which is a "law of the United States." Specifically, Plaintiff claims that Chrysler Capital violated his Fourth Amendment Right against unreasonable seizures. *See* ECF No. 36, "Second Amended Complaint" at p. 2. Moreover, the Court also has original jurisdiction under 28 U.S.C. § 1343 because Plaintiff's Section 1983 claim is an "Act of Congress providing for the protection of civil rights." *See Hagans v. Lavine*, 415 U.S. 528, 536 (1974) (when the plaintiff asserts a Section 1983 claim, then Section 1343 "confer[s] jurisdiction upon the district court to entertain the constitutional claim if it [is] of sufficient substance to support federal jurisdiction"); *Adams v. City of Colorado Springs,* 308 F. Supp. 1397, 1401 (D. Colo. 1970) ("Jurisdiction in civil rights cases is conferred on the federal district courts by 28 U.S.C. § 1343").

This Court has supplemental jurisdiction over Plaintiff's state law claims for replevin and conversion pursuant to 28 U.S.C. § 1367 because those claims are "so related to the [Section 1983 claim] . . . that they form part of the same case or controversy under Article III of the United States Constitution." Plaintiff's replevin and conversion claims form the same "case or controversy" as the Section 1983 claim because all three claims are based on the exact same conduct, *i.e.*, Chrysler Capital's alleged wrongful repossession of the Vehicle. *See* Second Amended Complaint, pp. 1-

2.

The Court also has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) because there is diversity of citizenship between Plaintiff and Chrysler Capital, and the amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff is a citizen of Colorado (*See* Plaintiff's Disclosure Statement, ECF No. 32, at p. 1) and Chrysler Capital is incorporated in Illinois with its principal place of business in Texas. *See* Defendant's Citizenship Disclosure Statement, ECF No. 23, p. 1. The amount in controversy exceeds $75,000 because Plaintiff seeks to recover the Vehicle, estimated at a value of $35,000, as well as additional damages of $110,000. *See* Second Amended Complaint, p. 2.

### 3. STATEMENT OF CLAIMS AND DEFENSES

#### a. Plaintiff

#### 1. Common-Law Replevin – Right to Immediate Possession of the 2018 Dodge Ram 1500

James Headley (Plaintiff's father) requested and received a payoff letter from CCAP and sent via 1st class USPS mail    tendered and CCAP received a    certified draft "Check". Defendant Santander Consumer USA Inc. d/b/a Chrysler Capital issued a **fully executed (signed and stamped) Bill of Sale** dated May 28, 2021, expressly conveying **all of its rights, title, and interest** in the 2018 Dodge Ram 1500 to James Headley. James Headley also received a    signed over to him "**Certificate of Title**". Defendant provided **no notice of dishonor** regarding the draft that paid the

3

purchase price in full. Plaintiff, as rightful successor to his father's interest in the fully paid vehicle, holds superior right to immediate possession. Defendant wrongfully repossessed the vehicle after ownership had transferred and continues to unlawfully detain it despite demand for return. Plaintiff seeks judgment for immediate return of the specific vehicle or, if return cannot be had, its fair market value plus damages for wrongful detention.

**Basis:** Under Colorado common law, replevin lies to recover specific personal property where the plaintiff is the owner or entitled to immediate possession, proven by documents such as a bill of sale and certificate of title. The executed Bill of Sale transferring all rights, combined with the Certificate of Title and absence of any timely notice of dishonor of the payoff draft, establish Plaintiff's superior possessory interest. 10th Circuit and Colorado authority recognize replevin as the proper common-law remedy to vindicate possessory rights in wrongfully detained chattels.

### 2. Common-Law Conversion – Wrongful Exercise of Dominion and Control

After ( 4 Years after )the Bill of Sale transferred all right, title, and interest in the vehicle to James Headley in May 2021, and after issuance of the Certificate of Title, with no notice of dishonor of the payoff draft, Defendant intentionally exercised dominion and control over the vehicle outside of statute of limitations, by repossessing and retaining it without legal right. This act was inconsistent with Plaintiff's superior possessory rights. The conversion also resulted in the destruction

or loss of Plaintiff's personal property contained inside the vehicle — including sentimental items and negotiable instruments in a binder — with a value of **$10,000 or more**. Plaintiff seeks compensatory damages for the value of the vehicle, the destroyed personal property, and loss of use.

**Basis:** Conversion under Colorado common law occurs when a defendant wrongfully exercises dominion or control over another's personal property to the exclusion of the owner's rights. Statute of limitations (CRS 4-3-118 (c),(d)). The Bill of Sale, Certificate of Title, (CRS 4-2-401, 2, 3 (a)) and lack of notice of dishonor (CRS 4-3-503, (c ), (ii)) establish that Defendant no longer possessed any enforceable interest at the time of repossession.

### 3. 42 U.S.C. § 1983 – Deprivation of Property Without Due Process

Defendant, acting under color of state law or in concert with state actors, deprived Plaintiff of his protected property interest in the vehicle and its contents (established by the Bill of Sale and Certificate of Title) without adequate pre- or post-deprivation process, in violation of the Fourteenth Amendment. Plaintiff seeks damages for the value of the vehicle and contents.

Plaintiff has reviewed all documents filed in this action, including Defendant's exhibits regarding the alleged lease versus purchase dispute and payment issues. The above claims are the only non-frivolous claims Plaintiff advances at this time.

5

Plaintiff does not assert representative claims on behalf of the Estate of James Headley or the James Headley Family Living Trust.

### b. Defendant

This matter arises from Chrysler Capital's repossession of a 2018 Ram 1500 Crew Cab ("Vehicle") because non-party James Headley failed to return it after his lease expired. James Headley later died, and Plaintiff initiated this replevin lawsuit in Denver District Court claiming that the repossession was "unlawful." Plaintiff claims that the Vehicle "belonged" to his deceased father and was transferred to Plaintiff via the James Headley Family Living Trust. However, Plaintiff's allegations establish only that James Headley illegally retained possession of the Vehicle after he sent an alleged "dishonored" payment. The Vehicle's title and James Headley's lease confirms that the lessor, CCAP Auto Lease Ltd, ("CCAP") has always owned the Vehicle. Plaintiff, therefore, cannot state a claim for replevin, conversion, or Section 1983 because James Headley never owned the Vehicle. Chrysler Capital intends to move to dismiss Plaintiff's Second Amended Complaint after Plaintiff's Motion for Leave (ECF No. 30) is granted, and the motion to dismiss will raise these arguments.

### 4. UNDISPUTED FACTS

The following facts are undisputed:

1. James Headley entered a Motor Vehicle Lease Agreement ("Lease") with Vista Chrysler Jeep Dodge ("Dealership") on April 30, 2018.

2. James Headley leased a 2018 Ram 1500, VIN No. CR1C6RR7LTXJS135527 from the Dealership (the "Vehicle").

6

3.    CCAP Auto Lease Ltd. owned the Vehicle during the Lease.

4.    Chrysler Capital serviced the Lease for CCAP.

5.    The Lease expired on April 30, 2021.

6.    Chrysler Capital caused the Vehicle to be repossessed on June 8, 2025 at 4300 E Virginia Ave, Denver, CO 80246 in a hotel parking lot.

7.    After the repossession, James Headley passed away.

8.    Plaintiff is James Headley's son.

## 5. COMPUTATION OF DAMAGES

### a.  Plaintiff

### 1. Common-Law Replevin – Right to Immediate Possession

**Primary Relief:**

- Pre-judgment return of the specific 2018 Ram 1500 Crew Cab (VIN: 1C6RR7LTXJS135527).

- If return cannot be had, judgment for its fair market value.

**Computation and Theory:**

- **Economic Damages – Vehicle Value:** $35,000 (fair market value at time of wrongful repossession). Basis: In a replevin action under Colorado common law and C.R.C.P. 104, the plaintiff is entitled to the specific chattel or, alternatively, its market value where return is impossible. The Bill of Sale (May 28, 2021) transferring all right, title, and interest from Defendant to James Headley, together with the Certificate of Title signed over in his name,

establish Plaintiff's superior possessory interest.

- **Economic Damages – Personal Property Destroyed:** $10,000+. Basis: Includes sentimental items, negotiable instruments, securities, bonds, birth certificates, tools, clothing, and other personal property contained in a binder and elsewhere inside the vehicle at the time of repossession. These items were lost or destroyed as a direct result of Defendant's wrongful repossession and detention. In replevin, supplemental damages are recoverable for personal property missing, damaged, or destroyed incident to the wrongful taking or detention of the principal chattel.

- **Economic Damages – Loss of Use / Wrongful Detention:** To be calculated at reasonable rental value of a comparable vehicle or lost profits from the date of repossession (June 8, 2025) through the date of return or judgment (TBD; to be supplemented after discovery of Defendant's records).

**Total Estimated Replevin Damages:** $45,000+ (vehicle value + destroyed personal property) + loss-of-use damages (TBD).

### 2. Common-Law Conversion – Wrongful Exercise of Dominion and Control

**Damages Sought:** Full compensatory damages for Defendant's intentional exercise of dominion and control over Plaintiff's property.

**Computation and Theory:**

- **Economic Damages – Vehicle Value:** $35,000 (fair market value at time of

conversion). Basis: Measure of damages for conversion is the fair market value of the property at the time and place of conversion. The executed Bill of Sale conveying all rights, the Certificate of Title, and the absence of any timely notice of dishonor of the payoff draft establish that Defendant held no remaining interest and had no right to repossess.

- **Economic Damages – Personal Property Destroyed:** $10,000+. Basis: Conversion damages include the full value of all personal property converted or destroyed incident to the taking of the vehicle, including the binder containing sentimental items and negotiable instruments.

- **Economic Damages – Loss of Use / Consequential Damages:** Reasonable rental value or lost profits during the period of wrongful detention, plus any additional out-of-pocket losses directly caused by the conversion (TBD; to be supplemented).

**Total Estimated Conversion Damages:** $45,000+ (vehicle + destroyed personal property) + loss-of-use and consequential damages (TBD).

### 3. 42 U.S.C. § 1983 – Fourth Amendment / Due Process Violation

**Damages Sought:** Economic losses flowing from the deprivation of Plaintiff's property interest without due process.

**Computation:** Same categories and amounts as set forth above for replevin and conversion (vehicle value $35,000 + destroyed personal property $10,000+ + loss of use). No punitive damages or non-economic damages are sought at this time.

**Summary of All Damage Categories Claimed by Plaintiff:**

- **Economic Damages:** – Vehicle fair market value: **$35,000** – Destroyed personal property (sentimental items, negotiable instruments, securities, bonds, birth certificates, tools, clothing in binder and vehicle): **$10,000+** – Loss of use / detention damages: **TBD** (reasonable rental value × duration of detention) – Consequential damages: **TBD** (to be supplemented)

- **Non-Economic Damages:** None claimed.

- **Physical Impairment:** None claimed.

- **Punitive / Exemplary Damages:** None claimed at this time.

- **Other:** Pre- and post-judgment interest, costs, and any other relief the Court deems just.

Plaintiff will supplement this computation as required by Fed. R. Civ. P. 26(e) once formal discovery produces Defendant's repossession records, inventory, payoff history, and any disposition documents concerning the vehicle and its contents.

This disclosure is made in good faith consistent with Fed. R. Civ. P. 11 and Plaintiff's common-law standing in replevin and unlawful conversion under 10th Circuit precedent.

### b. Defendant

Chrysler Capital is not currently asserting any counterclaim or seeking damages. Chrysler Capital denies liability to Plaintiff and denies that Plaintiff is

entitled to damages from Chrysler Capital because neither Plaintiff, nor James Headley, has ever owned the Vehicle.

### 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

**a. Date of Rule 26(f) meeting.**

The Fed. R. Civ. P. 26(f) meeting was held on April 14, 2026.

**b. Names of each participant and party he/she represented.**

Plaintiff Alex Headley appeared *pro se.*

Matthew M. Petersen and Kristen M. Kennedy represented Chrysler Capital.

**c. Statement of when Rule 26(a)(1) disclosures were made or will be made.**

Chrysler Capital served its initial disclosures and document production on April 28, 2026. Plaintiff has not yet served his initial disclosures.

**COURT**: Plaintiff shall serve his Fed. R. Civ. P. 26(a)(1) initial disclosures **on or before May 26, 2026**.

**d. Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).**

No proposed changes in timing or requirements under Fed. R. Civ. P. 26(a)(1).

**e. Statement concerning any agreements to conduct informal discovery.**

The parties have discussed voluntarily exchanging documents in informal discovery and also have previously exchanged documents as part of proceedings in the state court. The parties have not discussed any other types of informal discovery.

11

**f. Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.**

The parties agree to use a unified exhibit numbering system. Chrysler Capital will label deposition exhibits with numbers, while Plaintiff will label deposition exhibits with letters. The parties agree that depositions may be taken remotely.

**g. Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.**

There will not be extensive electronically stored information. The parties agree that all produced documents will be Bates Labeled. They will produce electronic information in PDF format. Spreadsheets, photos, voice recordings, videos, and other similar material may be produced, and may be requested to be produced, in native file format and the parties agree to use slip-sheets to identify documents and materials produced in native format.

**h. Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.**

Chrysler Capital and Plaintiff have discussed possibilities for settlement but have been unable to reach a resolution. The parties anticipate additional settlement discussions over the coming months, and expect that motion to dismiss briefing and discovery may assist in expediting meaningful settlement discussions.

**COURT**: The Court advises the Parties of the option of a Settlement Conference. At such later time if the Parties become interested in a Settlement Conference with this Court, they shall jointly contact Magistrate Judge O'Hara's Chambers by email to secure a date and then file a joint motion to request the Settlement Conference

(including reference to the reserved date) to be ruled upon or referred by the District Judge.

## 7. CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

**a. Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.**

The parties agree that each party is limited to four (4) fact depositions, plus any experts disclosed under Fed. R. Civ. P. 26(a)(2)(A).

**COURT**: Each side shall be limited to twenty-five (25) interrogatories. Each side shall be limited to four (4) fact witness depositions, inclusive of parties but exclusive of experts.

**b. Limitations which any party proposes on the length of depositions.**

The parties agree that depositions are limited to seven (7) hours according to Fed. R. Civ. P. 30(d)(1).

**COURT**: Depositions of parties and experts shall each be limited in duration to one day of seven (7) hours. All other depositions shall each be limited in duration to on day of four (4) hours.

**c. Limitations which any party proposes on the number of requests for production and/or requests for admission.**

The parties agree that each party is allowed twenty (20) requests for production and twenty (20) requests for admission, excluding requests to admit the authenticity of documents.

13

   **d. Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions:**

   The parties agree that all interrogatories, requests for production, and requests for admission will be served no later than thirty (30) days prior to the discovery cut-off date, *i.e.*, November 20, 2026.

   **e. Other Planning or Discovery Orders**

   The parties expect that they may need to request the entry of an appropriate joint protective order based on the types of documents requested and procedure in discovery. The parties will jointly move the court for the entry of a proposed protective order to the extent that one is necessary.

**COURT**:

(1)     The Parties shall follow the procedure set out at Section VI of the Magistrate Judges' Uniform Civil Practice Standards (D.C.COLO.MJ). Rather than file a motion regarding a discovery dispute, the Parties first shall confer on the matter. If the Parties are unable to resolve the dispute on their own, then the Party seeking relief shall request a Discovery Conference with the Court by sending an email, copied to all Parties, to *O'Hara_Chambers@cod.uscourts.gov*. The email should summarize the nature of the dispute and describe the conferral efforts to resolve the matter before seeking judicial intervention. The Court will issue an order to schedule the Discovery Conference and to provide the Parties with instructions on how to proceed. The Court will determine at the conference whether to grant leave to file a motion. As permitted by D.C.COLO.MJ § VI, a motion may be filed without the prerequisite discovery conference for discovery that concerns a third party.

(2)     The Court requires that all conferral attempts be meaningful. A meaningful conferral is done personally: face-to-face, in a video conference, or over the telephone. *See* D.C.COLO.MJ, § VI(2); *see also Bautista v. MVT Services, LLC*, No. 16-cv-01086-NYW, 2017 WL 2082925, *4 (D. Colo. Mar. 20, 2017). A meaningful conferral also occurs in a reasonable timeframe before any relevant deadline.

(3)    Should the Parties file a Motion for Protective Order, they shall comply with Section V(5) the <u>Magistrate Judges' Uniform Civil Practice Standards</u> (D.C.COLO.MJ) and the model Joint Protective Order attached thereto as Appendix A.

**9. CASE PLAN AND SCHEDULE**

### a.  Deadline for Joinder of Parties and Amendment of Pleadings:

Friday, May 15, 2026.

### b.   Discovery Cutoff:

Friday, January 8, 2027.  The deadline to complete expert discovery is Friday, April 2, 2027.

### c.  Dispositive Motion Deadline:

Pursuant to Judge S. Kato Crews' Standing Order for Civil Cases, no later than April 12, 2027 (10 days after the close of expert discovery), a party intending to file a motion for summary judgment must meaningfully confer with the opposing party and jointly contact chambers by email to set a pre-motion status conference with the Court. The Court will order a deadline for filing motions for summary judgment at the status conference.

If no party seeks to file a summary judgment motion, Counsel shall then jointly email Chambers to obtain dates for trial and a trial preparation conference on or before April 12, 2027.

15

**d.  Expert Witness Disclosure:**

**1.  The parties shall identify anticipated fields of expert testimony, if any.**

Plaintiff to disclose expert for UCC statutes and my mother Emily Headley and Sister Jamie Coen as witnesses to the calls made to Chrysler Capital.

Chrysler Capital anticipates disclosing an expert on Plaintiff's alleged damages, as well as any other experts on issues that become necessary through discovery.

**2.  Limitations which the parties propose on the use or number of expert witnesses.**

The parties propose that each party is limited to two retained expert witness per topic.

**3.  The parties shall designate all affirmative experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before February 5, 2027.**

**4.  The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before March 5, 2027.**

**e.  Identification of Persons to Be Deposed:**

| *Name of Deponent* | *Expected Length of Deposition* |
| --- | --- |
| Plaintiff Alex Headley | 7 Hours |
| Emily Jean Headley, Trustee to the James Headley Family Living Trust, Dated June 12, 2025 | 7 Hours |
| James Headley's Issuing Bank 30(b)(6) Witness | 4 ½ Hours |
| | |

## 10. DATES FOR FURTHER CONFERENCES

**a.** District Judge Crews presides over the Final Pretrial Conference which he combines with the Trial Preparation Conference. *See* Section D of District Judge Crews' Standing Order for Civil Cases. District Judge Crews will set a conference date after either (1) the Court has ruled on all filed dispositive motions or (2) the deadline to contact the Court to set a pre-motion status conference has passed and no party has made such request. The Parties shall email District Judge Crews' Chambers when the conference is ready to be set. If no Party intends to file a dispositive motion, then the Parties shall email District Judge Crews's Chambers within 10 days of the close of discovery about setting the conference. The Parties' proposed Final Pretrial Order is due at least seven days before the combined Final Pretrial Conference/Trial Preparation Conference, and a Word version should also be emailed to Judge Crews' Chambers at crews_chambers@cod.uscourts.gov.

## 11. OTHER SCHEDULING MATTERS

**a.  Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.**

None.

**b.  Anticipated length of trial and whether trial is to the court or jury.**

A trial to a jury is anticipated to last 2-3 days.

**c.  Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/ Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, La Plata County Courthouse, 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301.**

None.

## 12.  NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply

with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been

17

served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a), the Uniform Civil Practice Standards for Magistrate Judges, and any additional Order of the assigned Magistrate Judge regarding discovery dispute procedures [if any].

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13. AMENDMENTS TO SCHEDULING ORDER

This scheduling order cannot be altered or amended except upon a showing of good cause.

DATED at Denver, Colorado, this 19th day of May, 2026.

BY THE COURT:

_____
Timothy P. O'Hara
United States Magistrate Judge

18