**PLAINTIFF ALEX HEADLEY'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

**(Fed. R. Civ. P. 12(b)(6) – Common Law Replevin and Unlawful Conversion)**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:25-cv-03677-SKC-TPO

ALEX HEADLEY,

Plaintiff,

v.

SANTANDER CONSUMER USA INC. d/b/a CHRYSLER CAPITAL,

Defendant.

---

**RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Plaintiff Alex Headley, a natural person and white state citizen of the State of Colorado, proceeding pro se, respectfully opposes Defendant's Motion to Dismiss (Doc. 40). The Motion should be denied. Plaintiff's claims are well-pled, plausible, and supported by specific facts.

## I. RELEVANT FACTS

In May 2021, James Headley (Plaintiff's father) tendered a **Certified Bank Draft** in full payoff of the 2018 Ram 1500 Crew Cab (VIN: 1C6RR7LTXJS135527). Defendant accepted the draft and issued a **fully executed Bill of Sale** dated May 28, 2021, conveying **"all of its right, title, and interest"** in the Vehicle to James Headley. Defendant also issued the **Certificate of Title** in James Headley's name, bearing Defendant's (CCAP/Chrysler Capital) signature and stamp. Defendant gave **no timely notice of dishonor** of the Certified Bank Draft.

James Headley gave Plaintiff the Vehicle after the Bill of Sale and title transfer but before the family transferred other assets into the James Headley Family Living Trust. Prior to James Headley's death, the family transferred remaining assets into the Trust. After learning a pro se litigant cannot represent a trust in federal court, the Trustee transferred James Headley's interest in this specific Vehicle back to Plaintiff individually. Plaintiff is the rightful successor in interest and has always maintained that his father fully paid for and owned the Vehicle. Plaintiff has never accepted Defendant's assertion that the debt remained unpaid.

On June 8, 2025, Defendant's agents wrongfully repossessed the Vehicle from a private hotel parking lot in Colorado, breaching the peace and causing the loss/destruction of Plaintiff's personal property inside (sentimental items, negotiable instruments, securities, bonds, birth certificates, tools, and clothing in a binder) valued at **$10,000 or more**.

## II. LEGAL STANDARD

The Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in Plaintiff's favor. Pro se complaints receive liberal construction.

## III. ARGUMENT

### A. Plaintiff States a Valid Common-Law Replevin Claim

Replevin is a possessory action to recover specific personal property wrongfully taken or detained. *Wolfenbarger v. Williams*, 774 F.2d 358, 362 (10th Cir. 1985) (replevin protects the immediate right to possession of wrongfully detained chattel). Colorado law similarly provides that a plaintiff may recover property to which he is entitled to possession. C.R.C.P. 104.

The **Bill of Sale** transferring all right, title, and interest, plus the **Certificate of Title** signed and stamped by Defendant, establish that ownership passed to James Headley in 2021. The absence of timely notice of dishonor confirms the payoff draft was effective. Plaintiff, as successor in interest via the post-death transfer from the Trust back to him individually, has standing to assert this possessory claim. *See also* Colorado replevin principles allowing recovery by one entitled to possession (C.R.C.P. 104).

### B. Plaintiff States a Valid Common-Law Conversion Claim

Conversion is the wrongful exercise of dominion or control over personal property inconsistent with the owner's rights. *Northern Natural Gas Co. v. Nash Oil & Gas, Inc.*, 526 F.3d 1350 (10th Cir. 2008). Defendant's repossession and retention of the Vehicle (and destruction of $10,000+ in personal property) after clear transfer of title constitutes conversion.

### C. Plaintiff States a Plausible § 1983 Claim

Defendant acted under color of state law via Colorado's self-help repossession statute (C.R.S. § 4-9-609) when it seized Plaintiff's property without judicial process after ownership had transferred. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922 (1982).

In Colorado, a breach of peace is legally defined as any act or behavior that disrupts public tranquility, order, or safety, often causing alarm, annoyance, or disturbance within a community, my boys and extended family was staying at the hotel and we had all be emotionally disrupted thinking that someone had stolen the truck because we had already talked to CCAP as recently as February 2025 and the agent confirmed that the truck was not going to be repossessed.

**D. Defendant's Arguments Are Meritless at the Pleading Stage**

Defendant's assertion that James Headley "never owned" the Vehicle is contradicted by its own Bill of Sale and Certificate of Title. Any dispute about the draft or payment raises factual issues inappropriate for resolution on a Rule 12(b)(6) motion. Plaintiff has adequately pled his successor interest: the Vehicle was transferred to him by his father prior to the broader family trust transfers, and the Trustee later conveyed the interest back to Plaintiff individually after it became clear a pro se litigant cannot represent the Trust.

## IV. CONCLUSION

Defendant's Motion to Dismiss (Doc. 40) should be **denied in its entirety**. Plaintiff requests oral argument if helpful to the Court.

Respectfully submitted,

/s/ Alex Headley
Alex Headley, Pro Se
383 Hummingbird Circle, PO Box 1141
Silverthorne, CO 80498
(970) 390-7785

Ajinvestments.alex@gmail.com

**Date:** June 1, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that on June 1, 2026, a true and correct copy of the foregoing Responses was served via email to:

Matthew M. Petersen and Kristen M. Kennedy

Bryan Cave Leighton Paisner LLP

1700 Lincoln Street, Suite 4100

Denver, CO 80203

matt.petersen@bclplaw.com

kristen.kennedy@bclplaw.com

/s/ Alex Headley