**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:25-cv-03677-SKC-TPO

ALEX HEADLEY

      Plaintiff,

v.

SANTANDER CONSUMER USA INC., d/b/a
CHRYSLER CAPITAL,

      Defendant.

---

**DEFENDANT'S REPLY IN SUPPORT OF
ITS MOTION TO DISMISS**

---

Matthew M. Petersen, #48562
Kristen M. Kennedy, #60969
1700 Lincoln Street, Suite 4100
Denver, CO 80203
Telephone: (303) 861-7000
Matt.petersen@bclplaw.com
Kristen.kennedy@bclplaw.com

*Attorneys for Defendant Santander Consumer
USA Inc. d/b/a Chrysler Capital*

i

**TABLE OF CONTENTS**

**Page**

I.     INTRODUCTION ....................................................................................... 1

II.    ARGUMENT ...............................................................................................2

       A.    Plaintiff improperly attempts to amend his claims and
             allegations in the Response, which is improper and should be
             disregarded. ...............................................................................................2

       B.    Plaintiff's claims are deficient even if the Court considers the
             new legal theories and allegations in the Response. ............................. 4

             1.    The purported Bill of Sale and Certificate of Title do not
                   save his replevin claim (Count 1)................................................... 4

             2.    Plaintiff's Response confirms that Chrysler Capital's
                   repossession was lawful. ................................................................ 6

             3.    Plaintiff still fails to plead that he inherited the Vehicle............ 6

             4.    Plaintiff's Response confirms that the conversion claim
                   (Count 2) is not viable. .................................................................. 7

             5.    Plaintiff's Response does nothing to save his Section 1983
                   claim (Count 3). ............................................................................. 7

       C.    Plaintiff must withdraw the false allegations and statements in
             his filings and declaration to avoid violating Rule 11. .......................... 8

III.   CONCLUSION........................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Banks v. Rubin*,
72 F. Supp. 2d 1198 (D. Colo. 1999) ........................................................................ 9

*Chenoweth v. Guzman*,
No. 24-CV-00967-PAB-KAS, 2025 WL 2047893 (D. Colo. July 22,
2025), *report and recommendation adopted*, No. 24-CV-00967-PAB-
KAS, 2025 WL 2320505 (D. Colo. Aug. 12, 2025) ..................................................... 2

*Codding v. Jackson*,
287 P.2d 976 (Colo. 1955) ..................................................................................... 5, 8

*Erikson v. BP Exploration & Prod., Inc.*,
567 Fed. App'x 637 (10th Cir. 2014) ........................................................................ 3

*Guy Martin Buick, Inc. v. Colorado Springs Nat. Bank*,
519 P.2d 354 (Colo. 1974) ....................................................................................... 9

*Hayes v. Whitman*,
264 F.3d 1017 (10th Cir. 2001) ........................................................................... 2, 3

*Hurd v. Campbell*,
No. 22-CV-01523-RM-STV, 2024 WL 4930455 (D. Colo. Sept. 18,
2024), *report and recommendation adopted*, No. 22-CV-01523-RM-
STV, 2024 WL 6886458 (D. Colo. Oct. 15, 2024), *aff'd*, No. 24-1446,
2025 WL 2977087 (10th Cir. Oct. 22, 2025) ............................................................ 2

*L-3 Comm. Corp. v. Jaxon Eng'g & Maint., Inc.*,
863 F. Supp. 2d 1066 (D. Colo. 2012) ...................................................................... 7

*Las Vegas Ice & Cold Storage Co. v. Far W. Bank*,
893 F.2d 1182 (10th Cir. 1990) ............................................................................... 9

*Martinez v. Allstate Ins. Co.*,
961 P.2d 531 (Colo. App. 1997) ............................................................................... 5

*Merrill v. Cont. Freighters, Inc.*,
No. 119CV02309CMASKC, 2020 WL 5775660 (D. Colo. Sept. 14,
2020) ...................................................................................................................... 8, 9

*In re Qwest Commc'ns Int'l, Inc.*,
396 F. Supp. 2d 1178 (D. Colo. 2004)..........................................................................2

*Smith v. Pizza Hut, Inc.*,
694 F. Supp. 2d 1227 (D. Colo. 2010).........................................................................2

**Statutes**

C.R.S. § 4-2-401(2) ......................................................................................................3

C.R.S. § 4-2-507(2) ......................................................................................................9

C.R.S. § 4-2-511(3) ......................................................................................................9

C.R.S. § 4-2.5-525(3) ...................................................................................................6

C.R.S. § 4-3-503(c).......................................................................................................9

C.R.S. § 4-9-601(h) ......................................................................................................6

C.R.S. § 42-6-110(1) ................................................................................................. 5, 8

**Rules**

Fed. R. Civ. P. 11 ....................................................................................................2, 8, 9

Defendant Santander Consumer USA Inc. d/b/a Chrysler Capital ("Chrysler Capital") submits this Reply in support of its Motion to Dismiss the Second Amended Complaint (ECF No. 36, "Second Amended Complaint" or "Sec. Am. Compl.").

## I.    INTRODUCTION

Plaintiff's Response in Opposition (ECF No. 45, "Response" or "Resp.") confirms what Chrysler Capital's Motion to Dismiss (ECF No. 40) established—Plaintiff's claims fail because the 2018 Ram 1500 Crew Cab ("Vehicle") at issue is owned by and titled to CCAP Auto Lease Ltd. ("CCAP"), not Plaintiff.  Unable to overcome this deficiency, Plaintiff attempts to amend his claims through his Response, injecting new allegations, exhibits, and theories while seemingly abandoning those in the Second Amended Complaint.  No amount of re-pleading can save his claims.

The Court should disregard these improper new allegations and exhibits.  But even considering them, Plaintiff's claims still fail.  The Certificate of Title he attaches confirms the Vehicle has remained titled to CCAP.  And while Chrysler Capital may have sent certain documents to Plaintiff's father, non-party James Headley, before discovering that his check was returned for insufficient funds, James Headley never obtained a new certificate of title—a prerequisite to transferring ownership—and the Bill of Sale was invalidated when his payment was "dishonored," as the Second Amended Complaint acknowledges. Third-party discovery from Alpine Bank has now confirmed the reason: James Headley's personal check to Chrysler Capital, dated May 12, 2021, bounced because he had only $320.68 in his account.  This contradicts

Plaintiff's Second Amended Complaint, Response, and sworn statements in the Declaration of Alex Headley, ECF No. 45-3, at ¶¶ 1-2 ("Declaration" or "Dec.")—and raises serious questions about Plaintiff's Rule 11 obligations in continuing to pursue claims with knowledge that his father never paid for or owned the Vehicle.

Plaintiff has not—and cannot—state viable claims for replevin, conversion, or violation of Section 1983. The Second Amended Complaint should be dismissed.

## II.    ARGUMENT

### A.    Plaintiff improperly attempts to amend his claims and allegations in the Response, which is improper and should be disregarded.

"It is axiomatic that the complaint may not be amended by briefs in opposition to a motion to dismiss." *Hayes v. Whitman,* 264 F.3d 1017, 1025 (10th Cir. 2001) (citation omitted). Nor can plaintiffs cure pleading deficiencies by alleging new facts in a response. *Smith v. Pizza Hut, Inc.,* 694 F. Supp. 2d 1227, 1231 (D. Colo. 2010) ("Plaintiffs cannot rectify their pleading deficiencies by asserting new facts in an opposition to a motion to dismiss."); *see also In re Qwest Commc'ns Int'l, Inc.*, 396 F. Supp. 2d 1178, 1203 (D. Colo. 2004) ("[P]laintiffs may not effectively amend their [c]omplaint by alleging new facts in their response to a motion to dismiss"); *Chenoweth v. Guzman,* No. 24-CV-00967-PAB-KAS, 2025 WL 2047893, at *1 n.3 (D. Colo. July 22, 2025), *report and recommendation adopted*, No. 24-CV-00967-PAB-KAS, 2025 WL 2320505 (D. Colo. Aug. 12, 2025) (same); *Hurd v. Campbell*, No. 22-CV-01523-RM-STV, 2024 WL 4930455, at *1, n.1 (D. Colo. Sept. 18, 2024), *report and*

*recommendation adopted*, No. 22-CV-01523-RM-STV, 2024 WL 6886458 (D. Colo. Oct. 15, 2024), *aff'd*, No. 24-1446, 2025 WL 2977087 (10th Cir. Oct. 22, 2025) (same).

The Court should disregard the new allegations and theories Plaintiff raises in his Response and Declaration. *See* Resp., pp. 1-2; Dec., ¶¶ 3-4, 7. He now alleges Chrysler Capital "accepted" a "certified bank draft" and "issued a fully executed Bill of Sale" (attached as Exhibit A), but neither allegation nor exhibit appears in the Second Amended Complaint. *Compare* Resp., p. 1 *with* Sec. Am. Compl., pp. 1-2; *Erikson v. BP Exploration & Prod., Inc.*, 567 Fed. App'x 637, 639 (10th Cir. 2014) (affirming refusal to consider exhibits attached to response brief). He also alleges for the first time that Chrysler Capital "issued the Certificate of Title in James Headley's name"—again absent from the Second Amended Complaint. *Compare* Resp., p. 1 *with* Sec. Am. Compl., pp. 1-2. Finally, he adds allegations about inheriting the Vehicle and being "the rightful successor in interest," despite alleging only that the Vehicle transferred to him from a trust. *Compare* Resp., p. 1 *with* Sec. Am. Compl., pp. 1-2.

Plaintiff's attempt to overhaul his legal theory through his Response is equally improper. *Hayes,* 264 F.3d at 1025 (rejecting "new theory" raised in opposition brief). He has seemingly abandoned his original theory—that title transferred upon "delivery of the draft" under C.R.S. § 4-2-401(2), *see* Sec. Am. Compl., p. 1—and now claims title transferred upon receipt of an executed Bill of Sale and signed Certificate of Title. *See* Resp., pp. 1-2; Dec., ¶ 2. He further leverages these documents to argue James Headley's payment was "effective," a theory never pleaded. *Compare* Resp., p.

3

2 *with* Sec. Am. Compl., pp. 1-2.  These documents are insufficient to establish "effective" payment, and this theory is irreconcilable with Plaintiff's original position—that James Headley "tendered" a certified bank draft and received "no timely notice of dishonor."  *See* Sec. Am. Compl., pp. 1-2.

**B.    Plaintiff's claims are deficient even if the Court considers the new legal theories and allegations in the Response.**

Even considering Plaintiff's new theories, they do not rescue his claims.  His replevin claim (Count 1) fails because James Headley never owned the Vehicle, Chrysler Capital lawfully repossessed it, and Plaintiff has not pled he inherited it.  His conversion claim (Count 2) and Section 1983 claim (Count 3) fare no better:  Plaintiff offers no substantive response to Chrysler Capital's arguments on either count, effectively conceding their merit.

*1.    The purported Bill of Sale and Certificate of Title do not save his replevin claim (Count 1).*

Even assuming Chrysler Capital sent James Headley a Bill of Sale and Certificate of Title, as Plaintiff now asserts, these facts do not alter the analysis.  To survive dismissal, Plaintiff must plausibly allege he "is the owner of the property claimed" and that Chrysler Capital is "detain[ing]" the Vehicle "against the plaintiff's claim of right to possession."  *See* C.R.C.P. 104(c).  He can establish neither.

As Chrysler Capital's Motion established—and Plaintiff's Response ignores—CCAP owned the Vehicle during James Headley's lease, and it remains titled to CCAP, creating a "rebuttable presumption" of ownership.  *See* Motion to Dismiss, p.

4

6; *Martinez v. Allstate Ins. Co.*, 961 P.2d 531, 533 (Colo. App. 1997).  To transfer title, James Headley was required to present CCAP's title assignment to the DMV and obtain a new title.  *See* Motion to Dismiss, pp. 6-7; C.R.S. § 42-6-110(1); *Codding v. Jackson*, 287 P.2d 976, 979-80 (Colo. 1955). The Certificate of Title (Exhibit B) reiterates this "Transfer of Ownership/Buyer(s) Requirement":



*See* Plaintiff's Ex. B., ECF No. 45-2, p. 1.

Plaintiff's own exhibits confirm James Headley never did this.  The Certificate of Title (Exhibit B) confirms the Vehicle remains titled to and owned by CCAP:

VIN 1C6RR7LTXJS135527   YEAR 2018   MAKE DODG   MODEL

MAIL TO

CCAP AUTO LEASE LTD
P O BOX 961272
FORT WORTH, TX 76161

OWNER
CCAP AUTO LEASE LTD

*Id.*, p. 2.  Even if Chrysler Capital completed the assignment portion upon receiving James Headley's check, that check was subsequently "dishonored" (*see* Section II.C, *infra*), and James Headley never obtained a new certificate of title—a prerequisite under C.R.S. § 42-6-110(1).  *See Codding*, 287 P.2d at 979-80.  Plaintiff fails to address this deficiency.  The Bill of Sale does not change the analysis: Plaintiff admits his father's payment was "dishonored," and the Certificate of Title confirms the Vehicle remains titled to CCAP—not James Headley or Plaintiff.  *See* Plaintiff's Ex. B, p. 2.

Nothing in Plaintiff's Response or Second Amended Complaint overcomes the "rebuttable presumption" that CCAP owns the Vehicle. Plaintiff's own exhibits confirm CCAP's continued ownership and foreclose his replevin claim.

### 2. *Plaintiff's Response confirms that Chrysler Capital's repossession was lawful.*

Plaintiff's Response confirms the repossession was lawful. Setting aside CCAP's ownership at all relevant times,[1] *see* Section II.B.1, *supra*, Plaintiff alleges in the Response that the repossession occurred in a hotel parking lot with no one present. *See* Resp., p. 2. Under Colorado law, a breach of the peace occurs only if a tow company "(1) enter[s] a locked or unlocked residence or residential garage; (2) break[s], open[s], or mov[es] any lock, gate, or other barrier to enter enclosed real property; or (3) us[es] or threaten[s] to use violent means." C.R.S. § 4-9-601(h). None of those circumstances existed here—this is precisely the type of lawful self-help repossession allowed by C.R.S. § 4-2.5-525(3).

### 3. *Plaintiff still fails to plead that he inherited the Vehicle.*

Plaintiff's Response also underscores his failure to plead any cognizable ownership interest. He simultaneously claims James Headley "gave" him the Vehicle, that his family transferred it into a Trust, and that the Trust transferred it back to him. *See* Resp., p. 1. James Headley could not "give" Plaintiff a Vehicle he never

---

[1] Chrysler Capital was legally entitled to repossess the Vehicle under James Headley's Lease, a fact which goes unanswered by Plaintiff. *See* Ex. 1 to Chrysler Capital's Motion to Dismiss, ECF No. 40-1, at p. 2, §§ 29(A)(3), (B)(2) ("Lease") (Chrysler Capital may "take the Vehicle from you without demand.").

owned.  *See* Section B.1, *supra.*  Moreover, Plaintiff alleges three separate transfers yet attaches no written instrument evidencing any of them—as required by C.R.C.P. 104(b)(1).  These bare assertions cannot sustain a replevin claim.

### 4.    *Plaintiff's Response confirms that the conversion claim (Count 2) is not viable.*

Plaintiff's conversion claim rests on his mistaken belief that he owns the Vehicle.  *See* Resp., p. 2.  He ignores every argument Chrysler Capital raised regarding his failure to plead conversion's elements, thereby conceding those points.  *See* Motion to Dismiss, pp. 12-13.  His Declaration further undermines his claim by confirming Chrysler Capital directed him to a recorded line and website to retrieve his personal property. *See* Dec., ¶ 7.  Far from refusing to return Plaintiff's property, Chrysler Capital provided an avenue to retrieve it—defeating yet another requisite element of Plaintiff's conversion claim, which is inadequately pled.  *See L-3 Comm. Corp. v. Jaxon Eng'g & Maint., Inc.*, 863 F. Supp. 2d 1066, 1081 (D. Colo. 2012).

### 5.    *Plaintiff's Response does nothing to save his Section 1983 claim (Count 3).*

Plaintiff makes no meaningful attempt to defend his Section 1983 claim, merely recycling conclusory allegations.  *See* Resp., p. 2. The claim fails for multiple reasons.  First, the repossession was lawful and Chrysler Capital was entitled to recover the Vehicle, so no Fourth Amendment deprivation occurred.  *See* Sections II.B.1-2, *supra.*  Second, Plaintiff fails to address the threshold requirement that Chrysler Capital—a private entity—acted "under color of state law."  He alleges no

facts establishing state action.  At most, he asserts Chrysler Capital complied with state law—which undermines his claim.  *See* Motion to Dismiss, pp. 14-15.

### C.      Plaintiff must withdraw the false allegations and statements in his filings and declaration to avoid violating Rule 11.

Plaintiff's filings also run afoul of Rule 11, which subjects litigants to sanctions "for arguing a false position or continuing to advocate a position after learning that it ceases to have merit or is no longer tenable."  *Merrill v. Cont. Freighters, Inc.,* No. 119CV02309CMASKC, 2020 WL 5775660, at *6 (D. Colo. Sept. 14, 2020). Throughout his filings, Plaintiff insists James Headley purchased the Vehicle with a "certified bank draft" that was "effective." *See* Sec. Am. Compl., p. 1; Resp., pp. 1-2; Dec., ¶ 1.   However, James Headley's account records with Alpine Bank tell a different story: he sent Chrysler Capital a ***personal check*** on May 12, 2021—not a "certified bank draft"—and it bounced ("Refer to Maker BB") on May 19, 2021 because he had only $320.68 in account number ending 5986 at the time.  *See* Alpine Bank Records, CC_AB_0032, CC_AB_0039, CC_AB_0201, attached as <u>Reply Exhibit 1</u>.

Plaintiff's repeated insistence that James Headley purchased the Vehicle with a certified bank draft is demonstrably false, and Rule 11 precludes him from "continuing to advocate" that position. *See Merrill,* 2020 WL 5775660, at *6. Creative pleading cannot alter the dispositive fact that James Headley never paid for the Vehicle. Once that is withdrawn, Plaintiff's new Certificate of Title and Bill of Sale theory falls apart because James Headley never paid for the Vehicle or titled the Vehicle in his name. *See* Resp., pp. 1-2; C.R.S. § 42-6-110(1); *Codding,* 287 P.2d at

8

979-80.  His UCC theory also collapses—which may explain why he abandons it in his Response.  *Compare* Sec. Am. Compl., pp. 1-2 *with* Resp., pp. 1-2.  James Headley's interest was entirely conditional upon clearance of his check—which bounced.  *See* Ex. A, p. 1; C.R.S. § 4-2-511(3) ("Payment by check is conditional and is defeated as between the parties by dishonor of the check on due presentment"); C.R.S. § 4-2-507(2) ("Where payment is due and demanded on the delivery to the buyer of goods or documents of title, his right as against the seller to retain or dispose of them is conditional upon his making the payment due").  Once the check was returned, Chrysler Capital had the right to reclaim the Vehicle.  *See Guy Martin Buick, Inc. v. Colorado Springs Nat. Bank*, 519 P.2d 354, 359 (Colo. 1974) (vehicle seller had the right to undo the transaction after the buyer's check was dishonored).[2]

Plaintiff should not be granted another opportunity to amend—amendment would be futile.  James Headley's personal check was returned for insufficient funds, he never paid for the Vehicle, the Vehicle remains titled to CCAP, and Plaintiff has never held any ownership interest.  *See* Reply Ex. 1; *Banks v. Rubin*, 72 F. Supp. 2d 1198, 1200 (D. Colo. 1999).  Permitting further meritless amendments and claims would contravene Fed. R. Civ. P. 11.  *See Merrill,* 2020 WL 5775660, at *6.

---

[2] James Headley's bounced check also disposes of Plaintiff's contention that Chrysler Capital was required to notify him under C.R.S. § 4-3-503(c)(ii), which imposes notice obligations on banks, not payees, like Chrysler Capital.  *See Las Vegas Ice & Cold Storage Co. v. Far W. Bank*, 893 F.2d 1182, 1187 (10th Cir. 1990); C.R.S. § 4-3-503(c) (requiring notice by "a collecting bank" who "receives notice of dishonor").

III.     CONCLUSION

Therefore, the Court should dismiss the Second Amended Complaint in its

entirety with prejudice and deny any further leave to amend.

Respectfully submitted this 2nd day of July, 2026.

<div align="center" style="margin-left:50%">

*/s/ Matthew M. Petersen*
Matthew M. Petersen, #48562
Kristen M. Kennedy, #60969
1700 Lincoln Street, Suite 4100
Denver, CO 80203
Telephone: (303) 861-7000
Matt.petersen@bclplaw.com
Kristen.kennedy@bclplaw.com

*Attorneys for Defendant Santander
Consumer USA Inc. d/b/a Chrysler Capital*

</div>

10

## GENERATIVE ARTIFICIAL INTELLIGENCE (AI) CERTIFICATION

Pursuant to Section C.2 of the Court's Standing Order for Civil Cases, undersigned counsel for Chrysler Capital certifies that no portion of this filing was drafted by artificial intelligence.

/s/ Matthew M. Petersen
Matthew M. Petersen, #48562
Kristen M. Kennedy, #60969
BRYAN CAVE LEIGHTON PAISNER LLP
1700 Lincoln Street, Suite 4100
Denver, CO 80203
Telephone: (303) 861-7000
Matt.petersen@bclplaw.com
Kristen.kennedy@bclplaw.com

*Attorneys for Defendant Santander
Consumer USA Inc. d/b/a Chrysler Capital*

11

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 2nd day of July, 2026, I electronically filed and served a true and correct copy of the foregoing **DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS** with the Clerk of Court using the Court's NextGen CM/ECF system and also electronic mail to the below:

Alex Headley
383 Hummingbird Circle
Silverthorne, CO 80498
Phone: 970-390-7785
Ajinvestments.alex@gmail.com
*Pro Se Plaintiff*

/s/ Matthew M. Petersen
Matthew M. Petersen, #48562
Kristen M. Kennedy, #60969
BRYAN CAVE LEIGHTON PAISNER LLP
1700 Lincoln Street, Suite 4100
Denver, CO 80203
Telephone: (303) 861-7000
Matt.petersen@bclplaw.com
Kristen.kennedy@bclplaw.com

*Attorneys for Defendant Santander
Consumer USA Inc. d/b/a Chrysler Capital*

12