IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:25-cv-03677-SKC-TPO

ALEX HEADLEY

     Plaintiff,

v.

SANTANDER CONSUMER USA INC., d/b/a
CHRYSLER CAPITAL,

     Defendant.

---

### DEFENDANT'S OPPOSED MOTION TO STAY DISCOVERY

---

Defendant Santander Consumer USA Inc. d/b/a Chrysler Capital ("Chrysler Capital") respectfully moves to stay discovery pending resolution of Chrysler Capital's Motion to Dismiss (ECF No. 40, "Motion to Dismiss") the Second Amended Complaint (ECF No. 36, "Second Amended Complaint" or "Sec. Am. Compl.") of Plaintiff Alex Headley ("Plaintiff"), as well as Plaintiff's forthcoming motion for leave to amend his Second Amended Complaint, which Chrysler Capital will oppose. Plaintiff opposes this Motion.

### D.C.COLO.LCivR 7.1 CERTIFICATION

Pursuant to D.C.COLO.LCivR 7.1(a), undersigned counsel certifies that he conferred with Plaintiff on July 6, 2026 via telephone, and again on July 7, 2026 via email, regarding the stay of discovery.  Plaintiff opposes a stay of all discovery

1

pending resolution of Chrysler Capital's fully briefed Motion to Dismiss and Plaintiff's forthcoming motion for leave to amend his Second Amended Complaint, if one is filed.

## I.    INTRODUCTION

This matter arises from Chrysler Capital's lawful repossession of a 2018 Ram 1500 Crew Cab ("Vehicle") after non-party James Headley (Plaintiff's deceased father) failed to return the Vehicle upon expiration of his lease.  Plaintiff initiated this lawsuit as James Headley's alleged heir, asserting claims for Replevin (Claim 1), Conversion (Claim 2), and violation of 42 U.S.C. § 1983 ("Section 1983") (Claim 3). Plaintiff claims to be the Vehicle's rightful owner by inheritance from James Headley, but third-party discovery from Alpine Bank has confirmed that James Headley's personal check to Chrysler Capital for the Vehicle's purchase price bounced on or about May 19, 2021.  *See* Chrysler Capital's Reply in Support of its Motion to Dismiss, ECF No. 48, at 8–9 ("Reply").  At all relevant times, the Vehicle has remained owned by and titled to CCAP Auto Lease Ltd. ("CCAP")—not Plaintiff.

Chrysler Capital moved to dismiss the Second Amended Complaint on May 11, 2026, arguing, among other things, that Plaintiff's claims fail because James Headley never acquired ownership of the Vehicle and therefore could not have transferred it to Plaintiff.  That motion is now fully briefed.  In light of Alpine Bank's discovery, Plaintiff has represented that he intends to seek leave to amend the Second Amended Complaint to update his allegations—including to remove the numerous assertions

that James Headley tendered a "certified bank draft" for the Vehicle.  *See* Sec. Am. Compl., p. 1.  Chrysler Capital will oppose any such amendment as futile because Alpine Bank's records confirm that James Headley never purchased the Vehicle, and Plaintiff therefore cannot plead any set of facts establishing ownership.

In addition to third party discovery with Alpine Bank, the parties have also exchanged initial disclosures.  Chrysler Capital served its initial disclosure document production on April 28, 2026.  Plaintiff has not yet produced any documents.  This Court should stay any further discovery pending resolution of Chrysler Capital's Motion to Dismiss and Plaintiff's forthcoming motion for leave to amend the Second Amended Complaint.  A temporary stay while the Court determines whether any of Plaintiff's claims survive—particularly given that James Headley never paid for the Vehicle—will spare Chrysler Capital unnecessary fees and expenses associated with discovery that may be rendered moot.  Under these circumstances, the burden of proceeding with discovery outweighs any minimal prejudice from a temporary stay.

## II.    LEGAL STANDARD

"A motion to stay discovery pending determination of a dispositive motion is an appropriate exercise of this court's discretion."  *Morrill v. Stefani*, No. 17-cv-0123, 2017 WL 1134767, at \*1 (D. Colo. Mar. 13, 2017).  "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Kennedy v. Finley,* No. 11-cv-967, 2011 WL 2473069, at \*1 (D. Colo. June 22, 2011).

3

"How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* (citing *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)); *see also Park v. TD Ameritrade Trust Co., Inc.*, No. 10-cv-2599, 2011 WL 2893047, at *1 (D. Colo. July 18, 2011) ("[A] court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved.") (quoting 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2040, at 198 (3d ed. 2010)).

## III.    ARGUMENT

The Court should stay any further discovery pending resolution of Chrysler Capital's fully briefed and dispositive Motion to Dismiss, as well as any motion by Plaintiff to amend the Second Amended Complaint, which Chrysler Capital will oppose as futile. It is well-settled that when a pending motion to dismiss could resolve the matter in its entirety, "efficiency and fairness" counsel in favor of "delaying the proceedings pending resolution of a motion to dismiss." *Jovel v. Berkebile,* No. 13-cv-02637-RM-MJW, 2014 WL 29616, at *2 (D. Colo. Jan. 4, 2014) (citing *Harris v. United States,* No. 09-cv-02658-PAB-KLM, 2010 WL 1687915, at *1 (D. Colo. Apr. 27, 2010) (noting that neither the court's "nor the parties' time is well-served by being involved in the 'struggle over the substance of the suit' when . . . a dispositive motion is pending")). "A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned,

4

and to make the most efficient use of judicial resources." *Harris*, 2010 WL 1687915, at \*1 (quoting *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.,* 201 F.R.D. 1, 2 (D.D.C. 2001)) (internal quotation marks and citations omitted).

When exercising its discretion regarding whether to impose a stay, the Court should consider the following factors:

> (1) plaintiff's interest in proceeding expeditiously with the civil action and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*String Cheese Incident, LLC v. Stylus Shows, Inc.,* No. 1:02-cv-01934-LTB-PAC, 2006 WL 894955, at \*2 (D. Colo. Mar. 30, 2006). Here, the factors weigh in favor of imposing a temporary stay on any further discovery.

First, with respect to the first and second factors, the Court balances "the Plaintiff's desire to proceed expeditiously with this case against the burden on Defendant of proceeding forward." *Harris*, 2010 WL 1687915, at \*1. As to the latter, "subjecting a party to discovery when a motion to dismiss . . . is pending may subject him to undue burden and expense, particularly if the motion to dismiss is later granted." *Id*. Here, Chrysler Capital's Motion to Dismiss is fully briefed and dispositive of all three claims—Replevin, Conversion, and Section 1983. No amount of discovery will alter the undisputed fact that James Headley never paid for the Vehicle, which is fatal to any claim Plaintiff has or could assert against Chrysler Capital. *See* Reply, pp. 8–9. Any attempt by Plaintiff to amend the Second Amended

5

Complaint will be similarly futile since there is no set of facts in which Plaintiff could allege that he owns the Vehicle. *Id.* A temporary stay of further discovery will allow Chrysler Capital to avoid incurring unnecessary fees and expenses associated with discovery that may prove moot. Accordingly, the burden on Chrysler Capital of proceeding with more discovery beyond the initial disclosures and document productions that have already been served outweighs any minimal potential prejudice to Plaintiff from temporarily staying discovery, especially considering that Plaintiff has already received the subpoenaed Alpine Bank records and Chrysler Capital's initial disclosures and document production.

Second, with respect to the third factor, courts routinely recognize the "economy" and "efficiency" of preserving judicial resources by granting a temporary stay pending a ruling on a potentially dispositive motion. *Harris*, 2010 WL 1687915, at *1 (noting that "the imposition of a stay pending a decision on a dispositive motion that would fully resolve the case 'furthers the ends of economy and efficiency, since if [the motion] is granted, there will be no need for discovery.'") (quoting *Chavous*, 201 F.R.D. at 2); *see also Samuels v. Baldwin*, No. 14-cv-02588-LTB-KLM, 2015 WL 232121, at *3 (D. Colo. Jan. 16, 2015) (noting that "it is certainly more convenient for the Court to stay discovery until it is clear that the case will proceed."). Here, a stay will conserve judicial resources by avoiding discovery disputes and other ancillary issues—such as deposition-related disputes—that would otherwise require the Court's attention. This factor weighs in favor of a temporary stay.

6

Finally,[1] the public interest in the "efficient and just handling of legal disputes" favors a stay because it increases "the possibility that unnecessary expenditures of public and private resources on litigation will be minimized, the *probability* that judicial resources will ultimately be conserved by addressing dispositive issues early in the litigation, and the *probability* that both judicial and attorney resources will be conserved by clarifying and resolving disputed legal issues at the earliest possible time." *Samuels*, 2015 WL 232121, at \*3 (emphasis in original). Staying discovery until the Court resolves Chrysler Capital's Motion to Dismiss and any motion by Plaintiff to amend the Second Amended Complaint is the most effective means of avoiding unnecessary expenditure of judicial and public resources.

In sum, the *String Cheese* factors clearly favor a temporary stay of discovery. Given the fully dispositive issues raised in the Motion to Dismiss and the futility of further amendment, proceeding with discovery—including written discovery and depositions—would impose undue burden and expense on Chrysler Capital for proceedings that may be rendered moot. The parties will also benefit from deferring discovery until after the Motion to Dismiss and any motion for leave to amend are resolved, as doing so will narrow discovery to whatever claims, if any, survive dismissal. It will also spare the parties and the Court the costs, time, and resources associated with discovery that could be mooted entirely.

---

[1] The fourth factor neither weights in favor nor against staying discovery. Plaintiff's claims do not suggest the existence of any nonparties with any significant particularized interests in this case.

## IV.    CONCLUSION

For the foregoing reasons, Chrysler Capital respectfully requests that the Court grant this Motion and enter a temporary stay of all discovery in this action pending resolution of Chrysler Capital's Motion to Dismiss as well as Plaintiff's forthcoming motion for leave to amend his Second Amended Complaint, if one is filed.

Respectfully submitted this 7th day of July, 2026.

BRYAN CAVE LEIGHTON PAISNER LLP

*/s/ Matthew M. Petersen*
Matthew M. Petersen, #48562
Kristen M. Kennedy, #60969
1700 Lincoln Street, Suite 4100
Denver, CO 80203
Telephone: (303) 861-7000
Matt.petersen@bclplaw.com
Kristen.kennedy@bclplaw.com

*Attorneys for Defendant Santander*
*Consumer USA Inc. d/b/a Chrysler Capital*

## <u>GENERATIVE ARTIFICIAL INTELLIGENCE (AI) CERTIFICATION</u>

Pursuant to Section C.2 of the Court's Standing Order for Civil Cases, undersigned counsel for Chrysler Capital certifies that no portion of this filing was drafted by artificial intelligence.

*/s/ Matthew M. Petersen*
Matthew M. Petersen, #48562
Kristen M. Kennedy, #60969
BRYAN CAVE LEIGHTON PAISNER LLP
1700 Lincoln Street, Suite 4100
Denver, CO 80203
Telephone: (303) 861-7000
Matt.petersen@bclplaw.com
Kristen.kennedy@bclplaw.com

*Attorneys for Defendant Santander
Consumer USA Inc. d/b/a Chrysler Capital*

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of July, 2026, I electronically filed and served a true and correct copy of the foregoing **DEFENDANT'S OPPOSED MOTION TO STAY DISCOVERY** with the Clerk of Court using the Court's NextGen CM/ECF system and also electronic mail to the below:

Alex Headley
383 Hummingbird Circle
Silverthorne, CO 80498
Phone: 970-390-7785
Ajinvestments.alex@gmail.com
*Pro Se Plaintiff*

/s/ Matthew M. Petersen
Matthew M. Petersen, #48562
Kristen M. Kennedy, #60969
BRYAN CAVE LEIGHTON PAISNER LLP
1700 Lincoln Street, Suite 4100
Denver, CO 80203
Telephone: (303) 861-7000
Matt.petersen@bclplaw.com
Kristen.kennedy@bclplaw.com

*Attorneys for Defendant Santander
Consumer USA Inc. d/b/a Chrysler Capital*

10