**THIRD AMENDED COMPLAINT (Exhibit - A1)**

**Jury Trial Requested: Yes**

**NOTICE** A. Plaintiff: Alex Headley, 838 Hummingbird Circle, Silverthorne, CO 80498. B. Defendant: Santander Consumer USA Inc. d/b/a Chrysler Capital. C. Jurisdiction: Diversity (28 U.S.C. § 1332) and federal question (FDCPA).

**STATEMENT OF FACTS**

On or about May 13, 2021, Plaintiff's decedent father tendered payment via bank draft/check for the lease buyout of the 2018 Ram 1500 Crew Cab, VIN 1C6RR7LTXJS135527 ("Vehicle") (Ex. J -Payoff Letter). Defendant issued a wet-signature Bill of Sale and stamped Certificate of Title on or about May 28, 2021, transferring title. (Ex. A – Bill of Sale; Ex. B – Certificate of Title).

Bank records show the payment attempt and cure efforts. (Ex. C – Bank Records). Defendant's own documents and actions confirmed acceptance and title transfer under Colorado UCC provisions governing sales and secured transactions (C.R.S. Title 4, Articles 2 and 9). Father transferred ownership to Plaintiff prior to repossession. (Exs. E-G – Affidavits of Truth).

Plaintiff's personal day-timer calendar notes and AT&T records document multiple calls with Defendant's agents confirming zero balance:

- February 19, 2025 call (mother, sister, and father present) – zero balance confirmed.

- June 9, 2025 call – zero balance still shown.

- June 16, 2025 call – zero balance again confirmed.

- June 18, 2025 call – agents first referenced a returned check but could not clearly state it had bounced or provide proper documentation.

- June 30, 2025 call – further discussion.

(Ex. D – AT&T Phone Records and Plaintiff's Day-Timer Calendar Notes). Even on the first day after repossession (June 9), Defendant's agents still showed zero balance owed. It was not until approximately 10 days later that they claimed the check did not clear. Plaintiff's father passed the next day after that disclosure. This was the first notice Plaintiff or his family received of any alleged dishonor.

Defendant failed to provide timely notice of dishonor as required under Colorado law (see C.R.S. § 4-3-503). The wet title and Bill of Sale in hand proved ownership and transfer. No proper

default notice was ever sent to the decedent. Defendant's internal records were (and are) a mess, but that does not excuse their failure to document and notify properly.

On June 8, 2025, Defendant's agents wrongfully repossessed the Vehicle from a private hotel parking lot in Colorado while Plaintiff cared for his dying father nearby. This was a breach of the peace. Personal property remained inside (travel binder with securities, bonds, birth certificates, tools, clothing).

**Supporting Exhibits:**

- **A:** Bill of Sale.

- **B:** Signed Certificate of Title.

- **C:** Alpine Bank check records.

- **D:** AT&T call logs (including February 25 and June 2025 calls).

- **E–G:** Affidavits.

- **H:** Staybridge payment confirmation.

- **I:** Property Release (never honored).

- **J:** May 5, 2021 payoff letter

- **K:** Truck Condition report

- **L:** Revised property list.

- **M:** Travel binder example.

- **N:** Insurance Bond copy.

**CLAIM ONE: Common-Law Replevin – Wrongful Detention**

Defendant wrongfully detained Plaintiff's 2018 Ram 1500 Crew Cab (VIN: 1C6RR7LTXJS135527) and personal property. On or about June 2, 2025, Plaintiff's father transferred ownership and title to Plaintiff (witnessed per Exhibit F – Nick Headley Affidavit).

On June 8, 2025, Defendant's agents repossessed the Vehicle from a paid hotel parking lot (Exhibit H) without judicial process and in breach of the peace.

No default existed. Title passed (C.R.S. § 4-2-401).

**CLAIM TWO: Common-Law Conversion**

Defendant wrongfully exercised dominion over plaintiff's personal property and truck. Exhibit I shows internal documents that were never given to me prior to the towing company disposition of my personal property. Exhibit L showing my personal property in the truck at the time of unlawful repossession.  Exhibit K (Defendant's condition report) shows post-tow damage to the four-wheel drive (previously operational).

**CLAIM THREE: FDCPA Violations – Fraud and Misrepresentation, 15 U.S.C. § 1692e**

Defendant violated the FDCPA by using false, deceptive, or misleading representations in connection with the collection of any debt. Specifically:

- On or about February 25, 2025, Defendant's representative made misrepresentations to Emily J. Headley and Jamilee L. Coen regarding account status (Exhibit D – call logs).

- During June 2025 calls with Plaintiff, Defendant made further misrepresentations concerning the status of the account, title, payment, and release of property (Exhibit D).

These actions constitute violations of 15 U.S.C. § 1692e (false or misleading representations). Plaintiff is entitled to actual damages, statutory damages, and attorney fees (though pro se).

**PRAYER FOR RELIEF**

1. Replevin – return of Vehicle and personal property or value TBD by Jury.

2. Damages for conversion.

3. Actual and statutory damages under FDCPA.

4. Costs and other relief.

Exhibits A–N incorporated by reference and attached.

**Verification** I declare under penalty of perjury that the foregoing is true and correct.

/s/ Alex Headley

Alex Headley, Pro Se July 14, 2026

383 Hummingbird Circle, Silverthorne, CO 80498

(970) 390-7785 | Ajinvestments.alex@gmail.com