**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:25-cv-03677-SKC-TPO

ALEX HEADLEY

      Plaintiff,

v.

SANTANDER CONSUMER USA INC., d/b/a
CHRYSLER CAPITAL,

      Defendant.

---

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION
FOR LEAVE TO FILE THIRD AMENDED COMPLAINT**

---

Matthew M. Petersen, #48562
Kristen M. Kennedy, #60969
BRYAN CAVE LEIGHTON PAISNER LLP
1700 Lincoln Street, Suite 4100
Denver, CO 80203
Telephone: (303) 861-7000
matt.petersen@bclplaw.com
kristen.kennedy@bclplaw.com

*Attorneys for Defendant Santander
Consumer USA Inc. d/b/a Chrysler Capital*

## TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ........................................................................................ 1

II.    PROCEDURAL HISTORY ....................................................................... 2

III.   ARGUMENT ............................................................................................. 3

     A.    Legal Standard ................................................................................. 3

     B.    Plaintiff should not be granted leave to amend _again_ because his request is untimely, prejudices Chrysler Capital, and is futile. ............ 4

           1.    _Plaintiff's request is untimely and prejudicial._ ........................... 4

           2.    _Plaintiff has already had ample opportunity to state a claim and has failed each time._.............................................................. 5

           3.    _The proposed Third Amended Complaint is futile and would be subject to dismissal under Rule 12._ .......................................... 6

                a.    Plaintiff's proposed replevin claim (Count 1) still fails because CCAP has always owned the Vehicle, and Plaintiff cannot rebut that presumption........................... 6

                b.    Plaintiff's proposed conversion claim (Count 2) also continues to fail because he still has no ownership interest and has not pled a demand and refusal. .............. 8

                c.    Plaintiff's proposed FDCPA (Count 3) claim also fails because Chrysler Capital is not a debt collector................ 9

IV.    Conclusion ............................................................................................... 10

GENERATIVE ARTIFICIAL INTELLIGENCE (AI) CERTIFICATION.................. 11

CERTIFICATE OF SERVICE.................................................................................. 12

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Biddle v. Santander Consumer USA,*
 No. 3:10-cv-2093-M, 2011 WL 2412548 (N.D. Tex. Jun. 9, 2011)...........................9

*Blagogee v. Santander Consumer USA, Inc.,*
 No. 1:11-cv-680, 2011 WL 8186750 (E.D. Va. Nov. 29, 2011)................................9

*Carbajal v. Morrissey,*
 No. 12–CV–03231–REB–KLM, 2014 WL 1301532 (D. Colo. Mar. 31,
 2014)...................................................................................................................... 5, 6

*Cheavens v. Pub. Serv. Corp. of Colorado,*
 176 F. Supp. 3d 1088 (D. Colo. 2016)................................................................... 3, 6

*Codding v. Jackson,*
 287 P.2d 976 (Colo. 1955)......................................................................................... 7

*Eckley v. Goodrich,*
 No. 1:22-CV-01783-PAB-SBP, 2024 WL 3862572 (D. Colo. July 23,
 2024)........................................................................................................................... 5

*Frank v. U.S. West, Inc.,*
 3 F.3d 1357 (10th Cir. 1993) .................................................................................... 4

*Guy Martin Buick, Inc. v. Colorado Springs Nat. Bank,*
 519 P.2d 354 (Colo. 1974)......................................................................................... 8

*Henson v. Santander Consumer USA, Inc.,*
 582 U.S. 79 (2017) .................................................................................................... 9

*Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc.,*
 175 F.3d 848 (10th Cir. 1999) .................................................................................. 6

*L-3 Comm. Corp. v. Jaxon Eng'g & Maint., Inc.,*
 863 F. Supp. 2d 1066 (D. Colo. 2012)....................................................................... 8

*Las Vegas Ice and Cold Storage Co. v. Far West Bank,*
 893 F.2d 1182 (10th Cir. 1990) ................................................................................ 4

*Maloney v. City of Pueblo, Colorado*,
  323 F.R.D. 358 (D. Colo. 2018) ............................................................................. 3

*Martinez v. Allstate Ins. Co.*,
  961 P.2d 531 (Colo. App. 1997) ............................................................................ 7

*Nicholls v. Zurich Am. Ins. Grp.*,
  244 F. Supp. 2d 1144 (D. Colo. 2003) ................................................................ 3, 4

*Obduskey v. Wells Fargo*,
  879 F.3d 1216 (10th Cir. 2018), *aff'd Obduskey v. McCarthy &*
  *Holthus LLP*, 586 U.S. 466 (2019) ........................................................................ 9

*Robinette v. Schirard*,
  No. 10-CV-02172-CMA-KLM, 2014 WL 12649011 (D. Colo. Feb. 11,
  2014) ........................................................................................................................ 5

**Statutes**

C.R.S. § 4-3-503 ........................................................................................................ 7

C.R.S. § 42-6-110 ...................................................................................................... 7

15 U.S.C. § 1692a(6) ................................................................................................. 9

**Rules**

Rule 12 ................................................................................................................... 1, 6

Rule 15 ................................................................................................................... 3, 5

iii

Defendant Santander Consumer USA Inc. d/b/a Chrysler Capital ("Chrysler Capital") submits this Response in Opposition to Plaintiff Alex Headley's ("Plaintiff") Motion for Leave to File Third Amended Complaint (ECF No. 51, "Motion for Leave").

## I.    INTRODUCTION

Plaintiff's proposed Third Amended Complaint (ECF No. 51-1, "Third Am. Compl.") is his fifth attempt in this action—and sixth overall[1]—to plead a viable claim against Chrysler Capital, and it fails for the same reason the prior versions. Plaintiff's father, James Headley, never owned the 2018 Ram 1500 Crew Cab ("Vehicle"), so neither he nor Plaintiff ever had any right to it.  The Court should deny Plaintiff's Motion for Leave for three independent reasons: it is untimely, since the deadline to amend passed months ago and Plaintiff offers no explanation for the delay; it is prejudicial, since Chrysler Capital should not have to defend a sixth iteration of a Complaint that fails for the same reasons as the prior versions; and it is futile, since the proposed amendment would still be subject to dismissal under Rule 12.

The proposed Third Amended Complaint recasts Plaintiff's narrative but adds nothing that changes the outcome. Plaintiff now admits his father attempted to pay for the Vehicle with a personal check—not a certified bank draft as previously alleged—and that the check bounced, yet he claims title passed anyway on a

---

[1] Before the current lawsuit, Plaintiff filed a prior lawsuit against Chrysler Capital, which was dismissed by Judge Babcock on August 28, 2025.  *See* ECF No. 6 in Case No. 1:25-cv-02185-LTB.

1

technicality—because Chrysler Capital had issued a bill of sale and certificate of title before discovering the check was bad. He also points to 2025 phone calls in which Chrysler Capital's agents mentioned a "zero balance," which was simply true because the lease had ended in 2021. Plaintiff supports this narrative with fourteen new exhibits and, having abandoned his Section 1983 claim, now asserts a new claim under the Fair Debt Collection Practices Act ("FDCPA") based on the same 2025 calls.

None of Plaintiff's new allegations changes the outcome.  CCAP Auto Lease Ltd. ("CCAP") owned the Vehicle throughout James Headley's lease and still does; a bounced check and a premature bill of sale and certificate of title do not transfer title under Colorado law, which requires the buyer to obtain a ***new*** certificate of title in his own name—something Mr. Headley never did.  The Vehicle is still titled in CCAP's name.  A customer-service representative's comment about a "zero balance" on an expired lease cannot substitute for that statutory requirement, and it defeats the new FDCPA claim too: with no debt outstanding in 2025, Chrysler Capital was not attempting to collect a debt owed to another and is not a "debt collector" under the statute.  Because James Headley never owned the Vehicle, he could not have transferred it to Plaintiff—***no one can transfer ownership they do not have***.

Plaintiff's new allegations and exhibits do not remedy that defect.  Amendment is futile, and the Motion for Leave should be denied.

## II.    PROCEDURAL HISTORY

Plaintiff filed his original Complaint in Denver District Court on July 17, 2025.

2

*See* ECF Nos. 8-2, 8-3, and 8-7.  Since then, he has amended three times, with the first amendment filed on October 31, 2025 in Denver District Court.  *See* ECF No. 8-37.  After this action was removed, Plaintiff amended his Complaint on January 19, 2026, and again, on April 29, 2026.  *See* ECF Nos. 13 and 36.  In the meantime, the Court has entered a Scheduling Order (ECF No. 44), the parties fully briefed Chrysler Capital's Motion to Dismiss the currently operative Second Amended Complaint (ECF Nos. 40, 45, 48), and third-party subpoenas to James Headley's banks confirmed he never paid for the Vehicle.  The deadline to amend pleadings expired on May 15, 2026.  *See* ECF No. 44, p. 15, § 9(a).

III.   **ARGUMENT**

   A.   **Legal Standard**

Under Rule 15(a), the Court may grant leave to amend "when justice so requires."  *Cheavens v. Pub. Serv. Corp. of Colorado*, 176 F. Supp. 3d 1088, 1101 (D. Colo. 2016).  After the deadline to amend has passed, and without written consent of the adverse party, the decision to grant leave to amend a complaint is within the district court's discretion.  *Nicholls v. Zurich Am. Ins. Grp.,* 244 F. Supp. 2d 1144, 1153 (D. Colo. 2003) (citing Fed. R. Civ. P. 15(a)).  "Refusing leave to amend is [] justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."  *Maloney v. City of Pueblo, Colorado*, 323 F.R.D. 358, 360 (D. Colo. 2018).

**B.    Plaintiff should not be granted leave to amend _again_ because his request is untimely, prejudices Chrysler Capital, and is futile.**

### 1.    *Plaintiff's request is untimely and prejudicial.*

"[U]ntimeliness alone may be a sufficient basis for denial of leave to amend." *Nicholls*, 244 F. Supp. 2d at 1153 (quoting *Las Vegas Ice and Cold Storage Co. v. Far West Bank,* 893 F.2d 1182, 1185 (10th Cir. 1990)).  This is especially the case "when the party filing the motion has no adequate explanation for the delay," or "[w]here the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint."  *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365–66 (10th Cir. 1993) (citing *Las Vegas Ice and Cold Storage Co.,* 893 F.2d at 1185 (denying leave to amend where plaintiff failed to assert punitive damages for a year and a half)).

The deadline to amend passed on May 15, 2026 (ECF No. 44, Scheduling Order, p. 15, § 9(a)), and the facts underlying Plaintiff's new allegations were available to him well before then.  The only potentially new information is that James Headley's personal check for the Vehicle bounced and was never a "certified" bank draft—as Plaintiff erroneously claimed previously.  *See* Motion for Leave, Ex. C, ECF No. 51-3. Rather than confront that fact, Plaintiff pivots to a new theory—that title transferred via a certificate of title and bill of sale rather than delivery of payment.  *See* Section III.B.3.a, *infra*; Third Am. Compl., ECF No. 51-1, p. 1.  But those documents are nothing new: Plaintiff had them all along, attached them to his prior Complaints, and

made the strategic decision not to attach them to his Second Amended Complaint. *Compare* ECF No. 8-3, pp. 3-4, *with* Sec. Am. Compl., ECF No. 36, pp. 1-2.

Granting leave now—after a scheduling order, after the amendment deadline, and after full briefing on a dispositive Motion to Dismiss—would reward delay and inflict exactly the prejudice Rule 15 exists to prevent. Chrysler Capital has already briefed multiple Motions to Dismiss against Plaintiff's successive complaints; forcing yet another round against claims that remain futile imposes real cost with no corresponding benefit.

### 2. *Plaintiff has already had ample opportunity to state a claim and has failed each time.*

Courts deny leave to amend when *pro se* plaintiffs have already had ample opportunity to cure their pleadings and failed. *See Robinette v. Schirard*, No. 10-CV-02172-CMA-KLM, 2014 WL 12649011, \*12 (D. Colo. Feb. 11, 2014), *report and recommendation adopted*, No. 10-CV-02172-CMA-KLM, 2014 WL 12649009 (D. Colo. Mar. 25, 2014); *Carbajal v. Morrissey*, No. 12–CV–03231–REB–KLM, 2014 WL 1301532, \*32 (D. Colo. Mar. 31, 2014) (denying leave after four prior opportunities); *Eckley v. Goodrich*, No. 1:22-CV-01783-PAB-SBP, 2024 WL 3862572, at \*11 (D. Colo. July 23, 2024), *report and recommendation adopted*, No. 22-CV-01783-PAB-SBP, 2024 WL 3859938 (D. Colo. Aug. 19, 2024) (denying leave after six amendments). Plaintiff's proposed Third Amended Complaint is his fifth attempt to state a claim against Chrysler Capital, and he has failed every time.

### 3. *The proposed Third Amended Complaint is futile and would be subject to dismissal under Rule 12.*

No amount of re-pleading can save Plaintiff's Third Amended Complaint, because it remains subject to dismissal just as its predecessors were. "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal" for *any* reason—a standard "functionally equivalent" to Rule 12(b)(6). *Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc.,* 175 F.3d 848, 859 (10th Cir. 1999); *see also Cheavens*, 176 F. Supp. 3d at 1101 ("Proposed amendments are futile when the amended complaint 'would be subject to dismissal for *any reason*'") (emphasis added). Futility is "functionally equivalent to the question whether a complaint may be dismissed for failure to state a claim." *Id*. Courts "often find that granting the opportunity to amend would be futile," even for *pro se* litigants—and that is precisely the case here. *Carbajal*, 2014 WL 1301532 at *36.

### a. <u>Plaintiff's proposed replevin claim (Count 1) still fails because CCAP has always owned the Vehicle, and Plaintiff cannot rebut that presumption</u>.

Plaintiff's new allegations and exhibits do not save his replevin claim. He now admits his father never paid for the Vehicle, but claims ownership passed anyway on a technicality—upon issuance of bill of sale and certificate of title after a check was received but then ultimate dishonored, rather than upon delivery of actual payment. *Compare* Third Am. Compl., ECF No. 51-1, p. 1 *with* Sec. Am. Compl., ECF No. 36, p. 1. He cites no authority for that theory, and none exists: as Chrysler Capital's Motion to Dismiss (ECF No. 40, pp. 5-7) and Reply (ECF No. 48, pp. 4-5) established, CCAP

6

owned the Vehicle at all times and still does, and title remains in CCAP's name today,

as Plaintiff's own exhibit confirms:



*See* ECF No. 51-5, p. 2.

This creates a rebuttable presumption that CCAP owns the Vehicle. *Martinez v. Allstate Ins. Co.*, 961 P.2d 531, 533 (Colo. App. 1997). Plaintiff cannot overcome it. Even if Chrysler Capital stamped the assignment portion of the title upon receiving James Headley's check (ECF No. 51-5, p. 1), that check bounced (ECF No. 51-3), and James Headley never obtained a new certificate of title in his own name—a prerequisite under C.R.S. § 42-6-110(1). *See Codding v. Jackson*, 287 P.2d 976, 979-80 (Colo. 1955). The bill of sale does not help him either: Plaintiff admits the payment bounced, and the certificate of title confirms the Vehicle remains titled to CCAP, not James Headley or Plaintiff.[2] *See* ECF No. 51-5, p. 2.

---

[2] Plaintiff's reliance on C.R.S. § 4-3-503 continues to be misplaced: that section obligates banks, not payees, and only requires notice of dishonor when the holder seeks to "enforce" the bounced check against the issuer. *See* C.R.S. § 4-3-503(a), (c)(ii); Chrysler Capital's Reply In Support of Motion to Dismiss, ECF No. 48, p. 9 n.2.

Once Mr. Headley's check bounced, Chrysler Capital had every right to reclaim the Vehicle. *See Guy Martin Buick, Inc. v. Colorado Springs Nat. Bank*, 519 P.2d 354, 359 (Colo. 1974) (seller may undo the transaction after the buyer's check is dishonored). None of Plaintiff's fourteen exhibits—including the price quote (ECF No. 51-2), Alpine Bank records (ECF No. 51-3), Bill of Sale (ECF No. 51-4), Certificate of Title (ECF No. 51-5), and three family-member affidavits (ECF Nos. 51-10, 51-11, 51-12)—establishes that Plaintiff inherited a Vehicle his father never owned and never had title to.

> **b.** **Plaintiff's proposed conversion claim (Count 2) also continues to fail because he still has no ownership interest and has not pled a demand and refusal.**

Plaintiff's new allegations and exhibits fail to state a claim for conversion for the same reasons already briefed. *See* Chrysler Capital's Motion to Dismiss, ECF No. 40, pp. 12-13. His conversion claim fails just like his replevin claim: James Headley never owned the Vehicle, and the repossession after he failed to return the Vehicle when the Lease ended complied with the terms. *See* Lease, dated April 30, 2018, Exhibit 1 to Chrysler Capital's Motion to Dismiss (ECF No. 40-1), p. 1. Plaintiff still has not alleged that he demanded return of the property or that Chrysler Capital refused. *L-3 Comm. Corp. v. Jaxon Eng'g & Maint., Inc.,* 863 F. Supp. 2d 1066, 1081 (D. Colo. 2012). Rather than cure these defects, Plaintiff instead inflates his

---

Chrysler Capital is not a bank and never sought to enforce Mr. Headley's bounced check—it simply repossessed its own property—so Section 4-3-503 does not apply.

8

damages: the personal property he valued at about $2,500 in his first Complaint (ECF No. 8-3, p. 2) is now supposedly worth more than *$8 million* (ECF No. 51-13). A bigger damages number does not plead a claim, and his conversion claim still fails.

### c.    Plaintiff's proposed FDCPA (Count 3) claim also fails because Chrysler Capital is not a debt collector.

Plaintiff's FDCPA claim (Count 3) fails because Chrysler Capital is not a "debt collector" within the meaning in the statute. A plaintiff must prove the defendant is a "debt collector" attempting to collect a "debt" in violation of the FDCPA. *Obduskey v. Wells Fargo,* 879 F.3d 1216, 1219 (10th Cir. 2018), *aff'd Obduskey v. McCarthy & Holthus LLP*, 586 U.S. 466 (2019). A "debt collector" is one who "regularly collects or attempts to collect... debts owed or due... another," *id.* (quoting 15 U.S.C. § 1692a(6)) (emphasis added), and the statute excludes anyone collecting a debt "not in default at the time it was obtained." 15 U.S.C. § 1692a(6)(F).

The Supreme Court has already held that Chrysler Capital is not a "debt collector," which alone is dispositive. *Henson v. Santander Consumer USA, Inc.*, 582 U.S. 79, 81-84 (2017) (Chrysler Capital is not a "debt collector" because "entities who regularly purchase debts originated by someone else and then seek to collect those debts for their own account" are not "debt collectors"). Courts routinely dismiss FDCPA claims against Chrysler Capital on this basis. *See, e.g., Biddle v. Santander Consumer USA*, No. 3:10-cv-2093-M, 2011 WL 2412548, at *2 (N.D. Tex. Jun. 9, 2011) ("Santander is not a debt collector under the FDCPA because Santander obtained [Plaintiff's] loan contract before the first payment was due and, therefore, before it

was in default."); *Blagogee v. Santander Consumer USA, Inc.*, No. 1:11-cv-680 (AJT/TRJ), 2011 WL 8186750, at \*2 (E.D. Va. Nov. 29, 2011) (same).

The proposed Third Amended Complaint confirms the same result here. Mr. Headley's lease ended in 2021, so there was no debt to collect in 2025. Chrysler Capital repossessed a vehicle it owned, through CCAP, after James Headley failed to return or buy it when the lease ended—it was never collecting a debt. *See* Lease, Ex. 1 to Chrysler Capital's Motion to Dismiss (ECF No. 40-1), p. 1; Section III.B.3.a, *supra*. Plaintiff cannot state an FDCPA claim, and amendment on this claim is futile.

## IV.    CONCLUSION

Therefore, Plaintiff's proposed Third Amended Complaint is untimely, prejudicial, and futile—each independent grounds to deny Plaintiff's Motion for Leave. Chrysler Capital respectfully requests that the Court deny Plaintiff's Motion.

Respectfully submitted this 3rd day of August, 2026.

BRYAN CAVE LEIGHTON PAISNER LLP

*/s/ Matthew M. Petersen*
Matthew M. Petersen, #48562
Kristen M. Kennedy, #60969
1700 Lincoln Street, Suite 4100
Denver, CO 80203
Telephone: (303) 861-7000
Matt.petersen@bclplaw.com
Kristen.kennedy@bclplaw.com

*Attorneys for Defendant Santander
Consumer USA Inc. d/b/a Chrysler Capital*

10

## <u>GENERATIVE ARTIFICIAL INTELLIGENCE (AI) CERTIFICATION</u>

Pursuant to Section C.2 of the Court's Standing Order for Civil Cases, undersigned counsel for Chrysler Capital certifies that no portion of this filing was drafted by artificial intelligence.

*/s/ Matthew M. Petersen*
Matthew M. Petersen, #48562
Kristen M. Kennedy, #60969
BRYAN CAVE LEIGHTON PAISNER LLP
1700 Lincoln Street, Suite 4100
Denver, CO 80203
Telephone: (303) 861-7000
Matt.petersen@bclplaw.com
Kristen.kennedy@bclplaw.com

*Attorneys for Defendant Santander
Consumer USA Inc. d/b/a Chrysler Capital*

11

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of August, 2026, I electronically filed and served a true and correct copy of Chrysler Capital's foregoing Response in Opposition to Plaintiff's Motion for Leave to File Third Amended Complaint with the Clerk of Court using the Court's NextGen CM/ECF system and also electronic mail to the below:

Alex Headley
383 Hummingbird Circle
Silverthorne, CO 80498
Phone: 970-390-7785
Ajinvestments.alex@gmail.com
*Pro Se Plaintiff*

/s/ Matthew M. Petersen
Matthew M. Petersen, #48562
Kristen M. Kennedy, #60969
BRYAN CAVE LEIGHTON PAISNER LLP
1700 Lincoln Street, Suite 4100
Denver, CO 80203
Telephone: (303) 861-7000
Matt.petersen@bclplaw.com
Kristen.kennedy@bclplaw.com

*Attorneys for Defendant Santander
Consumer USA Inc. d/b/a Chrysler Capital*

12