**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:25-cv-03677-SKC-TPO

ALEX HEADLEY

Plaintiff,

v.

SANTANDER CONSUMER USA INC., d/b/a
CHRYSLER CAPITAL,

Defendant.

# PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT

Plaintiff Alex Headley ("Plaintiff") respectfully submits this Reply in support of his Motion for Leave to File Third Amended Complaint (ECF No. 51) and in response to Defendant's Opposition (ECF No. 53).

## I. INTRODUCTION

Defendant paints this as a "sixth attempt" and points to a prior Denver District Court case that was dismissed. That framing is wrong. This federal action is a separate lawsuit. The prior state-court filing does not count against leave to amend here under Fed. R. Civ. P. 15. Plaintiff is not recycling the same complaint for a sixth time in this Court. He is seeking leave in this freestanding federal case based on new facts that only came to light after the death of his father and after Defendant's agent destroyed the travel binder that contained key documents, including the surety bond.

The proposed Third Amended Complaint updates the pleading to match the evidence Defendant itself uncovered through third-party discovery and the later discovery of the surety bond and other personal property that was inside the Vehicle when it was taken. Leave should be granted so the claims can be tested on the actual record, not on outdated allegations.

## II. THIS FEDERAL CASE AND THE DENVER DISTRICT COURT CASE ARE SEPARATE

Defendant repeatedly treats any amendment here as more of the same "sixth overall" pleading. That is not accurate. The earlier action was filed in Denver District Court and was dismissed by Judge Babcock. This is a distinct federal civil action under a different docket number. Fed. R. Civ. P. 15(a)(2) governs amendments in this Court: "The court should freely give leave when justice so requires." Nothing in the rule or in the local practice of this District makes a dismissed state-court complaint count as a prior amendment in this federal case.

Plaintiff is entitled to seek leave based on the evidence that has developed in this lawsuit, including the Alpine Bank records Defendant obtained and the later discovery of the surety bond.

## III. THE AMENDMENT IS BASED ON NEWLY DISCOVERED INFORMATION

After the repossession, Plaintiff discovered that a surety bond and other personal property that had been in the Vehicle—specifically in the travel binder—were destroyed or discarded by Defendant's agent. That binder was not recovered. The surety bond information only surfaced after the year Plaintiff spent dealing with his father's death and the aftermath of the repossession. It is not old information that Plaintiff simply failed to plead earlier. It is new material that directly supports the conversion claim under Colorado common law and C.R.S. § 18-4-405 (civil theft), which allows recovery of three times actual damages plus attorney fees and costs for the wrongful taking of personal property.

Even if the Court ultimately accepts Defendant's position on paper title to the truck itself, the conversion of the contents of the Vehicle—including the surety bond—stands as an independent claim. That is a fact issue that cannot be resolved on a motion to dismiss and that justifies allowing the amendment so the pleadings match the evidence.

## IV. LEAVE IS NOT UNTIMELY OR PREJUDICIAL UNDER RULE 15

Fed. R. Civ. P. 15(a)(2) directs that leave should be freely given when justice so requires. The proposed amendment responds to Defendant's own discovery from Alpine Bank and to the later discovery of the destroyed surety bond and personal property. Plaintiff has not sat on known facts. The delay is explained by the circumstances surrounding his father's death and the destruction of the travel binder by Defendant's agent. Any prejudice to Defendant is limited; the core documents are already in the record or were produced by third parties at Defendant's request. Allowing the amendment will not restart the case from scratch—it will simply let the pleadings track the evidence that now exists.

## V. THE PROPOSED AMENDMENT IS NOT FUTILE

Defendant argues futility because title remains in CCAP's name and the check bounced. Ownership and the right to possession are contested. Colorado's Uniform Commercial Code, C.R.S. Title 4, Article 9, governs secured transactions and the right to repossess only upon actual default. C.R.S. § 4-9-609 requires a default before a secured party may take possession. Whether a completed buyout, bill of sale, certificate of title, and subsequent communications created ownership or extinguished any security interest is a fact question that cannot be decided solely on the face of the current pleadings. The same is true for the independent conversion of the personal property inside the Vehicle, including the surety bond, under common-law conversion principles and C.R.S. § 18-4-405.

Plaintiff is not required to prove his entire case at the pleading stage. He is required only to give fair notice of the claims. The proposed Third Amended Complaint does that, incorporating the Alpine Bank records, the bill of sale and title documents, the 2025 communications, and the newly discovered destruction of the surety bond and other personal property.

## VI. CONCLUSION

This federal case stands on its own. The Denver District Court action was a separate proceeding. The proposed amendment rests on newly discovered facts—the surety bond and personal property destroyed by Defendant's agent after the repossession, information that only came to light after the year spent dealing with Plaintiff's father's death. Justice requires that leave be freely given under Fed. R. Civ. P. 15(a)(2) so the claims can be tested on the actual evidence.

Plaintiff therefore requests that the Court grant the Motion for Leave to File Third Amended Complaint and allow the proposed pleading to be filed.

Respectfully submitted this 25th day of August, 2026.

S/Alex Headley
383 Hummingbird Circle
Silverthorne, CO 80498
Phone: 970-390-7785
Ajinvestments.alex@gmail.com
Pro Se Plaintiff

**CERTIFICATE OF SERVICE**

I certify that on this date I served a true and correct copy of the foregoing by the Court's CM/ECF system and by email on counsel for Defendant.

S/Alex Headley