**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:25-cv-03677-SKC-TPO

ALEX HEADLEY

Plaintiff,

v.

SANTANDER CONSUMER USA INC., d/b/a
CHRYSLER CAPITAL,

Defendant.

---

**DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S REPLY**

---

Defendant Santander Consumer USA Inc. d/b/a Chrysler Capital ("Chrysler Capital") respectfully moves this Court to strike Plaintiff Alex Headley's ("Plaintiff") Reply in Support of Motion for Leave to File Third Amended Complaint (ECF No. 54, "Reply"). The Reply was filed eight days after the deadline set by the Local Rules, and it fails to include the AI Certification required by this Court's Standing Order. Each deficiency independently warrants striking the Reply.

**D.C.COLO.LCivR 7.1 CERTIFICATION**

Pursuant to D.C.COLO.LCivR 7.1(a), undersigned counsel certifies that he conferred with Plaintiff on August 27, 2026, via telephone regarding the relief sought herein. Plaintiff opposes this Motion.

1. Plaintiff filed an amended complaint on April 29, 2026. *See* ECF No. 36 ("Second Amended Complaint").

2. On May 11, 2026, Chrysler Capital moved to dismiss the Second Amended Complaint. *See* ECF No. 40 ("Motion to Dismiss").

3. The Motion to Dismiss is fully briefed. *See* ECF Nos. 45, 48.

4. Despite this pending motion, Plaintiff filed another Motion for Leave to Amend—seeking to file what he styles a "Third"[1] Amended Complaint—on July 14, 2026. *See* ECF No. 51 ("Motion for Leave").

5. Chrysler Capital filed its Opposition to the Motion for Leave on August 3, 2026. *See* ECF No. 53 ("Opposition").

6. Under D.C.COLO.LCivR 7.1(d), Plaintiff's reply was due fourteen days after service of Chrysler Capital's Opposition—***no later than August 17, 2026***.

7. Plaintiff did not file his Reply until August 25, 2026—***eight days late***. *See* ECF No. 54. He offered no explanation for the delay and sought no extension of time.

8. "[D]istrict courts are afforded great discretion regarding control of the docket and parties." *Bunn v. Perdue*, 966 F.3d 1094, 1099 (10th Cir. 2020) (quoting *United States v. Orozco,* 916 F.3d 919, 925 (10th Cir. 2019)). That authority includes the power to strike filings that violate local rules. *Id.*

[1] It is actually Plaintiff's fifth attempt to amend his complaint. *See* Chrysler Capital's Opposition to Plaintiff's Motion for Leave, ECF No. 53, p. 2-3, 5.

9. Courts in this Circuit routinely exercise that discretion to strike untimely filings. *See, e.g., Curran v. AMI Fireplace Co. Inc.,* 163 F. App'x 714, 718 (10th Cir. 2006) (affirming strike of untimely summary-judgment response); *Lemmons v. Houston,* 633 F. App'x 664, 666–67 (10th Cir. 2015) (affirming strike of untimely objection to magistrate's report and recommendation); *Merrill Scott & Assocs., Ltd. v. Concilium Ins. Servs.,* 253 F. App'x 756, 763 (10th Cir. 2007) (affirming strike of untimely summary-judgment motion); *United States v. Goodman,* No. 11-CV-00274-RBJ-MEH, 2012 WL 3150534, at *10 (D. Colo. June 12, 2012*), report and recommendation adopted,* 2012 WL 3155824 (D. Colo. Aug. 2, 2012), *aff'd,* 527 F. App'x 697 (10th Cir. 2013)(recommending that a *pro se* defendant's untimely motion for summary judgment is stricken).

10. When a court strikes an improper filing, the filing is treated as "a nullity," as though it were never made. *Bunn*, 966 F.3d at 1099 (quoting *Synnestvedt v. Astrue,* No. 09-443, 2010 WL 125649, at *1 n.3 (W.D. Okla. Jan. 7, 2010)).

11. The Reply here is precisely the kind of untimely filing that warrants striking. Plaintiff's deadline was August 17, 2026. He filed eight days later, on August 25, 2026, without seeking leave to file out of time, without offering any justification for the delay, and without so much as acknowledging that his filing was late. The Court should not countenance this disregard of its rules. *See Curran,* 163 F. App'x at 718; *Lemmons,* 633 F. App'x at 666–67; *Merrill Scott & Assocs., Ltd.,* 253 F. App'x at 763; *Goodman,* 2012 WL 3150534, at *10.

12. The Reply should also be stricken for a second, independent reason. Plaintiff failed to include the AI Certification required by this Court's Standing Order. Section C.2 of the Standing Order is unambiguous—"[t]he Court will strike any filing (without prejudice) from a party who fails to include the AI Certification" in substantive motions "including, but not limited to motions under Fed. R. Civ. P. 12, 56, and 65—and the corresponding response and reply."

13. Plaintiff's *pro se* status does not excuse his noncompliance as he is required to "follow the same rules of procedure that govern other litigants." *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (quoting *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992)), *cert. denied*, 507 U.S. 940 (1993); *see also Brandenburg v. Beaman*, 632 F.2d 120, 122 (10th Cir. 1980), *cert. denied*, 450 U.S. 984 (1981); *United States v. Cervantes-Aguilar*, No. 24-3195, 2025 WL 1292342, at *1 n.1 (10th Cir. May 5, 2025) (declining to consider a *pro se* defendant's appellate reply brief as untimely). Plaintiff had the same obligation as any other litigant to file on time and to comply with this Court's Standing Order. He failed to do either.

14. WHEREFORE, Chrysler Capital respectfully requests that the Court strike Plaintiff's Reply in Support of his Motion for Leave to File a Third Amended Complaint (ECF No. 54) and treat it as a nullity.

Respectfully submitted this 28th day of August, 2026.

BRYAN CAVE LEIGHTON PAISNER LLP

*/s/ Matthew M. Petersen*
Matthew M. Petersen, #48562
Kristen M. Kennedy, #60969
1700 Lincoln Street, Suite 4100
Denver, CO 80203
Telephone: (303) 861-7000
Matt.petersen@bclplaw.com
Kristen.kennedy@bclplaw.com

*Attorneys for Defendant Santander Consumer USA Inc. d/b/a Chrysler Capital*

**GENERATIVE ARTIFICIAL INTELLIGENCE (AI) CERTIFICATION**

Pursuant to Section C.2 of the Court's Standing Order for Civil Cases, undersigned counsel for Chrysler Capital certifies that no portion of this filing was drafted by artificial intelligence.

*/s/ Matthew M. Petersen*
Matthew M. Petersen, #48562
Kristen M. Kennedy, #60969
BRYAN CAVE LEIGHTON PAISNER LLP
1700 Lincoln Street, Suite 4100
Denver, CO 80203
Telephone: (303) 861-7000
Matt.petersen@bclplaw.com
Kristen.kennedy@bclplaw.com

*Attorneys for Defendant Santander Consumer USA Inc. d/b/a Chrysler Capital*

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of August, 2026, I electronically filed and served a true and correct copy of the foregoing **DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S REPLY** with the Clerk of Court using the Court's NextGen CM/ECF system and also electronic mail to the below:

Alex Headley
383 Hummingbird Circle
Silverthorne, CO 80498
Phone: 970-390-7785
Ajinvestments.alex@gmail.com
*Pro Se Plaintiff*

*/s/ Matthew M. Petersen*

Matthew M. Petersen, #48562
Kristen M. Kennedy, #60969
BRYAN CAVE LEIGHTON PAISNER LLP
1700 Lincoln Street, Suite 4100
Denver, CO 80203
Telephone: (303) 861-7000
Matt.petersen@bclplaw.com
Kristen.kennedy@bclplaw.com

*Attorneys for Defendant Santander Consumer USA Inc. d/b/a Chrysler Capital*