**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:25-cv-03677-SKC-TPO

ALEX HEADLEY

Plaintiff,

v.

SANTANDER CONSUMER USA INC., d/b/a

CHRYSLER CAPITAL,

Defendant.

---

# PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S REPLY BRIEF RELATING TO ECF NO. 53 AND MOTION TO ACCEPT THE REPLY AS TIMELY FILED NUNC PRO TUNC

---

Plaintiff Alex Headley ("Plaintiff"), appearing pro se, opposes Defendant Santander Consumer USA Inc. d/b/a Chrysler Capital's ("Defendant") motion to strike Plaintiff's reply brief filed in connection with Defendant's Response in Opposition to Plaintiff's Motion for Leave to File Third Amended Complaint (ECF No. 53). Plaintiff also moves, under Fed. R. Civ. P. 6(b)(1)(B), for an order accepting that reply as timely filed nunc pro tunc.

## D.C.COLO.LCivR 7.1(a) CERTIFICATION

Pursuant to D.C.COLO.LCivR 7.1(a), Plaintiff conferred with counsel for Defendant by telephone on August 27, 2026, at 1:15 p.m. CDT regarding this Response, the request that the Court deny Defendant's motion to strike, and the request that the Court accept Plaintiff's reply relating to ECF No. 53 as timely filed nunc pro tunc. Counsel for Defendant, Matthew M. Petersen, objected. The reasons he gave were that the reply was filed late—seven days after the D.C.COLO.LCivR 7.1(d) deadline—and that the reply did not include the Standing Order C.2 AI certification.

## I. INTRODUCTION

Plaintiff's reply to ECF No. 53 was due fourteen days after service of that opposition under D.C.COLO.LCivR 7.1(d). Plaintiff filed the reply seven days after that deadline. That is a short delay. It was not a tactic. It happened because Plaintiff was attending a family funeral and getting his children started in a new school year at the same time he was trying to finish a federal brief without a lawyer.

Fed. R. Civ. P. 6(b)(1)(B) lets this Court extend a missed deadline "on motion made after the time has expired if the party failed to act because of excusable neglect." The Supreme Court set the standard for that phrase in Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380 (1993). Measured against Pioneer, the delay should be excused, the reply should stay on the docket, and the motion to strike should be denied.

## II. THE GOVERNING RULES

D.C.COLO.LCivR 7.1(d) provides, in relevant part:

*"The responding party shall have 21 days after the date of service of a motion, or such lesser or greater time as the court may allow, in which to file a response. The moving party may file a reply no later than 14 days after the date of service of the response, or such lesser or greater time as the court may allow."*

A reply to Defendant's opposition (ECF No. 53) is therefore a fourteen-day paper under the local rule. Plaintiff missed that mark by seven days. The local rule itself allows "such lesser or greater time as the court may allow."

Fed. R. Civ. P. 6(b)(1) states:

*"When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect."*

Because the deadline had already passed when the reply was filed, subsection (B) controls. The Court may still extend the time if the failure was the product of excusable neglect.

Fed. R. Civ. P. 1 also applies. The Federal Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Striking a completed reply over a seven-day delay does not serve that command. It only creates a second fight about procedure instead of the merits of the amendment motion.

## III. EXCUSABLE NEGLECT UNDER PIONEER

Pioneer holds that "excusable neglect" is an equitable concept. The court looks at all relevant circumstances surrounding the party's omission. Pioneer, 507 U.S. at 395. The four factors the Supreme Court identified are: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. Id. All four favor Plaintiff.

### A. Reason for the Delay

The delay was caused by a family funeral occurring at the same time as the start of the school year for Plaintiff's children. Plaintiff is not a law firm with a calendar desk and a backup associate. He is a pro se litigant handling this case himself while meeting family obligations that could not be moved. Those events fell

across the reply window on ECF No. 53. That is the reason the paper went on the docket seven days late.

Pioneer does not require a perfect excuse. It requires an honest one that the Court can weigh in equity. A funeral and the start of school are ordinary human events. They are not gamesmanship. They explain a short slip on a reply brief. The reason-for-delay factor weighs in favor of finding excusable neglect.

**B. Danger of Prejudice to Defendant**

Defendant received a complete reply. The delay was seven days. Defendant has already briefed its opposition to leave to amend at length in ECF No. 53. Nothing in the late reply changes the documents already in the record or blindsides Defendant with a new claim that it has had no chance to address. Defendant has suffered no loss of evidence, no missed hearing, and no interference with any court-set trial date from this seven-day gap.

Prejudice under Pioneer means real harm to the opposing party's ability to litigate—not the mere fact that a deadline was missed. A short delay on a reply, with the brief itself already in Defendant's hands, does not meet that mark. This factor weighs heavily for Plaintiff.

**C. Length of the Delay and Impact on the Proceedings**

Seven days is short. The underlying motion—Plaintiff's request for leave to file a third amended complaint—is already fully capable of decision once the reply is considered. Accepting the reply does not reset discovery, does not vacate a trial, and does not require a new round of motion practice beyond the paper Defendant has already filed. The impact on the Court's docket is minimal.

Plaintiff's compliance record in this action is clean. Across more than a year of this litigation, Plaintiff has not made a habit of missing deadlines. This is an isolated seven-day miss on a reply, not a pattern of disregard for the Court's schedule. That history belongs in the equitable mix Pioneer requires.

**D. Good Faith**

The delay was not taken for strategic advantage. Plaintiff did not sit on the brief to sandbag Defendant, to run out a clock, or to manufacture extra time for a rewrite after seeing some other filing. He finished the reply and filed it. He takes the rules seriously. He is asking this Court to excuse one late reply, not to ignore the Local Rules going forward.

Good faith is the opposite of a calculated default. Filing the brief seven days late, with a concrete family explanation and no change in the issues already joined, is consistent with good faith. This factor favors Plaintiff.

Case No. 1:25-cv-03677-SKC-TPO

## IV. PRO SE STATUS DOES NOT CANCEL THE RULES, BUT IT COUNTS IN EQUITY

Haines v. Kerner, 404 U.S. 519 (1972), directs that papers filed by a pro se litigant are held to a less stringent standard than formal papers drafted by lawyers. That is not a license to ignore D.C.COLO.LCivR 7.1(d). Plaintiff does not ask for that license. He asks only that the Court apply Pioneer's equitable test with the reality of pro se practice in view: one person, no staff, a funeral, and children starting school.

Haines and Rule 6(b)(1)(B) work together here. The rule supplies the standard. Pioneer supplies the factors. Haines supplies the reminder that a missed date by an unrepresented party is not automatically treated as the same thing as a missed date by a large firm. Plaintiff still has to show excusable neglect. He has.

## V. STRIKING THE REPLY WOULD ELEVATE FORM OVER THE MERITS

Defendant's motion to strike would take a completed brief off the docket so the Court would decide leave to amend without Plaintiff's reply. That result is not required by Rule 6 or Local Rule 7.1(d). Both rules give this Court discretion to allow additional time. Fed. R. Civ. P. 1 points the same way: decide the case on the merits where a short, explained delay has not hurt anyone.

If the Court is not prepared to deny the motion to strike outright, Plaintiff asks in the alternative that the Court treat this paper as a motion under Fed. R. Civ. P. 6(b)(1)(B), find excusable neglect, and accept the reply relating to ECF No. 53 as timely filed nunc pro tunc.

## VI. THE STANDING ORDER C.2 AI CERTIFICATION

Section C.2 of Judge Crews's Standing Order for Civil Cases requires an AI certification on every substantive motion, response, and reply. Option (1) is that no generative AI drafted any portion of the paper. Option (2) is that AI was used, the filer personally reviewed the text, and every citation is to real authority. The certification does not count against page limits. A filing without it may be stricken without prejudice.

Plaintiff did not attach that certification to prior papers or emails because Plaintiff had not used generative AI to draft them. Plaintiff understood the Standing Order as requiring a certification when AI was used. Plaintiff did not know that Option (1) still had to be filed when no AI was used. That was a misunderstanding of the Standing Order, not a refusal to follow it.

Plaintiff is now using generative AI to assist with drafting. Going forward, Plaintiff will include the required certification on every paper that Section C.2 covers. This filing uses Option (2): AI assisted; Plaintiff reviewed the text; the citations are real. If any earlier paper is missing the certification, Plaintiff will

supply Option (1) or Option (2) as the facts require. Under the Standing Order itself, the remedy for a missing certification is strike without prejudice—not a merits penalty and not a reason to keep the ECF No. 53 reply off the docket.

## VII. CONCLUSION

The four Pioneer factors all cut the same way. The reason for the seven-day delay was a family funeral combined with the start of the school year for Plaintiff's children. Defendant is not prejudiced. The delay is short and does not disrupt these proceedings. Plaintiff's record in this case is otherwise clean. The delay was in good faith. The missing AI certification on earlier papers is explained above: Plaintiff was not using AI and did not know Option (1) still had to be filed. That gap is cured on this paper and will be cured on every paper going forward.

Plaintiff therefore requests that the Court:

1. Deny Defendant's motion to strike Plaintiff's reply brief relating to ECF No. 53;

2. Find excusable neglect under Fed. R. Civ. P. 6(b)(1)(B) and Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380 (1993);

3. Accept Plaintiff's reply relating to ECF No. 53 as timely filed nunc pro tunc;

4. Accept the Standing Order C.2 certification on this paper and not strike prior papers solely for the absence of that certification when Plaintiff was not using generative AI; and

5. Grant such other relief as the Court deems just.

Respectfully submitted this 28th day of August, 2026.

S/Alex Headley

383 Hummingbird Circle

Silverthorne, CO 80498

Phone: 970-390-7785

Ajinvestments.alex@gmail.com

Pro Se Plaintiff

**GENERATIVE ARTIFICIAL INTELLIGENCE (AI) CERTIFICATION**

Pursuant to Section C.2 of Judge Crews's Standing Order for Civil Cases, Plaintiff certifies as follows:

Generative artificial intelligence was used to assist in drafting this filing. Any language drafted with that assistance, even if later edited, has been personally reviewed by Plaintiff for accuracy. All legal citations in this filing are to actual, non-fictitious cases or cited authority, including Fed. R. Civ. P. 1; Fed. R. Civ. P. 6(b)(1)(B); D.C.COLO.LCivR 7.1(a) and 7.1(d); Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380 (1993); and Haines v. Kerner, 404 U.S. 519 (1972).

Case No. 1:25-cv-03677-SKC-TPO

This certification does not count against any page limitation. This filing remains subject to Fed. R. Civ. P. 11.

S/Alex Headley

**CERTIFICATE OF SERVICE**

I certify that on this date I served a true and correct copy of the foregoing by the Court's CM/ECF system and by email on counsel for Defendant.

S/Alex Headley